# Exhibit "A"
# to Defendant's Motion for Extension of Time

Home Page > Executive Branch > Code of Federal Regulations > Electronic Code of Federal Regulations



Electronic Code of Federal Regulations
e-CFR
™

### e-CFR Data is current as of March 24, 2009

**Title 28: Judicial Administration**
PART 50—STATEMENTS OF POLICY

Browse Previous | Browse Next

### § 50.9 Policy with regard to open judicial proceedings.

Because of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure. There is, moreover, a strong presumption against closing proceedings or portions thereof, and the Department of Justice foresees very few cases in which closure would be warranted. The Government should take a position on any motion to close a judicial proceeding, and should ordinarily oppose closure; it should move for or consent to closed proceedings only when closure is plainly essential to the interests of justice. In furtherance of the Department's concern for the right of the public to attend judicial proceedings and the Department's obligation to the fair administration of justice, the following guidelines shall be adhered to by all attorneys for the United States.

(a) These guidelines apply to all federal trials, pre- and post-trial evidentiary proceedings, arraignments, bond hearings, plea proceedings, sentencing proceedings, or portions thereof, except as indicated in paragraph (e) of this section.

(b) A Government attorney has a compelling duty to protect the societal interest in open proceedings.

(c) A Government attorney shall not move for or consent to closure of a proceeding covered by these guidelines unless:

(1) No reasonable alternative exists for protecting the interests at stake;

(2) Closure is clearly likely to prevent the harm sought to be avoided;

(3) The degree of closure is minimized to the greatest extent possible;

(4) The public is given adequate notice of the proposed closure; and, in addition, the motion for closure is made on the record, except where the disclosure of the details of the motion papers would clearly defeat the reason for closure specified under paragraph (c)(6) of this section;

(5) Transcripts of the closed proceedings will be unsealed as soon as the interests requiring closure no longer obtain; and

(6) Failure to close the proceedings will produce;

(i) A substantial likelihood of denial of the right of any person to a fair trial; or

(ii) A substantial likelihood of imminent danger to the safety of parties, witnesses, or other persons; or

(iii) A substantial likelihood that ongoing investigations will be seriously jeopardized.

(d) A government attorney shall not move for or consent to the closure of any proceeding, civil or criminal, except with the express authorization of:

(1) The Deputy Attorney General, or,

(2) The Associate Attorney General, if the Division seeking authorization is under the supervision of the Associate Attorney General.

(e) These guidelines do not apply to:

(1) The closure of part of a judicial proceeding where necessary to protect national security information or classified documents; or

(2) *In camera* inspection, consideration or sealing of documents, including documents provided to the Government under a promise of confidentiality, where permitted by statute, rule of evidence or privilege; or

(3) Grand jury proceedings or proceedings ancillary thereto; or

(4) Conferences traditionally held at the bench or in chambers during the course of an open proceeding; or

(5) The closure of judicial proceedings pursuant to 18 U.S.C. 3509 (d) and (e) for the protection of child victims or child witnesses.

(f) Because of the vital public interest in open judicial proceedings, the records of any proceeding closed pursuant to this section, and still sealed 60 days after termination of the proceeding, shall be reviewed to determine if the reasons for closure are still applicable. If they are not, an appropriate motion will be made to have the records unsealed. If the reasons for closure are still applicable after 60 days, this review is to be repeated every 60 days until such time as the records are unsealed. Compliance with this section will be monitored by the Criminal Division.

(g) The principles set forth in this section are intended to provide guidance to attorneys for the Government and are not intended to create or recognize any legally enforceable right in any person.

[Order No. 914–80, 45 FR 69214, Oct. 20, 1980, as amended by Order No. 1031–83, 48 FR 49509, Oct. 26, 1983; Order No. 1115–85, 50 FR 51677, Dec. 19, 1985; Order No. 1507–91, 56 FR 32327, July 16, 1991]

Browse Previous | Browse Next

---

For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov.

Section 508 / Accessibility