# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

**CRIMINAL ACTION NO. 09-16-DCR**                          *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**VS.**          **MEMORANDUM IN SUPPORT OF MOTION
FOR EXTENSION OF TIME TO RESPOND TO
GOVERNMENT'S SEALED MOTION AND FOR
<u>EXTENSION OF TIME TO REQUEST DISCOVERY</u>**

**RUSSELL CLETUS MARICLE, et al.**                                  **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On March 20, 2009, undersigned counsel appeared before the Court as counsel for the Defendant Russell Cletus Maricle (hereinafter "Defendant"). At the time of the hearing, Assistant United States Attorney (AUSA) Stephen C. Smith advised the Court that he might find it necessary to challenge undersigned counsel's continued representation of the Defendant. As a result of AUSA Smith's statements to the Court, AUSA Smith was ordered to file a motion with the Court by 10:30 a.m., on Monday, March 23, 2009, in order to provide undersigned counsel with notice of the reasons for challenging undersigned counsel's continued representation of the Defendant prior to a detention hearing which was scheduled for 1:00 p.m. on the same date.

Unfortunately, AUSA Smith failed to comply with the Court's order and did not file his motion in a timely manner. Additionally, without obtaining permission from the Deputy Attorney General of the United States as required by 28 C.F.R. § 50.9[1], AUSA

---

[1] 28 C.F.R. § 50.9 specifically states that an attorney for the government "shall not move for or consent to the closure of a proceeding," except in very limited circumstances, without the express approval of the Deputy Attorney General of the Department of Justice (copy of C.F.R. attached hereto as exhibit "A").

1

Smith chose to file the motion under seal which precluded counsel from either reviewing, or responding to the motion in open court prior to the detention hearing.

After reviewing AUSA Smith's motion, it was abundantly clear that all counsel of record should have access to the matters set forth in the motion. As a result, on March 24, 2009, undersigned counsel filed a motion with the Court for an order allowing all counsel of record access to have access to the contents of the motion. Although undersigned counsel believes the contents of the motion should be available to the public, undersigned did not request the matter to be unsealed, simply to allow other counsel an opportunity to view the content of the motion. On March 26, 2009, undersigned counsel received a copy of AUSA Smith's sealed response. Because of the matters set forth in AUSA's Smith's original motion and in his response, undersigned counsel believes he might become a necessary witness regarding the matters set forth in the motions in this matter, and any administrative inquiry which might be necessitated to address AUSA Smith's allegations.

Because of the issues raised by AUSA Smith, it would appear that undersigned counsel will need to discuss any continued involvement in this matter with the Defendant.[2] In order to ensure that the Defendant's right to effective assistance of counsel is fully protected, undersigned counsel has made arrangements to meet with the Defendant at 4:00 p.m. on today's date along with other counsel to discuss a possible

---

AUSA Smith lacks the authority to ignore regulations which have been promulgated for the very purpose of protecting a defendant's right to a public trial.

[2] Undersigned counsel if very cognizant of his ethical duties pursuant to the Kentucky Rules of Professional Conduct. Paramount in any decision to continue in this case is an attorney's duty to his client. Because of knowledge undersigned counsel has which might be pertinent to issue of whether AUSA Smith might also have a conflict of interest in continuing in this case, undersigned counsel needs to discuss the matter in detail with the Defendant.

motion by undersigned counsel to withdraw.[3]  In order to fully protect the Defendant's right, it will be necessary to request a continuance relating to any requests for discovery, and the filing of any discovery motions at this time.

In order to expeditiously resolve the matter of my continued involvement in this case, undersigned counsel has arranged to meet with the Defendant and other counsel later today.  However, even if other counsel is able to accept the representation of the Defendant, other counsel will be unavailable the week March 30, 2009.

For the reasons set forth above, undersigned counsel respectfully requests an extension of time to respond to AUSA Smith's sealed motion.  If undersigned counsel decides to withdraw as counsel, a response to the motion may be unnecessary and would be best left to an administrative inquiry into the matters set forth by AUSA Smith in his sealed motions.

Undersigned counsel further requests that any deadlines for discovery in this matter be held in abeyance until the matter of the Defendant's representation can be decided.

                                      Respectfully submitted,

                                      /s/*Mark A. Wohlander*
                                      Mark A. Wohlander
                                      mark@wallingfordlaw.com
                                      Wallingford Law, PSC
                                      3141 Beaumont Centre Circle, Suite 302
                                      Lexington, KY  40513
                                      Telephone: (859) 219-0066
                                      Facsimile: (859) 219-0077
                                      *Counsel for Defendant*
                                          *Russell Cletus Maricle*

---

[3] The Hon. Henry Hughes indicated that he would only continue in this case if undersigned counsel could continue.  Therefore, until it is determined whether it will be necessary to file a motion to withdraw as counsel of record it would be improper to request any discovery, or file any motions on the Defendant's behalf.

3