## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### (at London)

| | |
|---|---|
| **CASE NO. 09-16-ART** | **ELECTRONICALLY FILED** |
| **UNITED STATES OF AMERICA,** | **PLAINTIFF,** |
| VS. | **MEMORANDUM IN SUPPORT OF MOTION FOR REVIEW OF DETENTION ORDER** |
| **RUSSELL CLETUS MARICLE,** | **DEFENDANT.** |

**\*\*   \*\*   \*\***

Defendant Russell Cletus Maricle was arraigned on Friday, March 20, 2009. At arraignment, the United States moved for detention and a hearing on that issue was set for 1:00 p.m. on Monday, March 23, 2009. Also at arraignment, the United States informed the Court of its intent to file a motion for disqualification of Mr. Maricle's original retained counsel, Mark Wohlander. As a result of this disqualification issue, Mr. Wohlander was unable to participate in the detention hearing. A second attorney, Henry Hughes, appeared on Mr. Maricle's behalf at the detention hearing, obviously on very short notice.

At the detention hearing, the United States presented testimony from two witnesses, Federal Bureau of Investigation Special Agent Briggs and Kenneth Day. No witnesses were called by the defense. The Magistrate Judge ordered that Mr. Maricle be detained pending trial.

The transcript of the detention hearing and the Magistrate Judge's Statement of Reasons and Findings Related to Detention (Document 66) demonstrate that Mr. Maricle's

interests were not adequately presented. A complete failure to call defense witnesses as well as other lapses noted in the Magistrate Judge's Statement indicate that Mr. Maricle did not receive effective assistance of counsel. Events conspired, through no fault of Mr. Maricle, to deprive him of his right to effective assistance of counsel, guaranteed by the Sixth Amendment to the Constitution of the United States of America, and to a full and meaningful hearing as provided for in 18 U.S.C. §3142.

    The Defendant submits that in all cases, but most particularly in a high-profile case in which the Government's allegations include unfairness within a court system, both the reality and the appearance to all concerned must be that the accused was treated fairly, with all rights honored, every step of the way. Whether or not to hold a de novo hearing with regard to the Magistrate Judge's detention order rests with the sound discretion of the reviewing judge. *United States v. Berger*, 800 F. Supp. 659, 661 (N.D. Indiana 1992). The United States suffers no prejudice if the Defendant is allowed to present his best case for release, and the interests of justice are served. The Defendant therefore requests that this matter be set for a de novo evidentiary hearing and review of his pretrial detention.

Respectfully submitted,

/s/David S. Hoskins
Attorney At Law
107 East First Street
Corbin, KY 40701
Telephone: (606) 526-9009
Facsimile: (606) 526-1021
Email: davidhoskins@bellsouth.net
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of April, 2009, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

/s/David S. Hoskins  
Attorney At Law  
ATTORNEY FOR DEFENDANT
