UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    Plaintiff,    )<br>    )<br>vs.    )    Criminal No. 6: 09-16-DCR<br>    )<br>CHARLES W. JONES,    )<br>    Defendant.    )<br>_____ ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS**
***** ***** *****

The Defendant Charles W. Jones ("Defendant") seeks an order requiring the United States to prepare a Bill of Particulars. As the Court can see, the United States has elected to employ the device of a "speaking indictment" - - a vernacular term of art that describes an indictment that "tells a story" or, in some ways, serves as a press release. Here, the Indictment [DN#3], though a lengthy narrative, is short on detail so that the Defendant has very little to go on to muster a defense.

To contextualize this request it is important to recognize that the Defendant is alleged to have participated in a RICO Conspiracy, as well as two other conspiracies, during a five year time frame (2002-207) which involved seven other named defendants (and, though unalleged but referenced in unsealed warrants, perhaps unindicted co-conspirators), several election cycles, extensive and varied evidence (including hours of raw audio and video), cooperating witnesses referenced by initials in various United States filings, and two other related federal prosecutions that have been concluded. *And,* this action has been deemed by this Court as "complex" under the Speedy Trial Act. [DN# 221].

1

This is the context out of which the Defendant now seeks a Bill of Particulars.

It is well-settled, and we accept, that discovery in federal criminal cases is limited. Even so, an indictment needs to be sufficiently particular and specific to enable the ends of justice to be met . . . that is, to enable the Defendant to prepare for trial and prevent surprise. *Wong Tai v. US,* 273 U.S. 77 (1927), *US v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976), and *1 Wright, Federal Practice & Procedure, §129 (2nd Ed.) (hereafter "Wright").*

**The Sixth Circuit has established the test for determining whether a bill of particulars should issue is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial."** *United States v. Kendall,* 665 F.2d 126, 134 (6th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).[1] Given the complexity of nearly EVERY aspect of this case, it is plain that the Indictment does not "sufficiently apprise" the Defendant in such a manner as to enable him to effectively prepare for trial.[2]

It is also worth noting that the Defendant has very limited resources available to engage in a full-blown investigation of the type that the undersigned would undertake were this a non-CJA representation. For example, the Indictment alleges that the Defendant engaged in vote buying, illegal voter assistance, and manipulation of voting machines. In Clay County, there are twenty precincts. At each precinct, there are four precinct officials appointed by the Clay County Board of Elections (the alleged RICO Enterprise). Based upon

---

[1] *See also,* two Second Circuit decisions which reversed "government corruption" RICO convictions for failure to grant requests for bills of particulars: *US v. Davidoff,* 845 F.2d 1151 (2nd Cir. 1988), and *US v. Bortnovsky,* 820 F.2d 572 (2nd Cir. 1987).

[2] *See, King v. US,* 402 F.2d 289 (10th Cir. 1968), in which the court noted that although an indictment on its face may be sufficient to state an offense, it may yet be insufficient to adequately inform the accused of sufficient detail to allow for adequate trial preparation.

the Board documents the undersigned obtained under the Kentucky Open Records Act, there are over two hundred different persons that served in those positions for the pertinent time period. Thus, without further clarification, the Defendant will need to interview each of these persons, *in addition to other witnesses bearing on other elements of the case.*

Respectfully, the information sought in this Bill of Particulars is hardly burdensome. To the contrary, these requests seek information the Defendant needs to defend himself, and is likely information in the possession of the government. It must be kept in mind that the Defendant's most precious right besides life is at stake . . . his liberty. We are well beyond the years of trial-by-ambush. The Defendant *is* presumed innocent, and this foundational presumption means he has the right to know the particulars upon which the United States is basing its allegations, which if proven, will deprive him of his liberty. *US v. Smith,* 16 F.R.D. 372, 375 (W.D. Mo. 1954).

For these reasons, the Defendant respectfully requests that the Court grant his request for a Bill of Particulars.

This the 4th day of July, 2009.

/s/ Scott White_____.
Scott White
Morgan & Pottinger, P.S.C.
133 W. Short Street
Lexington, KY  40507
859. 226-5288 (DIRECT)
859. 255-2038 (FAX)
tsw@m-p.net

Certificate of Service

This Motion is being served to all parties via ECF system.

/s/ Scott White_____.
Scott White