UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

**ELECTRONICALLY FILED**

CRIMINAL ACTION NO. 09-16-DCR

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.

**DEFENDANT THOMPSON'S MOTION FOR
ADDITIONAL TIME TO FILE DEFENSIVE MOTIONS**

FREDDY W. THOMPSON, et al.                                                              DEFENDANTS

\*\*   \*\*   \*\*\*   \*\*   \*\*

Comes the Defendant, Freddy Thompson, by counsel, and moves the Court to extend the deadline for the filing of defensive motions, currently set for July 15, 2009, for the reasons which follow:

1.   On May 28, 2009, undersigned counsel entered their appearance as counsel of record for Defendant, as he was obligated to obtain new counsel as the result of this Court's disqualification order.  On June 8, 2009, counsel filed a Motion for Extension of Time to File Defense Motions, citing the complexity of the case, the late entry of counsel into the case, and the voluminous nature of the discovery provided.  This Court granted the motion, and set a new deadline of July 15, 2009.

2.   On July 9, 2009, just six days before the motion deadline, a superseding indictment was filed.  The indictment was not unsealed until late on Friday, July 10, 2009, and counsel were not able to fully review the indictment until July 13, 2009.  As acknowledged by the Government in its response to Defendant Charles Jones' Motion to Strike Surplusage, the superseding indictment "has substantially expanded the indictment…" (DN #278).  In addition to naming a new defendant, Stanley Bowling, the

superseding indictment alleges money laundering, an entirely new count not included in the initial indictment. The superseding indictment also adds a forfeiture count, in which the Government attempts to hold the defendants "jointly and severally liable" for over $5,000,000.

3. To be sure, the superseding indictment has dramatically altered the nature of this case. If counsel proceeds with the filing of defensive motions, the Government will likely argue that they should be "denied as moot without prejudice to his right to renew under the new indictment," as the Government stated in its response to Defendant Jones' motions. (DN #278).

4. Counsel has yet to receive any discovery relating to the new counts in the superseding indictment, and for that reason, cannot determine what "defensive motions" are appropriate in light of the new allegations. Rather than file motions piecemeal, counsel request a reasonable extension so that Defendant's motion strategy can be based on the "big picture" which includes the new allegations, with the benefit of whatever additional discovery is forthcoming. Regrettably, counsel have been put in the position that they have no alternative but to ask for an additional extension.

For these reasons, the Defendant Thompson respectfully requests that the Court grant an additional 45 days to file his defensive motions.

Respectfully submitted,

/s/ Russell J. Baldani\_
RUSSELL J. BALDANI

/s/ R. Tucker Richardson, III \_

BALDANI, ROWLAND & RICHARDSON
300 W. Short Street
Lexington, KY 40507
(859) 259-0727

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic submission, upon all parties, on this the 14th day of July, 2009.

/s/ Russell J. Baldani
RUSSELL J. BALDANI