UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | :   Case No.  6:09cr00016-DCR |
| | Judge Danny C. Reeves |
| v. | : |
| RUSSELL CLETUS MARICLE, et al., | :   Electronically Filed |
| Defendants. | : |

**MOTION FOR BILL OF PARTICULARS
AND MEMORANDUM IN SUPPORT**

Now comes, Defendant, Russell Cletus Maricle, by and through counsel, and respectfully moves this Honorable Court pursuant to 7 (f) of the Federal Rules of Criminal Procedure, to order the United States to supply defendant with a Bill of Particulars so that defendant may adequately prepare for trial. This Motion is supported by the following Memorandum of Law.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Candace C. Crouse | /s/ David S. Hoskins by CCC w/permission |
| Martin S. Pinales  (Ohio Bar No.  0024570) | David S. Hoskins |
| Candace C. Crouse (Ohio Bar No. 0072405) | 107 E. First Street |
| *Admitted Pro Hac Vice* | Corbin , KY 40701 |
| Sirkin, Pinales & Schwartz LLP | Telephone: 606-526-9009 |
| 105 West Fourth Street, Suite 920 | Fax: 606-526-1021 |
| Cincinnati, Ohio 45202 | davidhoskins@bellsouth.net |
| Telephone: (513) 721-4876 | |
| Fax: (513) 721-0876 | |
| mpinales@cinci.rr.com | |
| ccrouse@sirkinpinales.com | |

**MEMORANDUM IN SUPPORT**

Defendant, Russell Cletus Maricle, was named in Counts 1, 2, 8, 10, 11, 12, and 13 of the 13 Count Superseding Indictment. Count 1 charges Maricle with a Racketeering Conspiracy in violation of 18 U.S.C. § 1962 (d). Count 2 charges Maricle with a Money Laundering Conspiracy in violation of 18 U.S.C. § 1956 (h). Count 8 charges Maricle with influencing a grand juror, in violation of 18 U.S.C. § 1503 and 2. Count 10 charges Maricle with Conspiracy to deprive voters of their right to vote, in violation of 18 U.S.C. §241, and Count 11 charges Maricle with a conspiracy to buy votes in violation of 42 U.S.C. § 1973i. Count 12 is a forfeiture count pursuant to 18 U.S.C. § 1963 and Count 13 is a forfeiture count pursuant to 18 U.S.C. § 982.

A bill of particulars under Rule 7 (f) of the Federal Rules of Criminal Procedure "is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). Because the Indictment charges complex conspiracies with several defendants, including a RICO conspiracy, and lacks sufficient detail of the specific allegations against Maricle, Maricle requests a bill of particulars so that he may adequately prepare for trial.

**Count 1**:

Although a bill of particulars should not be used as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial, a bill becomes particularly important when dealing with a statute as broad as RICO. "With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a

'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Id.*

The Indictment does not allege that Maricle is part of the "Enterprise," but rather was a director or associate of the enterprise. (Indictment at 4). While the Indictment states that Maricle "recruited persons to run for county offices on a 'slate' that would benefit from the collective efforts of members of the enterprise," the Indictment does not specify what this "slate" was and what years Maricle is alleged to have done this. (*Id.* at 4-5). Maricle is also alleged to have exerted influence over the selection of precinct workers, but the Indictment does not specify how this was done or in which election. (*Id.* at 2). The RICO conspiracy is alleged to have occurred between March 2002 and July 12, 2007. During this time period, there were six elections (3 primaries and 3 general elections). Although Counts 10 and 11 allege illegal activities by Maricle regarding the May and November 2006 elections, and Count 10 references the November 2004 election, it is impossible to tell if Count 1, with regard to Maricle's role in the alleged RICO conspiracy, is limited to the November 2004 and the 2006 elections, or also encompasses the 2002 elections and the May 2004 election.

Furthermore, the Indictment does not specify the predicate crimes Maricle is alleged to have manifested an agreement to participate in. "To be convicted as a member of an enterprise conspiracy, an individual, by his words or actions, must have objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes. One whose agreement with the members of an enterprise did not include this vital element cannot be convicted under the Act." *U.S. v. Elliott*, 571 F.2d 880, 903 (5th Cir. 1978).

Maricle requests that the following information be provided in a bill of particulars as to

3

Count 1:

    A.    The predicate crimes Maricle is alleged to have manifested an agreement to participate in, including the dates and the identities of the other persons involved.

    B.    A description of the "slate" of candidates referred to in the Indictment.

    C.    The elections and activities Maricle is alleged to have been involved in as an associate of the "Enterprise."

    D.    Specifics regarding the allegation that Maricle had a role in the selection of precinct workers, *i.e.* meetings or discussions held, other people involved, dates and times.

    E.    The names of the unnamed co-conspirators.

**Count 2:**

The Indictment alleges a money laundering conspiracy that is alleged to have taken place from March 2002 to July 17, 2007. The Indictment alleges that Maricle conspired to commit both "promotional" and "concealment" money laundering, but does not specify any transaction involved in this alleged conspiracy. Count 2 is so general that it does not advise Maricle of the specific acts of which he is accused and makes it impossible for him to prepare for trial. Maricle requests that the following information be provided in a bill of particulars as to Count 2:

    A.    The particular transactions at issue in this count.

    B.    The dates when the transactions occurred.

    C.    The names of the participants in the transactions.

    D.    The amount of money or property involved in the transactions.

    E.    Specifics regarding the allegations of bribery that underlie the money laundering

count.

**Count 10:**

The Indictment alleges a conspiracy to deprive voters of their right to vote from June 2004 to November 7, 2006. The Indictment alleges that Thompson and Jones instructed the election judges in the Manchester precinct to misinform voters about how to use the voting machines and to change their votes. The only specific allegation against Maricle is that the candidates the stolen votes were intended to benefit were "selected in part by" Maricle. However, it is unclear what if any other activities Maricle is alleged to have been involved in and when. Maricle requests that the following information be provided in a bill of particulars as to Count 10:

- A. The elections and activities Maricle is alleged to have been involved in with regard to the conspiracy alleged in Count 10.
- B. The candidates Maricle is alleged to have been involved in selecting and his role in the selection process.
- C. The names of the unnamed co-conspirators.

**Count 11:**

The Indictment charges Maricle with a conspiracy to buy votes. Maricle is alleged to have compiled a list of voters who agreed to sell their votes and made arrangements with these persons for voting and payment. Maricle requests that the following information be provided in a bill of particulars as to Count 11:

- A. The names on the list of voters allegedly compiled by Maricle, since no such list was provided in discovery.

B.    Maricle's role in arranging payment with these voters.

C.    The names of the unnamed co-conspirators.

| Respectfully submitted,<br><br>  /s/ Candace C. Crouse<br>Martin S. Pinales  (Ohio Bar No.  0024570)<br>Candace C. Crouse (Ohio Bar No. 0072405)<br>*Admitted Pro Hac Vice*<br>Sirkin, Pinales & Schwartz LLP<br>105 West Fourth Street, Suite 920<br>Cincinnati, Ohio 45202<br>Telephone: (513) 721-4876<br>Fax: (513) 721-0876<br>mpinales@cinci.rr.com<br>ccrouse@sirkinpinales.com | Respectfully submitted,<br><br>  /s/ David S. Hoskins by CCC w/permission<br>David S. Hoskins<br>107 E. First Street<br>Corbin , KY 40701<br>Telephone: 606-526-9009<br>Fax: 606-526-1021<br>davidhoskins@bellsouth.net |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on the 15th day of July, 2009.

                                        /s/ Candace C. Crouse
                                    Candace C. Crouse (Ohio Bar No. 0072405)
                                    *Admitted Pro Hac Vice*