UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  6:09cr00016-DCR |
| | | Judge Danny C. Reeves |
| v. | : | |
| RUSSELL CLETUS MARICLE, et al., | : | Electronically Filed |
| Defendants. | : | |

**MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE**

Now comes, Defendant, Russell Cletus Maricle, by and through counsel, and respectfully moves this Honorable Court for an order compelling the Government's production of all evidence known, or which may become known, to the United States Attorney that is favorable to the Defendant, and material to either guilt or punishment, including the following:

A.    Prior felony, misdemeanor convictions, and/or juvenile adjudications for all

  witnesses expected to be called by the Government

  1) at the trial;

  2) who testified before any grand jury concerning this case; or

  3) who furnished oral or written statements during the investigation of this case.

B.    Specific incidents of misconduct "bad acts," by all witnesses expected to be called

  by the Government, whether or not such conduct resulted in a criminal conviction.

C.    Disclosure by the Government of any and all consideration it has held out to a

  witness, or the witness' attorneys, to encourage that witness' cooperation with the

Government.

This request includes, but is not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; civil or tax immunity grants; assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative or other legal dispute with the Government (State or Federal); or any other considerations, regardless of their nature, granted or promised, which contemplate leniency or preferential treatment in exchange for cooperation with the Government.

D.      The existence of pending criminal charges, either felony, misdemeanor, or juvenile, as well as parole or probation status, or deferred prosecution status, of any and all witnesses the Government expects to call, and any other pending or potential legal disputes and/or transactions each Government witness may have with the Government.

E.      Statements or summaries of statements from Government witnesses, and individuals the government does not intend to call as witnesses, obtained by law enforcement agencies which include references to the Defendant's lack of involvement concerning the commission of each alleged offense, or which are otherwise favorable to the Defendant.

F.      Statements or summaries of statements from Government witnesses, and individuals the government does not intend to call as witnesses, obtained by law enforcement

2

agencies that conflict with other statements given by the witnesses on a separate occasion.

G.      The disclosure of the psychiatric background of all witnesses the Government expects to call at trial.

H.      Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the Government.

I.      The personnel file of all Government witnesses, and identity of any Government files concerning the Government witness, or in which the Government witness is mentioned.

This Motion is supported by the attached Memorandum of law.

| | |
|---|---|
| Respectfully submitted,<br><br>  /s/Candace C. Crouse<br>Martin S. Pinales  (Ohio Bar No.  0024570)<br>Candace C. Crouse (Ohio Bar No. 0072405)<br>*Admitted Pro Hac Vice*<br>Sirkin, Pinales & Schwartz LLP<br>105 West Fourth Street, Suite 920<br>Cincinnati, Ohio 45202<br>Telephone: (513) 721-4876<br>Fax: (513) 721-0876<br>mpinales@cinci.rr.com<br>ccrouse@sirkinpinales.com | Respectfully submitted,<br><br>  /s/ David S. Hoskins by CCC w/permission<br>David S. Hoskins<br>107 E. First Street<br>Corbin , KY 40701<br>Telephone: 606-526-9009<br>Fax: 606-526-1021<br>davidhoskins@bellsouth.net |

## MEMORANDUM IN SUPPORT

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that, irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a Defendant who has requested it violates due process where such evidence is material either to guilt or punishment. *Brady* imposes an affirmative duty on the prosecution to produce, at the appropriate time requested, evidence that is materially favorable to the accused, either as direct or impeachment evidence. The disclosure of evidence favorable to the accused includes impeachment material that may affect Government witnesses, since such information is material to both guilt and punishment. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995). Disclosure also includes grand jury testimony of a witness where favorable evidence exists. *See United States v. Campagnuolo*, 595 F.2d 852 (5th Cir. 1979); *United States v. Azzarelli Construction Company*, 459 F. Supp. 146 (E.D. Ill.1978); *United States v. Brighton Building Maintenance Company*, 435 F. Supp. 222 (N.D. Ill., affirmed 598 F.2d 1101 (1979)). The Defendant is mindful of the specificity requirements of *Brady* and *Agurs*, and therefore, the above-listed demands for favorable information, including impeachment evidence concerning Government witnesses, are set forth in detailed fashion.

It is mandatory that evidence that may be used to substantially impeach the credibility of Government witnesses be disclosed to the defense. *Giles v. Maryland*, 386 U.S. 66 (1967); *United States v. Crowell*, 586 F.2d 1020 (4th Cir. 1978); *United States v. Butler*, 567, F.2d 885 (9th Cir. 1978). The Government must also reveal promises of leniency or immunity for its witnesses. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Joseph*, 533 F.2d 282 (5th Cir. 1976); *United States v. Pfingst*, 490 F.2d 262 (2nd Cir. 1973). Upon request, the Government must disclose the

prior criminal record, or other prior material acts of misconduct, of its witnesses. *United States v. Seijo*, 514 F.2d 1357 (2d Cir.1975). Additionally, pending charges against a Government witness must also be disclosed by the Government. *United States v. Friend*, 486 F.2d 201 (2nd Cir. 1973). Likewise, any correspondence or other communications sent to the prosecutor, of the promises, preferential treatment, or indicating pressure to testify, must be disclosed to the defense. *United States v.Badalamente*, 507 F.2d 12 (2nd Cir. 1974).

Where a Government employee serves as a prosecution witness, the Defendant is entitled to have access to his or her Government personnel file in order to ascertain whether there is information within it which could be of an impeaching nature, *United States v. Austin*, 492 F. Supp. 502 (D.C. Ill 1980); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) reh'g. denied 112 S. Ct. 2003 (1992). All government files should be identified so that specific and appropriate motions can be addressed to them.

The Defendant has also specifically requested the psychiatric history of Government witnesses as *Brady* material. The Government is required, upon specific demand, to provide this information. *Chavis v. North Carolina*, 637 F.2d 213 (4th Cir. 1980); *United States v. Society of Independent Gasoline Marketers*, 624 F.2d 261 (4th Cir. 1979); *United States v. McFarland*, 371 F.2d 701 (2nd Cir. 1966). The same requirement of disclosure is true if the Government knew a witness had an appetite for narcotic drugs at the time of the relevant events, *United States v. Kinard*, 465 F.2d 566, 570-74 (D.C. Cir. 1972), or during trial, *Wilson v. United States*, 232 U.S. 563, 568 (1914).

Failure of the Government to provide favorable evidence, including impeachment matters as specifically requested above, may constitute reversible error. *See United States v. Minsky*, 963

5

F.2d 870, 874 (6th Cir. 1992); *United States v. Iverson*, 637 F.2d 799 (D.C. Cir. 1981); *United States v. Bigeleisen*, 625 F.2d 203 (8th Cir. 1980); *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *Kyles v. Whitley*, 514 U.S. 419 (1995).

The Defendant specifically requests this Court to authorize disclosure for requested *Brady* material as soon as practicable in order that the Defendant may use this information in preparation of his defense. Disclosure of *Brady* material in advance of trial has been judicially ordered, *United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993). *See United States v. Pollack*, 534 F.2d 964 (D.C. Cir. 1975); *Grant v. Aldredge*, 498 F.2d 376 (2nd Cir. 1974); *United States v. Deutsch*, 373 F. Supp. 289 (S.D.N.Y. 1974); *United States v. Thevis*, 84 F.R.D. 48 (N.D. Ga. 1979). It is, therefore, respectfully requested that all evidence favorable to the accused be produced in advance of trial in order that the Defendant's right to due process of law be fully afforded.

Further, Defendant requests that any information which the Government determines is not exculpatory be provided to this Court for an *in camera* review. *United States v. Lloyd*, 992 F.2d 348 (D.C. Cir. 1993); *United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992); *United States v. Rewald*, 889 F.2d 836 (9th Cir. 1989).

**WHEREFORE**, it is respectfully requested that the motion be granted.

6

| | |
|---|---|
| Respectfully submitted,<br><br>  /s/ Candace C. Crouse<br>Martin S. Pinales  (Ohio Bar No.  0024570)<br>Candace C. Crouse (Ohio Bar No. 0072405)<br>*Admitted Pro Hac Vice*<br>Sirkin, Pinales & Schwartz LLP<br>105 West Fourth Street, Suite 920<br>Cincinnati, Ohio 45202<br>Telephone: (513) 721-4876<br>Fax: (513) 721-0876<br>mpinales@cinci.rr.com<br>ccrouse@sirkinpinales.com | Respectfully submitted,<br><br>  /s/ David S. Hoskins by CCC w/permission<br>David S. Hoskins<br>107 E. First Street<br>Corbin , KY 40701<br>Telephone: 606-526-9009<br>Fax: 606-526-1021<br>davidhoskins@bellsouth.net |

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on the 15th day of July, 2009.

_____/s/ Candace C. Crouse_____
Candace C. Crouse (Ohio Bar No. 0072405)
*Admitted Pro Hac Vice*

8