# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 09-16-S-DCR**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

<u>**MEMORANDUM IN SUPPORT OF CONSOLIDATED RESPONSE**</u>
**V.**          <u>**OF UNITED STATES TO DEFENDANTS'**</u>
<u>**MOTIONS FOR BILL OF PARTICULARS**</u>

**RUSSELL CLETUS MARICLE, ET AL.**                        **DEFENDANTS**

**\* \* \* \* \* \***

The defendants, by counsel, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, has moved the court for an order requiring the United States to file a bill of particulars as to Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11. The defendants' requests, however, do not seek information that is necessary in order for the adequate preparation of their defense, but rather is merely an attempt to compel generalized discovery.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, each defendant has filed a motion for a bill of particulars. (Docs. 295 and 321) The granting or denial of a bill of particulars is addressed to the sound discretion of the District Court. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). On appeal of a denial of the motion, to establish abuse the defendant must show actual surprise at trial and prejudice to the defendant's substantial rights. *Id*. at 1391. In this case, for the reasons stated below, the Court should deny each and every motion for a bill of particulars in its entirety.

A. General Discussion

The function of a bill of particulars is to acquaint a defendant with the charges against him, so that he will know with what he is charged, to be able to defend against the charges, and avoid prejudicial surprise at trial. *Wong Tai v. United States*, 273 U.S. 77, 80-81 (1927); *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Hoskins*, 345 F.2d 111, 114 (6th Cir. 1965). A bill of particulars ". . . is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Nor, is it intended as a means to compel the disclosure of a government witness list. *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976).

The purpose has been expressed by the Eleventh Circuit as follows:

> The purpose of a true bill of particulars is threefold: (1) to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable him to plead double jeopardy in the event of a later prosecution for the same offense.

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). The Eleventh Circuit in *Anderson* further held:

> A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation.

Id. at 1441 (emphasis in original). Thus, it is intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his own investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). According to *Anderson*, the purpose of a bill of particulars is not to provide "generalized discovery." *Id.* at 1411.

There is a brief history of the origins of a bill of particulars in *Smith*, 776 F.2d at 1111. The Third Circuit in *Smith* found that a bill of particulars is closely related to the indictment. Apparently, there was a time when indictments set forth the crime in great detail and there was no need for supplements.  Later, indictments began to take the form of skeletal accusations and Fed. R. Crim. P. Rule 7(f) was passed as a liberalized means of providing access to the defendant of omitted details if the defendant had a legitimate need for them. The Third Circuit also noted the placement of a bill of particulars in the rule governing the nature and contents of indictments, and it contrasted the language of Rule 7(f) with the language of Rule 16 of the Federal Rules of Criminal Procedure.  In considering this history, the Third Circuit then concluded, as did the Eleventh Circuit in *Anderson*, that a bill of particulars should be regarded as a supplement to the indictment rather than as a form of pretrial discovery.

If a true bill of particulars acts as a supplement to an indictment, then its contents should conform to, and be defined by, the requirements for an indictment.  Fed. R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged."  An indictment sets forth "essential facts" charging a crime.  An indictment does not set forth the government's evidence or its theories as to how that evidence proves the crime.  A true bill of particulars should only supply the defendant with missing "essential facts" describing the crime which are necessary to prepare a defense, avoid surprise, and to plead double jeopardy.  However, if the contents of an indictment already meet this test, then a bill of particulars is unnecessary.

The analysis then moves to what the purpose of a bill of particulars is not. There is a considerable amount of case law on this issue and it is well-settled. "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation." *Smith*, 776 F.2d at 1111. As a general rule, an inquiry into the government's legal or evidentiary theory as to the means by which the defendant committed a specific criminal act is not a proper purpose of a bill of particulars. See, e.g., *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); *United States v. Leonelli,* 428 F. Supp. 880, 882 (S.D.N.Y. 1977). The purpose of a bill of particulars is to inform the defendant of the nature of the charges, not to allow the defendant a detailed disclosure of the government's evidence prior to trial. *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1974).

There are also several practical consequences flowing from an order directing the government to file a bill of particulars. First, the particulars furnished by the government may confine the government's theory of proof, as the defendant is entitled to rely upon the statements contained in the bill of particulars in the same way the defendant is entitled to rely upon the allegations in the indictment. Therefore, if the government's proposed proof varies from the statements made in the bill of particulars, the defendant could use the bill of particulars to argue to restrict the government's proof. See, e.g., *United States v. Flom*, 558 F.2d 1179, 1185-86 (5th Cir. 1977). In *Flom*, the government voluntarily provided the defendants with a bill of particulars describing the type of proof it intended to offer relating to a certain issue. At trial, the government changed its mind. The Fifth Circuit reversed, finding prejudice. But, in accordance with the legal principle discussed above in *Smith*,

4

*Addonizio,* and *Leonelli*, the bill should not have been issued, whether voluntarily or not, in the first place. The government should not be so unduly restricted in the proof it presents at trial.

*Flom* is not the only case where the filing of a bill of particulars itself created legal problems. In those cases, however, the Fifth Circuit held there was no reversible error. See, e.g., *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (the government supplied an incomplete and erroneous bill of particulars); *United States v. Horton*, 526 F.2d 884, 887 (5th Cir. 1976) (the government supplied a bill of particulars listing one method of proof and then allegedly used a different method). These cases strongly suggest that this Court should exercise its discretion with great caution or else potentially it will just be replacing a perceived problem with an indictment with a controversial bill of particulars.

Second, as stated previously, a true bill of particulars is not a discovery device. To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. Fed. R. Crim. P. 16(a)(2) imposes restrictions on discovery of internal government reports and witness statements. A defendant cannot bypass the restrictions on discovery imposed by Rule 16 by labeling the request a "bill of particulars." *Anderson*, 799 F.2d at 1442; *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976).

The next issue is the impact Rule 16 discovery has on the decision to order the filing of a bill of particulars. Legally, it should have no impact. As stated previously, a true bill of particulars is designed to address vagueness in the "essential facts" setting forth the crime in the indictment. Discovery is designed to provide the parties with information about the opponent's anticipated proof of facts at trial. They are separate. But, at a practical level,

there is a connection.  Courts have recognized that a defendant's request for a bill of particulars can be satisfied by a reasonably detailed indictment and the government's compliance with Rule 16 discovery.  Full discovery obviates the need for a bill of particulars. *United States v. Piccolo*, 723 F.2d 1234 (6th Cir. 1983) (citing *United States v. Largent*, 545 F.2d 1039 (6th Cir. 1976));  *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973); see also 8 Moore's Federal Practice, 7.06(1) at 7-33.

> The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense (citations omitted).
>
> These purposes are served if the indictment itself provides sufficient details of the charges and if the government provides full discovery to the defense.  The indictment in this case is reasonably detailed and (the defendant) makes no allegation that full discovery was not afforded pursuant to Fed. R. Crim. P. 16.

*United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  Similarly, in *United States v. Glecier*, 923 F.2d 496, 501-02 (7th Cir. 1991), the defendant was charged with a broadly-worded RICO conspiracy.  The district court denied the defendant's request for a bill of particulars, noting that the indictment was clear, the government had provided voluminous discovery, and the request itself was more in the nature of a request for evidentiary detail. The Seventh Circuit affirmed the denial of the request.

This case involves several conspiracy charges.  Conspiracy charges can cover large amounts of time, many participants, and a variety of objects and methods.  Nevertheless, on numerous occasions in cases involving conspiracy charges, courts have rejected a defendant's request for a bill of particulars.  In many cases, the court held that the request improperly sought evidentiary detail.  In some cases, the court held that the request improperly sought

the government's legal or factual theory.  Many of the requests in this case are the same, or very similar to, the requests denied in these cases.  A sample of such cases is presented below.

In *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), the defendant was charged in a drug trafficking conspiracy.  The defendant moved for a bill of particulars seeking:  (1) the identities and addresses of unindicted co-conspirators; (2) dates and locations of alleged acts in furtherance of the conspiracy; and (3) detailed information relating to quantities of controlled substances and their chain of custody.  The trial court denied the motion and the Eleventh Circuit affirmed.  In doing so, the appellate court held that the defendant had failed to demonstrate any surprise or prejudice.  The record showed that the defendant had knowledge of the identities of the unindicted co-conspirators.  The appellate court also held that since the government was permitted to prove overt acts not specifically alleged in an indictment, the defendant could not establish prejudice even if he did not know of them.

In *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985), the defendant was charged in a drug trafficking conspiracy.  Except for certain information about co-conspirators, the trial court denied the defendant's request for a bill of particulars.  The Eleventh Circuit affirmed.  In rebuffing the defendant's claim on appeal of prejudice and surprise, the appellate court noted that the evidence presented by the government at trial consisted largely of conversations and activities in which the defendant participated.  See also *United States v. Cantu*, 557 F.2d 1173 (5th Cir. 1977), cert. denied, 434 U.S. 1063 (1978) (same holding).

In *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977), the defendant was charged with theft and conspiracy to commit theft. The defendant moved for a bill of particulars seeking the exact location of the alleged illegal sales. The trial court denied the request and the Fifth Circuit affirmed. The appellate court held that the indictment adequately informed the defendant of the charges against him, and the motion was an improper request to discover the government's evidence before trial.

In *Perez*, 489 F.2d at 70-71, the defendants were charged with conspiracy to commit fraud in connection with staged automobile accidents. In their request for a bill of particulars, the defendants sought:  (1) the overt acts not listed in the indictment; (2) the names and address of participants in fraudulent transactions; and (3) the exact locations and times of the various fraudulent transactions. The trial court denied the request and the Fifth Circuit affirmed. The appellate court held that the government was permitted to prove overt acts not alleged in the indictment, the government's discovery was adequate to remove surprise or prejudice, and the motion was in fact just a request for detailed discovery.

In *Wong Tai*, 273 U.S. at 81-82, the defendant was charged with a drug trafficking conspiracy. The defendant claimed the indictment was vague, indefinite and uncertain. The defendant moved for a bill of particulars requesting various specifications as to times, places, names of persons, quantities, prices, containers, buildings, agencies, and instrumentalities, and the manner in which and the specific circumstances under which they were committed. The trial court denied the request because it sought evidentiary detail and the Supreme Court ultimately affirmed. In disposing of the case, the Supreme Court also announced an important legal principle with respect to conspiracy allegations:

8

> It is well settled that in an indictment for conspiring to commit an offense
> -- in which the conspiracy is the gist of the crime -- it is not necessary to allege
> with technical precision all the elements essential to the commission of the
> offense which is the object of the conspiracy.

*Id*. at 301-02.

In *United States v. Heldon*, 479 F. Supp. 316, 323 (E.D.P.A. 1979), the defendant was charged with a drug trafficking conspiracy. The defendant moved for a bill of particulars seeking a variety of specifications. The trial court denied the motion, holding that the defendant was not entitled to the government's legal theories or evidentiary details, citing *United States v. Peifer*, 474 F. Supp. 498, 501 (E.D.P.A. 1979).

Finally, in *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991), the defendant alleged in a motion for a bill of particulars that the charges in the tax fraud indictment were vague and failed to give him fair notice. The trial court denied the motion on the grounds that the indictment specified five separate means and methods to carry out the conspiracy, the indictment set forth 15 overt acts, and the government provided the defendant with a "significant amount of discovery." *Id*. at 1484. The Ninth Circuit affirmed.

### B.  The Indictment in This Case

Turning to this case, let us first put the various requests for bills of particulars into the proper perspective. The 13-count indictment in this case runs for 25 pages. Count 1, charging a RICO conspiracy similar in form to the indictment in *Glecier*, consumes the first 7 pages. The first 9 paragraphs contain definitions and descriptions of terms, players and events. Paragraph 10 describes the unlawful enterprise. Paragraphs 11 and 12 specifically allege the purposes and roles of the defendants. Paragraph 13 alleges the criminal objects

of the enterprise's racketeering activities which incorporate honest services mail fraud, extortion, obstruction of justice, and multiple acts of bribery in violation of state law. Count 2 alleges a money laundering conspiracy during the same time period, among the same defendants, in the same location. Count 2 specifies that the agreement to commit money laundering involved transactions of proceeds from unlawful activity including bribery and extortion. Counts 3, 5, 6, and 7 set forth honest services mail fraud on each of the elections, both primary and general, held in Clay County in 2004 and 2006. Included in each of these counts are specific allegations as to manner and means in which co-defendants Charles Wayne Jones and Freddy W. Thompson committed the alleged violations. Count 4 specifically defines an act of extortion as an attempt to extort $1,000 from CWL, a candidate for city council. Count 8 specifically charges that the defendants, Russell Cletus Maricle and William E. Stivers, obstructed justice by instructing WW, a grand jury witness, to testify falsely. Count 9 alleges that co-defendant Freddy W. Thompson obstructed justice by testifying falsely before a federal grand jury. In each of these counts, the indictment specifies the date, place and co-defendants specifically involved. Counts 10 and 11 incorporate by reference the allegations in paragraphs 1-12 of Count 1 as permitted by Fed. R. Crim. P. 7(c)(1) and further specify the background, object, manner and means of committing the alleged conspiracy. The overt acts are definite in terms of people, places, events, and time. Counts 12 and 13 allege forfeiture of property predicated on violations as alleged in Counts 1 and 2 respectively.

   Not only have the defendants received an extremely detailed indictment, but the government has also agreed to disclose thousands of pages of documentary information and

hours of consensually recorded conversations.  The government prepared an index describing the discoverable items and tendered it to the defense.  The index itself contains over 141 entries which includes more than 3841 pages of documents, 262 pictures, and 46 audio or video recordings.

Notwithstanding the 25 page indictment with detailed overt acts contained in Counts 10 and 11, the defendants claim the indictment is so deficient that a bill of particulars should be supplied to them by the government.

### C. Maricle's motion

Defendant Maricle's motion for a bill of particulars contains no less than 16 requests. Defendant Maricle begins his legal analysis by making the following assertion in his pleading:

> Because the Indictment charges complex conspiracies with several defendants, including a RICO conspiracy, and lacks sufficient detail of the specific allegations against Maricle, Maricle requests a bill of particulars so that he may adequately prepare for trial.

As to Count 1 Maricle requests:

(1) the predicate crimes Maricle is alleged to have manifested an agreement to participate in, including the dates and the identities of the other persons involved.
(2) a description of the "slate" of candidates referred to in the indictment.
(3) the elections and activities Maricle is alleged to have been involved in as an associate of the "Enterprise."
(4) specifics regarding the allegation that Maricle had a role in the selection of precinct workers, i.e., meetings or discussions held, other people involved, dates and times.
(5) the names of unnamed co-conspirators.

Doc. 295 at 2.

11

Overt Acts:

First, Maricle requests "predicate crimes," "activities" involving Maricle, "specifics ... i.e. meetings or discussions held etc.," all of which are requesting a list of overt acts.  In *Salinas v. United States*, the Supreme Court held that RICO conspiracy does not require proof of an agreement personally to commit two predicate acts of racketeering: A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself.  This request should be denied.

> There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge.

*United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975).  See also *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *United States v. Armocida*, 515 F.2d 49, 53 (3d Cir. 1975); *Perez*, 489 F.2d at 70.

It makes no difference that the substantive offense under subsection (c) requires two or more predicate acts. *Salinas v. United States*, 522 U.S. 52, 63 (1997)(RICO conspiracy more comprehensive than Section 371). The interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not

himself commit or agree to commit the two or more predicate acts requisite to the underlying offense. 522 U.S. 52, 65 (1997) (citation omitted). Thus, a RICO conspiracy is established by evidence of an agreement among the conspirators to conduct the affairs of the enterprise through a pattern of racketeering activity, which includes the agreement that a conspirator will commit two or more racketeering acts constituting such a pattern.

Witnesses/unindicted co-conspirators

Maricle seeks the "names of unnamed co-conspirators" or a list of witnesses. This is not required. *See, United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) (holding that discovery of a coconspirator's statement, a defendant's voluntary statements made to persons the defendant does not know are government agents, and statements inadvertently overheard by a witness, was prohibited); *United States v. Rey*, 923 F.2d 1217 (6th Cir. 1991) (defendant not entitled to identity of coconspirators as long as indictment contained element of the offense); *United States v. Mullins*, 22 F.3d 1365 (6th Cir. 1994) (evidence properly disclosed after testimony pursuant to <u>Jencks</u> Act not required to be disclosed prior to trial even if exculpatory); *Weatherford v. Bursey*, 429 U.S. 545 (1977) (due process does not require the government to reveal names of witnesses pretrial); *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993) (a defendant is not entitled to the names and addresses of the government's witnesses). The Eleventh Circuit has not endorsed the habitual use of a Bill of Particulars to discover the names of co-conspirators pretrial. See *Anderson*, 299 F.2d at 1441-42 (noting that if used to discover names of co-conspirators, a Bill of Particulars might be used to bypass Fed. R. Crim. P. 16(b)); *Colson*, 662 F.2d at 1391 (affirming denial of

13

motion for bill of particulars seeking names of co-conspirators when defense clearly not surprised at trial by co-conspirators' identities).[1]

In any event, defense counsel in this case already possess more than enough information to identify any co-conspirators listed but unnamed in the indictment.

**Count 2:**

As to Count 2, Maricle alleged "it does not advise Maricle of the specific acts of which he is accused . . ."  Moreover, Maricle requests specifically:

(1) The particular transactions at issue in this count.
(2) The dates when the transactions occurred.
(3) The names of the participants in the transactions.
(4) The amount of money or property involved in the transactions.
(5) Specifics regarding the allegations of bribery that underlie the money laundering count.

Maricle filed his motion as to Count 2 before making his request for discovery as to the superseding indictment.  Maricle was provided over 1800 pages of documents in support of Count 2.  See Exhibit A.  Money laundering conspiracy under section 1956(h) is patterned after the narcotics conspiracy statute (21 U.S.C. § 846),which does not require proof of an overt act. *See* Congressional Record (daily ed. Aug. 2, 1991) S12241 (money laundering conspiracy statute is modeled on § 846); H.Rep. 102-28, 102d Cong., 1st Sess. (1991) at 49. *United States v. Shabani*, 513 U.S. 10 (1994) (§ 846 does not require proof of overt act). Proof of a non-overt act conspiracy requires only that the government prove that: (1) a conspiracy existed; (2) the defendant knew of the conspiracy; and (3) with knowledge, the defendant became part of the conspiracy. *United States v. Arnold*, 117 F.3d 1308 (11th Cir.

_____

[1]Note that in <u>United States v. Briggs</u>, 514 F.2d 794 (5th Cir. 1975), the court of appeals ordered all names of co-conspirators expunged from indictment itself.

1997) (setting forth the elements of a non-overt act conspiracy under § 846), *but see, United States v. Emerson*, 128 F.3d 557 (7th Cir. 1997) (*dicta* without discussion) (§ 1956(h) requires proof of an overt act); *United States v. Evans*, 272 F.3d 1069 (8th Cir. 2001) (same); *United States v. Hand*, 76 F.3d 393 (Table), 1995 WL 743841 (10th Cir. 1995) (unpublished) (same); *United States v. Olson*, 76 F.3d 393 (Table), 1995 WL 743845 (10th Cir. 1995) (unpublished) (same); *United States v. Dugan*, 239 F.3d 1041 (8th Cir. 2001) (*dicta*) (same); *Lambert v. United States*, 2001 WL 686814 (N.D. Ill. 2001) (unpublished) (same, following *Emerson*); *United States v. Navarro*, 145 F.3d 580 (3d Cir. 1998) (listing elements of § 1956(h) conspiracy as including overt acts); *United States v. Cline*, 2002 WL 1162424 (D. Kan. 2002) (unpublished) (holding based on *Hand* and *Olson* that Tenth Circuit would apply § 371 overt act requirement to § 1956(h)); *Cf. United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997) (setting forth the elements of a non-overt act conspiracy under § 846).

The better view, however, is that § 1956, like 21 U.S.C. § 846, does not require proof of an overt act. *United States v. Tam*, 240 F.3d 797 (9th Cir. 2001) (§ 1956(h) does not require the indictment to allege an overt act; the statute is nearly identical to § 846; following *Shabani*); *United States v. Godwin*, 272 F.3d 659, 669 n.9 (4th Cir. 2001) (§ 1956(h) does not require proof of an overt act; in any event, overt acts were alleged and proved); *United States v. Abrego*, 141 F.3d 142 (5th Cir. 1998) (finding it unnecessary to decide if § 1956(h) requires proof of an overt act because proof of the substantive offenses was sufficient to prove overt acts if such requirement exists; noting § 1956(h) is identical to § 846, which does not require overt acts); *United States v. Threadgill*, 172 F.3d 357, 366 n.5 (5th Cir. 1999) (same) (because indictment alleged overt acts, no need to decide if they are required). *But*

*see United States v. Wilson*, 249 F.3d 366 (5th Cir. 2001) (*dicta*; statement without discussion) (§ 1956(h) requires proof of an overt act); *United States v. LaSpina*, 299 F.3d 165, 173 n.2 (2d Cir. 2002) (noting that Ninth and Fourth Circuits hold overt acts not required, but finding it unnecessary to decide the issue); *United States v. Covey*, 232 F.3d 641 (8th Cir. 2000) (court doesn't reach overt act issue because district court instructed jury that overt act was required); *United States v. Pacella*, 1996 WL 288479 (E.D.N.Y. 1996) (unpublished) (under § 1956(h) there is no requirement of an overt act).

The courts which have held that a § 1956 conspiracy requires an overt act generally have overlooked the legislative history of § 1956 and turned to the general conspiracy statute 18 U.S.C. § 371 for guidance. For example, in *United States v. Cline*, 2002 WL 1162424 (D. Kan. 2002) (unpublished), the court relied on two unpublished opinions from the 10th Circuit which had set forth the elements of a § 1956 conspiracy offense as including an overt act. Those decisions in turn had relied on *United States v. Hanson*, 41 F.3d 580, 582 (10th Cir. 1994) in which a money laundering offense had been charged as one of the objects of a § 371 conspiracy. The Tenth Circuit thereafter continued to import the overt act requirement concluding that the view taken and the rationale expressed by the other circuits was "not so compelling or substantial as to persuade this court that the Tenth Circuit would join them in holding that an overt act need not be proved nor alleged for a § 1956(h) violation." *Cline*, 2002 WL 1162424,*5.

Where money laundering is charged as one object of a multi-object § 371 conspiracy, prosecutors should allege and prove overt acts as to the money laundering offense. *See United States v. Pena- Rodriguez*, 110 F.3d 1120, 1125 (5th Cir. 1997) (elements of § 371

16

conspiracy to launder money with intent to promote are: (1) agreement; (2) financial transaction constituting an overt act; (3) such transaction involves SUA proceeds; (4) person conducting transaction had intent to promote; and (5) transaction affected interstate commerce); *United States v. Blackwell*, 954 F.Supp. 944 (D.N.J. 1997) (setting forth elements of § 371 conspiracy to commit money laundering).

Acquittal of the substantive offense does not constitute a determination that no overt act was committed, nor preclude a conviction on the conspiracy count. *United States v. Payne*, 962 F.2d 1228 (6th Cir. 1992). Similarly, acquittal on the conspiracy does not bar retrial on the substantive count. *United States v. Quintero*, 165 F.3d 831 (11th Cir. 1999).

As to Count 2, the indictment clearly sets forth the offense under 1956(h) and need not allege overt acts.  A true bill of particulars should only supply the defendant with missing "essential facts" describing the crime which are necessary to prepare a defense, avoid surprise, and to plead double jeopardy.  The contents of this indictment already meet this test, making a bill of particulars unnecessary.  Moreover, the extensive discovery including the plea agreement of Paul Bishop (Doc. 237), detailing some of the overt acts in question including the pooling of money at Bishop's garage to buy votes at the direction of Doug Adams in 2002.

**Count 10**:

Maricle requests that a bill of particulars be granted to discover "what if any other activities Maricle is alleged to have been involved in and when."

(1) the elections and activities Maricle is alleged to have been involved in with regard to the conspiracy alleged in Count 10.

(2) the candidates Maricle is alleged to have been involved in selecting and his role in the selection process.
(3) the names of the unnamed co-conspirators.

These requests are for evidentiary detail and should be denied.  In addition, to the extent these requests demand that the government take some legal position with respect to certain overt acts, that is not a proper purpose of a bill of particulars, and the request should be denied.  It should also be noted that the defendants are in possession of a detailed "manner and means" contained in the indictment, including the recorded conversations of the defendants with the cooperating witnesses (Discovery submission nos. 1, 2,3, 5, and 6), a lengthy search warrant affidavit of Special Agent Timothy S. Briggs (Discovery submission no. 4, "Maricle Search Warrant 3.16.09.pdf"), which details, inter alia, seven (7) steps Maricle took to further the election bribery scheme in 2006, details of meetings held by Maricle and those in attendance.  See Exhibit B.

**Count 11:**

Maricle requests that a bill of particulars as to Count 11 as follows:

(1) the names on the list of voters allegedly compiled by Maricle, since no such list was provided in discovery.
(2) Maricle's role in arranging payment with these voters.
(3) the names of the unnamed co-conspirators.

These requests are also for evidentiary detail and should be denied.  In addition, to the extent these requests demand that the government take some legal position with respect to certain overt acts, that is not a proper purpose of a bill of particulars, and the request should be denied.  It should also be noted that the defendants are in possession of a detailed "manner and means" section in the indictment and many other items including the recorded

18

conversations of the defendants with the cooperating witnesses (Discovery submission nos.

1, 2, 3, 5, and 6), a lengthy search warrant of affidavit of Special Agent Timothy S. Briggs

(Discovery submission no. 4, "Maricle Search Warrant 3.16.09.pdf"), plea agreements of

Paul Bishop (Doc. 237), and Kennon White (Discovery Batch 3 Stivers Search.pdf" pp. 202-

208) supporting many of the overt acts in question.

### D. Jones's motion

Defendant Jones's motion for a bill of particulars contains no less than 50 requests.

Defendant Jones begins his legal analysis by making the following assertion in his pleading:

> Given the complexity of nearly EVERY aspect of this case, it is plain that the indictment does not "sufficiently apprise" the Defendant in such a manner as to enable him to effectively prepare for trial.

Overt Acts:

As to Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11, Jones requests "each overt act" be defined and the government produce the following:

(1) the date and time that it occurred;
(2) the physical location that it occurred, specifying the address if applicable;
(3) the identity of all persons present, and as to each person his/her name, address, telephone number, and if known, relation to any defendant;
(4) a summary of the conversation between the defendant and any other person during the event.
Doc. 321 at 1.

The Defendant Jones's request is misplaced.  "A bill of particulars, unlike discovery,

is not intended to provide the defendant with the fruits of the government's investigation."

*Smith*, 776 F.2d at 1111.  As a general rule, an inquiry into the government's legal or

evidentiary theory as to the means by which the defendant committed a specific criminal act

is not a proper purpose of a bill of particulars. See, e.g., *United States v. Addonizio*, 451 F.2d

49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); *United States v. Leonelli,* 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  The purpose of a bill of particulars is to inform the defendant of the nature of the charges, not to allow the defendant a detailed disclosure of the government's evidence prior to trial.  *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1974).

Defendant, Jones further requests as to Counts 1, 2, 10 and 11, the dates the Defendant joined the conspiracies, the dates and locations of meetings or conversations, and to state the Defendant's role.  Doc. 321 p.2.

A true bill of particulars should only supply the defendant with missing "essential facts" describing the crime which are necessary to prepare a defense, avoid surprise, and to plead double jeopardy.  As a general rule, an inquiry into the government's legal or evidentiary theory as to the means by which the defendant committed a specific criminal act is not a proper purpose of a bill of particulars.  The contents of this indictment already meet this test, setting forth the dates of the conspiracies and the situs of the offenses, making a bill of particulars unnecessary.  It should also be noted that the defendants are in possession of a detailed "manner and means" section in the indictment and many other items including the recorded conversations of the defendants with the cooperating witnesses (Discovery submission nos. 1, 2, 3, 5, and 6), a lengthy search warrant of affidavit of Special Agent Timothy S. Briggs (Discovery submission no. 4, "Maricle Search Warrant 3.16.09.pdf"), plea agreements of Paul Bishop (Doc. 237), and Kennon White (Discovery Batch 3 "Stivers Search.pdf" pp. 202-208) supporting many of the overt acts in question.  See Exhibit C.

20

Witness list:

Defendant Jones requests names, addresses, telephone numbers and date of cooperation began for each informant/witness for each of the crimes alleged. (Doc. 321 p. 2). In addition, Defendant Jones requests as to Count 4, the name, address, and telephone number of "CWL" including persons who witnessed the threat. (Doc. 321 p. 4). Defendant Jones also requests as to Count 10, the identity of "WW" and "CW." (Doc. 321 p.5). This evidentiary detail is not required. See, *United States v. Rey*, 923 F.2d 1217 (6th Cir. 1991) (defendant not entitled to identity of coconspirators as long as indictment contained element of the offense); *United States v. Mullins*, 22 F.3d 1365 (6th Cir. 1994) (evidence properly disclosed after testimony pursuant to Jencks Act not required to be disclosed prior to trial even if exculpatory); *Weatherford v. Bursey*, 429 U.S. 545 (1977) (due process does not require the government to reveal names of witnesses pretrial); *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993) (a defendant is not entitled to the names and addresses of the government's witnesses).

Miscellaneous:

Defendant Jones seeks further evidentiary details, not "essential" facts. As to Count 1, Jones seeks "form of value," and date such "value" was received (Doc. 321 p.2). As to Count 2, Jones seeks a list of "financial transactions" and persons involved. Also, Jones asks for "all links" to himself in the evidence. Further, Jones seeks more evidentiary details as to Counts 3, 5,6 , 7, and 10. (Doc. 321 p.4). Finally, Jones seeks a list of assets of his that are forfeitable. (Doc. 321 p.6). As stated previously, a true bill of particulars is designed to address vagueness in the "essential facts" setting forth the crime in the indictment. Discovery

21

is designed to provide the parties with information about the opponent's anticipated proof of facts at trial.  They are separate.

## **CONCLUSION**

Fed. R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged."  An indictment does not set forth the government's evidence or its theories as to how that evidence proves the crime.  A true bill of particulars should only supply the defendant with missing "essential facts" describing the crime which are necessary to prepare a defense, avoid surprise, and to plead double jeopardy.  Clearly, the contents of this indictment combined with the voluminous discovery already meet this test, and a bill of particulars is unnecessary. For the foregoing reasons, the United States respectfully submits that the defendants' motion for a bill of particulars is nothing more than a generalized request for discovery and should be denied.

Respectfully submitted,

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

BY:    s/ Stephen C. Smith
          Assistant United States Attorney
          s/ Jason A. Parman
          Assistant United States Attorney