UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 09-16-S-DCR

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                    RESPONSE OF UNITED STATES TO DEFENDANT'S
                           MOTION TO DISQUALIFY AUSA SMITH

RUSSELL CLETUS MARICLE, ET AL.                                                         DEFENDANTS

\* \* \* \* \* \*

The defendant, Russell Cletus Maricle, by counsel, pursuant to 28 U.S.C. § 528, has moved the court for an order disqualifying AUSA Smith from representing the United States in this matter. Maricle based his motion upon the fact that Edward Jordan, a former sheriff of Clay County, made representations in a recorded meeting with a confidential witness that he was going to ask for preferential treatment from the prosecutor for Daugh White. Jordan represented in the conversation that he could not speak with the prosecutor but planned to go speak with the prosecutor's father as they were "kin."

Under 5 C.F.R. § 2635.502(a), there is a conflict "where an employee knows that a particular matter involving specific parties is likely to have a direct and predictable effect on the financial interest of a member of his household, or knows that a person with whom he has a **covered relationship** is or represents a party to such matter, and where the

employee determines that the circumstances would cause a reasonable person with knowledge of the relevant facts to question his impartiality in the matter . . .".

First, there is clearly no "covered relationship" present between Jordan and the prosecutor. A covered relationship is defined as "(i) a person, other than a prospective employer described in §2635.603(c), with whom the employee has or seeks a business, contractual or other financial relationship that involves other than a routine consumer transaction; (ii) a person who is a member of the employee's household, or **who is a relative with whom the employee has a close personal relationship**; . . ."

Maricle fails in his motion to establish how Jordan is related to the prosecutor or that there is a "close personal relationship." It is well known that the undersigned is from a large family in the area and there are many relatives in the area. However, in this instance the undersigned has inquired extensively of members of the immediate family and no one can state definitively to what degree of kinship, if any, there is with Jordan. Jordan has had no contact with the undersigned or his family in regard to this or any other prosecution by the undersigned. Moreover, the undersigned prosecutor has had no personal contact either directly or indirectly with Jordan during his lifetime.

According to 5 C.F.R. § 2635.502(a), there is no inquiry into the impartiality without first a showing of a financial interest or "covered relationship." Assuming the arguendo, there is not an impartiality problem. Jordan and the witness were clearly speaking about a prior prosecution of Daugh White. Daugh White, former Mayor of Manchester, has already been convicted and sentenced in 2007 to 84 months. Jordan's

self-serving attempt to curry favor with the cooperating witness should not be grounds to disqualify the prosecutor. In addition, based upon the alleged past practices of some members of the corrupt Clay County court system, a reasonable person would expect that in such an investigation steps to try to influence the investigation would be taken. Nevertheless, Jordan acknowledged in the recording that the prosecutor was "as straight as the day is long" and that all they could do was approach another family member of the prosecutor to ask that Daugh White be given consideration.

As the Court is aware, matters relating to the Clay County investigations and prosecutions go back for 5 years or more and have been handled solely by the undersigned prosecutor. The United States would be prejudiced by a disqualification at this stage of the case.

Maricle's argument that the prosecutor has a qualifying "personal relationship" as defined by 28 C.F.R. § 45.2 is also incorrect. Personal relationship is defined as

> a close and substantial connection of the type normally viewed as likely to induce partiality. An employee is presumed to have a personal relationship with his father, mother, brother, sister, child and spouse. Whether relationships (including friendships) of an employee to other persons or organizations are "personal" must be judged on an individual basis with due regard to the subjective opinion of the employee. 28 C.F.R. § 45.2(c)(2).

The prosecutor has had no personal contact either directly or indirectly with Jordan during his lifetime. Second, assuming Maricle established some kinship of Jordan to the prosecutor, it does not fall within any defined by statute.

Maricle has not shown how the prosecution has a "covered or personal relationship" with Jordan nor how the prosecutor suffers from any conflict of interest in the prosecution of these defendants. As such, the defendant's motion should be denied.

                              Respectfully submittd,

                              JAMES A. ZERHUSEN
                              UNITED STATES ATTORNEY

BY:   s/ Stephen C. Smith
        Assistant United States Attorney
        Stephen.smith4@usdoj.gov

        s/ Jason A. Parman
        Assistant United States Attorney
        Jason.parman@usdoj.gov
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

                              s/ Stephen C. Smith
                              Assistant United States Attorney