UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 09-16-S-DCR

UNITED STATES OF AMERICA                                   PLAINTIFF

**MEMORANDUM IN SUPPORT
OF CONSOLIDATED RESPONSE**
V.              **OF UNITED STATES TO DEFENDANTS'
MOTIONS FOR EARLY PRODUCTION
OF EXCULPATORY EVIDENCE**

RUSSELL CLETUS MARICLE, ET AL.                     DEFENDANTS

\* \* \* \* \*

The Defendants, by counsel, have moved for early production of *Jencks* material and exculpatory evidence. (Docs. # 297, 319, 320). These requests are properly addressed by the Court's pretrial order and should be rendered moot.

## Background

The United States' duty to disclose such information is already set forth in the Court's discovery order. "In the typical case where a defendant makes only a general request for exculpatory material under ***Brady*** . . ., it is the [prosecuting entity] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59

(1987); *United States v. Joseph*, 996 F.2d 36, 41 (3d Cir.1993); *United States v. Merlino*, 349 F.3d 144 (3d Cir. 2003).

Brady material must be produced in time for effective use at trial. "There is no Brady violation unless there is a probability that earlier disclosure would have produced a different result at trial . . . " *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001); *United States v. Reyes*, 270 F.3d 1158, 1167 (7th Cir. 2001)(due process is satisfied as long as disclosure is made before it is too late for the defendant to make use of the material.).

It has repeatedly been held that "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one[.]" *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). In *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994), the Sixth Circuit reaffirmed that holding and went on to state the following:

> . . . *Brady* imposes on the government an obligation to turn over material that is both favorable to the defendant and material to guilt or punishment. Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial. *United States v. Agurs*, 427 U.S. 97, 112 n. 20, 96 S.Ct. 2392, 2401 n. 20, 49 L.Ed.2d 342 (1976). Reversal for a *Brady* violation is required only where there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different. *Mullins*, 22 F.3d at 1371. Thus, *Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose. *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1383, 94 L.Ed.2d 697 (1987).

2

The court continued as follows:

> When *Brady* material sought by a defendant is covered by the Jencks Act, 18 U.S.C. § 3500, the terms of that Act govern the timing of the government's disclosure. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988) (Jencks Act overrides *Brady* with respect to timing of disclosure; evidence properly disclosed after testimony at trial pursuant to Jencks Act cannot be subject to earlier disclosure under *Brady*). *Presser* discounted the likelihood that a defendant could be prejudiced by the production of witness statements during trial, as permitted by the Jencks Act, noting that even the *Brady* doctrine requires only the production of material in time for its effective use at trial. Any prejudice the defendant may suffer as a result of disclosure of the impeachment evidence during trial can be *eliminated by the trial court ordering a recess in the proceedings in order to allow the defendant time to examine the material and decide how to use it.* (Footnote omitted.)

*Id*. at 1283-84 (emphasis added).

**Maricle:**

Maricle has specifically listed multiple forms of witness information that he seeks which are summarized as follows: A. Prior convictions of witnesses; B. Other bad acts of witnesses; C. Consideration given to witnesses; D. Pending charges against witnesses; E. Statements of witnesses that are not intended to be called that are favorable for the defense; F. Statements of witnesses that are not intended to be called that conflict with other witness statements; G. Psychiatric background of witnesses; H. Evidence regarding the lack of credibility of witnesses; and I. the personnel file of all government witnesses.

Given the large number of witnesses involved in the case and the expansive nature of the charges, the United States intends on providing Brady/Giglio material at least 10

3

days before trial. This will include items requested including criminal histories, if known by the government, prior statements, and consideration, if any, given by the government to witnesses. The information will be made available to the Defendants in ample time for effective trial preparation.

Maricle's request for psychiatric information should be denied. Such information, if any possessed by the United States, should be tendered first to the Court for an *in camera* inspection and only provided to the defendants upon Court approval. *United States v. Zagari*, 111 F.3d 307, 319-20 (2d Cir. 1997)*; United States v. Smith*, 77 F.3d 511, 516-17 (D.C. Cir. 1996); *Love v. Johnson*, 57 F.3d 1305, 1313-14 (4th Cir.1995); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992); *United States v.Butt*, 955 F.2d 77, 82-83 (1st Cir. 1992); *United States v. Owens*, 933 F. Supp. 76, 87 (D.Mass. 1996); *United States v. Carter*, 313 F. Supp.2d 921 (E.D. Wisc. 2004) (explaining order, after *in camera review*, for limited disclosure of witness's mental health records as witness was important to case and information disclosed was important to impeachment). *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (*"Brady* does not impose an affirmative duty . . . to take action to discover information it does not possess."). "[It] is questionable whether the federal government's duty under *Brady* was triggered given that [witness's] mental health records were never in its possession or under its control." *United States v. Bender*, 304 F.3d 161, 163 (1st Cir. 2002).

The United States is aware of its Brady/Giglio obligation regarding government agents, and will provide any information consistent with that obligation. However, agent

personnel files are not open to discovery. *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) (defendant's motion for the production of law enforcement witnesses' personnel files was properly denied where there was not "even a hint that impeaching material was contained therein"). *See also United States v. Phillips*, 854 F.2d 273, 277 (7th Cir.1988); *United States v. Mitchell*, 178 F.3d 904, 907 (7th Cir.1999). *Accord United States v. Driscoll*, 970 F.2d 1472, 1482 (1992); *United States v. Lafayette*, 983 F.2d 1102, 1106 (D.C. Cir. 1993); *United States v. Pitt*, 717 F.2d 1334, 1339 (11th Cir. 1983); *United States v. Bertoli*, 854 F. Supp. 975, 1039-41 (D.N.J. 1994), (collecting and discussing cases) *aff'd, in part, vacated in part*, 40 F.3d1384 (3d Cir. 1994).

**Jones:**

Jones also requests "all exculpatory" evidence which has been addressed herein above. Jones request for recorded statements of the defendant are covered by Rule 16 discovery already provided. Jones request for "criminal records" has also been addressed above. Jones asserts "Brent Caldwell," counsel for a witness, has denied access to interview by Jones. Obviously, a witness has a right to refuse further interviews and a right to consult his attorney in that regard. The United States denies that there is any language in plea agreements nor has the government been involved in discouraging anyone including Brent Caldwell or his client/witness from interviews by the defense. Moreover, the United States would object to any request that letters be sent to witnesses unless and until there has been a showing of some evidence that any such conduct has

occurred. Finally, Jones cites no authority to support his request for a remedy such as letters to witnesses by the government.

The remaining requests of Jones for "witness statements obtained by law enforcement . . .intend[s] to call as witnesses;" "witness statements obtained by law enforcement . . . regardless of whether . . . intends to call . . .;" and "personnel file of FBI Special Agent Timothy S. Briggs, and any other" are all addressed above. Where defendant requested impeaching information from agents' personnel file (per *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991)), the Ninth Circuit has held that *Kyles* does not constitute authority for a district court to enter pre-trial order requiring a prosecutor personally to review the files. *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) (vacating *United States v. Lacy*, 896 F. Supp. 982 (N.D. Cal. 1995).

**Adams:**

Adams also makes a general request for exculpatory evidence and that it be provided 30 days prior to trial. A prosecutor must disclose information favorable to the defense, but disclosure need not precede trial. *Weatherford v. Bursey*, 429 U.S. 545; *United States v. O'Hara*, 301 F.3d 563,569 (7th Cir. 2002). "*Brady* thus is a disclosure rule, not a discovery rule." *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996). As stated earlier, the United States intends on providing the information at least 10 days prior to trial. Adams request that the time for pretrial discovery motions be extended should be denied pursuant to Rule 12. The Court's pretrial order sets already the time for such motions and trial discovery should not provide an exception to the Court's order.

## **Conclusion**

The United States recognizes its obligations under this Court's order and is making every effort to provide the information as soon as possible. These Defendants requests should be denied as moot.

                                      Respectfully submitted,

                                      JAMES A. ZERHUSEN
                                      UNITED STATES ATTORNEY

By:   s/ Stephen C. Smith
        Assistant United States Attorney
        Stephen.smith4@usdoj.gov

        s/ Jason A. Parman
        Assistant United States Attorney
        Jason.parman@usdoj.gov
        601 Meyers Baker Road, Suite 200
        London, KY  40741
        (606) 864-5523