UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO. 09-16-S-DCR**             **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**V.**        **RESPONSE TO MOTION TO STRIKE SURPLUSAGE**

**RUSSELL CLETUS MARICLE**                                   **DEFENDANT**

\* \* \* \* \*

The Defendant, Russell Cletus Maricle (Maricle), seeks to strike language from the indictment. Maricle alleges the following statement in paragraph 12a is immaterial, irrelevant, prejudicial, and not essential to Count One of the indictment: "(t)he Defendants, Russell Cletus Maricle and Douglas C. Adams, were considered political bosses in the County ...." In support of his position, Maricle cites *United States v. Kemper*, 503 F. 2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975) as well as *Dranow v. United States*, 307 F. 2d 545, 558 (8th Cir. 1962) for the proposition that the district court has the discretion to strike from an indictment items which are nonessential and prejudicial.

The United States agrees with the authority cited by Maricle. The Court certainly may strike surplusage from the indictment. The statement in paragraph 12a, however, is relevant information that the United States plans to prove at trial. In such an instance, the language cannot be considered surplusage no matter how prejudicial it may be. *United*

*States v. Thomas*, 875 F.2d 559, 562 n. 2 (1989), *cert. denied*, 493 U.S. 867 (1989) (quoting *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (N.D. Ill. 1979); *United States v. Moss*, 9 F.3d. 543, 550 (6th Cir. 1993).

    Maricle is charged as a participant in a large RICO conspiracy. His role within that conspiracy is a fact that must be established by the United States. The United States alleges that Maricle and co-Defendant Doug Adams were considered to be political bosses in Clay County, Kentucky. The RICO conspiracy centers around the corruption of the political power structure within Clay County. The statement alleged to be surplusage is directly relevant to the United States' theory of the case, and evidence will be produced at trial to support this assertion. Therefore, striking the statement as surplusage would be inappropriate. Maricle's motion should be denied.

        Respectfully submitted,

        JAMES A. ZERHUSEN
        UNITED STATES ATTORNEY

        By:   s/ Stephen C. Smith
              Assistant United States Attorney
              601 Meyers Baker Road
              London, Kentucky 40741
              (606) 864-5523
              stephen.smith4@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

        s/ Stephen C. Smith
        Assistant United States Attorney