UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL ACTION NO. 06:09-cr-00016-9-DCR

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

MEMORANDUM IN SUPPORT
OF MOTION FOR BILL OF PARTICULARS

STANLEY BOWLING                                           DEFENDANT

* * *

The Defendant, Stanley Bowling, is named in Counts 1, 2, 12 and 13 of the Indictment. Count 1 charges Bowling with a Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d). Count 2 charges Bowling with a Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h). Count 12 is a forfeiture count pursuant to 18 U.S.C. § 1963 and Count 13 is a forfeiture count pursuant to 18 U.S.C. § 982.

A bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure "is appropriate to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" United States v. Davidoff, 845 F. 2d 1151, 1154 (2nd Cir. 1988). Because the Indictment charges complex conspiracies with several defendants, including a RICO conspiracy, and lacks sufficient detail of the specific allegations against Stanley Bowling, he requests a bill of particulars so that he may adequately prepare for trial.

COUNT 1

Although a bill of particulars should not be used as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial, a bill becomes

particularly important when dealing with a statute as broad as RICO. "With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Id.*

The Indictment does not allege that Stanley Bowling was a part of the "Enterprise," but rather that he was an associate of the enterprise. (Indictment at 6). While the Indictment states that Bowling "distributed funds pooled by members of the scheme of the enterprise in order to buy votes for the 'slate' and to enrich themselves personally," the Indictment does not specify what this "slate" was and in what years the Bowling is alleged to have done this. The RICO conspiracy is alleged to have occurred between March 2002 and July 12, 2007. During this period, there were six elections (3 primaries and 3 general elections).

Furthermore, the Indictment does not specify the predicate crimes that Bowling is alleged to have manifested an agreement to participate in. "To be convicted as a member of an enterprise conspiracy, an individual, by his words or actions, must have objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes. One whose agreement with the members of an enterprise did not include this vital element cannot be convicted under the Act." *US v. Elliott,* 571 F.2d 880, 903 (5th Cir. 1978).

Stanley Bowling requests that the following information be provided in a bill of particulars as to Count 1:

> A.    The predicate crimes he is alleged to have manifested an agreement to participate in, including the dates and the identities of the other persons involved.

> B.    A description of the "slate" of candidates referred to in the Indictment.

C.      The elections and activities he is alleged to have been involved in as an associate of the "Enterprise."

D.      The names of any unnamed co-conspirators.

## COUNT 2

The Indictment alleges a money laundering conspiracy that is alleged to have taken place from March 2002 to July 17, 2007.  The Indictment alleges that Stanley Bowling conspired to commit both "promotional" and "concealment" money laundering, but does not specify any transaction involved in this alleged conspiracy.  Count 2 is so general that it does not advise Mr. Bowling of the specific acts of which he is accused and it is thus impossible for him to prepare for trial.  Stanley Bowling requests that the following information be provided in a bill of particulars as to Count 2:

A.      The particular transactions at issue in this Count.

B.      The dates when the transactions occurred.

C.      The names of the participants in the transactions.

D.      The amount of money or property involved in the transactions.

E.      Specifics regarding the allegations of bribery that underlie the money laundering count.

Respectfully submitted,

THOMPSON, SIMONS,
DUNLAP AND FORE, P.S.C.
Chase Bank Building
116 West Main Street, Suite 2A
P. O. Box 726
Richmond, KY  40476-0726
(859) 623-5205; Fax (859) 623-7394

By:  s/ Daniel A. Simons

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of filing to all counsel of record.

s/Daniel A. Simons _____