UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL NO. 09-16-S-DCR**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**      **GOVERNMENT'S MOTION TO RESOLVE PRETRIAL ISSUES RELATING TO TRANSCRIPTS/TRANSLATIONS OF AUDIO RECORDING EVIDENCE**

**RUSSELL CLETUS MARICLE, ET AL.**                        **DEFENDANTS**

\* \* \* \* \*

       Comes the United States of America, by counsel, Stephen C. Smith, Assistant United States Attorney, and hereby moves that issues related to the admissibility of transcripts/translations of audio recording evidence be resolved before trial. In support thereof the Government states as follows:

       1. The Government has made available to defense counsel audio recordings and draft form copies of transcripts of audio recordings of conversations as listed on Attachment A.

       2. The Government may offer in evidence some or all such transcripts/translations, in conjunction with the related audio recordings.

       3. It would disrupt the trial and waste the time of jurors if issues related to the accuracy of the transcripts/translations were initially raised in the middle of the trial. As

stated in *United States v. Onori*, in relation to procedures for handling diputes over the accuracy of transcripts of audio recordings: "[A]n in-camera hearing should be scheduled at such a time that it will not unduly interrupt a trial in progress. A pretrial conference would be the preferred manner of handling the problem." 535 F.2d 938, 948, n.5 (5th Cir. 1976); see also, Fishman & McKenna, *Wiretapping and Eavesdropping* (2d Edition):

> The trial judge should insist that counsel raise audibility objections prior to trial, so the issue can be resolved at a pre-trial hearing to avoid mid-trial delays.

*Id*. at Section 24:2 at n.4 (citation omitted); *see also,* United States v. Carbon, 798 F.2d 21, 25 (1st Cir. 1986)("The preferred way of handling challenges to the accuracy and audibility of tape recordings is at a pretrial hearing.").

In *United States v. Wilkinson*, the Court of Appeals outlined the evidentiary standards to determine the admissibility of audio recordings:

> The admission at trial of tape recordings rests within the sound discretion of the trial court. "[A]s a prerequisite to admission, the tapes must be authentic, accurate and trustworthy," and "they must be audible and sufficiently comprehensible for the jury to consider the contents." The fact that a tape recording has some unintelligible portions does not automatically render the entire recording inadmissible. For the tape to be inadmissible, the incomprehensible portions must be so "substantial as to render the recordings as a whole untrustworthy."

53 F.3d 757, 761 (6th Cir. 1995) (quoting *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (*Robinson I*); *United States v. Robinson*, 763 F.2d 778, 781 (6th Cir. 1985) (*Robinson II*)). Even if the recording "is not of the best quality and does have gaps and unintelligible portions," the recording may be "sufficiently trustworthy for submission to the jury." *Id.* If the Court determines that any portions of the recording are

unfairly prejudicial under Federal Rule of Evidence 403 or are inadmissible under other rules, then the Court should direct that those portions should not be played to the jury. *See United States v. Tocco*, 200 F.3d 401, 420 (6th Cir. 2000) (district court should excise portions of recording that are unfairly prejudicial).

Attached is a proposed order establishing a procedure to identify and resolve such issues before trial.

                                      Respectfully submitted,

                                      JAMES A. ZERHUSEN
                                      UNITED STATES ATTORNEY

BY:   s/ Stephen C. Smith
        Asistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Stephen.Smith4@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record:

                                      s/Stephen C. Smith
                                      Assistant United States Attorney