# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### (at London)

**CASE NO. 09-16-DCR**                                                                 **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA,**                                                                          **PLAINTIFF,**

**V.**             **MEMORANDUM IN SUPPORT OF MOTION
TO PRODUCE FOR INSPECTION PROSECUTION
MEMORANDUM AND DRAFT INDICTMENT**

**RUSSELL CLETUS MARICLE,**                                                                                     **DEFENDANT.**

** ** ** ** ** **

When Congress enacted the provisions of RICO in 1970, there was little doubt about its purpose. The target was organized crime, to-wit: " the mob" or "La Cosa Nostra". Since the Eighth Amendment would constitutionally prohibit legislation directed at a particular group, i.e., status crimes, Robinson v. California 370 U.S. 660, 667-668, 82 S.Ct. 1417, 1 L. Ed 2d 758 (1962) the RICO provisions were worded generally to meet constitutional requirements.

Over-zealous prosecutors realized what could be done with RICO and began the frequent use of its provisions to cover situations totally unrelated to "the mob" or "La Cosa Nostra". This was met with great criticism from the Courts. In the United States v. Nerone, 563 F. 2d 836, 852 (7th Cir., 1977), the Court referred to the use of RICO to cover cases beyond its intended target as "faddish". See also United States v. Anderson, 626 F.

2d 1358 (8th Cir., 1980), recognizing the criticism. The Department of Justice in response issued guidelines to be followed in the initiation and practice of criminal actions under RICO.

The Department of Justice Guidelines, United States Attorney's Manual at 9-110.210 provides as follows:

> The review and approval function for all RICO matters has been centralized within the Organized Crime and Racketeering Section of the Criminal Division. To commence the review process the final draft of the proposed indictment or information and a RICO prosecution memorandum shall be forwarded to the Organized Crime and Racketeering Section. Separate approval is required for superseding indictment.

The Department of Justice Guidelines, United States Attorney's Manual at 9. 110, 101 states; "No RICO Criminal indictment or information or civil complaint shall be issued without the prior approval of the Criminal Division." 9- 110.200 (RICO GUIDELINES PREFACE) sets forth the reasons prior approval is required. Among these are to leave primary responsibility for enforcing state laws with the states; to avoid imaginative prosecutions that are far afield from the congressional purpose of the RICO statute; to prevent a RICO count that merely duplicates the elements of proof of traditional Hobbs Act, Travel Act, mail fraud, wire fraud gambling or controlled substances cases; and to avoid use of RICO for some evidentiary purpose.

Under 9-110.816 it is the duty of the prosecuting attorney to keep OCRS informed of any unusual legal problems that arise in the course of the case. In this case an unusual legal problem of constitutional magnitude has arisen. For a detailed background see motion relative to disqualification of Assistant United States Attorney

Stephen Smith.

The United States will undoubtedly argue that these are only guidelines and do not create substantive rights for a Defendant. Such is not the case. These are regulations adopted pursuant to 28 U.S.C. §528, 28 C.F.R. § 45. Even if these were only manual guidelines, in <u>United States v. McKee</u>, 192 F. 3rd 535 (6th Cir., 1999), the Court of Appeals approved the proposition that a conviction may be challenged in reliance on a governmental manual's provision where the challenge is based on an alleged violation of a constitutional right. In doing so the Sixth Circuit adopted the views of the Seventh and Eighth Circuit. This also followed the principal set out in <u>United States v. Leahey</u>, 434 F. 2d 7, 10-11 (1st Cir., 1970).

Other cases have held that the guidelines may be used in determining prosecutorial misconduct. <u>United States v. Roberts</u>, 481 F. Supp. 1385 (C.D. Cal. 1980). See also, <u>United States v. Sears, Roebuck and Co.</u>, 518 F. Supp. 179, 184-185 (C.D. Cal. 1981) rev'd 719 F. 2d 1386 (9th Cir., 1983) cert. denied 465 U.S. 1079 (1984).

The Defendant seeks the information to determine the United States complied with the regulations. Failure to do so would be prosecutorial misconduct and would rise to the level of a violation of the Defendant's constitutional right under the Fifth Amendment.

WHEREFORE, an Order in conformity herewith is respectfully requested.

    Respectfully submitted,

    /s/David S. Hoskins
    Attorney At Law
    107 East First Street
    Corbin, KY 40701
    Telephone: (606) 526-9009

>                               Facsimile: (606) 526-1021
>                               Email:  davidhoskins@bellsouth.net
>                               ATTORNEY FOR DEFENDANT
>                               RUSSELL CLETUS MARICLE

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of August, 2009, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

>                               /s/David S. Hoskins