UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL ACTION NO.: 6:09-CR-16-02-DCR

UNITED STATES OF AMERICA                                                                PLAINTIFF

v

RUSSELL CLETUS MARICLE;
DOUGLAS C. ADAMS;
CHARLES WAYNE JONES;
WILLIAM E. STIVERS,
a/k/a AL MAN;
FREDDY W. THOMPSON;
WILLIAM B. MORRIS, a/k/a BART;
DEBRA L. MORRIS, a/k/a DEBBIE;
and STANLEY BOWLING                                                                     DEFENDANTS

*Electronically Filed*
\*\*\* \*\*\* \*\*\*

## MEMORANDUM IN SUPPORT OF
## MOTION FOR BILL OF PARTICULARS
## MADE BY DEFENDANT DOUGLAS C. ADAMS

Defendant Doug Adams, by counsel, has moved this Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to direct the government to file a Bill of Particulars. In support of said motion, Defendant states as follows:

### FACTS

On March 3, 2009, a sealed 10-count Indictment was issued against Adams and seven other individuals. Of those 10 counts, Adams was only named in Count 1, which alleges a violation of 18 U.S.C. 1962(d). In essence, it is alleged that Adams and his co-defendants engaged in a racketeering conspiracy. The Indictment alleges that the purpose of the defendants was "to obtain, solidify, preserve and expand for the defendants and their associates, political power and control within the county, and personal enrichment for themselves and their

associates, through the use and misuse of the authority and power of the [Clay County] Board [of Elections], and the offices of circuit judge, superintendent of schools, and county clerk, and the positions of election officers."  The Indictment further alleged that Adams used his "influence" to appoint supposedly corrupt members to the Board of Elections and "recruited" persons to run for county offices on an unidentified "slate" of candidates.  The Board of Elections is identified as the "enterprise" involved, with Adams and co-defendant Maricle alleged to be "directors or associates of the enterprise."  The remaining nine counts of the March 3rd Indictment did not involve Adams.

On July 9, 2009, a Superseding Indictment was issued.  The Superseding Indictment included, among other things, a money laundering count against Mr. Adams and his co-defendants.  The count alleges that between March 2002 and July 17, 2007, the eight named defendants: "did conspire together and with others to commit certain offenses under Title 18 U.S.C. §1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity..."  The Count identifies bribery chargeable under state law and extortion under federal law as the unlawful activities at issue.  The Count also alleges both "promotional" and "concealment" money laundering but does not allege any specific acts or transactions.  The general nature of Count 2 does not advise Mr. Adams of the specific act(s) of which he stands accused, thereby making it impossible for him to prepare for trial.

**ARGUMENT**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a court may direct the filing of a Bill of Particulars upon motion made by a defendant.  A Bill of Particulars is meant to be used as a tool to minimize surprise at the time of trial, to assist a defendant in obtaining

information needed to prepare a defense and to preclude a second prosecution for the same crime, when the indictment itself is too vague or indefinite for such purposes. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Birmley*. 529 F.2d 103, 108 (6th Ci. 1976). The decision to grant or deny a defendant's motion for a bill of particulars lies within the sound discretion of a trial court. *See United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993).

**COUNT 1**

With respect to Count 1 of the Superseding Indictment, a bill of particulars is required as the Indictment itself does not sufficiently particularize the nature of the charge against Mr. Adams. *See United States v. Davidoff*, 845 F.2d 1151 (2nd Cir. 1988) ("With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope.")  As was noted earlier in this memorandum, the Indictment identifies Mr. Adams as a "director" or "associate" of the Clay County Board of Elections. Mr. Adams is not a member of the Clay County Board of Elections and the Superseding Indictment does not address how Mr. Adams can be considered a director or associate of the Board.

Likewise, the "slate" of candidates there were purportedly being supported by Mr. Adams and his co-defendants are not identified in the Superseding Indictment and, given that there were six elections held during the time period referenced in the Indictment, there are an untold number of candidates that could possibly comprise the "slate."

In addition, the Superseding Indictment fails to set forth the manner in which the Clay County Board of Elections affects interstate commerce. Pursuant to Kentucky Revised Statute

Chapter 117, the Board has only a few select functions, none of which would appear to have an affect on interstate commerce. Without an affect on interstate commerce, the Superseding Indictment would be subject to dismissal. Consequently, Mr. Adams request that the government be required to disclose the affect the Clay County Board of Election has on interstate commerce, as is alleged in the Superseding Indictment.

Finally, the Superseding Indictment alleges that the defendants "conduct[ed] the affairs of the Board through a pattern of racketeering activity". No indication is given as to what affairs of the board were conducted in this manner, nor is there anything other than a vague reference to "multiple acts" constituting honest services mail fraud, extortion, and bribery under state law to support the allegation of racketeering. Similarly, the Superseding Indictment does not specify which of these acts Mr. Adams allegedly agreed to participate in. Again, given the length time period specified in the Superseding Indictment and the vagueness of the allegations contained therein, Mr. Adams is without sufficient information to prepare a defense to this Count.

**COUNT 2**

Mr. Adams is currently unable to ascertain from the face of the Indictment the nature of the case against him with respect to Count 2 due to the lack of specificity and detail in the charge. This is especially true given the vast time period covered by the Count–a span of over five years–and the number of defendants allegedly involved in the criminal act. Without information regarding the specific details of the financial transactions involved, such as the amount of the transactions, the date on which the transactions occurred, and the persons and entities involved in the transactions, Mr. Adams cannot adequately prepare a defense to this count.

Wherefore, Mr. Adams respectfully requests that the Court order the United States to provide a bill of particulars containing the following information:

As to Count 1:

1. The identity of the candidates alleged to comprise the "slate" of candidates the defendants were purportedly supporting in the elections at issue in the Superseding Indictment.

2. Information pertaining to Mr. Adams' role as a "director" or "associate" of the Clay County Board of Elections.

3. Information pertaining to the predicates crimes Mr. Adams is alleged to have manifested an agreement to participate in, including but not limited to the identify of other persons involved, the dates on which the crimes occurred, and the location of the offense.

4. The identity of any unnamed co-conspirators.

5. The date on which Mr. Adams is alleged to have joined the conspiracy, as well as the date Mr. Adams withdrew from the conspiracy, if the government alleges that withdrawal occurred.

6. Identify the specific affairs of the Clay County Board of Elections which the alleged acts of the Defendants were intended to further.

7. Identify the activities of the Clay County Board of Elections which affect interstate commerce.

As to Count 2:

1. The specific financial transaction(s) that either were conducted or were attempted to be conducted.

2. The date(s) on which the transaction(s) occurred.

3. The amount of money/property involved in the transaction(s).

4. The names of all participants in the transaction(s), including any unnamed co-conspirators.

5. The name of the financial institution involved in the transaction(s), as well as the identity of any officer or employee of the institution that performed the transaction.

6. The basis for the allegation that the transaction was intended to conceal or disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity.

Respectfully submitted,

        s/ R. Kent Westberry
R. Kent Westberry
Kristin N. Logan
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Ph: (502) 589-7616
Fx: (502) 589-2119
kwestberry@landrumshouse.com
klogan@landrumshouse.com

Bennett E. Bayer
LANDRUM & SHOUSE, LLP
106 West Vine Street
Lexington, KY 40588-0951
Ph: (502) 255-2424
Fx: (502) 233-0308
bbayer@landrumshouse.com

***COUNSEL FOR DEFENDANT
DOUGLAS C. ADAMS***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

N/A

          /s R. Kent Westberry
*Counsel for Defendant*
*Douglas C. Adams*