# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 09-16-S-DCR**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.** | **RESPONSE OF UNITED STATES TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S ORDER DENYING DISQUALIFICATION OF ASSISTANT UNITED STATES ATTORNEY** |
| **RUSSELL CLETUS MARICLE,** | **DEFENDANT** |

**\*\*\*\*\*\*\*\*\*\*\*\***

The United States of America, by counsel, requests that the objections to Magistrate Wier's order denying disqualification of the undersigned be overruled. The Defendant continues to demand a hearing without justification and such a request is merely a guise for a "fishing expedition" on matters which are unrelated.

## FACTS

On August 7, 2009, Magistrate Wier correctly held that "any connection between Smith and Jordan is not close or substantial, and thus Smith has no 'personal relationship' with Jordan that would implicate § 45.2." The Defendant cites in support of his motion a newspaper interview of Jordan which merely reaffirms that Jordan has never spoken directly or indirectly with the undersigned about this or any other prosecution. The Defendant cites collateral quotes of Jordan from tapes regarding inadmissible conclusions of Jordan regarding

the character of some of the defendants on trial. Nothing offered by this motion is grounds to overturn the Magistrate's order.

## LAW

The Defendant's only authority for disqualification is a District Court decision in West Virginia. *United States v. Dyess*, 231 F.Supp. 2d 493 (S.D. 2002). In *Dyess*, the Court held that the prosecutor should be disqualified as she was a possible witness. The prosecutor was the trial attorney who had supervised a prior investigation in which the agent and a party had admittedly stole drugs, suborned perjury, lied under oath, and tampered with witnesses. The Court found that the prosecutor was in a position to have the "most personal knowledge of all facets of the problematic issues. . ." *Id*. at p. 497. The facts at hand are clearly distinguishable. The Defendant in his motion has in no way articulated a basis similar to *Dyess*. There are no allegations which could color the prosecutor as a potential witness in the case at hand.

Moreover, the alleged "appearance of impropriety" is also misplaced. In *Dyess*, the Court stated:

> this Court must determine if ethical or criminal breaches occurred that involved agents of the United States. The allegations involve the personal and sexual relationship of an agent of the United States with a key 'prosecuting' witness who received lenient treatment as a Defendant when sentenced; alleged misallocation of substantial amounts of money; possible coerced testimony and perjury; and perhaps, other wrongdoings. Some personnel of the U.S. Attorney's Office may have direct knowledge of these events, and all are charged with imputable knowledge. The general public would be hard pressed to avoid suspecting impropriety. In a matter as serious as this, even its appearance must be avoided.

*Id*. at p. 498. There is no alleged impropriety on the part of the United States Attorney's

office. The Defendant requests a "factual inquiry" into the extent of the relationship of Jordan to the prosecutor's father. Obviously, there is no basis for such an inquiry as it has been established that no contact direct or indirect has been made regarding this or in any other prosecution. The Defendant should not be granted a hearing in this matter and his objections should be overruled.

          Respectfully submitted,

          JAMES A. ZERHUSEN
          UNITED STATES ATTORNEY

          S/ Stephen C. Smith
By:  Stephen C. Smith
     Assistant United States Attorney
     601 Meyers Baker Rd. Suite 200
     London, Kentucky 40741
     (606) 864-5523
     Stephen.Smith4@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

          s/Stephen C. Smith
          Assistant United States Attorney