UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL NO. 09-16-S-DCR**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**     **RESPONSE OF UNITED STATES TO DEFENDANTS'
MOTION TO DISQUALIFY JUDGE REEVES**

**RUSSELL CLETUS MARICLE, ET AL,**                                     **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by counsel, submits the following memorandum in response to Defendants' Jones, Thompson and Maricle's motions pursuant to 28 U.S.C. § 455(a) and (b)(1), to disqualify Judge Danny C. Reeves in the case and their request for motion to be heard by the Chief Judge.

## FACTS

On August 17, 2009, Defendants, Jones, Thompson and later Maricle, joined in a motion to disqualify United States District Court Judge Danny C. Reeves as trial judge of this matter. The Defendants, in effect, attempt to re-assert a motion which was denied in a related case by Chief Judge Joseph M. Hood. *See*, *United States v. Todd Roberts and Vernon Hacker,* Memorandum Opinion and Order, Oct. 26, 2006, Criminal Action No. 6:06-82-DCR. (Attached as Exhibit 1). The *Roberts and Hacker* motion was denied after a hearing

1

as being comments "necessary for finding by a preponderance of the evidence that the defendant was entitled to a downward departure. . ."

The Defendants further argue that the comments of Judge Reeves, reminding the Defendant, Jones, of his expectation that he strictly adhere to his release conditions, were a constitutional infringement. Judge Reeves stated at the bond revocation hearing of Charles Wayne Jones[1]-- "[i]t seems like - - and I don't want there to be any spillover from other defendants in the case, but it appears to me that perhaps one or more defendants in this case don't get it, they don't understand that if they're subject of an order from the Court that they're expected to comply completely with an order from this Court, not to try to dance around it or be cute or to make threats to anyone, directly or indirectly. . . my concern is, and it's a concern that this Court has had in many cases that have orginated from Clay County, the defendants coming from Clay County don't seem to understand that once they're under bond conditions of this Court that those are pretty serious conditions." Transcript p. 43-44.

Finally, the defendants argue that Judge Reeves comment on the witness credibility of Kenneth Day in a footnote support their position. The Defendants' motions are meritless.

## LAW

---

[1] Charles Wayne Jones was allegedly responsible according to government sources of encouraging and abetting another, Richard Brian Hubbard, (who entered a guilty plea to the allegation), in sending a threatening message to two of the government's witnesses in this case. R. Cletus Maricle was shown to have failed to disclose valuable assets to probation i.e. by failing to report a house boat valued at over $140,000 when interviewed and asked for a list of his assets by probation.

It is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion...opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or **of prior proceedings**, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgement impossible.  Thus, judicial **remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge**."  *Liteky v. United States*, 510 U.S. 540, 555 (1994)(emphasis added).

In the Sixth Circuit, the law is well settled on recusal under Section 455.  The standard is objective and "not based upon the subjective view of a party." *Wheeler v. Southland Corporation*, 875 F.2d 1246, 1251-52 (6th Cir. 1989).  The bias must be personal or extrajudicial.  "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases...Personal bias arises out of the judge's background and associations.  The critical test is whether the alleged bias 'stems from an extrajudicial source and results in an opinion on the merits on some basis other than what he judge learned from participation in the case." *Id*.

First, the Chief Judge made the following findings:  (1) that Judge Reeves comments were made during the sentencing hearing on February 13, 2006, in *United States v. Kenneth Day et.al*., 05-30-SSS-DCR; (2) the comments made were not based upon an extrajudicial source but were made based upon what the judge learned from participation in the case; and (3) the comments were made outside the presence of a jury and were directed solely at the

3

downward departure issue relating to Day and not anyone else. *See, United States v. Todd Roberts and Vernon Hacker,* Memorandum Opinion and Order, Oct. 26, 2006 (Criminal Action No. 6: 06-82-DCR. (Attached as Exhibit 1). *See also, United States v. Seago*, 930 F.2d 482 (6th Cir. 1991)(comments outside presence of jury cannot give rise to claim of prejudicial misconduct); *United States v. Morrow*, 977 F.2d 222 (6th Cir. 1992).

Second, the Defendants' argument that Reeves' comments during the bond revocation of Jones including the reference to Kenneth Day in the Maricle appeal rests upon a faulty premise that a judge is not entitled to his opinion on matters he learned of during earlier proceedings. These comments do not constitute "bias" or "prejudice" under Section 455.

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: **'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgements of the actors in those court-house dramas called trials, he could never render decisions**.(citations omitted) **Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings.** It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Liteky*, at 551.

## **CONCLUSION**

The Defendants have failed to show in any way that the comments of Judge Reeves made in a prior proceeding display a favoritism or antagonism that would make fair judgment

impossible. Moreover, the comments did not stem from an extrajudicial source but were clearly based upon the Judge's participation in the case. The Defendants' motion to recuse Judge Reeves should be denied as moot based upon the holding of Chief Judge Hood and no further hearing should be required.

>  Respectfully submitted,
>
>  JAMES A. ZERHUSEN
>  UNITED STATES ATTORNEY
>
>  S/ Stephen C. Smith
> By: Stephen C. Smith
>  Assistant United States Attorney
>  601 Meyers Baker Rd. Suite 200
>  London, Kentucky 40741
>  (606) 864-5523

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

>  s/Stephen C. Smith
>  Assistant United States Attorney