UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO. 6: 09-16-S-DCR**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**V.**            **MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION
FOR GRAND JURY RECORDS**

**RUSSELL CLETUS MARICLE**                           **DEFENDANT**

\* \* \* \* \*

Defendant Maricle's Motion for Grand Jury Records [R. 374] must be DENIED because he has made no showing to overcome the presumptive secrecy and validity of the Grand Jury. The barebones memorandum [R. 374-2] supporting the Motion is, at best, a careless articulation of selective parts of a statute and an obvious attempt to engage in a "fishing expedition" into secret grand jury matters.

28 U.S.C. § 1867 (a) and (d) provide in full:

(a)  In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

(d) Upon motion filed under subsection (a), (b), or (c) of this section, containing **a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title**, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a

substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

(e) The procedures prescribed by this section shall be the **exclusive means** by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. . .(emphasis added.)

An examination of this statutory text, as opposed to the convenient portions cited by the Defendant, reveals several procedural requirements designed to prevent the very kind of "fishing expedition" the Defendant here attempts. First, the Defendant has made no motion under subsection (a) to dismiss or stay based upon substantial failure to comply with the provisions of Title 28 of the United States Code, which is primarily concerned with the random selection of jurors from a fair cross section of the community. More importantly, the instant Motion [R. 374] contains no "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title" as required by subsection (d). *United States v. Atchley*, 699 F.2d 1055 (11th Cir. 1983)(this section requires motion to be accompanied by affidavit); *United States v. Jones*, 480 F.2d 1135 (2nd Cir. 1973)( no challenge without a sworn statement); *United States v. Marrapese*, 610 F.Supp. 991 (D.C. R.I. 1985)(absence of affidavit precludes challenge). An examination of the cases in this area reveal that the primary concern of the statute is fairness in the selection and composition of juries in terms of race, gender, and similar

characteristics.  *See, e.g.*, *Campbell v. Louisiana*, 523 U.S. 392 (1998).  Here the Defendant has not even alleged some defect in that regard.

The two cases he cites in support, without exposition or explanation, are easily distinguishable.  In *Test v. United States*, 420 U.S. 28, 29 (1975), the Defendant moved properly under the statute, to include a sworn statement of facts alleging the master jury lists "systematically excluded disproportionate numbers of people with Spanish surnames, students, and blacks."  In *U.S. v. Marcano-Garcia*, 622 F.2d 12, 18 (1st Cir. 1980), the defendant "asserted that the jury pool had been selected in violation of both the Constitution and the Jury Selection and Service Act, and requested a continuance in order to submit affidavits and demographic data in support of this motion."  In this case there is absolutely no indication of any systemic or demographic problem in the selection or makeup of the Grand Jury.

Even if the Defendant found some support in the statute, it is not enough to overcome the presumptive secrecy of the Grand Jury, which is protected by separation of powers principles and the rules of criminal procedure.  The Supreme Court has consistently recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).   Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides an exception to this secrecy rule, allowing the courts to "authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter ... (ii) at the request of a defendant who shows that a ground may exist

3

to dismiss the indictment because of a matter that occurred before the grand jury." To invoke the exception, however, defendants "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. The Defendant has not even alleged how the identities of the grand jurors and the litany of other grand jury information he seeks might meet this standard. "Disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure." *Id*. at 223. The Defendant's laundry list of desired grand jury information, without a corresponding or even overarching justification, strikes the balance squarely in favor of secrecy. "The standard...requires a court to examine the extent of the need for continuing grand jury secrecy, the need for disclosure, and the extent to which the request was limited to that material directly pertinent to the need for disclosure." *Id*. at 223-224.

WHEREFORE, the United States respectfully requests an Order DENYING the Defendant's Motion.

Respectfully submitted,

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

By:   s/ Stephen C. Smith
Assistant United States Attorney