UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO. 6: 09-16-S-DCR**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**   **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PRODUCE PROSECUTION MEMORANDUM**

**RUSSELL CLETUS MARICLE**                                                                 **DEFENDANT**

\* \* \* \* \*

Defendant Maricle's Motion to Produce Prosecution Memorandum and Draft Indictment [R. 384] must be DENIED because the Defendant has demonstrated no legal basis for his request. Assuming *arguendo* that he could demonstrate some legitimate basis, the work-product doctrine prevents disclosure.

It is telling that the Defendant cites no statute, rule or other authority that supports his request, but instead simply summarizes the historical criticism of RICO prosecutions. One must look no further than the Federal Rules of Criminal Procedure to see that "Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R.Crim.P 16(a)(2). Prosecution memoranda between government attorneys, and the corresponding drafts of charging instruments, are quintessential internal documents. Ordering their disclosure would require a finding that

they are encompassed within Rule 16(a)(1) or constitutionally mandated by *Brady*, and a further demonstration of materiality. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996); *see also* Fed. R.Crim.P. 16(a)(1)(E)(i).  Absent this materiality showing, attempts to access internal government documents must fail. *See Gollaher v. United States*, 419 F.2d 520, 528 (9th Cir.1969); *United States v. Berrigan*, 482 F.2d 171, 181 (3d Cir.1973).

      The Defendant cannot demonstrate materiality in this case because the documents he seeks are relevant only to collateral issues, and not to any defense on the merits. "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991).  The Defendant's stated justification, "determining whether or not the United States has complied with all requirements [of the United States Attorney's Manual] in bringing these indictments," [R. 384] has nothing whatsoever to do with any defense on the merits.  "[I]n the context of Rule 16 "the defendant's defense" means the defendant's response to the Government's case in chief. While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the Government's arguments that the defendant committed the crime charged." *Armstrong*, 517 U.S. at 462.

      Whether the United States complied with the internal notification and approval requirements of the United States Attorney's Manual (USAM), even if answered in the

negative, is not relevant to whether the Defendant committed the offenses. "A violation by the government of its internal operating procedures, on its own, does not create a basis for suppress[ion]. The U.S. Attorney's Manual is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." *United States v. Myers*, 123 F.3d 350, 355-356 (6th Cir. 1997) (internal quotations omitted). The single case cited by the Defendant in an attempt to rebut this well-settled principle, *United States v. McKee*, 192 F.3d 535 (6th Cir. 1999), is easily distinguishable. In that case, the court determined that compliance with a specific provision of the Internal Revenue Service Manual was constitutionally mandated. The IRS Manual provision at issue - that a civil investigation be suspended when there was a firm indication of fraud - was held to be constitutional in nature because of the myriad of protections afforded an individual when the government switches gears and gathers evidence for criminal prosecutions. The Court emphasized that the holding was narrow, and in fact, did not overturn the conviction even though the IRS agent had violated the manual provision. Here, there is nothing about a government attorney's obligation, under internal policy, to notify and seek approval of attorney supervisors that rises to the level of any constitutional protection.

    Assuming *arguendo* that the standards could somehow be interpreted to permit discovery of the documents, they are protected from disclosure by the work-product doctrine. Prosecution memoranda and their corresponding drafts of charging instruments are privileged, confidential documents prepared in anticipation of litigation. They contain

the Government attorney's legal theories, mental impressions, and thought processes. The work-product doctrine prohibits "unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *see also United States v. Nobles*, 422 U.S. 225, 238 (1975). No waiver or exception to the principle has even been alleged, and this Court should therefore decline to order disclosure of the protected information.

WHEREFORE, the United States respectfully requests an Order consistent herewith.

>Respectfully submitted,
>
>JAMES A. ZERHUSEN
>UNITED STATES ATTORNEY
>
>By:  s/ Stephen C. Smith
>Assistant United States Attorney
>601 Meyers-Baker Road
>London, Kentucky 40741
>(606) 864-5523
>Stephen.smith4@usdoj.gov