UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NO. 6:09-CR-00016-DCR-1

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                                            ORDER

RUSSELL CLETUS MARICLE                                                  DEFENDANT

* * * * * *

The Court evaluates a motion by Defendant Maricle seeking certain grand jury materials. *See* DE #374. The United States has responded wholly in opposition. *See* DE #440.[1] Maricle is entitled to some, but not most, of the information sought. On the bases described, the Court GRANTS in part and DENIES in part the request for information.

The pending request highlights a conflict between two applicable principles–grand jury secrecy and a defendant's right to ensure fair jury selection. Inarguably, secrecy is a core grand jury value. Rule 6 enshrines secrecy, *see* FED. R. CRIM. P. 6(e)(2), and the Supreme Court readily recognizes the importance of confidentiality on matters occurring before the grand jury. *See, e.g., Douglas Oil Co. v. Petrol Stops Northwest*, 99 S. Ct. 1667, 1672-73 (1979) (noting systemic dependency on grand jury secrecy and balancing test required to pierce such secrecy). The rule protects from disclosure, absent sufficient cause, "matter[s] occurring before the grand jury." *See* FED. R. CRIM. P. 6(e)(3)(E)(ii) (permitting disclosure if defendant "shows that a ground may exist" for dismissal); *see also In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499-500 (D.C. Cir. 1998) (including within scope of protection juror and witness identities, transcripts, investigative

---

[1] Defendant Jones filed a non-substantive motion joining Maricle's request. *See* DE #382.

directions).

However, Chapter 121 of Title 28, the Jury Selection and Service Act, ensures that a defendant have both a mechanism to challenge and means for discovery regarding jury selection processes. The Act promises selection of, as applicable, "grand . . . juries . . . at random from a fair cross section of the community." *See* 28 U.S.C. § 1861. The Act further provides the exclusive means for challenging selection processes via motion. *See id.* § 1867(e); *see also* FED. R. CRIM. P. 6(b) (referencing bases for grand jury challenge and cross-referencing to § 1867(e) for governance). The statute assures that a defendant have access to certain materials to assess and prepare a formal challenge. The key provision, 28 U.S.C. § 1867(f), with emphasis added, provides:

> The contents of records or papers used by the . . . clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under [§ 1867] subsection (a), (b), or (c) . . . . **The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.**

The Supreme Court has interpreted § 1867(f) to grant "essentially an *unqualified* right to inspect jury lists." *See Test v. United States*, 95 S. Ct. 749, 750 (1975) (emphasis added). The right exists relative to "preparation" of a challenge because, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *See id.*

Contrary to the United States's response, the request need not be supported by an existing motion or affidavit, which applies to formal proof presentation under § 1867(d). *Test* itself contrasted § 1867(d) from § 1867(f) in finding the "unqualified right to inspection under § 1867(f)." *See id.* at 750 n.2. As other courts have found, "Only a formal motion challenging the composition of the jury-selection process must be supported by a sworn statement. The . . . Act requires no such statement in support of a request to examine jury-selection records." *See United States v. Diaz*, 236

2

F.R.D. 470, 477 (N.D. Cal. 2006); *United States v. Wickline*, No. 2:07-CR-121, 2008 WL 2121222, at *2 (S.D. Ohio May 20, 2008) (quoting *Test* and noting that § 1867(f) grants defendant inspection right to "'determine whether he has a potentially meritorious jury challenge'"); *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996) (noting that defendant need only "allege that he is preparing a motion" to invoke inspection right).

Courts since *Test* have carefully followed the decision while protecting from disclosure documents not necessary to evaluation of statutory "fair cross section" compliance. Thus, a defendant gets "all jury selection materials relevant to a complete determination of whether a grand . . . jury has in fact been selected 'at a random from a fair cross-section of the community.'" *See United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984). However, that access right does not, at least via the statute, extend to the names and personal identifying information of grand jurors serving in a particular case. *See, e.g., United States v. Swan*, No. 03-36-01-B, 2003 WL 21799915, at *1 (D.N.H. July 22, 2003) (limiting right to general lists and denying "access to records that either reveal personal information of grand jurors or pierce the secrecy of the proceedings"); *United States v. Causey*, No. H-04-025, 2004 WL 1243912, at *12 (S.D. Tex. May 25, 2004) (granting access to "lists from which the grand jury was selected, not the names of specific jurors selected from the grand jury pool"); *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) (rejecting extension of 1867(f) to include "the names of the members of the grand juries that indicted them").[2] Thus, although the inspection right under 1867(f) is "unqualified," as far as it goes, the extent of

---

[2] This District's Amended and Restated Plan Providing for Jury Selection and Service System in all Jury Divisions of the District ("Plan") further protects grand juror identity. Section 9.4 of the Plan provides, "No information regarding persons summoned for grand jury service is to be released."

access is not unfettered. *See United States v. Rice*, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007) ("Despite recognizing defendants' near-absolute right to inspect jury lists under *Test*, federal courts have uniformly declined to allow unfettered access to all jury-related documents and records.").

Indeed, courts have treated *Test* as requiring disclosure only of the "master jury list" compiled under the Act. *See United States v. Curry*, 993 F.2d 43, 44 (4th Cir. 1993) (holding that "[u]nder *Test*, Curry was entitled to . . . the master jury list"); *McLernon*, 746 F.2d at 1123 (approving as satisfactory "disclosure of the Master Lists and the relevant demographic data about the general pool from which the specific grand jurors were selected"); *United States v. O'Reilly*, No.05-CR-80025, 2008 WL 1701648, at *2 (E.D. Mich. Apr. 10, 2008) ("[T]he right to inspection under § 1867(f) begins and ends with the relevant master jury list and accompanying demographic data."); *United States v. Gotti*, No. S402 CR 743 (RCC), 2004 WL 32858, at *11 (S.D.N.Y. Jan. 6, 2004) ("[O]nly the Master List from which the grand jury was selected need be turned over[.]"). Even the Master List provided may feature **redaction** of specific personal identifying information. *See United States v. Harvey*, 756 F.2d 636, 643 (8th Cir. 1985)(approving omission of "names and addresses of the persons on the master grand jury list"); *see also United States v. Holy Land Foundation*, 2007 WL 1452489, at *1 (N.D. Tex. May 15, 2007)(acknowledging *Harvey* and culling specific identifying information from Master Lists produced).[3]

To get information beyond that provided by § 1867(f), a litigant must demonstrate a

---

[3]

*McLernon* is not clear on this issue. However, because that case positively references disclosure of "names, addresses, and demographics" of grand jurors, the Court is inclined to include surnames and general (though not street) addresses on the Master List. This, along with general demographic data, would facilitate evaluation of the fair cross section issue. *See Duren v. Missouri*, 99 S. Ct. 664, 668 (1979)(discussing prima facie elements of "the fair-cross-section requirement"). Eliminating first names and street addresses protects the specific identities of Master List members with no appreciable loss to Defendant's analysis under the statute.

"particularized need" to invade the protected sphere of grand jury privacy. *See, e.g., United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968) (defining "particularized need"); *United States v. Demarey*, No. 95-1083, 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996) (noting that mere allegations or assertions "without any facts supporting those allegations" insufficient to qualify as "particularized need"). Even though Rule 6(b)(1) and (2) envision potential individual qualification challenges, courts reject disclosure of juror names and identifying information absent demonstration of a basis and particularized need for the information. *See United States v. Greater Syracuse Bd. of Realtors Inc.*, 449 F. Supp. 887, 900-01 (D.C.N.Y. 1978) (rejecting as "unwarranted" a request for grand juror names and addresses to make Rule 6(b)(2) evaluation: "Defendant has made no showing that any of the Grand Jurors might not have been legally qualified."); *United States v. Scott*, 624 F. Supp. 2d 279, 291 (S.D.N.Y. 2008) (noting "fundamental presumptions of grand jury secrecy and regularity" and rejecting disclosure based only on "'[s]peculation and surmise as to what occurred before the grand jury'") (citation omitted); *United States v. Smith*, No.02-20380BV, 2004 WL 784521, at *4 (W.D. Tenn. Jan. 26, 2004) (rejecting identification of ballot and concurrence form with "no showing that any of the grand jurors might not have been legally qualified"); *Swan*, 2003 WL 21799915, at *2 (denying name disclosure absent particularized need); *Schlegel v. Paulose*, No.07-4032 ADM/JSM, 2008 WL 108991, at *2 (D. Minn. Jan. 9, 2008) (holding, despite Rule 6(b)(2), "A party requesting the names of grand jurors must show a particularized need for the information.").

*The Specific Requests*

Maricle (and via DE #382, Defendant Jones) seeks:

1. The number of grand juries involved in the current case indictments;

2. Foreperson identification;

5

3.  The dates of grand jury meetings and votes, and identification of jurors present to hear evidence;

4.  Whether the grand jury was special or regular;

5.  The impanelment order(s);

6.  Specific information re: juror names, appearances, mechanisms for compulsion, and excuses from service;

7.  A copy of the District jury selection Plan; and

8.  Any "other records compiled or used in the drawing, summoning, and selection of each grand jury involved in this case." *See* DE #374 Motion, at 2.

The motion offers no specific justification for the requests. Rather, Defendant seeks the data "for the purpose of challenging the grand jury or juries that returned the indictment and superceding indictment herein." *See* DE #374 Motion, at 3.

The Court DENIES the motion as to categories 1, 2, 3, 4, 5 and 6. Information as to the grand jury's processing and specific consideration of this case is a classic example of "a matter occurring before the grand jury." *See* FED. R. CRIM. P. 6(e)(2)(B). Further, as discussed earlier in this decision, to receive names of grand jurors, a defendant must make a showing of "particularized need." Maricle offers no need beyond mere investigation, and that fails as to the listed categories. Although disclosure of the date of grand jury commencement may not be intrinsically secret, the impanelment order(s) could reflect upon or reveal the nature or investigative posture of grand jury proceedings. As such, the orders should not be divulged. None of the materials as to the processes of the particular grand jury(ies) involved impacts the fair cross section analysis of Chapter 121, and Defendant has made no allegation of impropriety or cause supporting information release under Rule 6.

6

The Court GRANTS the motion as to categories 7 and, in part, 8.  The District Plan is publicly available on the Court's website.  Counsel may access it there or from the Clerk directly.

As to category 8, and in compliance with *Test* and *McLernon*, the Court ORDERS that the Clerk, within twenty-one (21) days, make available for inspection by Maricle and Jones the District's divisional Master List(s) from which grand jurors in the relevant matter were selected.  The inspection is subject to the following limitations:

    a.    Prior to inspection, the Clerk shall *fully* redact the names, addresses, and all identifying information for any persons on the Master List actually **selected** to serve on any grand jury or juries hearing evidence in this case.  As to all other names on the Master List, the Clerk shall redact the first or given name of all persons as well as the specific street address of any person on the Master List. Thus, the list as disclosed would contain no information for actual grand jurors related to the case and would contain only the surname and city of residence for all other Master List members.  The Clerk also shall provide general demographic and statistical data compiled as to the Master List.

    b.    Maricle's counsel may make one copy of the redacted list.  Without leave of Court, Counsel may divulge the contents of the list only among Maricle's lawyers and to Maricle himself, and Maricle and his attorneys shall not a) reproduce or copy the list in whole or part; b) divulge the contents of the list to any other person; or c) use the list for any purpose other than evaluation of compliance with Chapter 121 of Title 28. Counsel for Jones may also have a copy from the Clerk, under the same use and disclosure restrictions.

    c.    At the conclusion of this case, counsel shall return the copy of the list to the Clerk

       with a certification that, to the best of counsel's knowledge, information, and belief, the terms of this Order have been followed; and

d.     The Court admonishes all concerned that disclosure in violation of § 1867(f) is a criminal offense. Further, any intentional contact with any person named on the Master List would violate the Plan and the Court's local rules.

Further, the Clerk shall provide to counsel for Maricle and Jones a *blank copy* of the juror qualification form utilized by the Clerk under the Plan. Along with the Plan itself, that form will permit the Defendants to assess the general compliance mechanisms, related to legal qualifications, in place in this District.

Of course, nothing in this Order precludes any party's access to *public* records, if any, in the District concerning prior jury lists and jury selection. *See* 28 U.S.C. § 1868.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Fed. R. Crim. P. 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 3nd day of September, 2009.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge