```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
                   LONDON DIVISION
             CRIMINAL ACTION NO. 09-16-DCR


UNITED STATES OF AMERICA      )    London, Kentucky
                              )    July 16, 2009
                              )    1:30 p.m.
vs.                           )
                              )
                              )
RUSSELL CLETUS MARICLE        )
DOUGLAS C. ADAMS              )
CHARLES WAYNE JONES           )
WILLIAM E. STIVERS            )
FREDDY W. THOMPSON            )
WILLIAM B. MORRIS             )
DEBRA L. MORRIS               )
                              )
------------------------------
```

### TRANSCRIPT OF ARRAIGNMENT HEARING BEFORE
### THE HONORABLE ROBERT E. WIER
### UNITED STATES MAGISTRATE JUDGE


**APPEARANCES:**

For the United States:

**STEPHEN SMITH**
**Assistant United States Attorney**


For the Defendants:

**DAVID HOSKINS, Retained Counsel**
**BENNETT BAYER, Retained Counsel**
**T. SCOTT WHITE, Appointed CJA**
**ROBERT ABELL, Appointed CJA**
**R. TUCKER RICHARDSON, Retained Counsel**
**JERRY W. GILBERT, Retained Counsel**
**ELIZABETH SNOW HUGHES, Appointed CJA**


Court Reporter:  Barbara McDermott

1        THE COURT:  Good afternoon to everyone.  If the

2    Clerk would call the 1:30 matter, please.

3        THE CLERK:  It's London Criminal 09-16-S, *United*

4    *States of America vs. Robert Cletus Maricle, Douglas C.*

5    *Adams, Charles Wayne Jones, William E. Stivers, Freddy*

6    *Thompson, William B. Morris, a/k/a Bart, Debra L.*

7    *Morris, a/k/a Debbie*.

8        THE COURT:  Thank you.  The Court recognizes Mr.

9    Smith here for the United States.  Good afternoon.

10       MR. SMITH:  Good afternoon, Your Honor.

11       THE COURT:  And we'll go through and make sure all

12   counsel are here, along with the respective defendant.

13   I see that Mr. Maricle is here.  Good afternoon.  And

14   Mr. Hoskins?  There he is.  Good afternoon to you.  Are

15   you the only counsel here for Mr. Maricle?

16       MR. HOSKINS:  Yes, Your Honor.

17       THE COURT:  All right.  Thank you.  Mr. Bayer?

18       MR. BAYER:  Yes, sir.  I am here by myself today

19   with Mr. Adams as well.

20       THE COURT:  Thank you.  Mr. Adams is here in the

21   courtroom.  Good afternoon to both of you.

22       MR. BAYER:  Good afternoon, Judge.

23       THE COURT:  Mr. White?

24       MR. WHITE:  Good afternoon, Your Honor.  I'm here,

25   as is my client, Mr. Jones, and I'd also like to

2

1    introduce Taylor Hamilton of my office, and he is the

2    young associate I told you that's helping me on the

3    case.  I needed one smart person to accompany me here.

4         THE COURT:  Very good.  I could use one myself.

5    Good afternoon to all of you.  Mr. Abell, good

6    afternoon to you.

7         MR. ABELL:  Good afternoon, Judge.

8         THE COURT:  Mr. Stivers, good afternoon to you.

9    For Defendant Thompson?

10        MR. RICHARDSON:  Tucker Richardson on behalf of

11   Freddy Thompson, both present, Your Honor.

12        THE COURT:  Good afternoon, Mr. Richardson and Mr.

13   Thompson.  Mr. Gilbert?

14        MR. GILBERT:  Yes, Your Honor.  Good afternoon.

15   Mr. Morris is behind me.

16        THE COURT:  Thank you.  Good afternoon to both of

17   you.  And Ms. Hughes?

18        MS. HUGHES:  Hello, Your Honor.  Mrs. Morris is

19   behind me.

20        THE COURT:  All right.  Thank you.  Good afternoon

21   to both of you.  I appreciate everybody being here this

22   afternoon.  We're here for a couple of purposes, one of

23   which is an arraignment on the superseding indictment

24   that's been returned by the grand jury.  I did order

25   that unsealed a few days ago and did direct that all

3

1    the defendants appear for arraignment today.

2         A superseding indictment takes the place of

3    the prior indictment in the case.  I am going to go

4    through much of the same arraignment process I went

5    through for each of you before.

6         Again, this is a joint hearing for efficiency

7    purposes.  I'm going to talk about rights that belong

8    to you individually and I'm going to go over the

9    charges that each of you is named in.  I'm not going to

10   go over in complete detail the new indictment because

11   it is lengthy and I went over all of it before.  I am

12   going to point out the parts that have changed and go

13   over the new counts that are included.

14        I'll also remind each defendant of your

15   rights as a defendant in the federal system, be sure

16   that you received the new indictment, understand the

17   charges and possible penalties.  I will take your

18   initial plea to the superseding indictment and deal

19   with scheduling issues in the case.  We'll talk about

20   that in some length here in a moment.

21        I will remind each defendant that you have

22   the right to remain silent, both today and throughout

23   the entirety of the case.  That means at no point can

24   you be required to make a statement of any kind.  If

25   you begin to make a statement you may stop, but

4

1    anything you do say can be used against you by the

2    prosecution.

3              I'll remind each of you again that you do

4    have a right to the assistance of counsel in the case.

5    That continues throughout the entirety of the case and

6    to any appeal that might be necessary, and any

7    defendant who has retained private counsel but at any

8    point is not able to afford private counsel can apply

9    to the Court and the Court will, upon appropriate

10   qualification, appoint counsel at the expense of the

11   Government.

12             What I'm going to do is just ask each defense

13   counsel to address whether you've received the

14   superseding indictment and provided it to your client,

15   had a sufficient opportunity to go over that, and

16   whether any defendant requests a formal reading of the

17   superseding indictment today, and we'll just go in the

18   order stated on the indictment.  I'll begin with Mr.

19   Hoskins.

20        MR. HOSKINS:  Your Honor, we did receive the

21   superseding indictment and I've gone over it with my

22   client, provided him a copy of the indictment.  We

23   would waive a formal reading of the indictment and

24   enter a plea of Not Guilty to each count.

25        THE COURT:  Thank you, Mr. Hoskins.  Mr. Bayer?

1        MR. BAYER:  Thank you, Judge.  As well, we

2    received a copy of the superseding indictment and

3    forwarded a copy of that over to our client, Mr. Adams,

4    and I have discussed the elements of the superseding

5    indictment with him.  I would waive a formal reading of

6    the indictment as it relates to Mr. Adams and would

7    like to enter a Not Guilty plea on his behalf to each

8    and every count contained therein.

9        THE COURT:  Thank you, Mr. Bayer.  Mr. White?

10       MR. WHITE:  Thank you, Your Honor.  I've also

11   received a copy of the superseding indictment.  I've

12   provided a copy of that to my client.  He and I have

13   gone over it telephonically.  We also waive formal

14   reading and will enter a Not Guilty on each count to

15   which he is named.

16       THE COURT:  Thank you, Mr. White.  Mr. Abell?

17       MR. ABELL:  Judge, on behalf of my client, William

18   Stivers, we acknowledge receipt of the superseding

19   indictment.  He has been provided a copy of it and we

20   have had an opportunity to discuss it.  We waive formal

21   arraignment and reading of it, and ask the Court to

22   enter pleas of Not Guilty as to all counts.

23       THE COURT:  Thank you, Mr. Abell.  Mr. Richardson?

24       MR. RICHARDSON:  Yes.  We acknowledge receipt of

25   the indictment.  I have provided a copy to my client.

6

1    We'll waive further reading of that indictment and

2    enter a plea of Not Guilty on all counts.

3         THE COURT:  Thank you.  Mr. Gilbert?

4         MR. GILBERT:  Your Honor, please, we have received

5    a copy of the superseding indictment.  I've gone over

6    that with Mr. Morris.  We are in a position to waive

7    formal arraignment and reading of the indictment and

8    enter Not Guilty pleas to all counts that he's named

9    in.

10        THE COURT:  Thank you, sir.  Ms. Hughes?

11        MS. HUGHES:  We also acknowledge receipt of a copy

12   of the indictment, waive formal reading, and enter a

13   plea of Not Guilty to the counts involving Mrs. Morris.

14   We have reviewed the superseding indictment together,

15   thank you.

16        THE COURT:  Thank you very much.  I am just going

17   to again go over the portions of the indictment that

18   have changed, reminding each defendant that you are

19   presumed innocent and just because I'm talking about

20   charges and talking about penalties doesn't take away

21   from that presumption of innocence at all.

22           The superseding indictment reflects that

23   Defendant Maricle is named in Counts 1, 2, 8, 10, 11,

24   12 and 13; Defendant Adams in Counts 1, 2, 12, and 13;

25   Defendant Charles Wayne Jones in Counts 1 through 7,

7

10, 11, 12 and 13; Defendant Stivers in Counts 1, 2, 4, 8, 10, 11, 12 and 13; Defendant Thompson in Counts 1, 2, 3, 5 through 7, 9, 10, 11, 12 and 13; Defendant William Morris in Counts 1, 2, 11, 12, and 13; and Defendant Debra Morris also in Counts 1, 2, 11, 12, and 13.

Additions or changes to the indictment appear to be additional allegations, or allegations made in Count 1, the RICO count, addressing alleged conduct by the co-defendant who has previously been arraigned in the case, Stanley Bowling.

Also, the allegations slightly change the date reflected as the scope of the racketeering conspiracy and add a predicate offense, 18 U.S.C. Section 1503.

Count 2 is a new count, and we'll go over that, as presented in the indictment.  Count 2 is premised on 18 U.S.C. Section 1956(h), and charges in substance that on or about a day in March 2002, and continuing through on or about July 17th, 2007, in Clay County, the named defendants in Count 2 did conspire together and with others to commit certain offenses under Title 18 U.S.C. Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions effecting interstate commerce, which

1    transactions involve the proceeds of specified unlawful

2    activity as defined by Title 18 U.S.C. Section

3    1956(c)(7), that is, bribery chargeable under state law

4    and punishable by imprisonment for more than one year,

5    and extortion, in violation of Title 18 U.S.C. Section

6    1951, with the intent to promote the carrying on of

7    such specified unlawful activity, and knowing that the

8    transaction was designed in whole or in part to conceal

9    and disguise the nature, location, source, ownership,

10    and control of the proceeds of said specified unlawful

11    activity, in violation of 18 U.S.C. Section

12    1956(a)(1)(A)(I), 1956(a)(1)(B)(I), all in violation of

13    Section 1956(h).

14          The penalty for a conviction under Count 2

15    would be not more than 20 years of imprisonment, a fine

16    the greater of $500,000 or twice the value of the

17    property involved in the transaction, and up to three

18    years of supervised release.

19          The remaining substantive counts in the

20    indictment I believe are substantially or essentially

21    unchanged.  The indictment does add two forfeiture

22    counts.

23          Count 12 is premised on the allegations

24    contained in Count 1 of the indictment and seeks to

25    forfeit the property, or claim a judgment, in the

9

1    amount of the property listed in the body of Count 12.

2    Count 13 is a forfeiture count premised on the offense

3    alleged in Count 2, and similarly seeks to forfeit or

4    seeks a judgment in the amount stated in the body of

5    Count 13.

6           The other potential penalties remain the same

7    for the allegations contained in the charges in the

8    superseding indictment.

9           So I will ask each defendant whether you

10    understand what you're charged with and the potential

11    penalties you face, beginning with Mr. Maricle.

12    DEFENDANT MARICLE:  Yes.

13    THE COURT:  Thank you.  Mr. Adams?

14    DEFENDANT ADAMS:  Yes, Your Honor.

15    THE COURT:  Thank you.  Mr. Jones?

16    DEFENDANT JONES:  Yes, Your Honor.

17    THE COURT:  Thank you.  Mr. Stivers?

18    DEFENDANT STIVERS:  Yes, Your Honor.

19    THE COURT:  Thank you.  Mr. Thompson?

20    DEFENDANT THOMPSON:  Yes, Your Honor.

21    THE COURT:  Thank you.  Mr. Morris?

22    DEFENDANT WILLIAM MORRIS:  Yes.

23    THE COURT:  Thank you.  Ms. Morris?

24    DEFENDANT DEBRA MORRIS:  Yes.

25    THE COURT:  Did I get everybody?  Okay.  All

1    right.  Again, I'll remind each defendant that you do

2    have the right to a speedy public trial by an impartial

3    jury.  You do have the right to confront and cross-

4    examine, or ask questions of, any witnesses presented

5    against you by the Government.

6            Each defendant has the right to compel

7    witnesses to come to court and give testimony on his or

8    her behalf.  If you cannot afford the cost of

9    compelling witnesses to attend the Government will bear

10    that cost for you.  No defendant can be compelled to

11    present incriminating evidence against him or herself,

12    and the right to counsel extends to every critical

13    stage of the case, including an appeal, if necessary.

14            I want to ask if each defendant understand

15    those rights as I've stated them today.  Mr. Maricle?

16    DEFENDANT MARICLE:  Yes, Your Honor.

17    THE COURT:  Thank you.  Mr. Adams?

18    DEFENDANT ADAMS:  Yes, Your Honor.

19    THE COURT:  Thank you.  Mr. Jones?

20    DEFENDANT JONES:  Thank you.  Mr. Stivers?

21    DEFENDANT STIVERS:  Yes, Your Honor.

22    THE COURT:  Thank you.  Mr. Thompson?

23    DEFENDANT THOMPSON:  Yes.

24    THE COURT:  Thank you.  Mr. Morris?

25    DEFENDANT WILLIAM MORRIS:  Yes.

1           THE COURT:  Thank you.  And Ms. Morris?

2           DEFENDANT DEBRA MORRIS:  Yes.

3           THE COURT:  Thank you.  All right.  The schedule

4    -- I know there are various motions that have been

5    filed addressing the schedule, and one key issue, Mr.

6    Smith, seems to be when discovery will be provided with

7    respect to the money laundering count, and what's the

8    status of that, from the perspective of the United

9    States?

10          MR. SMITH:  Well, Your Honor, we have discovery

11   that will be provided substantially, documents and

12   records, which are being copied, as we have done

13   previously, electronically and hope to begin producing

14   that by Monday to counsel.  I really do not have a page

15   count at this time, they are continuing to be scanned,

16   and should be available hopefully the first of the

17   week.  We should be contacting everyone for

18   arrangements to pick those up either at our office in

19   Lexington or here in London.

20          THE COURT:  Okay.  Thank you.  The proposals from

21   the movants addressing the schedule had some variety to

22   them, everything from receipt of discovery plus 15

23   days, all the way up to 45 days, and some were just

24   sort of open-ended.  I did confirm with Judge Reeves

25   about the schedule and what he's asking to do is move

1      the trial date slightly and give you some relief on the

2      defensive motion deadline.

3              So what I'm going to do -- and let me pass

4      along that admonition that Judge Reeves has said he

5      intends to keep the case on his schedule that I'm about

6      to announce -- so that means everybody is going to have

7      to buckle down and meet these deadlines, the Court

8      included.

9              So, Mr. Smith, based on what you've said, do

10     you anticipate that all discovery could be provided a

11     week from today, by next Thursday?

12         MR. SMITH:  Rule 16 discovery, yes, Your Honor,

13     that's required by the Court's order.

14         THE COURT:  Okay.  That's what I'm addressing.

15     All right.  So I'll say that the U.S. should provide

16     discovery as to the new counts by the 23rd, and then

17     I'm going to give all defendants until August the 16th

18     to file defensive motions.

19             Now, there's no requirement that you wait

20     until August the 16th, and I know Mr. Hoskins has

21     already filed some motions and Ms. Hughes has filed

22     some motions, and so you can go ahead, if you have

23     motions that you have prepared or you can prepare.  You

24     don't have to wait.  That will be your deadline.  But

25     you can go ahead and get them before the Court if you

1    want to.

2         MS. HUGHES:   Judge, that's a Sunday.   Can we have

3    until Monday?

4         THE COURT:   The 16th is a Sunday?   Doesn't

5    everyone work seven days a week?   Yes, the 17th.   That

6    will be the 17th.   Thank you.   So, you don't have to

7    wait.   You can, but you can go ahead and get your

8    motions in and we'll be working on those.

9              The pretrial conference schedule is going to

10   be as follows.   The new trial date is going to be

11   September 28th at 9:30 here in London, with counsel

12   appearing at 9:00.   The pretrial conferences will be as

13   follows.   The initial will be September 2nd, which was

14   our previous final pretrial date, so that will become

15   the initial pretrial, at 10:30 here in London.   The

16   final will be what was our trial date of September 14th

17   at 9:30.

18             For any motion filed, I'll evaluate and the

19   parties should indicate whether a hearing will be

20   required.   Some motions, of course, I'll decide on the

21   record or Judge Reeves will.   Some may require an

22   evidentiary hearing.   So motions that require a

23   hearing, we'll set those on a defendant by defendant

24   basis as appropriate.   So I'm not going to set one

25   motion date.   I'll just keep an eye on the docket and

1    as motions are filed, then we'll work with you on

2    scheduling those at a convenient time.

3            Any other questions about the schedule that

4    I've announced?  Ms. Hughes?

5        MS. HUGHES:  I'd like to ask the Government if

6    they think that this increases the length of the trial?

7    You know, because we started out with eight defendants,

8    and we still have seven, and we've added a money

9    laundering count that apparently involves substantial

10   documents.  We're set for four weeks, and I'm just --

11   you know, it's been a difficult scheduling issue to

12   block out a lot of time and I guess I'd like to know,

13   now that -- there are other judges that we all answer

14   to also, and we've asked them to set aside time when we

15   are not available, and I'm sort of wondering what the

16   Government's perspective is on that, with respect to

17   our other matters.

18       THE COURT:  Fair question.  Trial length at this

19   stage, Mr. Smith?

20       MR. SMITH:  Your Honor, I am the eternal optimist,

21   but I do think that while we have a significant amount

22   of, I guess, documents in regard to some of the

23   financial issues in this, the practice of the Court

24   normally on forfeitures is to bifurcate that, and that

25   could take a couple of extra days in the forfeiture

1    proceedings, with this many parties going to trial.

2          But as to the substance of the issues and the

3    evidence the Government is going to put forth, I don't

4    think the documents are necessarily going to prolong or

5    protract this litigation.  Maybe for some hours, but

6    not -- I couldn't put a number of days on that at this

7    point, it doesn't seem to me.

8          THE COURT:  So your overall assessment is the same

9    as it was previously?

10         MR. SMITH:  Except that, Your Honor, I would say

11   that a couple of extra days will be needed for the

12   forfeiture.

13         THE COURT:  Okay.  Thank you, Mr. Smith.  Mr.

14   White?

15         MR. WHITE:  Thank you, Your Honor.  Just two

16   things to alert the Court to.  Prior to the superseding

17   indictment being unsealed, I had Judge Caldwell

18   schedule a three to five day trial for me, beginning

19   the middle of October, which I told her was good, based

20   on the trial date starting on the 14th.

21         With this new trial date, I'm going to have

22   to check with Judge Caldwell to see if she could --

23   since I'm the only defendant left standing in that

24   case, and maybe easier for her to move mine, but I

25   wanted to alert you that I may have an issue on that.

16

1            The second thing I wanted to perhaps point

2    out, and I'm not trying to pre-argue my motion perhaps

3    a little bit, I know that Steve, or Mr. Smith, is yet

4    to respond, one of the things that I posed in a motion

5    I filed at, I think, 11:59 last night, when I got back

6    from Louisville, was early release of *Brady* or *Giglio*,

7    as well as identification of trial witnesses and trial

8    documents.

9            My experience has been when we have multi-

10   defendants, a four-week trial that the Government is

11   positive -- which, quite frankly, although I think

12   Steve's given a very good faith estimate, my experience

13   has been, given the number of folks that are going to

14   be questioned, that type of thing, we're probably going

15   to go longer than four weeks if everybody stays in the

16   case.

17           My view is we're going to be much more

18   efficient and much more able to get this case tried in

19   a reasonable amount of time without having the jurors

20   revolt on us if we get that type of cooperation from

21   the United States.

22           So, I guess from my perspective, that's a

23   motion I went ahead and filed because that's what I

24   think would help us get ready for trial and be able to

25   meet this September 28th date.  I know I've done a

1    little pre-arguing and I apologize to the United

2    States, but I kind of wanted to lift that one up.

3         THE COURT:  Thank you.

4         MR. BAYER:  Judge, if I might--

5         THE COURT:  Yes.

6         MR. BAYER:  --those were specific issues that I

7    wanted to address too from a pretrial standpoint, is

8    the United States knows that there's *Brady* and *Giglio*

9    issues out there that we're going to be raising, and

10   obviously if each of the parties are meeting our

11   defensive motions, including the aspect of the *Brady*

12   and *Giglio* material, if we're only given the

13   preliminary discovery material, and then we have to

14   file our motions for the *Brady* and *Giglio* material, and

15   all the other material, and then that material comes

16   in, filters in, after the date when the Court has a

17   chance to consider the motions, there is material in

18   there that we envision will be substantive as it

19   relates to other defensive motions.

20        So I would like for the Court to at least

21   understand that I am in a position, in a posture, in

22   which I cannot, by nature of the scheduling order,

23   comply with the model the Court is creating.  If, in

24   fact, Mr. Smith is able to give all the *Brady* and

25   *Giglio* material immediately, it facilitates us being

18

1    able to do a comprehensive defensive motion.

2          But I'll be candid with you.  We will not be

3    able to do all defensive motions as set out according

4    to the schedule, because some of it is going to be

5    dependent upon what we receive during discovery.

6          Secondly, with all due respect to Mr. Smith,

7    and I am not accusing the United States of doing

8    anything nefarious or wrong, other than bring the

9    indictment, of course, is that they are under a

10   tremendous burden of producing a tremendous amount of

11   documents, and I understand how difficult that is, and

12   they've done a yeoman's task of doing that.

13         But in the past, up to this point in time, it

14   has been serially done, and so they will discover more

15   material, they will present us with more material, and

16   they will find more material and they will present that

17   to us.

18         While I believe that they will make a very

19   good faith effort at getting the material to us by the

20   23rd, the practice has been and my suspicion is that

21   they will not be able to get everything to us by the

22   23rd and that there will be other matters that come up.

23         I think that the Court must take into

24   consideration that while you are setting that date for

25   all of these defensive motions of 8/17, that as a

19

1    practical matter will not work and that we're going to

2    have to be given some leeway at some point in time.

3            What that concerns me is then it closes right

4    into what Mr. White is talking about, is that it may

5    very well impact as well on our trial date.  There are

6    going to be some motions of substance that we

7    anticipate require hearings, and the hearings may be

8    lengthy.

9            So while I understand Judge Reeves is

10   informing me that I've got a firm trial date, I have to

11   inform the Court honestly that I will be back before

12   the Court probably at some point in time requesting

13   that these dates be amended once more.

14        THE COURT:  The record will reflect your comments.

15   Other statements by any counsel?  All right.  I know

16   there are some motions filed, at least one of which is

17   now submitted, and I'm working on -- let me just ask if

18   there are other matters that any party wants to raise

19   while we're together today.  Mr. Smith, let me begin

20   with you.

21        MR. SMITH:  No, Your Honor.

22        THE COURT:  All right.  Mr. Hoskins?

23        MR. HOSKINS:  No, Your Honor.

24        THE COURT:  Thank you.  Mr. Bayer, you placed your

25   marker down.  Anything additional to that?

1     MR. BAYER:  No, sir.  That's sufficient.  Thank

2  you.

3     THE COURT:  All right.  Mr. White?

4     MR. WHITE:  I never miss an opportunity, Judge, as

5  you know.  Just to give you a head's up, because I know

6  that -- I can't remember.  Maybe it was the day we

7  filed a motion for bill of particulars.  I'm going to

8  want to go ahead and re-file mine probably next week,

9  once I get the full superseding indictment digested.

10  So just to let you know that's going to be coming.  So

11  I don't know if you want to--

12     THE COURT:  Well, it's no surprise, Mr. White.

13  Thank you.  I'll be looking for that.  Mr. Abell?

14     MR. ABELL:  Judge, to clarify, I think I'm

15  understanding we're going to conclude this trial the

16  week of October 26th or so, four weeks plus a couple of

17  days.  I would frankly just ask that the Court's order

18  reflect the length of trial, because I'm going to want

19  to present that order in another case and have to have

20  a trial moved.

21     THE COURT:  I will so do.  Thank you.

22     MR. ABELL:  Thank you.

23     THE COURT:  Mr. Richardson?

24     MR. RICHARDSON:  Nothing now, Your Honor.

25     THE COURT:  Thank you.  Mr. Gilbert?

1          MR. GILBERT:  Nothing further, Your Honor.

2          THE COURT:  Thank you.  Ms. Hughes?

3          MS. HUGHES:  No, sir.  Thank you.

4          THE COURT:  Thank you.  Well, I appreciate

5     everyone joining me.  Mr. Smith, I do want to make sure

6     on the record that the United States is fulfilling any

7     notification issues under Chapter 237?

8          MR. SMITH:  Yes, Your Honor.  Thank you.

9          THE COURT:  All right.  Thank you.  Well, if

10    there's nothing further, thank you to all counsel and

11    to the defendants.  That will conclude matters in court

12    for today and we'll stand adjourned.

                    (HEARING CONCLUDED AT 1:55 P.M.)

COMMONWEALTH OF KENTUCKY )

                         )

COUNTY OF MADISON        )


            I, BARBARA J. McDERMOTT, Court Reporter
and Notary Public in and for the Commonwealth of
Kentucky at Large, whose commission as such will not
expire until April 29, 2013, do hereby certify that:
(1) Foregoing pages represent an accurate and complete
transcription of the Arraignment Hearing held on July
16, 2009 before the United States District Court for
the Eastern District of Kentucky at London before the
Honorable Robert E. Wier, presiding in the matter of
*United States of America vs. Russell Cletus Maricle, et
al;* and (2) these pages constitute an original of the
transcript of the proceeding.


            This 28th day of September 2009.


             /s/ BARBARA J. MCDERMOTT

            BARBARA J. McDERMOTT
            Court Reporter