UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL NO. 09-16-S-DCR**          **ELECTRONICALLY FILED**

**UNITED STATES OF AMERICA**          **PLAINTIFF**

**V.**      <u>**RESPONSE OF UNITED STATES TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION TO SUPPRESS SEARCH OF MARICLE RESIDENCE**</u>

**RUSSELL CLETUS MARICLE**          **DEFENDANT**

\* \* \* \* \* \*

The United States, for the reasons set forth below, requests the Court overrule the defendant's objections to the Report and Recommendation denying his motion to suppress the fruits of the search of Russell Cletus Maricle's residence and request for a *Franks* hearing. [Record No. 387]. First, the agents had a valid arrest warrant for the defendant and were authorized to enter his residence. Second, no search occurred of the residence until an amended search warrant was obtained. Third, the defendant has failed to proffer any evidence to support a hearing and is merely looking for an opportunity to conduct a "fishing expedition."

**1. Valid entry into home:**

Police who enter the suspect's home to arrest him if they have either a search or arrest warrant. *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371 (1980). In this case, the officers had a valid arrest warrant. Under *Payton*, police may enter defendant's home to arrest him with a warrant. So police do not need to get a search warrant or to show probable cause that defendant is inside. There only needs to be a reasonable belief the

named defendant is inside, based on common sense factors and the totality of circumstances. *United States v. Pruitt*, 458 F.3d 477 (6th Cir. 2006), cert. denied, 127 S. Ct. 2910 (2007). The Magistrate correctly rejected the Defendant's argument and found that the agents were reasonable in believing that a retired senior judge would be at home at 9:00 a.m.

**2. No violation for agents to remain at the residence until a valid search warrant was obtained.**

The Magistrate was correct in finding that there is no violation for the agents to remain at the residence and detain the occupants until the amended search warrant was obtained. *Illinois v McArthur*, 531 U.S. 326, 121 S.Ct. 946 (2001). Nor is there a violation for agents to detain the occupants during the execution of the warrant at the scene. *Michigan v. Summers*, 452 U.S.692, 101 S.Ct. 2587 (1981). Nor is there a violation if agents conduct a limited search of the premises for their safety. *Maryland v. Buie*, 494 U.S. 325 (1990).

The Defendant's suggestion of an illegal search is totally unfounded. The Defendant merely alleges that if he has a hearing he will show that agents searched the residence prior to obtaining the warrant. It is clear that the burden once a valid warrant exists is upon the Defendant. Without some evidence to support such allegations, the result is to allow a "fishing expedition" of government witnesses.

**3. The Defendant's request for a Franks hearing.**

The Defendant must make a strong preliminary showing of "intent, deliberate falsehood, or reckless disregard for the truth" and that with an omission of fact that "it

2

was critical to the finding of probable cause." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998). In this case, the Magistrate reviewed the audio recordings and determined that the statements were made as represented by the affiant. The Defendant complains only that the affiant has taken them out of context. Again, there must be a showing of fact by the Defendant not just an allegation. The Defendant's request for a *Franks* hearing should be denied.

The United States incorporates by reference its response to the motion filed herein [Record No. 446] and requests that the Defendant's objections to the Report and Recommendation be overruled.

                Respectfully submitted,

                JAMES A. ZERHUSEN
                UNITED STATES ATTORNEY

BY:  S/ Stephen C. Smith
       Assistant United States Attorney
       601 Meyers Baker Road, Suite 200
       London, KY 40741
       Tel: (606) 864-5523
       Fax: (606) 864-3590
       stephen.smith4@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

                s/Stephen C. Smith
                Assistant United States Attorney