UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| RUSSELL CLETUS MARICLE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** ***

This matter is pending for consideration of Defendant Russell Cletus Maricle's motion to suppress evidence seized from his home on March 19, 2009. Additionally, Defendant Maricle has requested an evidentiary hearing on this issue. [Record No. 387] The motion was referred to United States Magistrate Judge Edward B. Atkins for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On September 25, 2009, Magistrate Judge Atkins issued his report, recommending that the Defendant's motion to suppress and his request for an evidentiary hearing be denied. [Record No. 492] Thereafter, Defendant Maricle filed objections to the Report and Recommendation. [Record No. 508]

---

[1] In reviewing a Magistrate Judge's recommendation of a motion to suppress under 28 U.S.C. § 636(b)(1)(B), the Court conducts *de novo* review of the matters subject to objection. This review does not require the district judge to conduct a new hearing on contested issues. However, if the district court finds there may be a problem as to the credibility of a witness or witnesses or for other good reasons, *it may, in the exercise of discretion*, call and hear the testimony of a witness or witnesses in an adversary proceeding. *See United States v. Raddatz*, 447 U.S. 667, 675-77 (1980). The Court does not find that this case presents a circumstance in which a hearing would be necessary or appropriate.

The United States has also filed a response to the Defendant's objections which incorporates earlier arguments made and materials filed. [Record Nos. 515 and 446]

Having reviewed the materials filed in support of and in opposition to the Defendant's motion, and having considered the Report and Recommendation of Magistrate Judge Atkins, the Court concludes that the motion to suppress should be denied. Further, the Defendant has failed to meet his burden with respect to his request for an evidentiary hearing on this issue. Accordingly, that request will also be denied.

**I.    Relevant Facts**

Although Defendant Maricle takes issue with several conclusions, the Magistrate Judge's Report and Recommendation correctly outlines the chronology of events occurring on the morning of March 16, 2009. On that date, at approximately 8:45 a.m., the United States had obtained a search warrant for what was believed to be the Maricle home. The agents were also armed with a warrant for Defendant Maricle's arrest. However, the original warrant incorrectly listed as the place to be searched a neighbor's address across the street from the Maricle residence. Upon learning of the error, the agents proceeded to the correct residence where they encountered Maricle's wife, Judy Maricle.

The Magistrate Judge's report indicates that Mrs. Maricle initially consented to a search of the residence. However, before the search could begin, Defendant Maricle arrived home and revoked consent. Thereafter, Defendant Maricle was arrested and the officers performed a protective sweep of the premises for their safety. At approximately 11:30 a.m., agents obtained an amended search warrant with a correct photo and description of the home

to be searched. The Magistrate Judge further states that, "[t]here is no evidence that the search continued upon Maricle's revocation of consent, and prior to presentation of an amended warrant. In addition, the Defendant does not argue for suppression of any evidence discovered upon entry into the residence and before the officers obtained the amended search warrant properly describing the premises."

In his motion to suppress, Defendant Maricle argues that his constitutional rights were violated because: (i) the warrant did not describe the place to be searched with particularity; (ii) the agents failed to knock and announce their presence before entry; (iii) the affidavit supporting issuance of the warrant failed to establish the reliability of the confidential informant or otherwise independently corroborate the information they provided; (iv) the affidavit failed to establish a proper nexus between the Defendant's residence and the alleged criminal activity; and (v) the affidavit relies upon stale information to establish probable cause. Following a thorough review and analysis of the information presented, the Magistrate Judge rejected each of this arguments.

**II.  Analysis**

  **A.  Particularity of the Affidavit and Warrant**

The Defendant asserts in his objections that the agents forcibly entered the Maricle residence at approximately 9:00 a.m. on the morning of March 16, 2009, without a valid warrant. He further disputes whether his wife gave consent to search the home before Maricle arrived home and revoked any consent allegedly given. According to the Defendant,

"it is the voluntariness of this consent that must be the subject of an evidentiary hearing." The Court disagrees with this argument.

While the Defendant has *argued* that Mrs. Maricle did not give consent for a search of the residence, and that the search of the residence continued following revocation of consent, he has failed to present any evidence in support of this argument. Further, he has failed to explain why he has not offered such proof for the Magistrate Judge's consideration in the form of an affidavit from Mrs. Maricle or from the Defendant. If Mrs. Maricle contends that she did not give consent, she could easily say so in writing and under oath through the submission of an affidavit. Likewise, if agents were observed conducting anything more that a protective sweep of the residence prior to obtaining an amended warrant, either the Defendant or Mrs. Maricle could provide an affidavit in support of their attorney's claim.[2] Instead, however, counsel asserts that, without a hearing, it is impossible

---

[2] The United States asserts in response to the Defendant's claims that entry into the Maricle residence was proper because of the validly-issued arrest warrant for Maricle and a common sense belief that he was inside. *Payton v. United States*, 445 U.S. 573, 603 (1980); *United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 2910 (2007). The timing here supports a belief that Maricle would likely be inside the residence. Common sense also dictates that, if agents had arrived earlier and observed Maricle leave his actual residence, they would not have gone to the neighbor's home by mistake. Contrary to the Defendant's assertions, the mere fact that agents arrived at approximately 8:45 a.m., does not necessarily mean that Maricle would have already left for work. This conclusion dispenses with Maricle's fifth enumerated argument that the officers acted improperly in going to Maricle's home on the morning of March 16, 2009, to effectuate his arrest.

Further, there is no violation for agents to remain in the residence and detain occupants until the amended search warrant was obtained. *Illinois v. McArthur*, 531 U.S. 326 (2001). The United States also correctly notes that there is no violation for agents to detain occupants during the execution of a search or to conduct a limited search of the premises for their safety. *Michigan v. Summers*, 452 U.S. 692 (1981); *Maryland v. Buie*, 494 U.S. 325, 335-37 (1990).

for Maricle to provide such evidence. Again, the Court respectfully disagrees with this assertion.

In short, Defendant Maricle has failed to offer any proof to counter the Magistrate Judge's conclusion that, "there is no evidence that the search continued upon Maricle's revocation of consent, and prior to presentation of an amended warrant" or that "the search was suspended and only resumed upon officers securing an amended search warrant . . ." [Record No. 492, p. 3] Therefore, the Defendant's objection to this conclusion will be overruled.

### B.     Lack of Reliability or Corroboration

Having reviewed the materials submitted in support of the search of the Defendant's residence, the Court agrees with the Magistrate Judge's conclusion that the information provided was reliable and that probable cause existed for a search of the residence. The affidavit of Special Agent Briggs contains facts to support the confidential informants' reliability. While the sources participated in twenty audio recordings of conversations with subjects of the investigation, the informants' actions were taken over an extended period of time and under the supervision of law enforcement. Further, the Defendant's assertions that the recorded conversations were taken out of context for the purpose of securing a warrant are not supported by the record.

The affidavit of Special Agent Briggs submitted in support of issuance of the search warrant for Defendant Maricle's home is extensive. The affidavit recites the agents background and experience regarding corruption investigations as well as the information

he received from the confidential sources. While the confidential sources obtained numerous recorded statements of Defendant Maricle and other Defendants, the affidavit indicates that other information provided by these sources of information was independently corroborated by other witnesses as well as by the affiant and other FBI investigators. The affidavit also provides extensive detail connecting the Defendant's recorded statements to the criminal activity alleged. [Record No. 446; attached affidavit at pp. 7-15]

Although the Defendant seeks to downplay the significance of the tape recorded statements because, in his opinion, they do not contain "admissions" of criminal activity, that is not the standard. Instead, looking at the totality of the circumstances,[3] including the confidential informants' veracity, reliability and basis of knowledge as outlined in the supporting affidavit, probable cause was clearly shown to support issuance of a search warrant for the Defendant's residence. *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). Therefore, the Defendant's objection that Special Agent Briggs' affidavit was insufficient to establish probable cause will be overruled.

---

[3] The Defendant also challenges the statistical information referenced in the supporting affidavit regarding spikes in absentee ballots for the 2004 and 2006 elections. The Defendant argues that such spikes were not limited to Clay County elections during this period but were seen nationwide according to a Time magazine article. However, the government does not rely upon this information in isolation but in combination with all other evidence of illegal activity by the defendants.

### C. The Denial of an Evidentiary Hearing

The Defendant objects to the Magistrate Judge's recommendation that an evidentiary hearing is unnecessary under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Under *Franks*, a defendant may challenge the sufficiency of a previously-issued and executed warrant by attacking the statements contained in the subject affidavit. However, to obtain a hearing, the defendant must make a substantial preliminary showing that a false statement was knowingly and intentionally included in the affidavit or that the subject statement was made with a reckless disregard for the truth. The defendant must identify the disputed portions of the challenged affidavit, and must support his or her charges of falsity or recklessness with an offer of proof.

Here, Defendant Maricle asserts that several of the recorded statements summarized in Special Agent Briggs' affidavit were mischaracterized. Specifically, he contends that the statements were not placed in proper context and that the agent omitted material facts in preparing the summaries. Again, however, the Court respectfully disagrees with the Defendant's assertions. Instead, the undersigned agrees with the Magistrate Judge that the subject statements are neither misleading nor reckless. Therefore, no hearing is necessary.[4]

---

[4] Even if the challenged statements were removed from the Briggs' affidavit, probable cause would still support issuance of the search warrant. Therefore, a hearing would not be required in any event. *United States v. Stewart*, 306 F.3d 295, 304-05 (6th Cir. 2002).

### D.     Nexus and Staleness

Defendant Maricle also objects to the Magistrate Judge's determination that a nexus exists between the place to be searched and the alleged criminal activity. Further, he challenges the determination that the information relied upon was not stale. According to Maricle, the 2007 recorded conversations do not reflect that any meetings were held in his home or that a list of registered voters was maintained there. [Record No. 508] Again, however, probable cause for the issuance of the search warrant was not based exclusively upon the recorded conversations.

For example, the Briggs affidavit contains the following information regarding meetings in furtherance of the election fraud scheme:

> Source #1 and #2 advised that they attended regular meetings at Maricle's residence to discuss the election fraud scheme for the 2006 Clay County Primary and General Elections. The purpose of the meetings was to plan, organize, and carry out this scheme. . . . During these meetings Source #1 provided Maricle with a list of all registered voters for the Manchester, East Manchester and Harts Branch precincts. Maricle also provided to Source #1 and #2, a list of voters who were against his slate of candidates, that needed to be talked to and approached. Maricle, William Stivers, and Charles Wayne Jones, aka Wayne Jones were going over lists of election officers during these meetings, that Stivers brought to Maricle's home.

[Record No. 446; attached affidavit, pp. 8-9]    Thus, a clear nexus existed between the Maricle's home and the alleged criminal activity. Based upon the information submitted in support of the search warrant, there was probable cause to believe that evidence of criminal activity would be located at the Maricle residence.

The undersigned also agrees that, based upon the nature of the illegal activity alleged, the information supporting the search of Maricle's home was not stale. While there is sufficient evidence of *ongoing* activity to defeat the staleness claim, the type of records sought defy claims of staleness. *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001) ("Evidence of ongoing criminal activity will generally defeat a claim of staleness."); *United States v. Abboud*, 438 F.3d 554, 573 (6th Cir. 2006) ("business records are a type of evidence that defy claims of staleness"). In light of the information contained in the Briggs affidavit, the Magistrate Judge issuing the warrant for the search of Defendant Maricle's home was presented with probable cause of past, present and future criminal activity. Further, there was good reason to believe that evidence of criminal activity in the form of voting list and other related information would be located there. Accordingly, the Defendant's objections based on the lack of a nexus and staleness will be overruled.

### III.    Conclusion

Having conducted a de novo review of the issues raised by Defendant Maricle in his objections [Record No. 508] to the Magistrate Judge's Report and Recommendation [Record No. 492], it is hereby

**ORDERED** as follows:

1.    The Defendant's motion to suppress and request for an evidentiary hearing [Record No. 387] are **DENIED**.

2    The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 492] is **ADOPTED** and **INCORPORATED** herein by reference.

3.       Defendant Maricle's objections to the Magistrate Judge's Report and Recommendation [Record No. 508] are **OVERRULED**.

This 15th day of October, 2009.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge