UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>RUSSELL CLETUS MARICLE, )<br>)<br>)<br>   Defendant. ) | No. 6:09-CR-16-DCR-1<br><br>ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Maricle has sought permission to accompany his wife to certain medical appointments in Lexington, Kentucky, on October 19 and October 20, 2009. *See* DE #520 (Motion). The United States opposes. *See* DE #523-1 (Response).[1] Defendant is under release conditions imposed by Judge Reeves and the undersigned via DE #215 and #220. To date, no known violation of conditions has occurred, and Maricle has been on bond for five months. The USPO expresses no reservations about granting the request. The Court has approved other out-of-town travel by Maricle without incident. *See, e.g.*, DE #249.

The Court **GRANTS** the request, which is consistent with Judge Reeves's original order granting Maricle permission to "leave his home . . . only for medical treatment for himself or his wife." *See* DE #215, ¶ 1. The overnight nature of the request does lead the Court to impose the following added stipulations:

---

[1] The Government is correct that Defendant does not identify the surgery type, but Maricle does state that his wife will be unable to drive post-surgery, and the USPO has confirmed the nature of the surgery involved as well as the specific surgical schedule. Future requests should provide sufficient detail to permit the Court and Government to evaluate the nature of medical treatment at issue.

1. Maricle may leave his home in Clay County on the morning of October 19, 2009, to travel to the appointment in Lexington. He shall travel straight to the appointment and then to his wife's sister's home in Lexington, with necessary stops only for gas or sustenance. He shall remain at that residence at all times on the night of October 19. On October 20, Defendant shall travel directly from that residence to the appointment on the 20th, and then straight home to Manchester, with necessary stops only for gas or sustenance. Defendant shall be reachable by cell phone at all times during the trip at the number provided to the USPO and further shall provide the number for the residence in Lexington to the USPO. The USPO may, in its discretion, require Maricle to phone in on a regular or scheduled basis. The USPO shall confirm Defendant's compliance with these travel restrictions, shall randomly contact him during the trip, and shall stay informed about the specifics of the travel itinerary.

2. All other release conditions remain intact.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 16th of October, 2009.

Signed By:
*Robert E. Wier* R℮W
**United States Magistrate Judge**