UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 09-16-DCR

UNITED STATES OF AMERICA,                            PLAINTIFF,

v.

**DEFENDANT'S MOTION TO RECONSIDER
MAGISTRATE JUDGE'S ORDER
DENYING MOTION FOR BILL OF PARTICULARS**

RUSSELL CLETUS MARICLE,                          DEFENDANT.

Now comes Defendant, Russell Cletus Maricle, and respectfully moves this honorable Court to reconsider the Magistrate Judge's Order Denying Maricle's Motion for Bill of Particulars.

"With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). The magistrate attempted to distinguish *Davidoff,* but to no avail. In *Davidoff*, the indictment stated that it was part of the RICO conspiracy to commit extortion offenses and that these offenses "included, but were not limited to," the violations set forth in the four remaining counts of the indictment. *United States v. Davidoff*, 845 F.2d 1151, 1153 (2d Cir. N.Y. 1988). At trial, the government was permitted to introduce evidence of other extortions not alleged in the indictment. The Second Circuit held that the trial judge abused his discretion by denying a bill of particulars identifying at least the victims of discrete extortionate schemes that the prosecution intended to prove. *Id.* at 1154. The court went on to state, "We do not mean to imply that even in a RICO case the prosecution must always disclose in advance of

1

trial every act it will prove that may violate some criminal statute. But here it is simply unrealistic to think that a defendant preparing to meet charges of extorting funds from one company had a fair opportunity to defend against allegations of extortions against unrelated companies, allegations not made prior to trial." *Id.*

The Superceding Indictment at issue in Maricle's case, states that the "Defendants accomplished their purposes through a pattern of, **among other things**, bribery, extortion, and mail fraud . . ." Sup. Indictment at 4 (emphasis added). At a minimum, Maricle is entitled to a bill of particulars to explain what "among other things" means.

Furthermore, while the Superceding Indictment very generally accuses some of Maricle's co-defendants with, for example, "extorting money from candidates," and "bribery," *see* p.5, it does not specify who was extorted or bribed or when this occurred. The discovery also does not reveal this information.

In Count 2, Maricle is charged with a money laundering conspiracy that has to do with transactions that involved the proceeds of bribery. *See* p. 8. However, there is no mention of what transactions are involved, who was involved in the bribery, and when these alleged crimes occurred.

Maricle understands that under *Salinas v. United States*, 522 U.S. 52 (1997), he does not have to agree to commit a predicate act, but rather must "agree to further an endeavor, which, if completed, would satisfy all of the elements of a substantive criminal offense." *Id.* at 65. However, the indictment does not give Maricle notice about *which* endeavor *he* agreed to further.

The Indictment charges complex conspiracies with several defendants and lacks sufficient detail of the specific allegations against Maricle. It is impossible to defend this case without the information sought in Maricle's Motion for Bill of Particulars.

For the reasons set forth above and in Maricle's Motion to for Bill of Particulars, Maricle respectfully moves this honorable Court to reconsider the Magistrate Judge's Order, and to grant his Motion for Bill of Particulars.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Martin S. Pinales<br>Martin S. Pinales (Ohio Bar No. 0024570)<br>Candace C. Crouse (Ohio Bar No. 0072405)<br>*Admitted Pro Hac Vice*<br>Sirkin, Pinales & Schwartz LLP<br>105 West Fourth Street, Suite 920<br>Cincinnati, Ohio 45202<br>Telephone: (513) 721-4876<br>Telecopier: (513) 721-0876<br>mpinales@cinci.rr.com<br>ccrouse@sirkinpinales.com | /s/ David S. Hoskins by MSP w/permission<br>David S. Hoskins<br>107 E. First Street<br>Corbin , KY 40701<br>Telephone: 606-526-9009<br>Fax: 606-526-1021<br>davidhoskins@bellsouth.net |

### CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on the 18th of October, 2009.

/s/ Martin S. Pinales

Martin S. Pinales (Ohio Bar No. 0024570)