UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL CLETUS MARICLE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

***   ***   ***

Defendants Russell Cletus Maricle, Charles Wayne Jones, Freddy W. Thompson, William B. and Debra L. Morris, William E. Stivers, Stanley Bowling, and Douglas C. Adams object and seek reconsideration of an order by United States Magistrate Judge Robert E. Wier [Record No. 514] denying each Defendant's motion for a bill of particulars[1] [Record Nos. 295, 321, 359, 363, 378,[2] 386, and 411]. The undersigned finds that the Magistrate Judge properly denied Defendants' motions and, therefore, will deny Defendants' motion to reconsider and objections[3] [Record Nos. 527, 528, 529, 530, 531, 532, and 533].

---

[1] William and Debra Morris filed a joint motion.

[2] Stivers' Amended Memorandum in support of his Motion for Bill of Particulars is Record No. 488.

[3] Most of the Defendants filed objections to the Magistrate Judge's Order, rather than motions to reconsider. These objections will be treated as motions for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    Background

Defendants are former public officials from Clay County, Kentucky.  In an indictment filed July 9, 2009 (the "Superseding Indictment"), all the Defendants were charged with RICO and money-laundering conspiracies (Counts 1 and 2), and individual Defendants were charged with related offenses, including honest services mail fraud (Counts 3, 5-7), extortion (Count 4), obstruction of justice (Counts 8 and 9), and conspiracy to commit voter fraud (Counts 10 and 11).  Counts 12 and 13 of the Superseding Indictment seek forfeiture based on the alleged RICO and money-laundering conspiracies.  [Record No. 272]

Each Defendant filed a motion for a bill of particulars as to the Superseding Indictment. The Magistrate Judge summarized the information sought by Defendants as follows:

- identification of and detail concerning underlying predicate crimes and overt acts;

- conspiracy joinder dates and further information concerning conspiracy roles;

- identification of unnamed co-conspirators;

- identification of the "slate" of candidates to which the Superceding Indictment alludes;

- transactions (including dates, participants, amounts, and other specifics) at issue in the money laundering count, as well as details of underlying specified unlawful activity;

- conspiracy details regarding the voter right suppression and vote buying conspiracies alleged in Counts 10 and 11, including "slate" identification, election specification, witness/co-conspirator identification, and description of conspirator role;

- details regarding distinct crimes charged, including identification of witnesses and particular crime locations; and

- forfeiture count calculations and disclosure of forfeiture bases.

[Record No. 514, p. 2-3]

The Magistrate Judge denied all of the Defendants' motions in an Order issued October 8, 2009. He concluded that "[i]n essence, each Defendant makes an itemized demand seeking the *factual details* of the Government's expected proof . . . . Movants desire to know the complete evidentiary case against them and the Government's plan for proving criminal liability. Such specificity clearly exceeds the proper purpose of a bill of particulars." [*Id.*, p. 7] Each defendant filed objections to the Order or a motion to reconsider.[4]

## II.    Analysis

The Magistrate Judge's Order is not subject to reconsideration by this Court unless Defendants can show that the Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendants have not made such a showing. Under Rule 7(f) of the Federal Rules of Criminal Procedure, a court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of such a bill is "to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). However, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. Further, a defendant is not entitled to discover all the overt acts that might be proven at trial." *Id.* (internal citations omitted).

---

4    William and Debra Morris filed a joint objection.

No bill of particulars is needed where the indictment is sufficiently detailed. *Id.* (citing *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986)). The Magistrate Judge found, and the undersigned agrees, that the Superseding Indictment satisfies constitutional requirements – *i.e.*, it: (1) includes the elements of the charged offense, (2) gives adequate notice as to the charges, and (3) protects against double jeopardy. *See United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 n.4 (6th Cir. 1992) (internal quotation omitted). In the context of a conspiracy charge, the government is not required to prove an overt act. *United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005) (citing *Salinas v. United States*, 522 U.S. 52, 63 (1997)). Thus, any lack of specificity in the conspiracy counts of the Superseding Indictment regarding the alleged underlying offenses would not be a fatal flaw. As the Magistrate Judge noted, however,

> [t]he RICO and § 1956(h) counts . . . identify specific underlying unlawful activity upon which the charges are predicated. In addition to providing extensive background and operational detail, the Superceding Indictment identifies the categories of acts comprising the alleged "racketeering activity" at issue. Similarly, Count 2 alleges the exact subject matter of the "specified unlawful activity" that undergirds the Count.

[Record No. 514, p. 6] Defendants' arguments on this point are thus unavailing.

Several of the Defendants argue that the Superseding Indictment is insufficient because it does not list the names of alleged co-conspirators. Defendant Stivers cites numerous cases from other jurisdictions in support of this argument. However, under the law of this circuit,

> [a]s long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. It is the grand jury's statement of the existence of the conspiracy agreement[,] rather than the identity of those who

agree[,] which places the defendant on notice of the charge he must be prepared to meet.

*United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (internal quotations omitted). Therefore, because the Superseding Indictment is otherwise sufficient, the fact that it does not list all alleged co-conspirators is irrelevant.

Defendants' remaining arguments rest on demands for the "whens, wheres, and hows" of the alleged offenses. As the Magistrate Judge pointed out, such requests far exceed the purposes of a bill of particulars; "Rule 7(f) is a rule calculated toward adequacy of notice, not a rule designed to foster discovery or disclosure of case strategy. An indictment that provides sufficient notice of charged conduct satisfies the purposes of the Rule and requires no compelled particularization." [Record No. 514, p. 8]

The Magistrate Judge correctly set forth the law concerning when a bill of particulars is appropriate and concluded that because "the 24-page, detail-laden Superceding Indictment" "adequately apprises [the] defendant[s] of the charges, permits preparation of a defense, and permits a later double jeopardy plea," no bill of particulars is required in this case. [Record No. 514, p. 10] Magistrate Judge Wier also noted the extensive discovery provided by the United States thus far – in addition to documents publicly available – and the ample time Defendants have to prepare for trial. [*Id.*]

In summary, the Court finds absolutely no error in the Magistrate Judge's well-reasoned conclusion that the Superseding Indictment is sufficiently detailed such that a bill of particulars is unnecessary. The indictment provides Defendants with adequate information to prepare their defenses and avoid double jeopardy.

### III.    Conclusion

The Magistrate Judge's decision to deny Defendants' motions for bills of particulars is not clearly erroneous nor contrary to law.  Accordingly, it is hereby

**ORDERED** that Defendants' objections and motion to reconsider [Record Nos. 527, 528, 529, 530, 531, 532, and 533] are **DENIED**.

This 20th day of November, 2009.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge