# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

**CRIMINAL NO. 09-16-S-DCR**                                         *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                          **MOTION IN LIMINE**

**RUSSELL CLETUS MARICLE, et al.,**                                              **DEFENDANTS**

\* \* \* \* \*

The United States of America offers the following memorandum in support of the the motion in limine to prevent the introduction of certain evidence at trial.

## Facts

The indictment alleges that defendants, Russell Cletus Maricle and Douglas C. Adams, and their co-defendants sought to conduct and control the political process in Clay County, Kentucky, directly and indirectly through the Board, its election officers, and the County Clerk, through a pattern and practice of misconduct and illegal acts, including the crimes of bribery, mail fraud, extortion, and obstruction of justice, violations of the laws of the United States, for the personal, pecuniary, and political benefit of the defendants and others.

## 1. Prior Arrests Not Leading to Conviction

The United States will offer evidence including testimony of many witnesses including those who sold their votes during the alleged conspiracy to members or associates

of the enterprise. The United States as part of its discovery obligations requested that the FBI run criminal history checks on each witness and have provided those to the defense. In many instances, these criminal histories provide not only convictions but also prior arrests which did not lead to convictions. The law is well settled that using the fact of prior arrests not resulting in convictions to impeach a witness is impermissible. *United States v. Baker*, 494 F.2d 1262 (6th Cir. 1974); *United States v. Rosa*, 11 F.3d 315, 336 (2d. Cir. 1993); *United States v. Hykel*, 461 F.2d 721 (3d. Cir. 1972); *United States v. Ling*, 581 F.2d 1118 (4th Cir. 1978); *United States v. Garcia*, 531 F.2d 1303, 1306 (5th Cir. 1976); *United States v. Ripinsky*, 109 F.3d 1436 (9th Cir. 1997); *United States v. Page*, 808 F.2d 723, 730 (10th Cir. 1987); *United States v. Eubanks*, 876 F.2d 1514 (11th Cir. 1989); *United States v. Maynard*, 476 F.2d 1170 (DC Cir. 1972).

Wherefore, the United States requests a motion in limine prohibiting the defendants from cross examination of the government witnesses on arrests which did not lead to convictions.

## 2. Polygraphs

The United States has provided the defense with a list of witnesses who are cooperating and expect to testify in this case who have been administered a polygraph examination by the FBI. Polygraph evidence is generally inadmissible unless offered to rebut attacks on credibility by the defense. *United States v. Barger*, 931 F.2d 359 (6th Cir. 1991). The district court may prevent inquiry into polygraph during cross examination. *United States v. Scarborough*, 43 F.3d 1021 (6th Cir. 1994).

Wherefore, the United States requests that the defendants be precluded from inquiring

into the administration, use, results or any other reference to the polygraph examinations by government witnesses.

### 3.  Out of Court Statements

Multiple recordings of conversations were made by cooperating witnesses during the FBI investigation.  Many of these statements are of witnesses and not defendants.  For example, there are  recordings of Terry Smith, Sonya Arnett, Robin Maricle, Edd Jordan, Boo Roberts, James Arnett. (Audio recordings attached separately under seal as Exhibit A).  "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c).  It is anticipated that the defendants may attempt to introduce these statements through someone other than the declarant.  The admission of hearsay is proscribed by FRE 802 except as admissible under 801(d) and 803.  The United States moves to preclude the defendants from offering recordings of these conversations as they are hearsay.

The United States further would argue that these statements are otherwise not relevant. Relevance is determined by:  (1) Does the evidence make the existence of some fact "more or less probable"? (2) Is the fact to which the evidence is directed a fact "of consequence to the determination of the action"?  *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981); *United States v. Waldrip*, 981 F.2d 799 806-07 (5th Cir. 1993); *United States v. Diaz*, 878 F.2d 608, 614-15 (2d. Cir 1989); *United States v. Shomo*, 786 F.2d 981, 985 (10th Cir. 1986).

FRE 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence." (Emphasis added). The United States would move to exclude the defendants attempt to introduce these statements on the basis of relevance and if relevant excludable under Rule 403.

In addition, the United States has identified in Exhibit B attached hereto, a list of exculpatory/self serving statements of the defendants contained within portions of the audio recordings, which are specifically excluded by FRE 802. The Rule regarding admissions by a party under FRE 801(d)(2) does not permit a defendant to elicit his own exculpatory statements through the testimony of another witness. *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005).

Wherefore, the United States requests the exculpatory statements, identified in Exhibit B, be excluded.

                Respectfully submitted,

                JAMES A. ZERHUSEN
                UNITED STATES ATTORNEY

                s/ Stephen C. Smith
By:  Assistant United States Attorney
      601 Meyers Baker Road, Suite 200
      London, KY 40741
      Tel: (606) 864-5523
      Stephen.Smith4@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

s/Stephen C. Smith
Assistant United States Attorney
