# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

CRIMINAL CASE NO. 09-16-S-DCR  *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA,                           PLAINTIFF,

v.

RUSSELL CLETUS MARICLE, et al.                     DEFENDANTS.

## MOTION IN LIMINE OF DEFENDANT MARICLE REGARDING ALLEGED PRIOR BAD ACTS

The Government has notified this Court that it seeks to introduce acts allegedly committed by Maricle that occurred some 12-20+ years prior to the start of the counts alleged in the Indictment. For the reasons set forth in Maricle's "Response in Opposition to Government's Notice/Memorandum in Support of Admission of Inextricably Intertwined Background Evidence," Maricle moves this Court to preclude the introduction of the following evidence:

1. The testimony of former Clay County Republican Election Commissioner and convicted felon, Kenny Day, accusing Maricle of vote-buying in the 1980's;

2. The testimony of Kenny Day, accusing Maricle of being involved in influencing a juror in 1990, before Maricle was even a judge;

3. Evidence that Maricle served as Doug Adams' defense attorney when Adams was charged with voter fraud in 1989;

4. Maricle's interview with the television program, "Inside Edition," in 1989, during which Maricle, then a local attorney, provided his perspective on the pervasive drug and corruption problems in Clay County;

5. The testimony of Eugene Lewis, a convicted drug dealer, who will testify that in the late 70's-90's, he operated as a vote buyer at Maricle, Jones and Thompson's request;

6. The testimony of J.C. Lawson, a convicted drug dealer, who will testify that he "contributed heavily" to Maricle's campaign in the 1980's.

Maricle also moves this Court to preclude any evidence of the murder charges against him in 1971, which were ultimately dismissed. As the United States set forth in its Motion in Limine (Dkt. # 575), the law is well-settled that the fact of prior arrests not resulting in convictions to impeach a witness is impermissible. *See United States v. Baker*, 494 F.2d 1262 (6th Cir. 1974). Furthermore, evidence of these charges in any other form is irrelevant and unduly prejudicial.

Respectfully submitted,

STRAUSS & TROY, LPA

/s/ Candace C. Crouse
MARTIN S. PINALES (Ohio Bar No. 0024570)
CANDACE C. CROUSE (Ohio Bar No. 0072405)
The Federal Reserve Building
150 East Fourth Street
Cincinnati, Ohio 45202-4018
Telephone: 513-621-2120
Fax: 513-241-8259
mspinales@strausstroy.com
cccrouse@strausstroy.com

- and –

/s/ David Hoskins by CCC w/permission
P.O. Box 1185
Corbin, KY 40702-1185
Telephone:606-526-9009
Fax:606-526-1021
davidhoskins@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on the 3rd day of January, 2010.

/s/ Candace C. Crouse
CANDACE C. CROUSE (Ohio Bar No. 0072405)