# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 09-16-S-DCR**                           <u>**Electronically Filed**</u>

**UNITED STATES OF AMERICA**                                 **PLAINTIFF**

                 <u>**RESPONSE TO MOTION IN LIMINE AND REPLY**</u>

**V.**           <u>**TO DEFENDANT'S RESPONSE REGARDING**</u>

             <u>**USE OF BACKGROUND AND/OR 404(B) EVIDENCE**</u>

**RUSSELL CLETUS MARICLE**                                 **DEFENDANT**

**\* \* \* \* \***

The United States offers the following response to Maricle's Motion in Limine [DE# 604] and reply to Maricle's response regarding the use of background and/or Rule 404(b) evidence [DE# 606]. The United States provided *Jencks* Act material on December 18, 2009, (30 days prior to the original trial date of January 19, 2010) including the FBI 302 reports which set forth details of the disputed evidence. On December 30, 2009, (more than 30 days prior to current trial date), a notice and memorandum was filed outlining that this evidence is background evidence.

### <u>Time of alleged past acts and background:</u>

Maricle in his motion and response noted that this background evidence occurred in part 12-20 years ago. Assuming the Court considers the evidence under FRE 404(b), there is no fixed time limit. "[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case." *United States v. Franklin*, 704 F.2d

1183, 1189 (10th Cir. 1983), quoting *Engleman*, 648 F.2d at 479 (no abuse of discretion when district court admitted evidence of crime that defendant committed thirteen years before charged offense). See also, *United States v. Dudley*, 562 F.2d 965 (5th Cir. 1977) (within six years); *United States v. Zeidman*, 540 F.2d 314 (7th Cir. 1976) (five years); *United States v. Barash*, 412 F.2d 26 (2d Cir.) (five years), cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82 (1969). But see *United States v. Gilliland*, 586 F.2d 1384 (10th Cir.1978) (prior Dyer Act convictions 14 to 34 years old insufficiently relevant to instant charge); *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972) (en banc) (prior Dyer Act convictions 4 and 15 years old insufficiently relevant). See also, *United States v. Shedlock*, 62 F.3d 214, 219 (8th Cir. 1995).

**Maricle claims the evidence is irrelevant and at best unduly prejudicial**

Maricle argues that FRE 404(b) analysis is required and disputes that this is "inextricably intertwined" evidence or "part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990).

Maricle challenges the relevance of the following: (1) Maricle's past representation of Adams in vote buying indictment in 1989; (2) 1989 admissions by Maricle, then Chairman of the Clay County Democratic Party,  to "Inside Edition" that drug money drives the economy of Clay County and 30% of the voters can be bought in any election; (3) 1989 Maricle assisting Kenneth Day and others in fixing a jury which returned a multi-million dollar verdict in favor of Day; (4) 1980's and years following-

2

Maricle and Adams, while at times Clay County Election Officers, engaged with Day, Lewis, and Lawson in bribing voters.

As stated in its notice, the United States intends to offer the evidence to show the origins of the enterprise, as charged, and the roles of the respective members of the enterprise. Not only does this evidence "complete the story" of how the enterprise formed, it also is properly admissible to establish the existence, organization, and membership of the enterprise. *See United States v. Diaz*, 176 F.3d 52, 80 (2nd Cir. 1999).

To "complete the story," the United States must explain how Maricle and Adams worked their way up through the "ranks" of the enterprise to become "political bosses." Kenneth Day understood that in Clay County the old adage "you scratch my back, I scratch yours" always applied when dealing with Adams and Maricle. For example, Day was promoted to Republican Election Commissioner for the Board of Elections with the assistance of Maricle and Roy Morgan. Day when asked then assisted Maricle in his bid for Circuit Court Judge by allowing Maricle to select the election officers. As part of the consideration[1] for Day's help in the upcoming election, Maricle then helped fix Day's civil jury in returning a multi-million dollar judgment.

The fact that Adams and Maricle bought votes and served as corrupt election officers themselves further "complete[s] the story." Day, Lewis, and Lawson can describe how that their resources were used by Adams and Maricle in past elections to

---

[1]Maricle also requested that Day not pursue criminal charges against his one time client, Gary Runyon, in exchange for help in fixing the jury.

bribe voters to vote for their candidates of choice. The "Inside Edition" interview is a complete admission by Maricle to these very practices outlined by these drug felons. Again, the involvement of Maricle in past vote buying helped Maricle form the enterprise and design its operation.

Maricle next argues that the evidence falls outside the time-frame charged in the conspiracy, and is therefore extrinsic. Background evidence, however, includes evidence that is a **prelude** to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, or completes the story of the charged offense. *See United States v. Martinez*, 430 F.3d 317, 334-335 (6th Cir. 2005) (emphasis added). The proffered evidence regarding Maricle serves all of these purposes.

In the alternative, Maricle argues the evidence is not admissible under Rule 404(b). As to the first point, the Court will hear evidence from the witnesses at the scheduled hearing. These witnesses will establish that the prior acts did in fact occur. Next, Maricle argues that the other acts are not "material" or "in issue" in the case. The proffered evidence concerns jury tampering, vote buying, and corruption in Clay County. The indictment alleges a racketeering enterprise that controls the affairs of Clay County through vote buying, obstruction of justice, extortion, and bribery. The proffered evidence mirrors the activities charged in the indictment. As stated above, the jury tampering occurred in order to further Maricle's scheme in the upcoming election in November 1989 for Circuit Court Judge. A racketeering enterprise, by its very nature, functions by committing criminal acts to further its goal. The government is required to

4

prove predicate acts to establish the enterprise.  The predicate acts include vote buying, bribery, extortion, and obstruction of justice – the same material issues included in the proffered evidence.

Finally, Maricle argues that the evidence is more prejudicial than probative, stating that the government is attempting to do what Rule 404(b) prohibits.  The United States, however, is not attempting to offer the evidence to show action in conformity.  The specific purpose for each "other act" is included in the United States' notice, and in many instances has nothing to do with showing action in conformity.  Any objection under Rule 403 is not well taken. Rule 403 does not exclude evidence because it is damaging or prejudicial to a defendant's case.  It must be "unfairly prejudicial."  See, *United States v. Centracchio*, 265 F.3d 518, 531-32 (7th Cir. 2001)(Probative evidence is always prejudicial in the literal sense of making the defendant look guilty); *United States v. Bonds,* 12 F.3d 540 (6th Cir. 1993); *United States v. Bradley*, 145 F.3d at 893 (Rule 403 is not a tool designed "to permit the Court to even out the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none...").

For the reasons contained in its notice and herein, the United States submits that all proffered evidence is admissible as inextricably intertwined  background evidence or in the alternative admissible under Rule 404(b).

Respectfully submitted,

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

BY:    <u>s/ Stephen C. Smith</u>
            Assistant United States Attorney
            601 Meyers Baker Road, Suite 200
            London, KY 40741
            Tel: (606) 864-5523
            Stephen.Smith4@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send notice of filing to all counsel of record.

            <u>s/Stephen C. Smith</u>
            Assistant United States Attorney