# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### AT LONDON

## CRIMINAL ACTION NO.: 09-16-DCR

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**v.**                  **NOTICE OF REQUEST FOR DISCOVERY BY**
                        **DEFENDANT WILLIAM B. MORRIS**

**RUSSELL CLETUS MARICLE;**
**DOUGLAS C. ADAMS;**
**CHARLES WAYNE JONES;**
**WILLIAM E. STIVER, a/k/a AL MAN;**
**FREDDY W. THOMPSON; PAUL**
**E. BISHOP; WILLIAM B. MORRIS,**
**a/k/a BART; and DEBRA L. MORRIS,**
**a/k/a DEBBIE**                                                                                 **DEFENDANTS**

**\* \* \* \* \* \* \* \* \* \***

Defendant, William B. Morris, through counsel, hereby gives notice of his request to the

United States of America (United States) for disclosure of the following items pursuant to

Fed.R.Crim.P. 16 and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405

U.S. 150 (1972), and all applicable Federal case law, rules and statutes:

1.    All discovery within the scope of Fed.R.Crim.P. 16, including but not limited to:

    (a)    Any oral, written or recorded statements, confessions, or admissions against
interest made by the Defendant, whether before or after arrest/indictment.
*See United States v. Jensen,* 608 F.2d 1349 (10th Cir. 1979); *United States v.
James,* 495 F.2d 234 (5th Cir. 1974), *cert. denied* 419 U.S. 899 (1974).

    (b)    All books, papers, photographs, documents or tangible objects which are
within the possession, custody or control of the United States and which are
material to the preparation of a defense in this matter, are intended for use by
the United States in this case-in-chief, or were obtained from or belong to the

Defendant.

(c)    Any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the possession, custody or control of the United States.

2.    All discovery within the scope of the Jencks Act, 18 U.S.C. 3500 and Fed.R.Crim.P. 26.2, including but not limited to any police reports and witness statements. *Wright v. Commonwealth,* 637 s.W.2d 635 (Ky. 1982); RCr 7.26. The Defendant Morris acknowledges that he has no constitutional right to Jencks Act material prior to trial; he is only requesting that the material be provided to him in time for effective use at trial. *See United States v. Presser,* 844 F.2d 1275 (6th Cir. 1988). *See also* Scheduling Order entered March 23, 2009.

3.    Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Defendant requests any and all evidence in possession of the United States or in the possession of any governmental agency that might fairly be termed "favorable," whether that evidence either be completely exculpatory in nature or simply tend to reduce the degree of offense or punishment therefor, or whether that evidence might be termed "favorable" in the sense that it might be fairly used by the Defendant to impeach the credibility of any witness the United States intends to call in this matter. *See generally, Williams v. Dutton,* 400 F.2d 797 (5th Cir. 1968), *cert. denied* 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969). Specifically, the Defendant seeks, but does not limit the request to, the following:

(a)    The nature and substance of any agreement, immunity, promise or understanding between the United States or any agent thereof, and any witness, relating to the witness' expected testimony, including but not limited to, understandings or agreements relating to pending or potential prosecutions. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

(b)    The nature and substance of any preferential treatment given at any time by any United States agent, whether or not in connection with this case, to any potential witness, including, but not limited to, letters from United States Attorneys, Commonwealth's Attorneys, County Attorneys, the Office of the Attorney General, or other law enforcement personnel to governmental agencies, state agencies, creditors, etc., setting out what witness' cooperation or status with the United States, and which letter or communication might fairly be said to have been an attempt to provide some benefit or help to the witness.

(c)    Any money or other remuneration paid to any witness by the United States, including but not limited to, rewards, subsistence payments, expenses, or

other payments made for specific information supplied to the United States.

(d)     Any and all information in the possession of the United States regarding the mental and psychiatric condition of the United States' witness which would reflect or bring into question the witness' credibility.

(e)     The original statement and any amendment thereto, or any individuals who have provided the United States with a statement inculpating the Defendant, who later retracted all or any portions of that statement where such retraction would raise a conflict in the evidence which the United States intends to introduce. *See United States v. Enright,* 579 F.2d 980 (6th Cir. Mich. 1978).

(f)     Any and all interview memoranda or reports which contain any information, whatever their sources, which might fairly be said to contradict or be inconsistent with any evidence such as physical evidence, statements, or scientific tests which tends to negate involvement by the Defendant or implicate involvement of another.

(g)     The names and addresses of any witnesses whom the United States believes would give testimony favorable to the Defendant in regard to the matters alleged in the Indictment, even though the United States may not be in possession of a statement of this witness and regardless of whether the United States intends to call this witness. *See United States v. Eley,* 335 F.Supp. 353 (N.D. Ga. 1972).

(h)     The results of any scientific test or analysis done on any person or object in connection with this case where the result of that test or analysis did not implicate, or was neutral to the Defendant. *See Barbee v. Warden, Maryland Penitentiary,* 331 F.2d 842 (4th Cir. Md. 1964); *Norris v. Slayton,* 540 F.2d 1241 (4th Cir. Va. 1976).

(i)     Any documentary evidence in the possession of the United States which contradicts or is inconsistent with any testimony the United States intends to introduce in this cause.

(j)     Whether any evidence or materials have been destroyed in this case.

(k)     Whether any witness or person involved in the investigation of this case was on parole, probation, or conditional discharge for a felony, misdemeanor, or violation at the time the alleged offense occurred or during the pendency of this case.

(l)     Whether any individual during the investigation of this case has been given a polygraph examination. If so, state the date, time, place, and names of the persons involved and/or witnessing the procedure, and forward to defense

counsel a copy of the questions, answers and examiners' report.

    (m)    Prior convictions of witnesses, as well as any criminal charges, indictments, or information pending against prosecution witnesses.

The Scheduling Order in this case states that *Brady* material does not have to be provided in pretrial discovery, except to the extent that such evidence is discoverable under Rule 16(a)(1). *See* Scheduling Order entered March 23, 2009. The Defendant Morris is requesting that the non-discoverable material be provided to him in time for effective use at trial as stated in the aforementioned Scheduling Order.

8.    Reasonable notice in advance of trial of the United States' intent to introduce any evidence under FRE 404(b), and, if it does so intend, disclosure of the general nature of any such evidence. *See* Scheduling Order entered March 23, 2009.

9.    Notice, and a written summary, of the anticipated testimony of any expert witnesses or summary witnesses that the United States intends to use during its case in chief at trial. *See* Fed.R.Crim.P. 16(a)(1)(G). The requested summary should describe the expert witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

10.    Any evidence that was seized as a result of a subpoena duces tecum, search and seizure warrant, electronic surveillance, mail cover, or other similar interception. The Defendant Morris is entitled to know how such evidence was obtained so that he may determine whether a motion to suppress or motion in limine should be made prior to trial.

This request for discovery and inspection is intended to apply both to items that are presently in the United States' possession, custody or control, as well as items that may, by the exercise of due diligence, become known to the United States.

Wherefore, Defendant Morris moves that the United States respond as follows:

A.    That the United States respond in writing to each and every request as soon as possible, but no later than thirty (30) days prior to the scheduled trial of this case; and

B.    Should the United States be of the opinion that any information sought herein is either not discoverable pursuant to authorities, is privileged, or is not relevant to these proceedings, that the United States acknowledges the existence of the information sought, cite its authorities for denying the motion, and produce the information for *in camera* inspection by the Court. *See* Scheduling Order entered March 23, 2009.

Defendant Morris is aware of the Court's March 23, 2009 Order addressing issues such as pretrial discovery, Jencks Act material, and *Brady* material. The purpose of this notice is to make a record of Mr. Morris' request for the materials to which he is entitled pursuant to that Order.

Respectfully submitted,

COY, GILBERT & GILBERT
212 N. Second Street
P.O. Box 1178
Richmond, Kentucky 40476-1178
jerry@coygilbert.com
(859) 623-3877


_____s/_____Jerry W. Gilbert_____
Jerry W. Gilbert
Counsel for Defendant William B. Morris

CERTIFICATE OF SERVICE

On June 1, 2009, I electronically filed this document through the ECF system, which will

send the notice of electronic filing to:

Stephen Craig Smith, Esq.
Counsel for United States of America
Stephen.Smith4@usdoj.gov

David S. Hoskins, Esq.
Counsel for Russell Cletus Maricle
davidhoskins@bellsouth.net

R. Kent Westberry, Esq.
Bennett E. Bayer, Esq.
Kristen N. Logan, Esq.
Counsel for Douglas C. Adams
kwestberry@landrumshouse.com
bbayer@landrumshouse.com
klogan@landrumshouse.com

Robert L. Abell, Esq.
Counsel for William E. Stivers
robert@robertabelllaw.com

Kathryn Ann Walton, Esq.
Counsel for Paul E. Bishop
kwalton@kwaltonlaw.com

Elizabeth Snow Hughes, Esq.
Counsel for Debra L. Morris
ehughes@gmalaw.com

Russell James Baldani, Esq.
R. Tucker Richardson, III, Esq.
Counsel for Freddy Thompson
brr@brr-law.com
tucker@brr-law.com
brrlaw@alltel.net

                              s/   Jerry W. Gilbert
        _____
                         Jerry W. Gilbert

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

### FILED ELECTRONICALLY

**CRIMINAL NO.** 09-CR-16-08-DCR

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**V.**

**DEBRA L. MORRIS**                                          **DEFENDANT**

---

## REQUEST FOR DISCOVERY UNDER RULE 16(A)

---

Comes the Defendant, Debra L. Morris, by counsel, and makes the following discovery request pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and any other applicable law.  Specifically, Defendant requests that the government disclose to counsel for Defendant each of the following items for the purposes of inspection, copying, and/or photographing:

A.      Any relevant written or recorded statements made by Defendant within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government;

B.    The portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to Defendant to be a government agent;

C.    Recorded testimony of Defendant before a grand jury which relates to the offense charged;

D.    The substance of any other relevant oral statement made by Defendant, either before or after arrest (regardless of whether that statement was recorded in a written record) if such statement was made in response to interrogation by any person then known by Defendant to be a government agent, and if the government intends to use that statement at trial;

E.    A copy of Defendant's prior criminal record that is within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government;

F.    Books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, or constructive possession of the government, and which are material to the preparation of Defendant's defense, or

2

are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to Defendant;

G.    Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession or constructive possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

H.    A written summary of any testimony the government intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  Such summary should describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

If, prior to or during the trial of this matter, the government discovers additional evidence or material that is requested in this pleading or has been ordered disclosed by the Court, counsel for Defendant should be promptly notified of the existence of such additional evidence or material.  Fed.R.Crim.P.16(c).

3

Respectfully submitted,

/s/ Elizabeth S. Hughes
Elizabeth S. Hughes
**GESS MATTINGLY & ATCHISON, PSC**
201 West Short Street
Lexington, Kentucky 40507-1269
Telephone: (859) 252-9000
Facsimile: (859) 233-4269
Email: ehughes@gmalaw.com
**ATTORNEY FOR DEFENDANT,**
**DEBRA L. MORRIS**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **REQUEST FOR DISCOVERY UNDER RULE 16(A)** has been served on March 23, 2009, by filing same via the CM/ECF system, which will send electronic notice to the following counsel of record:

Stephen Craig Smith, Esq.          *Stephen.Smith4@usdoj.gov*

/s/ Elizabeth S. Hughes
**ATTORNEY FOR DEFENDANT,**
**DEBRA L. MORRIS**

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CRIMINAL ACTION NO.: 6:09-CR-16-02-DCR**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**v.**                        **NOTICE OF REQUEST FOR DISCOVERY BY**
                            **DEFENDANT DOUGLAS C. ADAMS**

**RUSSELL CLETUS MARICLE;**
**DOUGLAS C. ADAMS;**
**CHARLES WAYNE JONES;**
**WILLIAM E. STIVERS, a/k/a**
**AL MAN; FREDDY W. THOMPSON;**
**WILLIAM B. MORRIS, a/k/a BART;**
**DEBRA L. MORRIS, a/k/a DEBBIE;**
**and STANLEY BOWLING**                                                                    **DEFENDANTS**

*Electronically Filed*
*** *** ***

        In light of the Superseding Indictment issued in this case on July 9, 2009, Defendant Douglas

C. Adams, through counsel, hereby renews his request to the Government for disclosure of the

following items pursuant to Fed.R.Crim.P. 16 and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963),

*Giglio v. United States*, 405 U.S. 150 (1972), and all applicable Federal case law, rules and statutes:

    1.      All discovery within the scope of Fed.R.Crim.P. 16, including but not limited to:

            (a)      The substance of any oral statement, written or recorded statements,
                    and confessions or admissions against interest made by the
                    Defendant, whether before or after arrest/indictment.  This would
                    include, but is not limited to, any testimony given before a Grand Jury
                    or in related civil litigation.  It is the duty of the attorney for the
                    government to make a demand on the agency responsible for the
                    investigation to search its files and determine if any such statements
                    exist.  *See United States v. Jensen*, 608 F.2d 1349 (10th Cir. 1979);

*United States v. James*, 495 F.2d 234 (5th Cir. 1974), *cert. denied* 419 U.S. 899 (1974).

(b)     All books, papers, photographs, documents, data or tangible objects, buildings or places, or copies or portions of any of these items which are within the possession, custody or control of the Government and which are material to the preparation of a defense in this matter, are intended for use by the government in its case-in-chief, or were obtained from or belong to the Defendant.

(c)     A copy of the defendant's prior criminal record.

(d)     Any results or reports of physical or mental examinations of any defendant, **former defendant** or witness, and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the possession, custody or control of the Government.

2.     All discovery within the scope of the Jencks Act, 18 U.S.C. 3500 and Fed.R.Crim.P.26.2, including but not limited to any police reports and witness statements. *Wright v. Commonwealth*, 637 S.W.2d 635 (Ky. 1982); RCr 7.26.  Mr. Adams acknowledges that he has no constitutional right to Jencks Act material prior to trial; he is only requesting that the material be provided to him in time for effective use at trial. *See United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).  *See also* Scheduling Order entered March 23, 2009.

3.     Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Defendant requests any and all evidence in possession of the Government or in the possession of any governmental agency that might fairly be termed "favorable," whether that evidence either be completely exculpatory in nature or simply tend to reduce the degree of offense or punishment therefor, or whether that evidence might be termed "favorable" in the sense that it might be fairly used by the Defendant to impeach the credibility of any witness the government intends to call in this matter. *See generally*, *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *cert. denied* 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969)  Specifically, the Defendant seeks, but does not limit the request to, the following:

(a)     The nature and substance of any agreement, immunity, promise or understanding between the government or any agent thereof, and any defendant, former defendant or witness, relating to their expected testimony, including but not limited to, understandings or agreements relating to pending or potential prosecutions. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104(1972).

(b)     The nature and substance of any preferential treatment given at any time by any government agent, whether or not in connection with this case, to any defendant, former defendant or potential witness, including, but not limited to, letters from United States Attorneys, Commonwealth's Attorneys, County Attorneys, the Office of the Attorney General, or other law enforcement personnel to governmental agencies, state agencies, creditors, etc., setting out that witness' cooperation or status with the Government, and which letter or communication might fairly be said to have been an attempt to provide some benefit or help to the witness.

(c)     Any money or other remuneration paid to any witness by the Government, including but not limited to, rewards, subsistence payments, expenses, or other payments made for specific information supplied to the Government.

(d)     Any and all information in the possession of the government regarding the mental and psychiatric condition of **any defendant, former defendant or** government's witness which would reflect or bring into question the witness' credibility.

(e)     The original statement and any amendment thereto of any individuals who have provided the government with a statement inculpating **or exculpating** the Defendant, who later retracted all or any portions of that statement where such retraction would raise a conflict in the evidence which the Government intends to introduce. *See United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

(f)     Any and all interview notes, memoranda or reports referring to any statement made by an individual where that statement could fairly be said to constitute exculpatory evidence and/or impeachment material for any witness the government expects to call in this matter. *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985); and *United States v. Minsky*, 963 F.2d 870 (6th Cir. 1992). This would include any interview notes, memoranda or reports regarding any cooperating witness with the government, where that witness gave inconsistent information or information that included exculpatory and/or impeachment material for potential use by this Defendant.

(g)     Any and all interview notes, memoranda or reports which contain any information, whatever their sources, which might fairly be said to contradict or be inconsistent with any evidence such as physical

3

evidence, statements, or scientific tests which tends to negate involvement by the Defendant or implicate involvement of another.

(h)    The names and addresses of any witnesses whom the Government believes would give testimony favorable to the Defendant in regard to the matters alleged in the Indictment, even though the Government may not be in possession of a statement of this witness and regardless of whether the Government intends to call this witness. *See United States v. Eley*, 335 F.Supp. 353 (N.D. Ga. 1972).

(i)    The results of any scientific test or analysis done on any person or object in connection with this case where the result of that test or analysis did not implicate, or was neutral to the Defendant. *See Barbee v. Warden, Maryland Penitentiary*, 331 F.2d 842 (4th Cir. Md. 1964); *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. Va. 1976).

(j)    Any documentary evidence in the possession of the Government which contradicts or is inconsistent with any testimony the Government intends to introduce in this cause.

(k)    Whether any evidence or materials have been destroyed in this case.

(l)    Whether any witness or person involved in the investigation of this case was on parole, probation, or conditional discharge for a felony, misdemeanor, or violation at the time the alleged offense occurred or during the pendency of this case.

(m)    Whether any individual during the investigation of this case has been given a polygraph examination. If so, state the date, time, place, and names of the persons involved and/or witnessing the procedure, and forward to defense counsel a copy of the questions, answers and examiners' report.

(n)    Prior convictions of witnesses, as well as any criminal charges, indictments, or information pending against prosecution witnesses.

The Scheduling Order in this case states that *Brady* material does not have to be provided in pretrial discovery, except to the extent that such evidence is discoverable under Rule 16(a)(1). *See* Scheduling Order entered March 23, 2009. For reasons set forth more fully below, Defendant Adams respectfully requests that the non-discoverable material be provided to him by the Government no later than thirty (30) days before the start of the trial of this matter so that he may make effective use of those materials at trial.

8.     Reasonable notice in advance of trial of the Government's intent to introduce any evidence under FRE 404(b), and, if it does so intend, disclosure of the general nature of any such evidence. *See* Scheduling Order entered March 23, 2009.

9.     Notice and a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the *Federal Rules of Evidence* during its case in chief at trial. *See* Fed.R.Crim.P. 16(a)(1)(G). The requested summary should describe the expert witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

10.    Any evidence that was seized as a result of a subpoena duces tecum, search and seizure warrant, electronic surveillance, mail cover, or other similar interception. Mr. Adams is entitled to know how such evidence was obtained so that he may determine whether a motion to suppress or motion in limine should be made prior to trial and in accordance with the pre-trial order.

This request for discovery and inspection is intended to apply both to items that are presently in the Government's possession, custody or control, as well as items that may, by the exercise of due diligence, become known to the Government.

Wherefore, Defendant Douglas C. Adams respectfully requests that:

A.     The Government respond in writing to each and every request as soon as possible, but no later than as necessary under all pre-trial orders to allow the Defendant to review and file necessary motions, but under no circumstances less than thirty (30) days prior to the scheduled trial of this case;

B.     Should the Government be of the opinion that any information sought herein is either not discoverable pursuant to authorities, is privileged, or is not relevant to these proceedings, that the Government acknowledges the existence of the information sought, cite its authorities for denying the motion, and produce the information for *in camera* inspection by the Court. (*See* Scheduling Order entered March 23, 2009.).

Respectfully submitted,

 s/ R. Kent Westberry
R. Kent Westberry

5

Kristin N. Logan
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Ph: (502) 589-7616
Fx: (502) 589-2119
kwestberry@landrumshouse.com
klogan@landrumshouse.com

Bennett E. Bayer
LANDRUM & SHOUSE, LLP
106 West Vine Street
Lexington, KY 40588-0951
Ph: (502) 255-2424
Fx: (502) 233-0308
bbayer@landrumshouse.com

*COUNSEL FOR DEFENDANT*
*DOUGLAS C. ADAMS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

N/A

   /s R. Kent Westberry
*Counsel for Defendant*
*Douglas C. Adams*

6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT LONDON

### CRIMINAL ACTION NO.: 6:09-CR-16-02-DCR

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**                        **NOTICE OF REQUEST FOR DISCOVERY BY**
                              **DEFENDANT DOUGLAS C. ADAMS**

**RUSSELL CLETUS MARICLE;**
**DOUGLAS C. ADAMS;**
**CHARLES WAYNE JONES;**
**WILLIAM E. STIVERS, a/k/a**
**AL MAN; FREDDY W. THOMPSON;**
**PAUL E. BISHOP; WILLIAM**
**B. MORRIS, a/k/a BART and**
**DEBRA L. MORRIS, a/k/a**
**DEBBIE**                                                                      **DEFENDANTS**

*Electronically Filed*
\*\*\* \*\*\* \*\*\*

Defendant Douglas C. Adams, through counsel, hereby gives notice of his request to the

Government for disclosure of the following items pursuant to Fed.R.Crim.P. 16 and 26.2, *Brady*

*v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and all applicable

Federal case law, rules and statutes:

1.      All discovery within the scope of Fed.R.Crim.P. 16, including but not limited to:

    (a)      Any oral, written or recorded statements, confessions, or
admissions against interest made by the Defendant, whether before
or after arrest/indictment.  This would include, but is not limited
to, any testimony given before a Grand Jury or in related civil
litigation.  It is the duty of the attorney for the government to make
a demand on the agency responsible for the investigation to search
its files and determine if any such statements exist.  *See United
States v. Jensen*, 608 F.2d 1349 (10th Cir. 1979); *United States v.
James*, 495 F.2d 234 (5th Cir. 1974), *cert. denied* 419 U.S. 899
(1974).

(b)     All books, papers, photographs, documents or tangible objects which are within the possession, custody or control of the Government and which are material to the preparation of a defense in this matter, are intended for use by the government in its case-in-chief, or were obtained from or belong to the Defendant.

(c)     Any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the possession, custody or control of the Government.

2.      All discovery within the scope of the Jencks Act, 18 U.S.C. 3500 and Fed.R.Crim.P.26.2, including but not limited to any police reports and witness statements. *Wright v. Commonwealth*, 637 S.W.2d 635 (Ky. 1982); RCr 7.26. Mr. Adams acknowledges that he has no constitutional right to Jencks Act material prior to trial; he is only requesting that the material be provided to him in time for effective use at trial. *See United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). *See also* Scheduling Order entered March 23, 2009.

3.      Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Defendant requests any and all evidence in possession of the Government or in the possession of any governmental agency that might fairly be termed "favorable," whether that evidence either be completely exculpatory in nature or simply tend to reduce the degree of offense or punishment therefor, or whether that evidence might be termed "favorable" in the sense that it might be fairly used by the Defendant to impeach the credibility of any witness the government intends to call in this matter. *See generally*, *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *cert. denied* 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969). Specifically, the Defendant seeks, but does not limit the request to, the following:

(a)     The nature and substance of any agreement, immunity, promise or understanding between the government or any agent thereof, and any witness, relating to the witness' expected testimony, including but not limited to, understandings or agreements relating to pending or potential prosecutions. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104(1972).

(b)     The nature and substance of any preferential treatment given at any time by any government agent, whether or not in connection with this case, to any potential witness, including, but not limited to, letters from United States Attorneys, Commonwealth's Attorneys, County Attorneys, the Office of the Attorney General, or other law

2

enforcement personnel to governmental agencies, state agencies, creditors, etc., setting out that witness' cooperation or status with the Government, and which letter or communication might fairly be said to have been an attempt to provide some benefit or help to the witness.

(c)     Any money or other remuneration paid to any witness by the Government, including but not limited to, rewards, subsistence payments, expenses, or other payments made for specific information supplied to the Government.

(d)     Any and all information in the possession of the government regarding the mental and psychiatric condition of the government's witness which would reflect or bring into question the witness' credibility.

(e)     The original statement and any amendment thereto, or any individuals who have provided the government with a statement inculpating the Defendant, who later retracted all or any portions of that statement where such retraction would raise a conflict in the evidence which the Government intends to introduce. *See United States v. Enright*, 579 F.2d 980 (6th Cir. Mich. 1978).

(f)     Any and all interview memoranda or reports which contain any information, whatever their sources, which might fairly be said to contradict or be inconsistent with any evidence such as physical evidence, statements, or scientific tests which tends to negate involvement by the Defendant or implicate involvement of another.

(g)     The names and addresses of any witnesses whom the Government believes would give testimony favorable to the Defendant in regard to the matters alleged in the Indictment, even though the Government may not be in possession of a statement of this witness and regardless of whether the Government intends to call this witness. *See United States v. Eley*, 335 F.Supp. 353 (N.D. Ga. 1972).

(h)     The results of any scientific test or analysis done on any person or object in connection with this case where the result of that test or analysis did not implicate, or was neutral to the Defendant. *See Barbee v. Warden, Maryland Penitentiary*, 331 F.2d 842 (4th Cir. Md. 1964): *Norris v. Slayton*, 540 F.2d 1241 (4th Cir. Va. 1976).

      (i)      Any documentary evidence in the possession of the Government which contradicts or is inconsistent with any testimony the Government intends to introduce in this cause.

      (j)      Whether any evidence or materials have been destroyed in this case.

      (k)      Whether any witness or person involved in the investigation of this case was on parole, probation, or conditional discharge for a felony, misdemeanor, or violation at the time the alleged offense occurred or during the pendency of this case.

      (l)      Whether any individual during the investigation of this case has been given a polygraph examination.  If so, state the date, time, place, and names of the persons involved and/or witnessing the procedure, and forward to defense counsel a copy of the questions, answers and examiners' report.

      (m)      Prior convictions of witnesses, as well as any criminal charges, indictments, or information pending against prosecution witnesses.

The Scheduling Order in this case states that *Brady* material does not have to be provided in pretrial discovery, except to the extent that such evidence is discoverable under Rule 16(a)(1).  *See* Scheduling Order entered March 23, 2009.  Mr. Adams is requesting that the non-discoverable material be provided to him in time for effective use at trial as stated in the aforementioned Scheduling Order.

8.      Reasonable notice in advance of trial of the Government's intent to introduce any evidence under FRE 404(b), and, if it does so intend, disclosure of the general nature of any such evidence.  *See* Scheduling Order entered March 23, 2009.

9.      Notice, and a written summary, of the anticipated testimony of any expert witnesses or summary witnesses that the Government intends to use during its case in chief at trial.  *See* Fed.R.Crim.P. 16(a)(1)(G).  The requested summary should describe the expert witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

10.      Any evidence that was seized as a result of a subpoena duces tecum, search and seizure warrant, electronic surveillance, mail cover, or other similar interception.  Mr. Adams is entitled to know how such evidence was obtained so that he may determine whether a motion to suppress or motion in limine should be made prior to trial.

This request for discovery and inspection is intended to apply both to items that are presently in the Government's possession, custody or control, as well as items that may, by the exercise of due diligence, become known to the Government.

Wherefore, Defendant Douglas C. Adams moves that the Government respond as follows:

A.    That the Government respond in writing to each and every request as soon as possible, but no later than thirty (30) days prior to the scheduled trial of this case; and

B.    Should the Government be of the opinion that any information sought herein is either not discoverable pursuant to authorities, is privileged, or is not relevant to these proceedings, that the Government acknowledges the existence of the information sought, cite its authorities for denying the motion, and produce the information for *in camera* inspection by the Court.  *See* Scheduling Order entered March 23, 2009.

Defendant Douglas C. Adams is aware of the Court's March 23, 2009, order addressing issues such as pretrial discovery, Jencks Act material, and *Brady* material.  The purpose of this notice is to make a record of Mr. Adams' request for the materials to which he is entitled pursuant to that order.

Respectfully submitted,

 s/ R. Kent Westberry
R. Kent Westberry
Bennett E. Bayer
Kristin N. Logan
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Ph: (502) 589-7616
Fx: (502) 589-2119
kwestberry@landrumshouse.com
bbayer@landrumshouse.com
klogan@landrumshouse.com

***COUNSEL FOR DEFENDANT
DOUGLAS C. ADAMS***

## CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

David J. Guarnieri
dguarnieri@fewpb.net
guarnierilawoffice@yahoo.com

Elizabeth Snow Hughes
ehughes@gmalaw.com

Henry E. Hughes
henry.hughes@qx.net

Lowell W. Lundy
lowelllundy@bellsouth.net

Mark A. Wohlander
mark@wallingfordlaw.com
marlene@wallingfordlaw.com

Patrick F. Nash
firstfloorlaw@alltel.net

Stephan Charles
stephancharles@windstream.net

Stephen Craig Smith
Stephen.Smith4@usdoj.gov
Jackie.Elam@usdoj.gov
Rhonda.McQueen@usdoj.gov
Susan.Cassidy@usdoj.gov
USAKYE.ECFCrimLon@usdoj.gov

William Gary Crabtree
crabtreegoforth@aol.com


It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

N/A

___/s R. Kent Westberry_____
***Counsel for Defendant***
***Douglas C. Adams***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 09-16-DCR

***FILED ELECTRONICALLY***

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                               **DISCOVERY REQUESTS**

FREDDY W. THOMPSON, et al.                                      DEFENDANTS

*     *     *     *     *

The Defendant, Freddy W. Thompson, by counsel and pursuant to Fed.R.Crim.P. 16, and this Court's Order of March 23, 2009, hereby requests the Attorney for the United States to produce the following documents and/or information:

1.      Any written or recorded statements made by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Attorney for the Government; that portion of any written record containing the substance of any relevant oral statement(s) made by the Defendant in response to interrogation by any person then known to the Defendant to be a Government agent.

2.      The substance of any other oral statements made by the Defendant in response to interrogation by any person then known by the Defendant to be a government agent if the government intends to use that statement at trial.

3.      A copy of the Defendant's prior criminal record and records of each government witness.

4.      A copy of all results or reports of physical or mental examinations and of scientific tests or experiments which are in the possession, custody or control of the Government,

the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material for the preparation of the Defendant's defense or are intended for use by the Government as evidence in chief at trial.

5.      A copy of all photographs, audio and video tapes, books, papers, documents, or other tangible objects or copies of portions thereof, which are in the possession, custody or control of the Government which may have any evidentiary value in regard to the guilt or innocence of the Defendant, or which may lead to the discovery of such admissible evidence, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or obtained from or belong to the Defendant, including, but not limited to:

(a)      A list of the names and addresses of all persons who have knowledge pertaining to the case and/or who have been interviewed by the Government in connection with this case;

(b)      Written or oral statements implicating the Defendant made by any such person, whether or not the Government intends to call such person as a witness at trial;

(c)      Any waivers or acknowledgments of statements of rights by the Defendant in connection with any confessions;

(d)      Any search warrants, affidavits and their attachments which were prepared and executed in the instant case;

(e)      All photographs taken by or at the direction of the Government in connection with this case, whether or not said photographs are intended to be used at the trial of this matter;

2

(f)     All audio tapes and/or video tapes taken by or at the direction of the Government in connection with this case, or which pertains to the Defendant whether or not said audio tapes and/or video tapes are intended to be used at the trial of this matter; and,

(g)     All books, papers, documents or tangible objects, or copies thereof which the Government plans to offer into evidence at the trial of this matter.

(h)     The names and addresses of all witnesses the Government intends to call at trial.

6.     A copy of any agreements, plea arrangements, offers of immunity, or promises of leniency or other written or oral promises that could arguably indicate interest or bias, to any witness in this case.

7.     Was the Defendant or has he ever been, the subject of a Government investigation or electronic surveillance?

8.     What was the Defendant's response to the warnings given him pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966)?

9.     Did the Government use the services of a confidential informant in this case? If so, how?

10.     The Defendant requests that the Government agents preserve their rough notes of interviews which are potentially producible pursuant to Fed.R.Crim.P. 16(a)(1)(A) and (B).

11.     Provide a written summary of the testimony the Government intends to use under FRE 702, 703 or 705 during its case in chief, in accordance with Fed.R.Crim.P. 16(a)(1)(G).

12.     Pursuant to Fed.R.Crim.P. 12(b)(4)(B), provide a list of all evidence the government intends to use in this case.

13.     Provide a copy of all Grand Jury transcripts in this case.

3

14.     The Defendant also requests the Attorney for the United States to produce all information pursuant to the *Jencks* Act, 18 § U.S.C. § 3500, and all materials required by *Brady v. Maryland*, 373 U.S. 83 (1963) covered within the scope of Rule 16(a)(1).

WHEREFORE, the Defendant, Freddy W. Thompson, respectfully requests the Attorney for the United States to provide the above-referenced information and/or documents, and for any and all other discovery materials to which this Defendant may appear properly entitled.

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 1000
Lexington, KY  40507
(859) 231-8780
dguarnieri@mmlk.com


BY:*/s/ David J. Guarnieri*
        DAVID J. GUARNIERI
        ATTORNEY FOR DEFENDANT,
        FREDDY W. THOMPSON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of April, 2009, a true and correct copy of the foregoing was served via electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Derek G. Gordon, Esq.
Anggelis & Gordon, PLLC
231 Lexington Ave.
Lexington, KY  40508

Henry E. Hughes, Esq.
Hughes, Lowry, Milner & Hayworth
271 W. Short Street, Suite 812
Lexington, KY  40507

Stephan Charles, Esq.
304 Bridge Street
Manchester, KY  40962

David S. Hoskins, Esq.
107 E. First Street
Corbin, KY  40701

Bennett E. Bayer, Esq.
R. Kent Westberry, Esq.
Kristin N. Logan, Esq.
Landrum & Shouse LLP
106 W. Vine Street, Suite 800
Lexington, KY  40507

Stephen Craig Smith, Esq.
U.S. Attorney's Office
601 Meyers Baker Road, Suite 200
London, KY  40741

Patrick F. Nash, Esq.
129 W. Short Street
Lexington, KY  40507

Lowell W. Lundy, Esq.
114 Kentucky Avenue
Pineville, KY  40977

Elizabeth S. Hughes, Esq.
Gess, Mattingly & Atchison, P.S.C.
201 W. Short Street
Lexington, KY  40507

/s/ *David J. Guarnieri*                                     _
DAVID J. GUARNIERI

p:\davidg\thompson\federal discovery requests

5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

CASE NO. 09-16-ART                                 <u>ELECTRONICALLY FILED</u>

UNITED STATES OF AMERICA,                                        PLAINTIFF,

VS.                         <u>REQUEST FOR DISCOVERY</u>

RUSSELL CLETUS MARICLE,                                      DEFENDANT.

\* \* \* \* \*

Comes now the Defendant, Russell Cletus Maricle, by and through the undersigned counsel, pursuant to Federal Rule of Criminal Procedure 16(a), and hereby requests discovery from the government as follows:

1.  The substance of any relevant oral statement made by the defendant in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

2.  Any relevant written or recorded statement by the defendant within the government's possession, custody, or control.

3.  The portion of any written record containing the substance of any relevant oral statement by the defendant in response to interrogation by a person the defendant knew was a government agent.

4.  The defendant's recorded testimony before a grand jury relating to the charged offense.

5.  The defendant's prior criminal record.

6.  The opportunity to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items within the government's possession, custody, or control, and which;

(a) is material to preparing the defense;

(b) the government intends to use in it's case-in-chief at trial; or

(c) was obtained from or belongs to the defendant.

7.  The opportunity to inspect and copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment within the government's possession, custody, or control which is material to preparing the defense or which the government intends to use in it's case-in-chief at trial.

8.  A written summary of any testimony that the government intends to use under Rules 702,703, or 705 of the Federal Rule of Evidence during it's case-in-chief at trial, describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Respectfully submitted,


/s/David S. Hoskins
Attorney At Law
107 East First Street
Corbin, KY 40701
Telephone: (606) 526-9009
Facsimile: (606) 526-1021
Email: davidhoskins@bellsouth.net
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 3rd day of April, 2009, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.


/s/David S. Hoskins
Attorney At Law
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CRIMINAL ACTION NO. 06:09-cr-00016-9-DCR

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

NOTICE OF REQUEST OF DISCOVERY BY
DEFENDANT STANLEY BOWLING
AND MOTION FOR PRODUCTION

STANLEY BOWLING                                             DEFENDANT

* * *

Comes now Defendant Stanley Bowling, by counsel, pursuant to Federal Rule of Criminal Procedure 16, and hereby requests disclosure for purposes of inspection, copying or photographing, all of the following:

1. Any written or recorded statements made by Defendant Stanley Bowling which are in the possession of or control of the United States, whether such written or recorded statement was made before or after either the arrest or indictment of Defendant Stanley Bowling.

2. The substance of any oral statement, of any type, which the United States Attorney intends to use at trial in any form or fashion, which was made by Defendant Stanley Bowling whether before or after his arrest and/or indictment.

3. A complete transcript of the testimony of any witness who testified before a grand jury in relation to any matter before the Court in this action. This request is specifically designed to explore the full parameters of an immunity defense which will be asserted by Defendant Stanley Bowling arising from his grand jury testimony given on January 12, 2007, and available to him both by statute and contract with the United States.

4. A copy of any prior criminal record of Defendant Stanley Bowling, within the possession, custody or control of the government.

5. Any and all documents, tangible objects, books, papers, photographs, printouts, accounts, or copies of any such matters, which are within the possession, custody or control of the United States and which are material to the preparation of the defense of Stanley Bowling, or which the United States intends to use as evidence at the trial of this matter.

6. Any results or reports of physical and/or mental examinations of any Defendant, or

any former Defendant, or any witness, and of scientific tests or experiments made in connection with the prosecution of this case or any defense presented, or copies thereof, which are in the possession, custody or control of the United States.

7. Any material now known to the United States, or which may become known, or which would be learned from investigating officers or witnesses in this case through due diligence, which may be exculpatory in nature or favorable to Defendant Stanley Bowling, or which might lead to such material.

8. Any and all material, documents, information, or evidence of any type, which would be subject to disclosure pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and/or <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

9. The content, nature and substance of any agreement, grant of immunity, promise, inducement or understanding between the United States, or any agent thereof, and any Defendant, former Defendant, witness or other person of interest, relating to the expected testimony of any such person, including any understanding or agreement relating to either pending, past or potential prosecutions.

10. A copy of any agreements, plea arrangements, immunity offers, or promises of leniency, or other written or oral promises that might indicate interest or bias of any witness in connection with this matter.

11. The names and addresses of any witnesses whom the United States believes would produce testimony or information favorable to the Defendant in regard to the matters alleged in the indictment, irrespective of whether the United States currently has a statement from such witness or whether the government intends to call the witness.

12. Any money or other consideration paid to any witness by the United States, in any form or fashion whatsoever.

13. Any or all information about the mental, psychiatric or cognitive condition of any Defendant, former Defendant or witness who will testify for the United States which may reflect upon the witness' memory, capacity or credibility.

14. All discovery within the scope of the JENCKS ACT 18 USC 3500 and Federal Rule of Criminal Procedure 26.2, specifically including, but not limited to, any investigative reports and witness statements.  This material is requested to be provided in such a fashion as to allow for effective use in cross-examination so as to allow the matter to proceed smoothly and without undue interruption.

Defendant, Stanley Bowling, by counsel, respectfully moves that the Court order the United States to provide the above discovery and notices no later than the initial pre-trial conference currently scheduled for Wednesday, September 2, 2009 at 10:30 a.m.

Respectfully submitted,

THOMPSON, SIMONS,
DUNLAP AND FORE, P.S.C.
Chase Bank Building
116 West Main Street, Suite 2A
P. O. Box 726
Richmond, KY  40476-0726
(859) 623-5205; Fax (859) 623-7394


By:  s/ Daniel A. Simons



CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send notice of filing to all counsel of

record.

s/Daniel A. Simons

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Criminal No. 6: 09-16-DCR** |
| | ) |
| **CHARLES W. JONES,** | ) |
| **Defendant.** | ) |
| _____ | ) |

**MOTION & MEMORANDA FOR DISCOVERY,**
**TRIAL WITNESS AND EXHIBIT LIST, EARLY PRODUCTION OF *BRADY***
**AND *JENCKS* MATERIAL,**
**AND PRODUCTION OF GRAND JURY TESTIMONY**
***** ***** *****

The Defendant, Charles W. Jones ("Defendant"), by counsel, moves the Court pursuant Rule 16 of the Federal Rules of Criminal Procedure, as well as its inherent discretion, to direct the United States to provide the following information to the Defendant within thirty (30) days. Each separate request is accompanied, as appropriate, with legal analysis.

**1.**     All discovery within the scope of Rule 16 of the Federal Rules of Criminal Procedure, specifically including, but not limited to, *Jencks, Brady, and Giglio* material, statements of the Defendant, the criminal record of the Defendant, and any expert witness information. The Defendant requests that the Court order that this material be provided no later than at the initial pre-trial conference scheduled for August 4, 2009. This request is based on: the fact that the Defendant Jones has limited resources to conduct an investigation; the United States has used a rolling process to disclose audio and video evidence though much of it dates to 2007 and before; the United States has filed a

1

Superceding Indictment alleging substantive new Counts for which it is believed additional rolling discovery will be produced post-arraignment; and, the United States has depended heavily upon the use of confidential informants wearing a wire so that such evidence is likely voluminous.

Early disclosure of *Brady/Giglio* and *Jencks* should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. *See, The American Bar Association Standards for Criminal Justice,* §11-2.2 (The Prosecution Function) (1980). The United States has indicated that its position is that *Jencks* and witness specific *Brady/Giglio* information (i.e., criminal records, exculpatory, or other impeachment material) will be made available following the testimony of a testifying witness).1 However, the United States contemplated disclosure schedule provides the Defendant Jones with no meaningful relief because it will not provide sufficient opportunity for counsel to investigate the disclosed information.

This prosecution has generated, to our knowledge, hundreds of hours of recorded audio, and other forms of tangible evidence. Although we have yet to complete discovery, we have already reviewed an enormous volume of material provided by the United States. Investigation and preparation for trial is truly a daunting task, particularly given the fact that defense counsel has significant responsibilities in other cases, and, more significantly, this is a CJA defense with very limited resources that can only be stretched so far. In order for the defense to be prepared, all *Brady/Giglio* material should be disclosed immediately, and all Jencks material should be disclosed no later than at the August pre-trial.

2

In this case, there is really no secret about the identity of many of the government's witnesses – particularly given the use of initials in the indictments as opposed to the use of non-personal identifiers such as numbers. And, given the strict pre-trial release conditions imposed, there are no safety considerations which would support a request for late disclosure of *Jencks*. Rather, the only reason for late disclosure in this case is to provide the government with a strategic and tactical advantage, even beyond the advantage that it has gained by having investigated this case for several years before deciding to seek an indictment and then filing just a week ago a Superceding Indictment.

*Jencks* Act material should be provided early so as to furnish the Defendant Jones and defense counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2. *See, United States v. Snell*, 899 F. Supp. 17, 24 (D. Mass. 1995) ("nothing in the statute [] pre-empts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act."). Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. *Compare* Fed. R. Crim. P. 26.2 with 18 U.S.C. §3500(a).

The Rule also provides that the Court may make an accommodation, upon request by accussed's counsel, so that counsel is provided adequate time to make use of *Jencks* material. *Fed. R. Crim. P. 26.2(d).* That section states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

Thus, the United States should disclose *Jencks* material to defense counsel as soon as practicable following the defense request for disclosure as it will not only assist the Defendant Jones in achieving a fair trial, but, nearly as important, serve the public interest in expediting the fair resolution of criminal cases. *See ABA Standards for Criminal Justice,* §11-2.2; *see*, e.g., *United States v. Tarantino,* 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In *Hinton*, the District of Columbia Circuit recognized the potential impact of late Jencks disclosure upon the defendant's Sixth Amendment rights. 631 F.2d at 782. There, during a suppression hearing, defense counsel was provided with "voluminous *Jencks* material" in the form of FBI 302s. *Id.* at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

Here, in order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the Defendant Jones, the defense will require obtaining the Jencks material well before the jury is sworn. See, *United States v. Holmes,* 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial

4

began did not "afford[] a reasonable opportunity to examine and digest" the documents.). Given that the United States has estimated that this case will last 4 weeks, and there are now eight defendants who may put on cases, the recesses which will be required by will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on this Court's calendar, the attentiveness and endurance of jurors, such delays will unfairly prejudice the Defendant Jones' Fifth and Sixth Amendment rights as he and his counsel will be viewed by the jury as responsible for the delays and overall length of the trial.

The remedy is obvious.

As the Fourth Circuit noted, it is not uncommon, particularly "in cases where there are many statements or where the bulk of witness statements is large," for the government to agree or for the court to order early disclosure of Jencks material." *Holmes*, 722 F.2d at 40.

Unlike our request for *early* disclosure of *Jencks* material, this request is also for *timely* disclosure of *Brady/Giglio* material – a different kettle of fish. This material is *immediately* discoverable under both Fed. R. Crim. P. 16(a)(1)(C) (information which is "material to the preparation of the defendant's defense") and *Brady v. Maryland*, 373 U.S. 83 (1963). It is typical in these cases for the United States to distinguish *Brady* material from "merely impeachment" information; however, the United States Supreme Court has expressly rejected such a distinction. In *Stricker v. Greene*, 527 U.S. 263 (1999), the Court emphasized that Brady material includes "impeachment evidence as well as exculpatory evidence." *Id.* at 280 (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985).

5

The United States will likely take the position that witness statements are exempt from disclosure by virtue of the *Jencks* Act; however, it is clear that the fact that material may be *Jencks* does not insulate it from disclosure if the material is also producible as *Brady/Giglio*. *United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Recognition Equipment, Inc.*, 711 F. Supp. 1, 14 (D.D.C. 1989) (holding that the "government is not permitted to refuse to disclose Brady material merely because it is also Jencks material"); *United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) (noting that "Brady obligations are not modified merely because they happen to arise in the context of witness statements"); *United States v. Snell*, 899 F. Supp. 17, 21 (D. Mass. 1995) (holding that Brady obligations, which are constitutional in origin, trump the protections against disclosure set forth in the Jencks Act, which are statutory in origin). As the Supreme Court noted in *Strickler*, "[o]ur cases make clear that *Brady's* disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness." *Strickler*, 527 U.S. at 282, n.21 (emphasis added, citation omitted).

With regard to *Brady* material, such information is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case. ..." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976); see also, *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (noting that *Brady* information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case); see, e.g., *Poindexter*, 727 F. Supp. at 1485 (noting the government's obligation to "immediately" produce to the defendant any exculpatory evidence, even if that evidence

is contained in its Jencks materials); *Recognition Equipment, Inc.,* 711 F. Supp. at 14 (ordering immediate disclosure of exculpatory and impeachment evidence).

The United State's only possible basis for resisting both early disclosure of *Jencks* and timely disclosure of *Brady/Giglio* is to argue that such disclosure will pose a threat to the government's witnesses. There is no basis for such an assertion in this case. Here, the witnesses are generally known to the defense and the entire Clay County community due to the pre-trial publicity and publishing of the two indictments (which the United States itself created any risk by employing initials. Any unidentified, potential threats to witnesses is far outweighed by the Defendant Jones' right to a fair trial. See, *Pollack*, 534 F.2d at 974 (Noting that courts should balance in each case "the potential dangers of early disclosure against the need that Brady purports to serve of avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers' are speculative and where early disclosure is necessary ...for a fair trial.").

Here, defense counsel is not aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. To the extent that the government maintains that any threat exists, the government should be required to demonstrate on a case-by-case basis the threat to a particular witness before the court issues a blanket order with regard to every witness. Moreover, as noted earlier, this Court has prophylactically dealt with such risks via its pre-trial release orders.

Accordingly, in order to afford the Defendant Jones a meaningful opportunity to contest the charges against him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, we request

that the United States be ordered to disclose all *Brady/Giglio* material to defense counsel immediately, and all *Jencks* material at the August pre-trial date.

    **2.**    Any evidence seized or obtained by subpoena *duces tecum,* search warrant, electronic or wire surveillance, mail cover, or similar interception. The Defendant requires such evidence in a timely fashion so as to be able to assess whether such evidence was obtained illegally and thus subject to a suppression motion.

    **3.**    The identity, opinions, bases of opinions, and *vitae* of any expert witness (es) the United States intends to use at trial. We request that this information be provided no later than the August pre-trial date. *FRCrP 16(a)(1)(G).*

    **4.**    A list of trial witnesses, with a summary of anticipated testimony, and trial exhibits to be produced at the initial pre-trial conference on August 4, 2009. Given the complexity of the case and the substantial number of person(s) identified in the wire evidence, the Court should require the United States to make this disclosure at that time. *See, United States v. Sclamo*, 578 F.2d 888, 890 n.1 (1st Cir. 1978); and, *United States v. Cannone,* 528 F.2d 296 (2d Cir. 1975); *United States v. Napue,* 834 F.2d 1311 (7th Cir. 1987); *United States v. Russell,* 109 F.3d 1503 (10th Cir. 1997); and, *United States v. Turkish,* 458 F. Supp. 874, 881 (S.D.N.Y. 1978).

    **5.**    A copy of any plea agreements, correspondence, electronic mail or any other documentation of any promise of immunity, leniency, or preferential treatment, or agreement, plea, deal, or understanding between the United States and any person used by the United States in the investigation that lead or contributed in any fashion to the indictment of the Defendant. Such promise or agreement is not limited to prosecution in this action or as fruit of this particular investigation, but specifically includes, but not

limited to, the earlier Clay County corruption and drug interdiction prosecutions prosecuted in this Court. *U.S. v. Boffa*, 513 F. Supp. 444, 500-01, 7 Fed. R. Evid. Serv. 1734 (D. Del. 1980). It is the good faith belief of the Defendant Jones that the United States is relying upon wire evidence and other evidence procured or provided by confidential informants "WW" and "CW", and that one or both have entered into plea and deferred sentencing agreements from one or both of such earlier prosecutions.

**6.**    Pursuant to FRCrP 26.2(f)(3), the transcript of all Grand Jury proceedings pertinent to this criminal action against the Defendant regardless of whether the witness will or is anticipated to be called at trial. Given the complexity of this action, the Court is within its discretion to order early production so as to avoid unnecessary delay at trial and to insure that the Defendant Jones' constitutional right to a fair trial is protected.

**7.**    All documents related to any conflict of interest or disqualification analysis by any employee or agent of the Department of Justice, including local ethics counsel of the United States Attorney for the Eastern District of Kentucky, regarding the involvement of Assistant United States Attorney Stephen Smith in this action given the mention of his relative on a wire recording of a conversation between the KW, WW, and Ed Jordan dated April 30, 2007, regarding the upcoming grand jury testimony of WW, or any other reason.

**8.**    The identity of all confidential informants and co-operating witnesses, and to provide for defense interviews of same. It is clear from the discovery produced by the United States to date that the prosecution is relying heavily upon evidenced gathered and provided by informants/cooperating witnesses. Thus, their identity and the subject matter

of their information is material and critical to the defense of this case and must be disclosed now. *United States v. Sanchez,* 429 F.3d 753 (8th Cir. 2005).

**9.**    All transcriptions and/or enhanced recordings of audio and video recordings obtained by the United States in this investigation. Again, given the unintelligible nature of many of the recordings and the disparity in resources between the United States and the Defendant Jones it is appropriate to require production of such materials if prepared, or, if to be prepared, to be produced well before trial. It is disingenuous, and somewhat chauvinistic to blame the quality of recordings on the accents of the persons recorded, and the difficulty of counsel for defense to discern such accents and speech patterns.

For these reasons, the Defendant Jones respectfully requests that the Court order the United States to provide the above discovery by the specific dates listed, but no later than August 4, 2009.

This the 15th day of July, 2009.

/s/ Scott White_____.
Scott White
Morgan & Pottinger, P.S.C.
133 W. Short Street
Lexington, KY  40507
859. 226-5288 (DIRECT)
859. 255-2038 (FAX)
tsw@m-p.net

Certificate of Service

This Motion is being served to all parties via ECF system.


/s/ Scott White_____.
Scott White

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON
CASE NO. 6:09-CR-00016-DCR-REW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Discovery Request and** |
| Plaintiff | : | **Request For Notice** |
| | : | **Pursuant To FRE 404(b) by** |
| vs. | : | **Defendant William E. Stivers** |
| | : | |
| RUSSELL CLETUS MARICLE, | : | |
| et al, | : | |
| | : | **(electronically filed)** |
| Defendants | : | |

*************************************

Defendant WILLIAM E. STIVERS (hereinafter referred to as "Defendant") by and through counsel and pursuant to Federal Rule of Criminal Procedure 16(1)(a) hereby requests disclosure for purposes of inspection, copying or photographing the following:

1.  All relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2.  The substance of any oral statement which the government intends to use at trial, in either its case-in-chief, rebuttal or as impeachment evidence, made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a government agent.

3.  That portion of any written record or report containing the substance of any relevant oral statement(s) made by Defendant whether

1

before or after arrest to any person then known to Defendant to be a government agent.

4.   That portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a government agent.

5.   All recorded testimony of Defendant before a grand jury which relates to the offense charged.

6.   A copy of Defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

7.   All books, papers, document, photograph, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, which it intends to use as evidence in chief at trial, which are material to the defense, or which were obtained from or belong to Defendant.

8.   All results or reports of physical or mental examinations, and or scientific tests or experiments, and of electronic or computerized inquiries, experiments, or tests, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which the government intends to use as evidence in chief at trial.

9.   All material now known to the government, or which may become known, or which through due diligence may be learned from investigating officers or the witnesses in this case, which is exculpatory in

nature or favorable to Defendant or which may lead to exculpatory or favorable material.

10.    All information, documents, materials and the like, which is subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Augurs*, 427 U.S. 97 (1976); and/or *United States v. Bagley*, 473 U.S. 667 (1985).

11.    The criminal records and prior bad acts, if any, of any witnesses that the government intends to call.  This request includes documents and reports regarding those crimes or prior bad acts.

12.    Any grants of immunity, promises of leniency, payments of fees and costs (complete with amount and date), placement in witness protection programs, or other incentives and arrangements communicated or given to prosecution witnesses that could arguably indicate interest or bias.  This request also includes, but is not limited to, recommendations at sentencing, leniency concerning a third person, recommendations concerning other legal disputes with the government, deferred prosecution, and entry of guilty pleas to lesser offenses.  The documents and materials provided should include, but not be limited to, the following: the identity, address and prior criminal record of the confidential informant; copies of any statements in whatever form provided by the informant and relating to this indictment; identification of all prior testimony of the informant; and a listing of all contacts between the Defendant and the informant.

13.  A copy of any agreements, plea arrangements, offers of immunity, or promises of leniency or other written or oral promises that could arguably indicate interest or bias, by any witness in connection with this case.

WHEREFORE, Defendant requests that Plaintiff comply with the foregoing as expeditiously as possible.

* * * * * * * * * *

Defendant WILLIAM E. STIVERS by and through counsel and pursuant to Federal Rule of Evidence 404(b) hereby requests that the Plaintiff provide reasonable notice in advance of trial of the general nature of any such evidence that it seeks to have admitted at trial pursuant to said rule.

Respectfully submitted,

BY:  s/Robert L. Abell
ROBERT L. ABELL
271 W. Short St., Suite 200
PO Box 983
Lexington, KY 40588-0983
859-254-7076 (phone)
859-231-0691 (fax)
E-mail: Robert@RobertAbellLaw.com
COUNSEL FOR DEFENDANT
WILLIAM E. STIVERS

## CERTIFICATE OF SERVICE

I certify that on April 10, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:  All Counsel of Record.

BY:  s/Robert L. Abell
Robert L. Abell
COUNSEL FOR DEFENDANT
WILLIAM E. STIVERS

4