UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

CRIMINAL ACTION NO. 6:09-CR-16-S-DCR

*[Filed Electronically]*

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

RUSSELL CLETUS MARICLE, et al.                                            DEFENDANTS

* * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE MANCHESTER ENTERPRISE TO INTERVENE
FOR THE PURPOSE OF MOVING FOR ACCESS TO
<u>TRANSCRIPTS OF DAILY PROCEEDINGS</u>**

In support of its motion to intervene in this case, The Manchester Enterprise, Inc. (the "Enterprise"), states as follows.

**ARGUMENT**

Given the strong First Amendment and common law rights of access to court proceedings, particularly criminal proceedings, the Court should permit the Enterprise to intervene in this matter for the limited purpose of seeking access to transcripts of the proceedings. If the Enterprise is not permitted to intervene, it will have no means of bringing before this Court the question of the deprivation of First Amendment and common law rights of access to court records and court proceedings.

On February 11, 2010, this Court ordered that "counsel shall not provide any third party with a copy of these proceedings" and advised court reporters that "no third party is to be provided daily copy of proceedings without a motion being made to the Court and an order being entered after a hearing has been held on same." (Doc. 736.)

The Manchester Enterprise (the "Enterprise"), the weekly newspaper in Manchester, Kentucky, prior to entry of the order had received and published transcripts of proceedings in this case in the exercise of its First Amendment and common law rights of access to the proceedings of courts. Because of the order of February 11, 2010, the Enterprise is now prevented from receiving such transcripts.

As a news organization, the Enterprise has standing to intervene to raise First Amendment and common law objections to the order preventing its access to court transcripts. In CBS, Inc. v. Young, 522 F.2d 234 (6th Cir. 1975), the Sixth Circuit addressed the issue of whether a news entity has standing to raise such issues:

> We are not persuaded by the argument that petitioner lacks standing because it is not a party to the civil litigation. The fact remains that its ability to gather the news concerning the trial is directly impaired or curtailed. The protected right to publish the news would be of little value in the absence of sources from which to obtain it. This was recognized by the Supreme Court in Branzburg v. Hayes, 408 U.S. 665, 681, 92 S.Ct. 2646, 2656, 33 L.Ed.2d (1972), where the Court stated: "Without some protection for seeking out the news, freedom of the press could be eviscerated." News gathering thus qualifies for First Amendment protections ....We hold, therefore, that the petitioner has standing to maintain the present action and to challenge the validity of the restrictive order entered by the district court.

Id. at 237. See also United States v. Miami University, 294 F.3d 797, 821 (6th Cir. 2002); In re Knoxville News-Sentinel, 723 F.2d 470 (6th Cir. 1983). Thus, the Court should permit the Enterprise to intervene in this action for the purpose of asserting its news-gathering rights under the First Amendment and the common law.

The public and the news media have strong constitutional and common law rights to be present and to observe such proceedings. "A trial is a public event. What transpires in the court room is public property. If a transcript of the court proceedings had been published, we suppose none would claim that the judge could punish the publisher for contempt." Craig v. Harney, 331

U.S. 367, 374 (1947).

The Supreme Court has established "the right of the public and the press freely to publish information made public in open trial." National Polymer Products, Inc. v. Borg-Warner Corp., 641 F.2d 418, 423 (6th Cir. 1981).

Denial of the Enterprises's motion to intervene thus would further the denial of its First Amendment and common law rights.

In conformity with the Court's order of February 11, 2010, the Enterprise in this motion is moving solely for leave to intervene and for the setting of a hearing date and time. The Enterprise files this limited motion in order to advise the Court of its intent as soon as possible and to facilitate the efficient scheduling of a hearing date and time.

The Enterprise also intends to submit a motion for access to transcripts, a supporting memorandum of law, and a proposed order. The Enterprise requests that the Court expedite the matter and schedule such hearing at its earliest available time.

Respectfully submitted,

*s/ Barbara Edelman*
Jon L. Fleischaker
Barbara Edelman
James L. Adams
DINSMORE & SHOHL LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
(502) 540-2300
(502) 585-2207 (fax)
*Counsel for Movant, the Manchester Enterprise*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was filed via the Court's electronic filing system this 12th day of February, 2010, which will effect electronic service upon:

David S. Hoskins
107 East First Street
P. O. Box 1185
Corbin, KY 40701

R. Kent Westberry
Kristin M. Logan
Landrum & Shouse
220 W. Main Street, Suite 1900
Louisville, KY 40202

T. Scott White
Morgan & Pottinger
601 West Main Street
Louisville, KY 40202

T. Scott White
Morgan & Pottinger
133 West Short Street
Lexington, KY 40507

Robert L. Abell
271 West Short Street, Suite 200
P. O. Box 983
Lexington, KY 40588-0983

R. Tucker Richardson, III
Russell J. Baldani
Baldani Rowland & Richardson
200 West Short Street
Lexington, KY 40507

Jerry W. Gilbert
Coy Gilbert & Gilbert
212 North Second Street
Richmond, KY 40475

Elizabeth S. Hughes
Gess Mattingly & Atchison
201 West Short Street
Lexington, KY 40507

Daniel A. Simons
Thompson Simons Dunlap & Fore
116 West Main Street, Suite 2A
P. O. Box 726
Richmond, KY 40475

Candace C. Crouse
Martin S. Pinales
Strauss & Troy
150 E. Fourth Street
Cincinnati, OH 45202

Derek G. Gordon
Anggelis & Gordon PLLC
231 Lexington Avenue
Lexington, KY 40508

Henry E. Hughes
Hughes Lowry Milner & Hayworth
71 West Short Street, Suite 812
Lexington, KY 40507

Joyce A. Merritt
Law Office of Joyce A. Merritt, PSC
155 East Main Street, Suite 260
Lexington, KY 40507

Jason D. Parman
Stephen Craig Smith
U.S. Attorney's Office
601 Meyers Baker Road, Suite 200
London, KY 40741

Thomas Hunter Payne
Gilliam & Payne PLLC
219 East FOurth Street
London, KY 40741

Mark A. Wohlander
Wohlander Law Office
P. O. Box 910483
Lexington, KY 4091

                                                  *s/ Barbara Edelman*
                                                  *Counsel for the Manchester Enterprise*