Eastern District of Kentucky
FILED
MAR 2 5 2010
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| V. ) | |
| RUSSELL CLETUS MARICLE, ) | **SENTENCING ORDER** |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In order to comply with the Sentencing Reform Act, it is hereby **ORDERED** as follows:

(1) That the sentencing proceedings in the above-styled action are assigned for **August 17, 2010**, beginning at the hour of **9:00 a.m.**, at the United States Courthouse in London, Kentucky.

(2) That the Defendant and defense counsel shall schedule an interview with the Probation Officer within one (1) week of the entry of a plea or a jury verdict with the actual interview to occur not later than three (3) weeks from the date of the entry of a plea or a jury verdict. It shall be the responsibility of defense counsel to contact the Probation Office to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

(3) That not less than thirty-five (35) days prior to the date of the sentencing hearing, the Probation Officer shall provide a copy of the presentence investigation report ("PSR") to counsel for the parties. Within fourteen (14) days thereafter, counsel shall submit, by letter, all

objections to the PSR to the Probation Officer and opposing counsel. After receiving said objections, the Probation Officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the PSR accordingly.

(4) That not less than **ten (10)** days prior to the sentencing hearing, the Probation Officer shall submit the PSR to the undersigned. The PSR shall be accompanied by an addendum setting forth all unresolved objections and the Probation Officer's comments in regard thereto. A copy of the revised PSR, together with the addendum, shall be mailed to counsel for the parties.

No less than **ten (10)** days prior to the sentencing hearing, the Defendant shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2) along with a supporting memorandum. The Defendant shall serve a courtesy copy of the motion and memorandum upon the United States and shall forward a courtesy copy to the Court's chambers by e-mail at *reeves_chambers@kyed.uscourts.gov*. Absent good cause shown, the Court will not consider untimely motions.

(5) That not less than **ten (10)** days prior to the sentencing hearing the parties shall file in the record a memorandum brief in support of their respective positions on any unresolved objections to the PSR.

(6) With the exception of the matters set forth in the addendum, the revised PSR shall be accepted as accurate. The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing. In resolving the disputed issues of fact, all reliable information shall be considered.

(7) The time set forth in this Order may be modified by the Court for good cause shown, except that the thirty-five (35) day period provided for disclosure of the PSR pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the Defendant's consent.

(8) That nothing in this Order requires disclosure of any matter exempt therefrom by virtue of Fed. R. Crim. P. 32(i)(1)(B) and (d)(3).

(9) That the PSR will be deemed disclosed:

    (a) When the report is physically delivered to counsel;

    (b) One day after the report's availability is orally communicated to counsel; or

    (c) Three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(10) The disclosure of the PSR to the Defendant shall be the responsibility of the defendant's counsel.

(11) That the Probation Officer not disclose his or her recommendation, if any, on the sentence.

(12) That following the sentencing hearing, the Probation Officer shall retain the PSR in the probation office file. In the event of an appeal, the U.S. Probation office will file a copy of the report, under seal for inclusion in the record on appeal. If an appeal is taken, the Clerk of the Court shall place the PSR in the record under seal and flagged "CONFIDENTIAL PRESENTENCE INVESTIGATION REPORT TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT"; and at the same time, the Probation Officer shall provide a copy of the sentencing recommendation and any other information

submitted to the Court pursuant to Criminal Rule 32(e)(3) to the clerk, who shall place all Rule 32(e)(3) information under separate seal flagged: "CONFIDENTIAL RULE 32(e)(3) INFORMATION. NOT TO BE DISCLOSED TO THE PARTIES. TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT."

(13) These SEALED matters (PSR & Rule 32(e)(3) Information) will be maintained in the record for a period of one year (1) after all direct appeals have been mandated and then will be returned to the United States Probation Office at London, Kentucky, unless otherwise ordered by the Court.

(14) In addition, the plea agreement(s) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Attorney's Office at Lexington, Kentucky, unless otherwise ordered by the Court.

This 25th day of March, 2010.

JUDGE, UNITED STATES DISTRICT COURT