|  | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF KENTUCKY<br>SOUTHERN DIVISION<br>(at London) | Eastern District of Kentucky<br>**FILED**<br>**MAR 2 5 2010**<br>AT FRANKFORT<br>LESLIE G. WHITMER<br>CLERK: U.S. DISTRICT COURT |

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUSSELL CLETUS MARICLE, | ) | |
| DOUGLAS C. ADAMS, CHARLES | ) | |
| WAYNE JONES, WILLIAM E. | ) | |
| STIVERS, aka AL MAN, FREDDY | ) | **JURY INSTRUCTIONS** |
| W. THOMPSON, WILLIAM B. | ) | **ON FORFEITURE** |
| MORRIS, aka BART, DEBRA L. | ) | |
| MORRIS, aka DEBBIE, and | ) | |
| STANLEY BOWLING, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## INSTRUCTION NO. 1

(1) Members of the jury, you have reached a verdict that the Defendants Russell Cletus Maricle, Douglas C. Adams, Charles Wayne Jones, William E. Stivers, aka Al Man, Freddy W. Thompson, William B. Morris, aka Bart, Debra L. Morris, aka Debbie, and Stanley Bowling are guilty of 18 U.S.C § 1962(d) as charged in Count 1 of the indictment. You have also reached a verdict that Defendants Russell Cletus Maricle, Douglas C. Adams, Charles Wayne Jones, William E. Stivers, aka Al Man, Freddy W. Thompson, William B.

Morris, aka Bart, Debra L. Morris, aka Debbie, and Stanley Bowling are guilty of money laundering, pursuant to 18 U.S.C § 1956(h), as charged Count 2 of the indictment.

(2) In view of your verdict, you now have one more task to perform. I must ask you to render a special verdict concerning property the United States has alleged is subject to forfeiture by the Defendants to the United States in Counts 12 and 13 of the indictment.

(3) The term "forfeiture" means to be divested or deprived of the ownership of something as a penalty for the commission of a crime. "Interest" is the most general term that can be employed to denote a right, claim, title, or legal share in something. I instruct you that the term interest comprehends all forms of real and personal property, including money, profits and proceeds. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts, or total amount received, of such activity. Proceeds include currency received by the illegal enterprise, whether or not it has been seized by the government. The government is entitled to a personal money judgment against a defendant for an amount equal to the value of the property that was involved in the violation. Regarding a violation for which the government requests a money judgment, it is your duty to determine the value of the property involved in the violation.

(4) I instruct you that in considering your forfeiture verdict, you may not consider the degree to which a particular defendant was involved in the offense because, by law, each defendant is liable for the entire amount of the money judgment.

# **INSTRUCTION NO. 2**

## Introduction

(1)     The United States is seeking the forfeiture of certain property alleged in Counts 12 and 13 of the indictment. It is your duty to determine if this property should be forfeited. I will start by reviewing Counts 12 and 13 of the indictment with you.

(2)     Next, I will explain the burden of proof.

(3)     And finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(4)     Please listen very carefully to all of these instructions.

## INSTRUCTION NO. 3A

## COUNT 12
## 18 U.S.C. § 1963

(1)   Count 12 seeks forfeiture of certain property based on your guilty verdict regarding Count 1, conspiracy to conduct, or participate in the conduct, of the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

(2)   The portion of Count 12 alleging these properties to be forfeited to the United States is as follows:

> The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes, but is not limited to, the following assets:
>
> MONEY JUDGMENT:
> $3,472,847.38, said amount being the total of the interests acquired and the gross proceeds obtained through the violation of Title 18, United States Code, Section 1962;

(3)   You will have a copy of the additional portions of the indictment with you in the jury room for study during your supplemental deliberations.

## INSTRUCTION NO. 3B

### COUNT 12
### 18 U.S.C. § 1963

(1)　Title 18, of the United States Code, Section 1963(a) provides:

(a) Whoever violates any provision of Section 1962 of this chapter shall . . . forfeit to the United States . . .

> (1) any interest the person has acquired or maintained in violation of Section 1962
>
> (2) any--
>     (A) interest in;
>     (B) security of;
>     (C) claim against; or
>     (D) property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and
>
> (3) any property constituting, or derived from, any proceeds which the person obtained, directly, or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

(2)　Section 1963(a) provides for the forfeiture of three general categories of property interests: (1) those "acquired or maintained in violation of Section 1962" as indicated in subsection (a)(1); (2) those "affording a source of influence over any enterprise" as indicated in subsection (a)(2); and (3) those "constituting, or derived from, and proceeds" as indicated in subsection (a)(3).

## INSTRUCTION NO. 3C

### COUNT 12
### 18 U.S.C. § 1963

(1)   To be entitled to forfeiture in Count 12, the United States must prove one of the three prongs set out below by a preponderance of the evidence:

   (A)   That the defendant acquired or maintained the interest in violation of Section 1962; or

   (B)   That such property interest afforded a source of influence over an enterprise which the defendant conducted or participated in the conduct of, in violation of Section 1962; or

   (C)   That property constituting, or derived from, any proceeds were obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962; as charged in the Forfeiture section of the indictment.

(2)   I will discuss each prong in more detail now.

(3)   To establish the first prong, known as the "acquired or maintained" prong, the United States must prove by a preponderance of the evidence:

   (A)   First, that the defendant had an ownership interest in the property which is being considered for forfeiture; and

   (B)   Second, that such interest was acquired or maintained in violation of section 1962, as charged in Count 1.

If you find from your consideration of all the evidence that both the elements listed above have been proved by a preponderance of the evidence, then you should find that the properties be forfeited to the United States under the "acquired or maintained" prong.

(4)   In order to establish the second prong, known as the "affording a source of influence over any enterprise" prong, the United States must prove by a preponderance of the evidence:

> (A)   First, that the defendant had an ownership in the property which is being considered for forfeiture; and
>
> (B)   Second, that such interest afforded a source of influence over the enterprise which the defendant had established, operated, controlled, conducted or participated in the conduct of, in violation of Section 1962, as charged in Count 1.

Property that is owned by the defendant and used by him or her to further the affairs of the enterprise affords the defendant a source of influence over the enterprise.

If you find from your consideration of all the evidence that both the elements listed above have been proved by a preponderance of the evidence, then you should find that the properties be forfeited to the United States under the "affording a source of influence over any enterprise" prong.

(5) In order to establish the third prong, known as the "property constituting or derived from proceeds" prong, the United States must prove by a preponderance of the evidence:

    (A) First, that the defendant had an ownership interest in the property which is being considered for forfeiture; and

    (B) Second, that such interest was obtained, directly or indirectly, as a result of conducting the Enterprise's affairs through a pattern of racketeering activity as charged in Count 1, in violation of Section 1962.

If you find from your consideration of all the evidence that both the elements listed above have been proved by a preponderance of the evidence then you should find that the property be forfeited to the United States under the "property constituting or derived from proceeds" prong.

# INSTRUCTION NO. 4A

## COUNT 13
## 18 U.S.C. § 982

(1) Count 13 seeks forfeiture of certain property based on your guilty verdict of Count 2, conspiring to launder money in violation of 18 U.S.C. § 1956(h).

(2) The portion of Count 13 alleging these properties to be forfeited to the United States is as follows:

> all property, real and personal, involved in the aforestated offense and all property traceable to such property, as to which the Defendants are jointly and severally liable, including, but not limited to:
>
> CASH/CURRENCY:
> $1,513,512.36 which constitutes the sum involved in the violation of 18 U.S.C. § 1956(h).

(3) You will have a copy of the additional portions of the indictment with you in the jury room for study during your supplemental deliberations.

## INSTRUCTION NO. 4B

## COUNT 13
## 18 U.S.C. § 982

(1)     Title 18, of the United States Code, Section 982, any person who is convicted of conspiring to launder money in violation of 18 U.S.C. § 1956(h) is required to forfeit to the United States any property, real or personal, involved in such violation, and any property traceable to such property.

(2)     The phrase "any property, real or personal" includes:

    (A)     The money or other property laundered;

    (B)     Any fees or commissions paid to the persons involved in the money laundering offense;

    (C)     Any property used to facilitate the offense;

    (D)     Any property traceable to such property.

(3)     Property may be the subject of the money laundering financial transaction in a number of ways. For example, the property may be the proceeds of the underlying specified unlawful activity being laundered; it can be property that was commingled with those proceeds at the time the financial transaction took place; or it can be property that was obtained as part of an exchange or purchase that constitutes the money laundering violation for which the defendant has been found guilty.

(4)     For example, if a defendant takes $1,000 in criminal proceeds and commits a money laundering violation by depositing the money into a bank account, the $1,000 would

be subject to forfeiture because it was involved in the money laundering violation. If the defendant then commits a money laundering violation by withdrawing $10,000 from the account, and that $10,000 includes the criminal proceeds and other money commingled with it, the amount subject to forfeiture would be $10,000 because that is the amount involved in the money laundering violation. And if the defendant uses the $10,000 to make a down payment on a house or to buy a car in a money laundering violation, then the house or the car are subject to forfeiture because they were involved in the money laundering violation. The property involved in a money laundering violation is the total or gross amount of the property involved in the money laundering violation, not just the profit the defendant may have made. So, if the defendant paid $10,000 in criminal proceeds to buy property worth $12,000 in a money laundering transaction, the amount subject to forfeiture would be $12,000, not just the $2,000 profit or the $10,000 in proceeds.

(5)   Property used to facilitate a money laundering offense includes any property, real or personal, which makes commission of the offense less difficult or more or less free from obstruction or hindrance.

(6)   If a portion of the property is used to facilitate the offense, then all of the property is subject to forfeiture. To be forfeitable as facilitating property, there must be a substantial connection between the property and the violation. But facilitating property need not be used exclusively for illegal activity in order to be forfeitable. Property that is used the majority of the time for legitimate purposes may nevertheless be forfeited if it facilitates a

money laundering violation. Property that may be used to facilitate a money laundering violation includes money in financial accounts, personal property, real property, and businesses.

# INSTRUCTION NO. 5

## Burden of Proof

(1) Now, I will instruct you on the burden of proof in this forfeiture proceeding.

(2) My previous instructions on the United State's burden of proof regarding your verdicts on the guilt of the defendant do <u>not</u> apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, the United States need only prove the forfeiture by a preponderance of the evidence, <u>not</u> beyond a reasonable doubt. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. The decision is made by considering all the evidence on the subject and deciding which evidence you believe. Each party is entitled to the benefit of all evidence received, regardless of who offered the evidence. Preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt.

## **INSTRUCTION NO. 6**

### Other Considerations

(1) While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

(2) In your consideration of the forfeiture claims of the indictment, you are instructed that your previous determination that the defendant(s) is/are guilty of having committed the offenses alleged in Counts 1 and/or 2 is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of this defendant.

(3) You are further admonished that all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to give separate and individual consideration to the case of the defendant, your duty to deliberate together, and the necessity of an unanimous verdict, will all continue to apply during your supplemental deliberations concerning the forfeiture claims in Counts 12 and 13. The specific instructions I gave you earlier concerning Count 1 and the definitions of the terms "enterprise" and "pattern of racketeering activities" also continue to apply.

(4) Other than the standard of proof, which I just discussed with you, all of my previous instructions apply to your deliberations with respect to the Special Verdict.

# INSTRUCTION NO. 7

## Special Verdict Form

(1)   A Special Verdict Form has been prepared for your use. You are asked to determine unanimously whether each amount is forfeitable to the United States. Each amount should be considered individually, not as a whole. You may answer by simply putting an "X" or a check mark in the space provided next to the words "Yes" or "No." The foreperson must then sign and date the Special Verdict Form.