CERTIFICATION OF COURT RECORDS
I, JAMES S. PHILLIPS, Clerk of the Clay Circuit/District Court do certify that the foregoing are true and correct copy(s) of the original document(s) as recorded in my office.
In testimony whereof witness my hand as Clerk aforesaid, this the ___9th___ day of ___Feb___ 2010
By: ___BZP___ D.C.

COMMONWEALTH OF KENTUCKY
41 ST JUDICIAL CIRCUIT
CLAY CIRCUIT COURT
CIVIL ACTION NO. 96-CI-00186

FILED
JAN 10  11 56 AM '97
CLAY CIRCUIT/
DISTRICT COURT CLERK
JAMES S. PHILLIPS
BY _____ D.C.

In re the Marraige of:

BONNIE ANN MORRIS                                           PETITIONER,

VS.

WILLIAM BARTLEY MORRIS                                      RESPONDENT.

---

### SEPARATION AGREEMENT

---

WHEREAS, The parties hereto, **Bonnie Ann Morris and William Bartley Morris**, have separated and ceased to cohabit as husband and wife, due to an irretrievable breakdown of the marital relationship, and the parties are desirous of effecting a settlement agreement relative to payments of debts and division of marital property.

NOW THEREFORE, it is hereby stipulated, agreed and covenanted by and between the parties;

(1) There are two children born of this marriage; namely Jessica Renee Morris, born March 6, 1987 and William Bartley Morris II, born December 5, 1981.

(2) The Petitioner and Respondent shall have joint custidy of the two minor children. The Petitioner shall be the residential custodian of the minor children. The Respondent shall have liberal visitation with the minor children only after giving reasonable notice to the Petitioner.

(3) The Petitioner agrees to include the minor children on her health and dental

insurance. The Respondent agrees to pay the balance of all medical costs not covered by the Petitioner's health and dental insurance.

(4) The respondent agrees to pay to the Petitioner, child support in the amount of $500.00 per month until each minor child reaches the age of majority. The child support begin on February 1, 1997.

(5) The Petitioner shall be allowed to claim the minor children as an exemption for tax pruposes.

(6) The Repondent shall assume sole responsibility of the loan at Hyden Citizens Bank for B&J Transfer, Inc.

(7) The Petitioner and Respondent each agree to pay one-half on the loan at the First National Bank in Manchester, Kentucky, which was obtained for the purpose of purchasing a lot in Laurel Coutny, Kentucky. The Respondent shall have the option to purchase the lot from the Petitioner if he so chooses..

(8) The Petitioner shall receive free and clear from the Respondent, a 1994 Ford Explorer, which has lien on it from the Hyden Citizens Bank in Hyden, Kentucky. The Petitioner will assume liability on the loan for the Ford Explorer.

(9) The Respondent shall receive free and clear of Petitioner, all vehicles in his name, including all race cars and race car parts. .

(10) The Petitioner shall receive free and clear of Respondent all proceeds in any checking and savings accounts in her name.

(11) The Petitioner shall be responsible for all student loans that she has incurred.

(12) The Respondent agrees to forfeit any right to the Petitioner's retirement. The Respondent agrees to pay one half of all expenses incurred by the minor children for purposes of

obtaining higher education.

(13) The Petitioner agrees to convey her interest in B&J transfer, Inc., to the Respondent.

(14) The Respondent agrees that in the event B&J Transfer, Inc., is sold that half of the proceeds will go to the minor children. In the event the Respondent remarries, the Respondent agrees that he will convey a one half (1/2) in B&J Transfer, Inc., to the minor children.

(15) The Respondent agrees that the Petitioner shall claim the minor children as dependants for income tax purposes.

(16) The Respondent shall receive the marital house located on 107 Green Street in Manchester, Kentucky. The Respondent shall assume the all debts, liabilities , and taxes on the Green Street home.

(17) Each party has received his or her respective personal belongings and effects.

(18) Each party shall pay all debts that he or she individually has incurred in his or her own name after the execution of this separation agreement and shall hold harmless and indemnify the other for any and all debts that one may be called upon to pay on account of said individual debts incurred by the other after the aforementioned date of separtion.

(19) Should either of the parties die prior to the entry of the final Decree of Dissolution of the Marriage ; this Separation Agreement shall be construed as a waiver of dower or curtesy, intestate distribution rights, spousal allowances and exceptions, waiver of the right to bring a wrongful death action and waiver of any other rights dependent on the marital status, except social security benefits are specifically excluded and therefore not waived.

(20) Both parties agree that in the event any document, legal instrument, or other writing is necessary to effect the terms and provisions of this agreement, each party will produce, execute, and /or sign such document in order to effect the intent and that either of the parties

shall fail or refuse to execute any documents reasonably necessary to put into effect their agreements as herein set forth, the Master Commissioner of the Leslie Circuit Court is hereby authorized to execute and deliver on behalf of either party and all documents reasonably necessary to carry out the provisions of this agreement.

(21) The parties hereto agree that the conditions of this Separation Agreement, insofar as it provides for the division of property, shall be binding upon them and not subject to modification. Each party affirms that he or she has fully and completely informed the other of his or her respective financial and personal status and that each has given full and mature thought to the making of this agreement and to all the obligations contained herein. It is further agreed by and between the parties hereto that any future claims for property or maintence which may arise by reason of, or out of the marriage between the parties hereto, except in the event that there is non-disclosure or fraudulent disclosure of property, shall be barred by this agreement.

(22) The parties respectfully request that the Separtion Agreement be incorporated by reference into the Final Decree of this action.

IN WITNESS WHEREOF, the parties have executed this agreement this __9__ day of __January__, 1997.

_____
BONNIE ANN MORRIS, PETITIONER

STATE OF KENTUCKY
COUNTY OF LESLIE

Subscribed and sworn to before me by **Bonnie Ann Morris**, to be her act and deed, this the __9__ day of January, 1997.

_____
NOTARY PUBLIC

My Commission Expires: 11-98

_____
WILLIAM BARTLEY MORRIS, RESPONDENT

STATE OF KENTUCKY
COUNTY OF LESLIE

Subscribed and sworn to before me by **William Bartley Morris,** to be his act and deed this the ____ day of January, 1997.

_____
NOTARY PUBLIC

My Commission Expires: 11-98