CERTIFICATION OF COURT RECORDS
I, JAMES S. PHILLIPS, Clerk of the Clay Circuit/District Court do certify that the foregoing are true and correct copy(s) of the original document(s) as recorded in my office.
In testimony whereof witness my hand as Clerk aforesaid, this the ___ day of Feb. 2010.
By: _____ D.C.

FILED
JAN 15   1 53 PM '97
CLAY COUNTY CIRCUIT/
DISTRICT COURT CLERK
JAMES S. PHILLIPS

COMMONWEALTH OF KENTUCKY
41ST JUDICIAL CIRCUIT
CLAY CIRCUIT COURT
CIVIL ACTION NO. 96-CI-00186

JAN 13 1997

ENTERED
FEB 20 1997
JAMES S. PHILLIPS, CLERK
BY _____ D.C.

In Re the Marriage of:

**BONNIE ANN MORRIS**                                   PETITIONER,

vs.

**WILLIAM BARTLEY MORRIS**                              RESPONDENT.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL DECREE OF DISSOLUTION

This matter having come on for Final Hearing before the Hon. Gene Clark, Domestic Relations Commissioner, Clay Circuit Court on Thursday, January 9, 1997; Petitioner's counsel was present without the Petitioner and the Respondent was represented by counsel; the Court having considered the entire record, and otherwise being sufficiently advised enters the following Findings of Fact, Conclusions of Law, and Final Decree.

### FINDINGS OF FACT

(1) The Court finds that the Petitioner, Bonnie Ann Morris, is a resident of the Commonwealth of Kentucky and has been a resident thereof for not less than 180 days next preceding the filing of this Petition for Dissolution of Marriage.

(2) The Court finds that the Petitioner is 37 years of age, her date of birth is November 10, 1958, and she was born in the state of Kentucky. The petitioner is employed by the Manchester Memorial Hospital & Care Centers Management Group, Manchester, Kentucky.

(3) The Court finds that the Respondent, **WILLIAM BARTLEY MORRIS** is 37 years

of age, his date of birth is March 17, 1959 and he was born in the State of Ohio. The Respondent is self-employed; owner of B&J Transfer Station, Manchester, Kentucky.

(4) The Court finds that the Petitioner and Respondent were married on December 15, 1976 in Clay County, Kentucky where said marriage is so registered.

(5) The Court finds that the Petitioner and Respondent separated on or about August 15, 1995 and have lived separate and apart since that time.

(6) The Court finds that there were two children born of this marriage, namely William Bartley Morris, II, age fifteen (15) years, date of birth December 5, 1981 and Jessica Renee Morris, age nine (9) years, date of birth March 6, 1987. In accordance with KRS 403.480, the Petitioner gives the following information concerning the minor children.

(a) The minor children, **WILLIAM BARTLEY MORRIS, II**, and **JESSICA RENEE MORRIS**, resided with both parties from birth until August 15, 1995. Said children have resided with the Petitioner since that time.

(b) The Petitioner has not participated as party, witness, or in any other capacity in any litigation concerning the custody of the aforementioned children in this or any other state.

(c) Petitioner has no knowledge of any custody litigation now pending concerning said children.

(d) The Petitioner knows of no other person not a party to these proceedings who has physical custody of the aforementioned minor children of claims to have custody of visitation rights with respect to the aforementioned children.

(e) The Petitioner and Respondent shall have joint custody of the two minor children. The Petitioner shall be the primary custodian of the minor children. The Respondent shall have liberal visitation with the minor children only after giving reasonable notice to the Petitioner.

(7) The Court finds the Petitioner is not now pregnant.

(8) The Court finds that the parties have divided their marital property and marital debts to their mutual satisfaction as set out in the Separation Agreement filed herewith. The Court has carefully considered said Agreement and finds that same is not unconscionable.

(9) The Court finds that the marriage between the Petitioner and Respondent is irretrievably broken.

## CONCLUSIONS OF LAW

(1) The Court has jurisdiction of the parties hereto and the subject matter of this action.

(2) The reconciliation provisions of KRS 403.170 do not apply as neither party has requested a reconciliation conference.

(3) All requisite proof has been taken, completed and filed in this matter.

## FINAL DECREE

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1) The marriage of Petitioner and Respondent being irretrievably broken, said marriage shall be and hereby is dissolved and each of the parties is restored to all the rights and privileges of an unmarried person.

2) The Separation Agreement, signed by the parties and filed with the Clay Circuit Court on January 9, 1997, is hereby approved and incorporated by reference as if set forth verbatim and the parties are ordered to obey the terms thereof.

Recommended by the Domestic Relations on this the _____ day of _____,

1997.

Recommended by the Domestic Relations Commissioner on this the _13_ day of _January_, 1997.

_____
GENE CLARK,
DOMESTIC RELATIONS COMMISSIONER

The recommendation of the Domestic Relations Commissioner is hereby approved and **SO ORDERED** on this the _14_ day of _____, 1997.

_____
R. CLETIS MARICLE,
JUDGE, CLAY CIRCUIT COURT

DISTRIBUTION:

(1) Hon. Kenneth R. Witt
P.O. Box 468
Hyden, Kentucky 41749

(2) Hon. Anthony Short
113 Main Street, Suite C
Manchester, Ky. 40962

_W_   _01-15-97_
CLERK'S INITIALS & DATE
_W_   _02-20-97_