UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL CASE NO. 09-16-S-DCR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

CHARLES WAYNE JONES, et al.                                         DEFENDANTS

## MOTION FOR DOWNWARD DEPARTURE

***** ***** *****

The Defendant, Charles Wayne Jones ("Jones"), by counsel moves the Court pursuant to 18 § 3553(a), to downwardly depart from the sentencing range computed and applied under the United States Sentencing Guidelines.

The basis for this request is the consideration under 18 § 3553(a)(1), that is to be given to the "history and characteristics" of Jones; and, under 18 § 3553(a)(2)(D), the provision of medical care and correctional treatment to be given Jones in the most effective manner. Attached as exhibit A is a proposed order.

### Brief Facts

As the Court can glean from the Presentence Report, Jones is nearly seventy-two years old, and a life-long resident of Clay County, Kentucky. He is married to Janet Jones; has three adult children, all of whom are employed: Lisa (43), Christopher (39), and Marthanna (34); and, two grandchildren. He retired from the Commonwealth of Kentucky, where he was a social worker and field services supervisor. At the time of his conviction last March, Jones lived in Manchester in a small home with his wife, Janet.

1

The Court has been provided with a brief overview of his current health status. Jones suffers from a number of significant medical conditions (all of which is treated by medication, lifestyle modification via diet/exercise/stress reduction, and requires regular monitoring by a physician): Type II Diabetes Mellitus, Arteriosclerosis (he is post-median sternotomy for the placement of stents); Hypertension; and, Degenerative Disk Disease. Attached as Exhibit B are the records (redacted) from his physician, Shelley Stanko, M.D.[1]

### Brief Argument

Jones' present health is compromised by serious medical conditions that impact his lifestyle, and require regular medical attention and treatment. This is a sufficient basis for the Court to grant a downward departure and impose a sentence lower than the guideline range.

USSG §5.H.1.1 "age", and USSG §5.H.1.4 "Physical Condition[ ]", permit the court to grant a downward departure. *See, generally, US v. Goff,* 6 F.3d 363 (6th Cir. 1993)[2]; and, *US v. Gigante,* 989 F. Supp. 436 (E.D.N.Y. 1998).

There are cases from other Circuits dealing with defendants with some of Jones' conditions that have refused to grant departures for such conditions as arteriosclerosis[3], and chronic cardiovascular disease and back pain.[4] However, there are similar cases that

---

[1] Dr. Stanko is preparing a short letter, and it had not arrived by c.o.b today. We will move to add it as an exhibit upon receipt.
[2] In *Goff*, decided pre-*Booker,* the Sixth Circuit reversed a downward departure made for a paraplegic. The Court held that a sentencing guideline could not permit a departure below a crime for which there is a statutory minimum. This is not applicable here.
[3] *US v. Lujan*, 324 F.3d 27 (1st Cir. 2003).
[4] *US v. Krilich*, 257 F.3d 689 (5th Cir. 2001)

have permitted such departures: defendant suffered from Chron's disease[5], a serious heart condition[6], and heart disease.[7]

Here, Jones suffers not just from a serious heart condition that has already required surgery, but Type II Diabetes. Thus, given his multiple medical conditions, we believe that the statement in USSG §5.H.1.4 has been met that his "[p]hysical condition . . . may be relevant in determining whether a departure is warranted, if the condition . . . , individually or *in combination with other offender characteristics,* is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." *Id.*

The other "offender characteristic" we suggest warrants a downward departure in "combination" with USSG §5.H.1.4 is USSG §5.H.1.1, is age. Jones is elderly and will turn 72 a little over a month after sentencing. Though the fact that he is elderly, by itself, may not be extraordinary, Jones is 71 years/11 months *and* suffers from serious medical conditions that warrant regular, ongoing care *and* affect the length of his life. In November, 2010, the Commission amended this guideline to relax the standard for departures based on age.[8] To our knowledge, all of the case law dealing with the "age" factor is all pre-November, 2010;[9] and, we could not find any Sixth Circuit law on the age topic even post-*Booker.*

---

[5]  *US v. Martin*, 363 F. 3d 25 (1st Cir. 2004)
[6]  *US v. McFarlin*, 535 F.3d 808 (8th Cir. 2008)
[7]  *US v. Gee*, 226 F.3d 885 (7th Cir. 2000)
[8]  *See,* November 1, 2010, Appendix C, amendment 739, pp. 345-350*,* http://www.ussc.gov/Guidelines/2010_guidelines/index.cfm,

[9]  For example, in *US v. Bullion,* 466 F.3d 574 (7th Cir. 2006), the court affirmed an upward departure even though the defendant was 54 and suffered from diabetes. But, *cf.* from the same Circuit, *US v. Carter,* 538 F.3d 784 (7th Cir. 2006), where the Court upheld a significant downward departure [from 87-108 to 24] based on age and that the defendant was not part of the "heartland" money laundering scheme.

3

WHEREFORE, for the foregoing reasons, the Defendant Charles Wayne Jones, respectfully requests that the Court grant a downward departure from the applicable sentencing guidelines.

This the 16th day of February, 2011.

/s/ Scott White_____.
Scott White
Morgan & Pottinger, PSC
133 W. Short Street
Lexington, KY 40507
859. 226-5288 (DIRECT)
tsw@m-p.net
Counsel for Defendant Jones

Certificate of Service

This Objection is being served via electronic mail on all counsel of record.

 /s/ Scott White____.
Scott White