UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-16-DCR                                              ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                                    PLAINTIFF,


VS.            SENTENCING MEMORANDUM AND
       OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT
              OF DEFENDANT RUSSELL CLETUS MARICLE


RUSSELL CLETUS MARICLE, ET AL.,                                          DEFENDANTS.


** ** **


Comes now the Defendant, Russell Cletus Maricle, by counsel, and hereby provides his sentencing memorandum and objections to the Presentence Investigation Report.

**The Offense Level for the RICO Conspiracy Should Be Calculated Pursuant to § 2H2.1**

The offense level for the RICO conspiracy charged in Count 1 should be determined by use of §2H2.1, which correctly accounts for the "underlying racketeering activity" which is limited to obstruction of justice. Vote buying in violation of KRS 119.025 is not a predicate offense for RICO, as it is not common law bribery. *Commonwealth v. Funk*, 234 S.W.2d 957 (Ky. 1950). (In further support of this point, Maricle adopts the reasoning set forth in Stanley Bowling's motion to dismiss for lack of subject matter jurisdiction, Dkt. # 1074.) The Government now asks this Court to rely on uncharged and acquitted conduct in determining the

proper guidelines for Count 1. However, the acts cited by the Government do not constitute "underlying racketeering activity." Even if they did, the testimony at trial does not support the Government's argument.

In the interest of brevity, Maricle adopts the reasoning set forth in the memoranda filed by Stivers (Dkt. # 1106), Jones (Dkt. # 1107) Thompson (Dkt. # 1119), and his other co-defendants, which explain why § 2H2.1 and not § 2C1.1 should be used to calculate the advisory guideline range for the RICO conspiracy.

**If This Court Should Rule That § 2C1.1 Applies, Maricle Objects to the Loss Amount**

The 18 level enhancement pursuant to U.S.S.G. §§ 2C1.1 (b)(2) and 2B1.1(b)(1)(J) in paragraph 69 is based on the probation officer's finding that the value of the benefit to the enterprise and/or the loss to the government was more than $2,500,000 but less than $7,000,000. This loss amount is based on salaries, fees and contracts which the probation officer contends are direct proceeds of the RICO conspiracy. (PSR at ¶ 42). However, the only evidence presented at trial and recited in the PSR with regard to Maricle relates to the 2006 election. Paragraph 43 states that money was pooled by Maricle, among others, in 2006, $3,000 of which was accounted for by Wanda White. The rest of the money includes contracts received by the Morris', other elections that were not alleged to have involved Maricle, and salaries of his co-conspirators. According to the exhibit attached to the PSR, Maricle's salary over the years of the conspiracy was $639,080.31.

This Court cannot automatically hold Maricle responsible for losses attributable to the entire conspiracy, but rather must identify loss that fell within the scope of Maricle's agreement with his co-conspirators and was reasonably foreseeable to Maricle.

The applicable portion of the Sentencing Guidelines is § 1B1.3(a)(1)(B), which provides that a defendant's relevant conduct includes:

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . .

U.S.S.G. § 1B1.3 (a)(1)(B). In *United States v. Jenkins*, 4 F.3d 1338, 1346 (6th Cir. 1993), the Sixth Circuit recognized that under § 1B1.3(a)(1)(B), a conspirator may be held responsible for the acts of co-conspirators that are both (1) reasonably foreseeable and (2) in furtherance of jointly undertaken criminal activity. The government must prove foreseeability and the scope of the jointly undertaken criminal activity by the preponderance of the evidence. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). In *Jenkins*, the court noted that the scope of a defendant's jointly undertaken criminal activity "is not necessarily the same as the scope of the entire conspiracy." *Jenkins*, 4 F.3d at 1347 (quoting § 1B1.3 at Application Note 2). In other words, "jointly undertaken criminal activity" for purposes of determining relevant conduct may differ from the conduct forming the conspiracy itself. The court has recognized that "'the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is *significantly narrower* than the conduct embraced by the law of conspiracy . . . .'" *United States v. Milsaps*, 1999 U.S. App. LEXIS 21549, *11; 188 F.3d 509 (table), 1999 WL 701903 (6th Cir. 1999) (emphasis added) (unpublished), quoting *United States v. Okayfor*, 996 F.2d 116, 120-121 (6th Cir. 1993). Thus, "in order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court first must determine the scope of the criminal activity the particular defendant agreed to jointly undertake . . . .'" *Jenkins*, 4 F.3d at 1347 (quoting § 1B1.3 at Application Note 2).

Maricle did not run for office in *any* of the elections listed in the conspiracy. Thus, it is difficult to understand how his salary can be taken into account to determine loss amount. Furthermore, there is no alleged involvement of Maricle until the 2006 elections. At most, Maricle should be held responsible for the $3,000 he is alleged to have helped pool in 2006. Anything less than $5,000 does not increase the base offense level.

**Objection to the Four Level Increase Pursuant to U.S.S.G. § 3B1.1(a)-Role in the Offense**

This objection is withdrawn.

**Objection to the Two Level Increase Pursuant to U.S.S.G. § 3B1.3-Abuse of Position of Trust**

While Mr. Maricle was in a position of public trust as circuit judge, there was no credible evidence that he abused that position. In particular, Wanda White's claim that Mr. Maricle used the case of her brother, Corky Price, to induce her to participate, is not borne out by the record. The timing of Corky Price's guilty plea and sentencing do not support Wanda White's claim. Moreover, the sentence imposed by Mr. Maricle was the maximum sentence allowed by law. In the other court cases referenced during the trial, Mr. Maricle was either not the presiding judge or the suggestions that he abused his position were not borne out by the evidence.

**Objection to the Two Level Increase in U.S.S.G. § 3C1.1-Obstruction of Justice**

This objection is withdrawn.

**REQUEST FOR RELIEF PURSUANT TO 18 U.S.C. § 3553(a)(2)**

Maricle requests relief pursuant to the sentencing statutes based upon his age and health issues as reflected in the PSR and based upon his good character and contributions to his community as reflected in the attached letters of support.

        Respectfully submitted,

        s/David S. Hoskins
        Attorney At Law
        107 East First Street
        P.O. Box 1185
        Corbin, KY 40702-1185
        Telephone: (606) 526-9009
        Facsimile: (606) 526-1021
        COUNSEL FOR DEFENDANT
        RUSSELL CLETUS MARICLE

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of February, 2011, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

        s/David S. Hoskins
        COUNSEL FOR DEFENDANT
        RUSSELL CLETUS MARICLE