UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(At London)

CASE NO. 09-16-DCR                                                         ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                                            PLAINTIFF,

VS.                    MEMORANDUM IN SUPPORT OF MOTION

RUSSELL CLETUS MARICLE, ET AL.,                                          DEFENDANTS.

** ** **

The Defendant, Russell Cletus Maricle, submits this memorandum in support of his motion to dismiss based on the insufficiency of the indictment.  Specifically, Maricle submits that the government's reliance on Kentucky Revised Statute 119.205, which criminalizes vote-buying, is not supported by the law, as it is not racketeering activity as defined by 18 U.S.C. Section 1961(1).  Maricle adopts and relies upon the arguments advanced by Defendant Stanley Bowling in his memorandum in support of his motion to dismiss for lack of subject matter jurisdiction (DE#1074), but also offers the following.

The most powerful argument in support of Maricle's motion to dismiss is Congress's decision not to include **any** federal election-related crimes in RICO's predicate offenses.  It defies logic to suggest that federal election law should not be the basis for a RICO prosecution, but state election law should.  Certainly buying a federal office poses a greater threat to society than buying a state or local position.  Moreover, such a distinction would raise serious

constitutional issues regarding federal involvement in state elections.

The list of federal offenses is far broader than the type of state law crimes listed in 1961(1), covering nearly everything from financial institution fraud to trafficking in persons. Importantly, only two federal bribery offenses are listed - 18 U.S.C. Sections 201 and 224, dealing with bribery of public officials or witnesses and sports bribery, respectively. Both have analogous statutes in Kentucky law, and these Kentucky statutes clearly could justify a RICO prosecution.

Finally, Maricle submits that election-related crimes cover far more conduct than just vote-buying, yet none are described even generically in the state law violations listed in RICO. It makes no sense that Congress would deem vote-buying, and only vote buying, a sufficient state law basis for a RICO prosecution of an allegedly corrupt election. The omission of all other types of illegal election activity leads to the conclusion that Congress did not intend vote buying and election misconduct to be the basis of a RICO prosecution.

For the foregoing reasons, Maricle submits that his motion to dismiss should be sustained.

Respectfully Submitted,

s/David S. Hoskins
David S. Hoskins
107 East First Street
P.O. Box 1185
Corbin, KY 40702-1185
Telephone: (606) 526-9009
Facsimile: (606) 526-1021
COUNSEL FOR DEFENDANT
RUSSELL CLETUS MARICLE

CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of March, 2011, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

                                          s/David S. Hoskins
                                          COUNSEL FOR DEFENDANT
                                          RUSSELL CLETUS MARICLE