UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 09-16-S-DCR

UNITED STATES OF AMERICA                        PLAINTIFF

V.      **STIPULATED EXPEDITED SETTLEMENT AGREEMENT**

RUSSELL CLETUS MIRACLE, ET.AL.                   DEFENDANTS

* * * * * * * *

IT IS HEREBY STIPULATED by and between plaintiff, United States of America, and Petitioner, Sarah Bowling, to compromise and settle her claim according to the following terms:

1. The parties do hereby agree to settle and compromise stipulate the Petitioner's claim to real and personal property forfeited from Stanley Bowling upon the terms set forth below.

2. By entering into and signing this settlement agreement, the Petitioner withdraws any petitions filed with the Federal Bureau of Investigation (FBI).

3. The parties hereby stipulate and agree that the Petitioner has a marital interest in real property owed by Stanley Bowling. In consideration of her ownership interest, the United States agrees to the following:

A) The United States will release its Lis Pendens on the two tracts of real property on Bert Combs Road, and will not seek the forfeiture of any other real property in the name

of Stanley Bowling and/or Sarah Bowling owned prior to the date of the Preliminary Judgment of Forfeiture. This agreement does not preclude the government from seeking any future property Stanley Bowling may acquire an interest in to satisfy the money judgment entered against him. The final order of forfeiture will forfeit Stanley Bowling's interest in his real property which will be deeded to Sarah Bowling by the United States.

B) Petitioner Sarah Bowling agrees to forfeit any and all interest in all the personal property listed in D.E. #1039, being twelve items (with the exception of item #7, the 2008 Pontiac VIN #1G2AL18F987141540, registered to Steven Bowling) and D.E. #1041, being eighteen (18) specific items.

4. The Petitioner agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any State or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the Petitioner, her assigns or agents, which currently exist or which may arise as a result of the government's action against the property.

5. The Petitioner understands and agrees that by entering into this Settlement Agreement, she waives any right to further litigate against the United States her interest in the forfeited property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by Order of this Court, the Petitioner is hereby excused and relieved from further participation in this action.

6. The Petitioner understands and agrees that the United States reserves the right to

void this Settlement Agreement and to terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

7. The terms of this settlement agreement are contingent upon entry of an Order and Final Decree of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court. Any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

DATED this _____ day of _____, 2011.

KERRY B. HARVEY
UNITED STATES ATTORNEY

By: _____
David Y. Olinger, Jr.
Assistant U.S. Attorney

_____
Bridget L. Dunaway
Attorney for Petitioner

_____
Sarah Bowling, Petitioner