UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 09-16-S-DCR

UNITED STATES OF AMERICA                                             PLAINTIFF

V.        **STIPULATED EXPEDITED SETTLEMENT AGREEMENT**

RUSSELL CLETUS MIRACLE, ET.AL.                      DEFENDANTS

\* \* \* \* \* \* \* \*

IT IS HEREBY STIPULATED by and between plaintiff, United States of America, and Petitioner, First National Bank of Manchester, to compromise and settle its' claim [DE #1110] according to the following terms:

1. The parties do hereby agree to settle and compromise stipulate the Petitioners' claim to real property forfeited from Douglas Adams upon the terms set forth below.

2. By entering into and signing this settlement agreement, the Petitioner withdraws any petitions filed with the Federal Bureau of Investigation (FBI).

3. The parties hereby stipulate and agree that First National Bank of Manchester has a secured interest in the real property located at North Highway 421, Manchester, Clay County, Kentucky and agree to settle the claim as follows:

4. Upon the sale of the real property (subject to the Court's Order to Stay) the United States shall pay to the Petitioner the amount owed under the Mortgage recorded in Mortgage Book 187, page 661, and the Promissory Note, with a balance of $278,574.16, plus daily

interest at the rate of $52.11 per day as of February 16, 2011. Should the property not bring enough profit to pay the mortgage, the United States shall deed its' interest the property to the bank.

5. Each party shall bear its own costs and attorneys fees in conjunction with this action.

6. The Petitioner agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any State or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the Petitioner, its assigns or agents, which currently exist or which may arise as a result of the government's action against the property.

7. The Petitioner understands and agrees that by entering into this Settlement Agreement, it waives any right to further litigate against the United States its' interest in the forfeited property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by Order of this Court, the Petitioner is hereby excused and relieved from further participation in this action.

9. The Petitioner understands and agree that the United States reserves the right to void this Settlement Agreement and to terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

10. The Petitioner understands that any payments it receives as a result of the forfeiture, including the proceeds from the sale of the real property, will by processed

through the Department of the Treasury and are subject to offset against any debt owed by the Petitioner to the United States.

11. The terms of this settlement agreement are contingent upon entry of an Order and Final Decree of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court. Any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

DATED this 24th day of August, 2011.

KERRY B. HARVEY
UNITED STATES ATTORNEY

By: *(signature)*
David Y. Olinger, Jr.
Assistant U.S. Attorney

*(signature)*
Clint Harris
Attorney for Petitioner

*(signature)*
Lynda Gilbert, C.E.O.
First National Bank of Manchester

3