his jusicial involvement with related cases." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005); *see United States v. Hartsel*, 199 F.3d 812, 820–21 (6th Cir. 1999). Defendants have not met the "extreme" bias or prejudice standard under *Liteky* because the district court judge's statements amount to criticism and disapproval of defendants and other coconspirators, not deep-seated favoritism or antagonism. *See Liteky*, 510 U.S at 555. Because we do not question the district court's impartiality, we affirm the denial of defendants' motions to recuse and hold that the district court judge did not abuse his discretion in failing to recuse himself.[42]

## VII. CONCLUSION

To be sure, this was an exceptionally difficult trial to manage, and we commend the district court on its close attention to all parties' concerns and the court's numerous thoughtful opinions. In light of the foregoing, however, we **VACATE** defendants' convictions on all counts and **REMAND** for a new trial in accordance with this opinion. In light of this holding, defendants' remaining challenges do not warrant our attention on this appeal.[43]

---

[42] Defendants also contend that the district court judge was hostile and held deep-seated antagonism towards defendants and their counsel. Defendants argue that this hostility and antagonism had a chilling effect on defendants' case. *See United States v. Segines*, 17 F.3d 847, 853 (6th Cir. 1994). In our review of the record, we cannot say that the district court judge's statements and actions rise to a violation of due process. *See United States v. Hynes*, 467 F.3d 951, 960–61 (6th Cir. 2006).

[43] We note, however, that nothing in this opinion precludes defendants from raising those remaining challenges on remand. For example, defendants may file severance motions, and Bowling may argue that he was indicted in violation of his Fifth Amendment rights.