UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:9-CR-16-KKC-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RUSSELL CLETUS MARICLE (1), | ) | |
| DOUGLAS C. ADAMS (2), CHARLES | ) | |
| WAYNE JONES (3), WILLIAM E. | ) | |
| STIVERS (4), FREDDY W. THOMPSON | ) | |
| (5), WILLIAM B. MORRIS (7), DEBRA L. | ) | |
| MORRIS (8), STANLEY BOWLING (9), | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

Defendants Russell Cletus Maricle, Charles Wayne Jones, William E. Stivers, Freddy W.

Thompson, William B. Morris, Debra L. Morris, and Stanley Bowling move for immediate

release from custody in light of the Sixth Circuit's decision vacating their convictions and

remanding this matter to the District Court for new trial. DE #1310 (Motion). Defendant

Douglas C. Adams separately moves for release, citing the same Sixth Circuit decision. DE

#1312 (Motion). The United States filed a response indicating that it has no objection to the

release of those Defendants who were previously released on conditions and did not have their

bond revoked during the prior pretrial proceedings. DE #1316 (Response). Such Defendants

include Maricle, Jones, Thompson, William Morris, Debra Morris, and Stanley Bowling. *See Id.*

The United States does, however, object to the release of Adams and Stivers. *Id.* The United

States notes that both Adams and Stivers previously had their bond revoked due to conduct

involving impermissible contact with/intimidation of witnesses. *Id.* The United States argues

that such conduct establishes a serious risk that they will obstruct justice and/or intimidate a potential witness if released. *Id.*

Having reviewed Defendants' motions and the Government's response, the Court **ORDERS** as follows:

1.      The Court **GRANTS** the motion for immediate release as to Defendants Maricle, Jones, Thompson, William B. Morris, Debra L. Morris, and Bowling (DE #1310).   These Defendants **SHALL** be released promptly (no later than August 2, 2013) from their present facilities of confinement on the release conditions previously imposed by the Court.  The BOP shall, as part of release processing, communicate the current bond terms and secure a current acknowledgement of said conditions by each affected Defendant.  Those release conditions may be found at the following Docket Entries (DE), and the AUSA shall facilitate BOP access to same:

--For Defendant Maricle, at DE ##215, 220, and 221, and 231.

--For Defendant Jones, at DE ##26, 205, and 212.

--For Defendant Thompson, at DE ##21 and 804, though the United States Probation Office does not need to perform a daily test to determine whether Thompson has consumed alcohol.

--For Defendant William B. Morris, at DE #19.

--For Defendant Debra L. Morris, at DE #24.

--For Defendant Stanley Bowling, at DE #281.

Counsel shall also reconfirm the conditions to each Defendant represented.  The Court does except from the contact restrictions any contact between a Defendant and his or her immediate family that may have testified as a defense witness.  Each Defendant shall immediately contact

the United States Probation Office in London, Kentucky, upon return to the District.  The Court **SCHEDULES** a status conference for Defendants Maricle, Jones, Thompson, William B. Morris, Debra Morris, and Stanley Bowling, on **Friday, August 9, 2013, at 1:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.  The hearing shall simply be to evaluate and adjust, as necessary, any conditions.  The hearing sequence will be as follows: Maricle at 1:00 p.m.; Jones at 1:15 p.m., Thompson at 1:30 p.m.; William Morris at 1:45 p.m.; Debra Morris at 2:00 p.m.; and Bowling at 2:15 p.m.  The USPO will evaluate and provide any recommended changes in an addendum in advance of the hearing.  At the status conference, the Court will again go over release conditions and discuss any necessary modifications to the release conditions previously imposed.

Given this remote release and the unusual circumstances, the United States shall facilitate and provide, at its expense, noncustodial ground transportation back to this District (and subsistence in transport) for each Defendant released.  The United States shall determine the agency[1] responsible and assure transportation that is prompt and efficient.  The release shall occur by not later than **August 2, 2013**.

2.       The Court **DENIES** at this time the motions for release as to Defendants Adams and Stivers (DE ##1310, 1312), pending resolution of the Government's request for their continued detention.  The USMS shall transport Adams and Stivers to this District **within ten (10) days** from the date of entry of this Order.  The Court **SCHEDULES** a detention hearing for Adams on **Monday, August 12, 2013,** at the hour of **1:00 p.m.**, at the United States Courthouse in **Lexington**, Kentucky.  The Court **SCHEDULES** a detention hearing for Stivers on **Monday,**

---

[1] Whether a BOP or Marshal issue, the Court has not determined.  The Court does find that transportation should be the responsibility of the United States unless a Defendant opts to arrange his own private carriage.

**August 12, 2013,** at the hour of **2:00 p.m.**, at the United States Courthouse in **Lexington**,

Kentucky.

This the 1st day of August, 2013.

Signed By:

Robert E. Wier

United States Magistrate Judge