UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:9-CR-16-KKC-REW |
| | ) | |
| v. | ) | |
| | ) | GENERAL RELEASE ORDER |
| RUSSELL CLETUS MARICLE, et al., | ) | AMENDMENT & CLARIFICATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court saw each currently-released Defendant at status hearings on August 9. Based on hearing content, and information received from the USPO post-hearing, the Court issues the following amendment and clarification. This applies to all of the following Defendants: Cletus Maricle, Charles Wayne Jones, Freddy Thompson, William B. Morris, Debra L. Morris, and Stanley Bowling:

a. The USPO indicates that Defendant passports were returned to the State Department post-conviction. The current status of the passports is unknown. To clarify, then, no Defendant may receive or apply for a passport or other international travel papers during the pretrial period.

b. The contact restrictions, applicable to all defendants on release, are as follows:

A defendant may not have direct or indirect contact with any Co-Defendant (although the Morrises may have non-case related contact with each other). If counsel of record is present for each defendant, this restriction would not apply.

A defendant may not have direct or indirect contact with any known or expected witness in the case. This would include all prosecution witnesses at the first trial. It also would include further persons the Government identifies as potential trial witnesses. The United States shall circulate a list of applicable witnesses by August 19, 2013, and may augment that list as developments warrant.

        The prohibition also includes contact with known defense witnesses, which the Court would define as anyone that testified for any defendant at the first trial or anyone a defendant knows will testify at the retrial.

        The contact restrictions in paragraph b do not apply in the presence of counsel.

        Further, a defendant may not discuss the subject matter of the case with any person except in the presence of that defendant's counsel of record. The "subject matter of the case" means any of the charges or allegations in the indictment, any defense, and any other matters that fairly relate to the prosecution of 09-CR-16-KKC, including names of persons who may be witnesses in the case.

        Any defendant may file a written motion for relief from the particular effects or operation of paragraph b, but paragraph b remains in effect unless altered by court order.

c.      Each counsel of record shall ensure that his or her respective client has a copy of all current conditions, receives this order, and understands the current applicable conditions of release as set forth in the referenced documents.

        This the 12th day of August, 2013.

Signed By:
**Robert E. Wier**  /s/ REW
United States Magistrate Judge