UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-CR-00016-KKC                                          ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                                       PLAINTIFF,


VS.            <u>MEMORANDUM OF LAW IN SUPPORT OF
               MOTION TO DISMISS COUNT ONE</u>


RUSSELL CLETUS MARICLE,                                                         DEFENDANT.

** ** **

Comes now the Defendant, Russell Cletus Maricle, by counsel, and submits the following Memorandum of Points and Authorities in support of his Motion to Dismiss Count One of the Superseding Indictment.

> I. THE FUNDAMENTAL CONSTITUTIONAL PRINCIPLES OF FEDERALISM, DUAL SOVEREIGNTY, AND SEPARATION OF POWERS PRECLUDE THE FEDERAL GOVERNMENT FROM UTILIZING KENTUCKY'S VOTE BUYING STATUTE AS A PREDICATE ACT IN A RICO PROSECUTION.

INTRODUCTION

This is an election case prosecuted in the name of RICO. The government seeks to use KRS 199.205, the Kentucky statute outlawing vote buying, as the necessary predicate acts for prosecution under the federal RICO statute. The Sixth Circuit has determined

1

that the statute falls within the generic meaning of "bribery", but did not address the constitutionality of basing a federal prosecution on that statute. This Court must now decide if Congress has the power to make a state statute prohibiting bribery of voters in purely state elections a predicate act for RICO.

## ARGUMENT

Maricle's argument in support of this motion can be summarized as follows:

(A) The Constitutional framework on elections does not afford Congress any power by which it might punish bribery of voters by a statute that would apply to all elections, purely federal, mixed (federal and state and/or local elections on the same ballot), and purely state and/or local.

(B) Congress is prohibited from using the Commerce Clause to circumvent an attribute of state sovereignty. The conduct of elections is an essential attribute of state sovereignty.

KRS 119.205 reads as follows:

> (1) Any person who makes or offers to make an expenditure to any person either to vote or withhold his vote, or to vote for or against any candidate or public question at an election shall be guilty of a Class D felony.
>
> (2) Any person who solicits, accepts, or receives any such expenditure as payment or consideration for his vote or the withholding of his vote, or to vote for or have legislated for or against any candidate or public question at an election shall be guilty of a Class D felony.

The Kentucky statute obviously covers purely state and local elections within the Commonwealth.

A.  THE CONSTITUTIONAL FRAMEWORK ON ELECTIONS DOES NOT AFFORD CONGRESS ANY POWER BY WHICH IT MAY PUNISH BRIBERY OF VOTERS BY A STATUTE THAT WOULD APPLY TO ALL ELECTIONS, PURELY FEDERAL, MIXED (FEDERAL AND STATE AND/OR LOCAL ELECTIONS ON THE SAME BALLOT) AND PURELY STATE AND/OR LOCAL.

1.  Power Over State Elections

The power over state and local elections is a reserved power to the states under the Tenth Amendment.  *Oregon v. Mitchell,* 400 U.S. 112 (1970), *Gregory v. Ashcroft,* 501 U.S. 452 (1991), and *Shelby County, Alabama v. Holder,* _____U.S. _____, 133 S.Ct. 2612, 186 L.Ed. 2d 651 (2013).  The only way to alter this reserved power is for the states to ratify a constitutional amendment.  As written in *United States v. Reese*, 92 U.S. 214, 218 (1876), "[t]he power of Congress to legislate at all upon the subject of voting at state elections rests upon this [Fifteenth] Amendment."  Since then the States have ratified the Nineteenth (giving the right to vote irrespective of genders in all elections), the Twenty Fourth (abolishing the poll tax), and the Twenty Sixth (allowing persons 18 years of age or older to vote) amendments.  The latter was ratified because in *Oregon v. Mitchell* the Supreme Court declared unconstitutional an act of Congress which would have allowed 18 year olds to vote in *all* elections, including purely state and local elections.

2.  Power Over Federal Elections

The power to regulate federal elections is delegated to states with Congress holding the power to make and alter such regulations.  Article I, §4, Clause 1 reads: "The

3

Times, Places, and Manner of holding elections for Senators and Representatives shall be prescribed in each State by the Legislature thereof, but Congress may at any time by Law make or alter such Regulations, except as to the Places of Choosing Senators."

Confusion may have arisen because KRS 119.205 mirrors the language of 18 U.S.C. §597, which reads as follows:

> Whoever makes or offers to make an expenditure to any person, either to vote for or against any candidate; and Whoever solicits, accepts, or receives any such expenditure in consideration of his vote or withholding his vote-shall be fined.

However, the nature of elections that KRS 119.205 and 18 U.S.C. §597 encompass are entirely different.

18 U.S.C. §597 encompasses only elections on which there is a federal election on the ballot, i.e. purely federal elections or mixed elections (federal and state on the ballot). It does not cover purely state elections because it was enacted pursuant to the Elections Clause. If a federal statute "contains language so vague and broad that it includes bribery of voters in purely state elections....the court is without power to limit the effect of the section to act within the jurisdiction of Congress." *United States v. Foote*, 42 F. Supp. 717, 719 (DC Del. 1942). (Citing *James v. Bowman*). Acknowledging that if the above wording included purely state elections it would be unconstitutional and the Court was without power to limit the effect of the section to acts within the jurisdiction of Congress, the Supreme Court held in *James v. Bowman*, 190 U.S. 127, 142 (1903) that, "Congress

4

has no power to punish bribery at all elections."

Using the state statute for definition purposes to create a federal crime under the Commerce Clause encompasses all elections including purely state elections and exceeds the power of Congress and renders the same unconstitutional. The key words are "at all elections." This means any election or all elections purely federal, mixed, or purely state and federal. Therein lies the unconstitutionality because of the holding of *James v. Bowman* that "Congress has no power to punish bribery in all elections." 190 U.S. 127, 142 (1903). *James v. Bowman* remains the law and as recently as June 25, 2013, Chief Justice Roberts wrote, "[m]ore specifically the Framers of the Constitution intended the States to keep for themselves as provided in the Tenth Amendment the power to regulate elections," *Shelby County v. Holder* (Slip Opinion page 10) (internal quotation marks omitted). See also *Gregory v. Ashcroft*, 501 U.S. 452, 461-462 (1991), *Sugarman v. Dougall*, 413 U.S. 634, 647 (1973), and *Oregon v. Mitchell*, 400 U.S. 112, 125 (1991).

Nor does the fact that there was a federal election on the ballot in the elections in question in this case save the interpretation. This argument was made in *James v. Bowman* and rejected because it would be judicial legislation. *James v. Bowman* at 140. "[C]ourts are not at liberty to take a criminal statute , broad and comprehensive in its terms and in these terms beyond the power of Congress and change it to fit some particular transaction which Congress might have legislated for if it had seen fit. *James v. Bowman* 142.

5

When enacting 42 U.S.C. §1973i(c), the second federal vote buying statute, Congress excluded from the terms thereof pure state and local elections because to have included these elections in the Voting Rights Act would have been unconstitutional. *United States v. Slone*, 411 F.3d 643, 648 (6th Cir. 2005).

>   B.  CONGRESS IS PROHIBITED FROM USING THE COMMERCE CLAUSE TO CIRCUMVENT AN ATTRIBUTE OF SOVEREIGNTY. THE CONDUCT OF ELECTIONS IS AN ESSENTIAL ATTRIBUTE OF SOVEREIGNTY.

The power of the States over elections is an attribute of the sovereignty of the States. It is one of the highest attributes of sovereignty. *Martin v. Hunters' Lessee,* 4 L.Ed. 971, 1 Wheat 304, 343 (1816). The three most often referenced attributes of sovereignty are sovereign immunity, the power to prescribe the qualifications of the States officers, and the power to regulate elections. In *Gregory v. Ashcroft*, 501 U.S. 452, 464 (1991), Justice O'Connor wrote, "[a]s against Congress' powers '[t]o regulate Commerce among the several States,' U.S. Const. Article I, §8, Clause 3, the authority of the people of the States to determine the qualifications of their government officials may be inviolate." Equally true would be this: As against Congress' power "[t]o regulate commerce among the several states," U.S. Const. Article I, §8, Clause 3, the authority of the people of the States to regulate their elections may be inviolate.

Congress may not utilize the Commerce Clause to circumvent an attribute of sovereignty. In *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), the Supreme

6

Court held that Congress did not have the power to abrogate sovereign immunity (also known as Eleventh Amendment immunity) by use of the Commerce Clause. *Gregory v. Ashcroft* states that the rule on Eleventh Amendment cases is to be applied in other contexts specifically referencing the power of the States to determine the qualifications of their officials and the power to regulate elections. *Gregory v. Ashcroft*, 501 U.S. 461-462.

The use of the Commerce Clause to punish the bribery of voters in all elections circumvents the attribute of sovereignty of the States in elections. This is not a valid exercise of the power of Congress under the interstate commerce clause.

This Circuit has addressed the difference between the power of Congress under the interstate commerce clause and the elections clause on at least three occasions; *Association of Community Orgs. For Reform Now v. Miller,* 129 F.3d 833 (6th Cir. 1997) (rejecting a federalism and Tenth Amendment challenge to the National Voter Registration Act because it was passed pursuant to the power of Congress under the Elections Clause which explicitly grants Congress the authority to alter state regulations); *United States v. Slone,* 411 F.3d 643 (6th Cir. 2004) (a vote buying case which states that the elections clause provides Congress with broader powers than the Commerce Clause and recognizing that 42 U.S.C. §1973i(c) only applies to elections in which a federal candidate is on the ballot and that state elections were not included in the statute because it would have been unconstitutional), and *Harkless v. Bruner,* 545 F.3d 445 (6th Cir.

7

2008) (the Commerce clause [read in conjunction with the necessary and proper clause] for example only permits Congress to "make all Laws which shall be necessary and proper" to "regulate Commerce . . . among the several States," by contrast the elections clause allows Congress to "make or alter" laws affecting the states).

There is but one conclusion to be drawn. The power over elections in which there is a federal candidate on the ballot is delegated to the States, subject to the power of Congress to alter the same, under Article I, §4, the Elections Clause. Congress has no such power under the Commerce Clause when it comes to elections. "Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Seminole Tribe of Florida,* at p. 72.

> II. THE LIMITS OF THE COMMERCE CLAUSE PRECLUDE THE CLAY COUNTY BOARD OF ELECTIONS FROM BEING A RICO ENTERPRISE.

Maricle's co-defendant Freddy Thompson presents a compelling argument that the government's attempt to use the Clay County Board of Elections as the enterprise for this RICO prosecution must fail. DE#1372. Maricle hereby expressly adopts the arguments presented by Thompson.

## CONCLUSION

"The government of the United States is one of delegated, limited and enumerated powers. (Internal citations omitted.) Therefore, every valid act of Congress must find in the Constitution some warrant for its passage." *United States v. Harris*, 160 U.S. 629,

635 (1883). "If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States, if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress." *New York v. United States*, 505 U.S. 144, 157 (1992). "The Constitution, however, leaves the conduct of state election to the states. The principles of federalism therefore limit the power of federal courts to intervene in state elections." *Warf v. Bd. Of Elections*, 619 F.3d 553, 559 (6th Cir. 2010).

It is respectfully submitted that binding, controlling precedent requires this Court to dismiss Count One.

                              Respectfully Submitted,

                              s/David S. Hoskins
                              Attorney At Law
                              107 East First Street
                              P.O. Box 1185
                              Corbin, KY 40702-1185
                              Telephone: (606) 526-9009
                              Facsimile: (606) 526-1021
                              Email: hoskinslaw@bellsouth.net
                              COUNSEL FOR DEFENDANT
                              RUSSELL CLETUS MARICLE

CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of September, 2013, I electronically filed this document using the CM/ECF system, which will send notice of filing to all counsel of record.

                                          <u>s/David S. Hoskins</u>
                                          COUNSEL FOR DEFENDANT
                                          RUSSELL CLETUS MARICLE