UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.                    RESPONSE OF UNITED STATES TO
                      DEFENDANTS CHARLES W. JONES,
                      WILLIAM E. STIVERS AND
                      FREDDY W. THOMPSON'S
                      MOTIONS FOR BILL OF PARTICULARS

CHARLES WAYNE JONES,
WILLIAM E. STIVERS and
FREDDY W. THOMPSON                                                            DEFENDANTS

* * * * * *

The Defendants, Charles Wayne Jones, William E. Stivers and Freddy W. Thompson, by counsel, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, have moved the court for an order requiring the United States to file a bill of particulars as to certain Counts of the Superseding Indictment.   [DE 1402, 1413 & 1417.]   The United States provides the following response.

1. **Defendant Thompson's Motion for Bill of Particulars**

Thompson's motion simply renews his previous motion filed prior to the initial trial [DE 359], but limits the renewal to Counts 1, 9, 10, 11 and 12 of the Superseding Indictment.   [DE 1413.]   Thompson does not provide any new argument as to why he is entitled to a bill of particulars.   The United States previously responded to Thompson's arguments in detail.   [DE 325 & 448.]   The Court agreed with the United States' position and denied Thompson's previous motions.   [DE 514.]

1

**2.      Defendant Stivers' Second Motion for Bill of Particulars**

Stivers requests the Court to order the United States to provide a bill of particulars as to the manner and means by which the enterprise charged in the Superseding Indictment "engaged in, and the activities of which, affected interstate commerce."   [DE 1402.]   Stivers does not renew any previous motions for bills of particular.

**3.      Defendant Jones' Re-Assertion of Motion for Bill of Particulars**

Jones re-asserts his previous requests for a bill of particulars [DE 270 & 321] and joins in Stivers' motion for a bill of particulars, as detailed above.   [DE 1417.]   The United States provided detailed responses as to why Jones' previous requests for a bill of particulars were unwarranted.   [DE 278 & 325.]   The Court agreed with the United States' position and denied his previous motions.   [DE 514.]

## STATEMENT OF LAW

The United States' previous responses are detailed and outline specifically why the defendants are not entitled to a bill of particulars in this case.   [DE 278, 325 & 448.]   The Response to Defendants Russell Cletus Maricle and Charles Wayne Jones's previous Motions for Bill of Particulars contains a detailed summary of the law relating to requests and the purpose behind a bill of particulars.   [DE 325.]   Due to the fact the defendants are renewing their motions, the United States hereby incorporates its previous responses as if set forth fully herein.

## FACTUAL BACKGROUND

A.      <u>The Superseding Indictment</u>

As previously stated by the United States [DE 325], the 13-count superseding indictment in this case runs for 25 pages.   The indictment contains definitions and descriptions of terms, players and events, including a definition of the unlawful enterprise, the purposes and roles of

the defendants, and the criminal objects of the enterprise's racketeering activities. It further details the defendants' racketeering activity committed in connection with the enterprise, including specific acts of obstruction of justice and multiple acts of bribery in violation of state law.

B.   Discovery

Not only have the defendants received an extremely detailed indictment, but the government has also previously disclosed thousands of pages of documentary information and hours of consensually recorded conversations, which included a previously prepared index. In addition, the Defendants have the added benefit of all previous witness statements and the testimony provided during the initial trial in this matter.

## ARGUMENT

As stated above, the United States has fully responded to Thompson's and Jones' motions, and for the sake of efficiency, refers the Court to those responses. To briefly summarize, a bill of particulars is not a supplement to discovery. Instead, a bill of particulars is intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his own investigation. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Thus, as a general rule, a bill of particulars should not be granted to permit an inquiry into the government's legal or evidentiary theory as to the means by which the defendant committed a specific criminal act. *See, e.g.*, *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971); *United States v. Leonelli,* 428 F. Supp. 880, 882 (S.D.N.Y. 1977). That is exactly what these defendants are requesting, both in the renewed arguments and in the requests by Stivers and Jones to provide a bill of particulars related to the interstate commerce issue.

## CONCLUSION

For the foregoing reasons, and for the reasons asserted in previous responses [DE 278, 325 & 448], the United States respectfully submits Jones', Stivers', and Thompson's motions for a bill of particulars are nothing more than generalized requests for discovery. Thus, they should be denied.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:   /s/ Jason D. Parman
        Assistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Jason.Parman@usdoj.gov

        /s/ Andrew T. Boone
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507
        (859) 685-4800
        Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

        /s/Andrew Boone
        Assistant United States Attorney