UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                              *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                  PLAINTIFF

V.          NOTICE OF INTENT TO SEEK ADMISSION OF
                      RULE 404(B) EVIDENCE

RUSSELL CLETUS MARICLE                                                    DEFENDANT

* * * * * *

The United States hereby gives notice of its intent to introduce the below described evidence under Federal Rule of Evidence 404(b).

## INTRODUCTION

The indictment alleges that defendant, Russell Cletus Maricle, and his co-defendants sought to conduct and control the political process in Clay County, Kentucky, directly and indirectly through the Clay County Board of Elections ("the Board"), through a pattern and practice of misconduct and illegal acts, including the crimes of bribery and obstruction of justice, all for the personal, pecuniary, and political benefit of the defendants and others. Russell Cletus Maricle was considered a political "boss," and he used his status to recruit members to the Board and candidates for office.

## APPLICABLE LAW

Before assessing admissibility under Rule 404(b), the Court must make a preliminary determination that there is sufficient evidence that the alleged evidence occurred. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008). If this showing is met, the Court must then assess: (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is admitted to prove a material issue; (3) whether the probative value of the evidence is

substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) whether reasonable notice of the evidence was provided to the defendants. *See United States v. Davis*, 547 F.3d 520, 526 (6th Cir. 2008); *Bell*, 516 F.3d at 441. The "proper purposes" allowed under 404(b) are proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

## DISCUSSION OF EVIDENCE[1]

### 1. Inside Edition Video

During a 1989 interview with Inside Edition, a copy of which is attached as Exhibit A, Maricle (then the Democratic Party Chairman in Clay County) admitted his knowledge that "a substantial percentage of voters can be bought on election day, and by substantial, I mean thirty percent or more." This statement shows Maricle's knowledge of the functioning of the enterprise charged in the indictment. It shows his awareness, from the genesis of the conspiracy itself, that the political process can be controlled, and that this control can be maintained, through voter bribery. The statements provide insight into Maricle's intent, preparation, and plan as to how future control of Clay County could occur. The racketeering conspiracy alleged in the indictment is the result of this plan. Indeed, for these reasons, the Sixth Circuit held that this specific statement was "relevant and proper evidence under Rule 404(b)." *United States v. Adams*, 722 F.3d 788, 821 n.23 (6th Cir. 2013).

---

[1] Before the initial trial, the United States filed a notice [DE 581] listing the above-described evidence and testimony from Kenneth Day, Eugene Lewis, and J.C. Lawson regarding numerous instances of vote-buying and Maricle's involvement in influencing a jury. The previous notice argued that the evidence was admissible as background evidence or, alternatively, under Rule 404(b). At trial, Day, Lewis, and Lawson each testified about events reflecting the origins of the RICO conspiracy charged in the indictment, Maricle's accumulation of political power and influence, and Maricle's associations with others in the conspiracy, including Defendants Adams and Jones. The Sixth Circuit held that this testimony was properly admitted as background evidence. *See United States v. Adams*, 722 F.3d 788, 812-13 (6th Cir. 2013). Because this testimony is therefore not subject to Rule 404(b)'s notice requirement, it is not listed in this notice. *See United States v. Joseph*, 270 Fed. App'x 399, 405 (6th Cir. 2008). To avoid any confusion in light of the previous notice, however, the United States notes here its intent to introduce this testimony again at the upcoming trial.

## CONCLUSION

The United States respectfully submits that the foregoing evidence is admissible under Rule 404(b) as proof of Maricle's knowledge, intent, preparation, and plan.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:    /s/ Jason D. Parman
        Assistant United States Attorney
        601 Meyers Baker Road, Suite 200
        London, KY 40741
        Tel: (606) 864-5523
        Jason.Parman@usdoj.gov

        /s/ Andrew T. Boone
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY 40507
        (859) 685-4800
        Andrew.Boone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

        /s/Andrew Boone
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL NO. 6:09-CR-16-KKC**  *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**  **PLAINTIFF**

**V.**  **NOTICE OF INTENT TO SEEK ADMISSION OF RULE 404(B) EVIDENCE**

**RUSSELL CLETUS MARICLE, et al.**  **DEFENDANTS**

\* \* \* \* \* \*

EXHIBIT A – Disc Containing One Video Recording, Filed in Clerk's Office