**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL NO. 6:09-CR-16-KKC**                                  *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**V.**                               **MOTION IN LIMINE**

**RUSSELL CLETUS MARICLE, ET AL.**                                                  **DEFENDANTS**

\* \* \* \* \*

The United States of America hereby files this motion in limine to exclude at trial the evidence described below.

## Background

The indictment alleges that the defendants and others sought to conduct and control the political process in Clay County, Kentucky, directly and indirectly through the Board, its election officers, and the County Clerk, through a pattern and practice of misconduct and illegal acts, including the crimes of bribery and obstruction of justice, for the personal, pecuniary, and political benefit of the defendants and others.

**1.    Prior Arrests Not Leading to Conviction**

The United States will offer evidence including testimony of many witnesses, including those who sold their votes during the alleged conspiracy to members or associates of the enterprise. As part of its discovery obligations, the United States requested that the FBI run criminal history checks on each witness. In many instances, these criminal histories provided not only convictions but also prior arrests which did not

lead to convictions. It is impermissible to impeach a witness using the fact of a prior arrest that did not result in a conviction, unless the circumstances independently demonstrate the witness's bias or prejudice. *See, e.g., United States v. Baker*, 494 F.2d 1262, 1266 (6th Cir. 1974).

Wherefore, the United States requests a motion in limine prohibiting the defendants from cross examination of the government witnesses on arrests that did not lead to convictions.

2. **Polygraphs**

Prior to the initial trial in this matter, the United States provided the defense with a list of cooperating witnesses who the United States expected to testify in this case and who had been administered a polygraph examination by the FBI. The United States intends to call many of these same witnesses at the upcoming trial. Polygraph evidence is generally inadmissible unless offered to rebut attacks on credibility by the defense. *United States v. Barger*, 931 F.2d 359, 370 (6th Cir. 1991). The district court may prevent inquiry into polygraph during cross examination. *United States v. Scarborough*, 43 F.3d 1021, 1025-26 (6th Cir. 1994).

Wherefore, the United States requests that the defendants be precluded from inquiring into the administration, use, results or any other reference to the polygraph examinations by government witnesses.

3. **Out of Court Statements**

Multiple recordings of conversations were made by cooperating witnesses during the FBI investigation. Each of these recordings was provided to the defendants in

advance of the first trial in this matter. On September 15, 2013, the United States disclosed excerpts from ten recordings that it intends to introduce at the upcoming trial. Other portions of those recordings, which the United States does not seek to introduce, contain self-serving statements made by the defendants and others associated with them. A disc containing the recordings is filed herewith as Exhibit A, and the self-serving statements identified by the United States are listed in Exhibit B hereto. The United States anticipates that the defendants may attempt to introduce certain of these statements through witnesses other than the declarants who were recorded.[1] In this event, the statements would be inadmissible hearsay under Fed. R. Evid. 802. The Rule regarding admissions by a party under Fed. R. Evid. 801(d)(2) does not permit a defendant to elicit his own statements through the testimony of another witness. *United States v. McDaniel*, 398 F.3d 540, 545-46 (6th Cir. 2005). Thus, the United States requests that these self-serving statements, identified in Exhibit B, be excluded.

**4.      Cross-Examination on Irrelevant Matters**

The United States expects to offer the testimony of Edsel Vincent "Buddy" Blair, an FBI task force officer who participated in the investigation that led to the charges in this case. In March 2013, a novel by Buddy Blair's wife, Vicki Blair, was published. This novel, *Gravy, Grits, and Graves*, depicts a murder mystery in an Eastern Kentucky town. The government respectfully requests that defendants be precluded from using *Gravy,*

---

[1] Thus far, no defendant has expressed intent to offer any part of a recording during the upcoming trial. Thus, this motion in limine applies only to statements within the ten recordings from which the United States intends to play excerpts. Should any defendant later seek to introduce an excerpt of any other recording, the United States reserves the right to raise the same objection (in addition to the timeliness of any future disclosures, pursuant to the Court's scheduling orders).

*Grits, and Graves* in their cross-examinations of TFO Blair or any other government witness.

Simply put, *Gravy, Grits, and Graves* is a work of fiction, and does not depict any actual person or event. Names, characters, places, and incidents are products of the author's imagination or are used fictitiously. Any resemblance to actual events, locations, or persons is, therefore, coincidental. Further, *Gravy, Grits, and Graves* was not authored by Buddy Blair (or any other government witness) and does not reflect his thoughts, opinions, or views. The book simply has no relevance to any issue in this case, and, consequently, should be excluded.[2]

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:  /s/ Jason D. Parman
       Assistant United States Attorney
       601 Meyers Baker Road, Suite 200
       London, KY 40741
       Tel: (606) 864-5523
       Jason.Parman@usdoj.gov

       /s/ Andrew T. Boone
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, KY 40507
       (859) 685-4800
       Andrew.Boone2@usdoj.gov

---

[2] Even if the book were relevant (which the United States submits it is not), it is excludable under FRE 403 given that any probative value is substantially outweighed by the risks of unfair prejudice and confusion of the issues, and by considerations of undue delay and waste of time.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

                                        /s/Andrew Boone
                                        Assistant United States Attorney