UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-CR-00016-KKC                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                    PLAINTIFF,

VS.      MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE
OF NOTICE OF LIS PENDENS AND RETURN OF PROPERTY

RUSSELL CLETUS MARICLE,                    DEFENDANT.

\*\* \*\* \*\*

Comes now the Defendant, Russell Cletus Maricle, by counsel, and in support of his Motion for Release of Notice of Lis Pendens and Return of Property, states as follows:

Subsequent to the conviction and sentencing of Russell Cletus Maricle in this action the United States filed a Notice of Lis Pendens on substitute assets in the Clay County Clerk's office in Manchester, Kentucky 40962, which is an encumbrance upon the title to property more particularly described in Deed Book 260, Page 350; Deed Book 292, Page 109; Deed Book 234, Page 527; Deed Book 275, Page 189; Deed Book 288, Page 513; and Deed Book 251, Page 441, to which reference is made for a more particular description. The Notice of Lis Pendens is filed in Encumbrance Book 17, at page 169. It has not been released even though all convictions were reversed and remanded for a new trial on July 17, 2013, by opinion of the United States Court of

Appeals of the Sixth Circuit. Maricle was returned to pretrial status upon the mandate being filed.

The United States of America also has in its possession the sum of $50,000.00 representing the sale of personal property, to wit: a houseboat. The sum was deposited in escrow pending the outcome of the appeal in this case. This was also a substitute asset.

## Argument

The government has no authority under either federal or state law to file Lis Pendens notices on substitute assets. *United States v. Parrett*, 530 F.3d 422, 431 (6th Cir. 2008) (dealing with forfeiture pursuant to 21 U.S.C. §853). See also *United States v. Coffman*, 2010 U.S. Lexis 108602 (E.D.Ky. Central Division October 7, 2010).

*United States v. Gotti*, 155 F.3d 144, 149 (2d Cir. 1998) held that the RICO statute, which is analogous to 21 U.S.C. §853, does not allow pretrial restraint of substitute assets. Other circuits have also denied the government pretrial restraint of substitute assets. *In re Assets of Martin*, 1 F.3d 1351, 1359 (3d Cir. 1993); *United States v. Floyd*, 992 F.2d 498, 501-502 (5th Cir. 1993); *United States v. Riley*, 78 F.3d 367, 371 (8th Cir. 1996); *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994); and *United States v. Jarvis*, 499 F.3d 1196, 1204 (10th Cir. 2008).

WHEREFORE, the Defendant prays this Court to order the release of the Lis Pendens notice and the immediate return of the proceeds of the sale of the Defendant's houseboat.

       Respectfully Submitted,

       s/David S. Hoskins
       Attorney At Law
       107 East First Street
       P.O. Box 1185
       Corbin, KY 40702-1185
       Telephone: (606) 526-9009
       Facsimile: (606) 526-1021
       Email: hoskinslaw@bellsouth.net
       COUNSEL FOR DEFENDANT
       RUSSELL CLETUS MARICLE

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of September, 2013, I electronically filed this document using the CM/ECF system, which will send notice of filing to all counsel of record.

       s/David S. Hoskins
       COUNSEL FOR DEFENDANT
       RUSSELL CLETUS MARICLE