**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL NO. 6:09-CR-16-KKC**                    *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**            <u>**UNITED STATES' PROPOSED JURY INSTRUCTIONS**</u>


**RUSSELL CLETUS MARICLE, ET AL.**                              **DEFENDANTS**

\* \* \* \* \*

Pursuant to the Court's Order of July 26, 2013, the United States hereby respectfully submits its proposed jury instructions on the substantive law of the case. Each instruction below is identical to the corresponding instruction rendered in the initial trial, with the exception of Instruction No. 1B listed below, which has been modified to reflect the Sixth Circuit's articulation of the interstate commerce requirement in *Waucaush v. United States*, 380 F.3d 251 (6th Cir. 2004).

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY


BY:    <u>/s/ Jason D. Parman</u>
       Assistant United States Attorney
       601 Meyers Baker Road, Suite 200
       London, KY 40741
       Tel: (606) 864-5523
       Jason.Parman@usdoj.gov

/s/ Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4800
Andrew.Boone2@usdoj.gov

## INSTRUCTION NO. 1

### COUNT 1
### (All Defendants)
### 18 U.S.C. § 1962(d)
### RICO Conspiracy – Elements

(1)    Count 1 of the indictment charges that from on or about March 2002, exact date unknown, to on or about July 17, 2007, all the defendants knowingly conspired together and with others known and unknown and agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity. In order to convict a defendant on the RICO conspiracy offense charged in Count 1, the United States must prove all of the following five elements beyond a reasonable doubt:

(A)    First, that an enterprise existed as alleged in the indictment;

(B)    Second, that the enterprise was engaged in, or had some effect on, interstate commerce;

(C)    Third, that the defendant was associated with or employed by the enterprise;

(D)    Fourth, that on or about a day in March 2002, the exact date unknown, to on or about July 17, 2007, two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of an enterprise, directly or indirectly, through a pattern of racketeering activity; and

(E)    Fifth, that the defendant voluntarily and intentionally joined in the

agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he or she specifically intended to otherwise participate in the affairs of the enterprise.

## INSTRUCTION NO. 1A

### COUNT 1 (continued)
### RICO Conspiracy – "Enterprise" Defined

(1)    An enterprise includes any individual, partnership, corporation, association, or other legal entity, in any union or group of individuals associated in fact, although not a legal entity.

(2)    The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

(3)    If you find that this was, in fact, a legal entity such as a partnership, corporation, or association, then you may find that an enterprise existed.

(4)    The United States must also prove that the association had a structure distinct from that necessary to conduct the pattern of racketeering activity.

# INSTRUCTION NO. 1B

## COUNT 1 (continued)
## RICO Conspiracy – "Interstate Commerce" Defined

(1)    Interstate commerce includes the movement of money, goods, services, or persons from one state to another.   In this case, the United States alleges that the enterprise engaged in, or affected, interstate commerce.   If you find beyond a reasonable doubt that the enterprise engaged in economic activity, then the United States need only prove that the enterprise had a minimal effect on interstate commerce.  If you do not find beyond a reasonable doubt that the enterprise engaged in economic activity, then the United States must prove that the enterprise had a substantial effect on interstate commerce.

(2)    The United States need only prove that the enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce, although proof that racketeering acts engaged in or affected interstate commerce meets that requirement. The United States does not need to not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

## INSTRUCTION NO. 1C

**COUNT 1 (continued)**
**RICO Conspiracy – "Associated With" Explained**

(1)    To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals.   A person may be associated with an enterprise without being so throughout its existence.

## INSTRUCTION NO. 1D

### COUNT 1 (continued)
### RICO Conspiracy – "Agreement" Explained

(1)　　The United States must prove beyond a reasonable doubt that a defendant knowingly reached an agreement or understanding with at least one other person to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.　However, you do not have to find that any racketeering acts were actually committed.

(2)　　The agreement or understanding need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.　Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

(3)　　You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.　A person who has no knowledge of a conspiracy but who happens to act in a way that advances some purposes of one does not thereby become a member of the conspiracy.

(4)　　But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.　Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.　A person may

become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

(5)     In determining whether the alleged conspiracy existed, you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

(6)     Acts and statements that were made before the conspiracy began or after it ended are admissible only against the person who made them and should not be considered by you against any other defendant.

## INSTRUCTION NO. 1E

### COUNT 1 (continued)
### RICO Conspiracy – "Conduct/Participate" Defined

(1)     A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his or her position in, or association with the enterprise, to perform acts which are involved in some way in the operation or management of the enterprise directly or indirectly, or if the person causes another to do so.   A person also participates in the operation of the affairs of the enterprise if he or she has some part in directing those affairs.   An enterprise may be "operated" not just by upper management but also by lower rung participants in the enterprise who are under the direction of upper management.

(2)     In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all the activity alleged in Count 1 of the indictment.

## INSTRUCTION NO. 1F

### COUNT 1 (continued)
### RICO Conspiracy – "Pattern of Racketeering Activity" Explained

(1)     In order to find a "pattern of racketeering activity" for purposes of Count 1, you must find beyond a reasonable doubt that a defendant agreed that some member or members of the conspiracy would commit at least two acts of racketeering as described in Count 1.  You must also find that those acts were in some way related to each other and that there was continuity between them.

(2)     Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

(3)     There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

(4)     For purposes of Count 1, the United States does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit such acts.

## INSTRUCTION NO. 1G

**COUNT 1 (continued)**
**RICO Conspiracy – "Racketeering Act" – Obstruction of Justice**

*[See Instruction No. 2 below]*

## INSTRUCTION NO. 1H

### COUNT 1 (continued)
### RICO Conspiracy – "Racketeering Act" – Bribery

(1)    The indictment in Count 1 alleges a conspiracy to commit racketeering acts in violation of KRS 119.205, which provides that "[a]ny person who makes or offers to make an expenditure to any person, either to vote or withhold his vote, or to vote for or against any candidate or public question at an election shall be guilty of a Class D felony."

(2)    The elements of this offense are as follows:

      a.    That the defendant makes or offers to make,

      b.    an expenditure to a potential voter,

      c.    with intent to influence the voter to vote or withhold his vote, or to vote for or against any candidate at an election;

(3)    "Expenditure" means any of the following when intended as payment or consideration for voting or withholding a vote, voting for or against any candidate or public question, or signing a petition to have a public question placed on the ballot:

      a.    a payment, distribution, loan, advance, deposit, or gift of money or anything of value; or

      b.    a contract, promise, or agreement, express or implied, whether or not legally enforceable, to make a payment, distribution, loan, advance, deposit, or gift of money or anything of value.

## INSTRUCTION NO. 2

### COUNT 8
**Defendants Russell Cletus Maricle and William E. Stivers**

### COUNT 9
**Defendant Freddy W. Thompson**
**18 U.S.C. § 1503**
**Corruptly Obstructing Administration of Justice**

(1)    Defendants Maricle and Stivers are charged in Count 8 and Defendant Thompson is charged in Count 9 with violating Title 18 of the United States Code, section 1503.   It is alleged that the illegal activities charged in Count 8 occurred on or about May 2, 2007 and continued through on or about May 17, 2007.   The illegal activities asserted in Count 9 are alleged to have occurred on or about July 12, 2007.

(2)    This law makes it a crime for anyone to corruptly endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding.

(3)    To find a defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

a.    First, that there was a proceeding pending before a federal grand jury;

b.    Second, that the defendant knew of the pending judicial proceeding and endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and

c.    Third, that the defendant's act was done "corruptly," that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or

undermine the due administration of justice.

(4)     It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due administration of justice as the natural and probable effect of his actions.

(5)     The statute would be violated if the Defendant advises with corrupt motive that a witness should assert his Fifth Amendment right to remain silent before a grand jury.

## INSTRUCTION NO. 2A

### *Pinkerton* Liability for Substantive Offenses
### Committed by Others

(1)     As I have explained, Count 8 accuses Defendants Maricle and Stivers of obstruction of justice. Count 9 charges Defendant Thompson with the same offense.

(2)     There are two ways that the United States can prove a Defendant guilty of these crimes. The first is by convincing you that he personally committed or participated in the crime.  The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)     In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4)     But for you to find any one of these Defendants guilty of obstruction of justice based on this legal rule, you must be convinced that the United States has proved each and every one of the following elements beyond a reasonable doubt:

    a.     First, that the Defendant was a member of the conspiracy charged in the relevant count of the indictment.

    b.     Second, that after he joined the conspiracy, and while he was still a

member of it, one or more of the other members committed the crime of obstruction of justice.

        c.     Third, that this crime was committed to help advance the conspiracy.

        d.     And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)    This does not require proof that each defendant specifically agreed or knew that the crime would be committed.   But the United States must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6)    If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## INSTRUCTION NO. 3

### COUNT 10
**Defendants Russell Cletus Maricle, Charles Wayne Jones, William E. Stivers, and Freddy W. Thompson**
**18 U.S.C. § 241**
**Conspiracy to Deprive Person of Civil Rights**

(1)    Count 10 of the indictment alleges that, from on or about a date in June 2004, to on or about November 7, 2006, Defendants Maricle, Jones, Stivers, and Thompson violated Title 18 of the United States Code, Section 241, which makes it a crime for two or more persons to conspire to injure or oppress any person in the free exercise or enjoyment of any right or privilege secured to the victim by the Constitution or laws of the United States.

(2)    For you to find a defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

a.    First, that the defendant entered into a conspiracy to injure or oppress one or more victims; and

b.    Second, that the defendant intended by the conspiracy to hinder, prevent, or interfere with the victims' enjoyment of aright secured by the Constitution or laws of the United States.

(3)    The indictment charges that the defendants conspired to deprive the victims of the right to vote. You are instructed that this right is one secured by the Constitution and laws of the United States.

## INSTRUCTION NO. 3A

### COUNT 10 (continued)
### 18 U.S.C. § 241
### Conspiracy to Deprive Person of Civil Rights – Basic Elements of Conspiracy

(1)     In Count 10 of the indictment, Defendants Maricle, Jones, Stivers, and Thompson are charged with conspiring to deprive qualified voters of their right to vote. Again, it is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership.  For you to find any one of these defendants guilty of the conspiracy charge in Count 10 of the indictment, the United States must prove each and every one of the following elements beyond a reasonable doubt:

        a.      First, that two or more persons conspired, or agreed, to deprive a person of his or her right to vote; and

        b.      Second, that the defendant knowingly and voluntarily joined the conspiracy.

(3)     You must be convinced that the United States has proved both of these elements beyond a reasonable doubt in order to fmd anyone ofthese defendants guilty ofthe conspiracy charge in Count 10.

## INSTRUCTION NO. 4

**COUNT 11**
**Defendants Russell Cletus Maricle, Charles Wayne Jones, William E. Stivers, and**
**Freddy W. Thompson**
**18 U.S.C. § 371; 42 U.S.C. § 1973i**
**Conspiracy to Commit Vote Buying – Basic Elements**

(1)     In Count 11 of the indictment, Defendants Maricle, Jones, Stivers, and Thompson are charged with conspiring to commit vote-buying by illegally funding a pool and using the money to buy votes in violation of federal law.   It is alleged that this illegal activity occurred from on or about a date in January 2006, the exact date unknown, to on or about November 7, 2006.   Again, it is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership.   For you to find anyone of these defendants guilty of the conspiracy charge in Count 11 of the indictment, the United States must prove each and every one of the following elements beyond a reasonable doubt:

a.     First, that two or more persons conspired, or agreed, to commit the crime of vote-buying;

b.     Second, that the defendant knowingly and voluntarily joined the conspiracy; and

c.     Third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(3)     You must be convinced that the United States has proved all of these

elements beyond a reasonable doubt in order to find anyone of these defendants guilty of the vote buying conspiracy charge.

## INSTRUCTION NO. 4A

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Agreement

(1)    Regarding the first element—a criminal agreement—the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of vote-buying.

(2)    Again, this does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details.   But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement.   But without more they are not enough.

(3)    What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of vote-buying. This is essential.

(4)    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 4B

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Defendant's Connection to the Conspiracy

(1)     If you are convinced that there was a criminal agreement, then you must decide whether the United States has proved that the defendant knowingly and voluntarily joined that agreement.   You must consider each defendant separately in this regard.   To convict any defendant, the United States must prove that he or she knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals.

(2)     This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or had a substantial connection to it.   A slight role or connection may be enough.

(3)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it.   Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy.   But without more they are not enough.

(4)     What the United States must prove is that a defendant knew the conspiracy's main purpose and voluntarily joined it intending to help advance or achieve its goals.   This

is essential.

(5)    A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose.  But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 4C

### COUNT 11 (continued)
### Conspiracy to Commit Vote-Buying – Overt Acts

(1)    The third element that the United States must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2)    The indictment lists several overt acts.   The United States does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3)    But the United States must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.   This is essential.

## <u>INSTRUCTION NO. 4D</u>

### <u>COUNT 11 (continued)</u>
### Conspiracy to Commit Vote-Buying – Elements of Vote-Buying

(1)    To determine whether a conspiracy has as its purpose the commission of a crime, you must know the elements of the crime.

(2)    The elements of vote-buying under Title 42 of the United States Code, section 1973i, are:

      a.    First, that an election was held solely or in part for the purpose of selecting or electing a candidate for the United States Congress;

      b.    Second, that someone paid or offered to pay a person for voting in that election; and

      c.    Third, that the person acted knowingly or willfully.

(3)    As previously indicated to you, the United States must prove that the election in question included a candidate for United States Congress, and that the defendants paid or offered to pay a person for voting in that election.   The United States, however, does not have to prove that the payment or offer of payment was made specifically for or on behalf of a federal candidate, or for any particular candidate, or that the defendant had a specific intent to influence a federal race, or any particular race.   Accordingly, the United States also need not prove, and it does not matter, who any voter actually voted for.   The United States need only show a payment or offer to pay for the act of voting in an election that included a candidate for federal office.

(4)    The United States does not have to prove that the payment or offer of payment was made specifically for or on behalf of a federal candidate, or for any particular candidate, or that the defendant had a specific intent to influence a federal race, or any particular race.   Accordingly, the United States also need not prove and it does not matter, who any voter actually voted for.   The United States need only show a payment or offer to pay for the act of voting in an election that included a candidate for federal office.

## <u>INSTRUCTION NO. 5</u>

**Unindicted, Unnamed, or Separately Tried Co-Conspirators**

(1)     Now, some of the people who may have been involved in these events are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)     Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the United States can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

<u>**INSTRUCTION NO. 6**</u>

**COUNTS 1, 10, AND 11**
**Duration of a Conspiracy**

(1)     As I explained, the United States has alleged conspiracies in several counts covering identified time periods. This raises the related question of when a conspiracy comes to an end.

(2)     A conspiracy ends when its goals have been achieved. But sometimes a conspiracy may have a continuing purpose and may be treated as an ongoing, or continuing, conspiracy.   This depends on the scope of the agreement.

(3)     If the agreement includes an understanding that the conspiracy will continue over time, then the conspiracy may be a continuing one.   And if it is, it lasts until there is some affirmative showing that it has ended.   On the other hand, if the agreement does not include and understanding that the conspiracy will continue, then it comes to an end when its goals have been achieved.   This, of course, is all for you to decide.

## <u>INSTRUCTION NO. 7</u>

### On or About

(1)      Next, I want to say a word about the dates mentioned in the indictment.

(2)      The indictment charges that the crimes happened "on or about" certain dates.

The United States does not have to prove that the crimes happened on those exact dates.

But the United States must prove that the crimes happened reasonably close to those dates.

## <u>INSTRUCTION NO. 8</u>

### Inferring Required Mental State

(1)    Next, I want to explain something about proving a defendant's state of mind.

(2)    Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)    You may also consider the natural and probable results of any acts that the Defendants knowingly did, and whether it is reasonable to conclude that the Defendants intended those results.   This, of course, is all for you to decide.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

/s/Andrew Boone
Assistant United States Attorney
