UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-CR-00016-KKC                                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                              PLAINTIFF,

VS.        <u>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE</u>

RUSSELL CLETUS MARICLE,                                                DEFENDANT.

** ** **

Comes now the Defendant, Russell Cletus Maricle, by counsel, and in support of his Motion in Limine, states as follows:

The testimony of Todd Roberts should be limited to his actual observations of events and he should not be allowed to make conclusory statements as to what he believed.  For example, he testified that Ricky Whitehead was buying votes (R. 870, pp. 114-115, ll. 8-25 and ll. 1-6).  However, there is no testimony that Roberts saw Whitehead make any transaction with any voter nor that he even had any money.  He should be prohibited from expressing his personal beliefs (R. 870, p. 116, l. 1), which are irrelevant and highly prejudicial.

Other testimony given by Roberts that should be prohibited and excluded upon retrial appears at R. 836, pp. 46-59, regarding litigation between William Stivers and Roberts arising out of an illegal arrest of Stivers by Roberts resulting in a mediated

settlement. This is not relevant to this case and was admitted for the sole and exclusive purpose of insinuating some sinister connection between Maricle and Stivers. No impropriety existed, and none was proven. (R. 836, pp. 46-50). Maricle was not the judge in the criminal case against Stivers that was dismissed. (R. 836, p. 78, ll. 1-25). In the civil action filed by Stivers against Roberts, no one asked any ruling therein except to sign an order of dismissal settled. (R. 836, p. 81, l. 15–, p. 82, l. 17). Roberts further testified that he was not suggesting that Maricle did anything wrong. (R. 836, p. 83, ll. 7-9).

References to a home incarceration or electronic monitoring program (R. 836, pp. 50, l. 24–pp. 55, l. 18) should likewise not be admitted upon retrial because it has no relevance to this case. At one time, the program was operated by Stivers but was not being operated by him during the time of the election cycles in question or while litigation between Roberts and Stivers was pending. No impropriety existed, and none was proven. No connection existed between this evidence and the charges contained in the indictment.

The home incarceration program was later operated by Jo Davidson, who at one time was Judge Maricle's secretary, but Davidson did not do so while serving as Maricle's secretary. The implication that she was is incorrect. (R. 836, p. 54, ll. 20-23). It has absolutely no connection to the charges in the indictment.

The foregoing matters are examples of the government's attempt to furnish the Defendants with innuendo at the first trial of this case, and should be precluded at the retrial.

Respectfully Submitted,

s/David S. Hoskins
Attorney At Law
107 East First Street
P.O. Box 1185
Corbin, KY 40702-1185
Telephone: (606) 526-9009
Facsimile: (606) 526-1021
Email:  hoskinslaw@bellsouth.net
COUNSEL FOR DEFENDANT
RUSSELL CLETUS MARICLE

CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of September, 2013, I electronically filed this document using the CM/ECF system, which will send notice of filing to all counsel of record.

s/David S. Hoskins
COUNSEL FOR DEFENDANT
RUSSELL CLETUS MARICLE