UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  Plaintiff, )<br>)<br>vs. ) Criminal No. 6: 09-16-S-KKC-REW<br>)<br>CHARLES W. JONES, )<br>  Defendant. )<br>               ) | |

**CHARLES W. JONES' RESPONSE TO UNITED STATES' MOTION *IN LIMINE*__**

Charles W. Jones ("Defendant Jones"), through undersigned counsel, respectfully submits this response to the United States of America's ("United States") Motion *in Limine* [Doc. 1469].

**I. Prior Arrests Not Leading to Conviction**

The United States requests this Court enter an order prohibiting Defendant Jones from cross-examining the United States' witnesses on arrests that did not lead to convictions. In support, the United States cites *United States v. Baker*, 494 F.2d 1262 (6th Cir. 1974), for the proposition that "it is impermissible to impeach a witness using the fact of a prior arrest that did not result in a conviction, unless the circumstances independently demonstrate the witness's bias or prejudice." *[Doc. 1469]* The United States misstates the current status on the law on use of prior arrests not leading to a conviction to show bias or to impeach. In addition, the motion *in limine* on this matter is premature.

The Sixth Circuit in *Baker* stated that "[i]t is well-settled that inquiry is not limited to the mere fact of a prior 'felony' conviction. And, although a witness's credibility generally cannot be impeached by showing arrest, indictments or other acts of misconduct not resulting in a

1

conviction, acts demonstrating a basis for bias and prejudice may be explored to a reasonable degree." *Id.* at 1266 (internal citations omitted). The test is "whether the jury has sufficient other information upon which it may make a discriminating appraisal of the witness's motives and bias." *Id.* at 1267.

Whether the jury has sufficient other information depends on the evidence used at trial to cross-examine the prosecution's witnesses. As such, the United States' motion is premature and should be denied. In the event this Court deems that based on evidence used at trial, Defendant Jones was able to explore the bias and prejudice of the witness during cross-examination by a reasonable degree without reference to arrests, indictments or other acts of misconduct not resulting in a conviction, the United States at that time may move this Court to limit use of prior arrests not leading to conviction. The Court will then have all of the knowledge necessary to exercise its discretion. Instead, the United States seeks to foreclose this possibility prior to trial. Defendant Jones requests this Court deny the United States' Motion on this point as premature.

## II. Polygraphs

The United States requests this Court enter an order precluding Defendant Jones from inquiring into the administration, use, results or any other reference to the polygraph examinations by prosecution witnesses. *[Doc. No. 1469]* In support, the United States cites *United States v. Barger*, 931 F.2d 359 (6th Cir. 1991) and *United States v. Scarborough*, 43 F.3d 1021 (6th Cir. 1994).

Defendant Jones does not disagree that these cases provide that "[g]enerally, the results of polygraph examinations are inadmissible into evidence." *Scarborough* at 1026 and *Barger* at

370. "However, in limited circumstances, the district court has discretion to admit evidence of a party's willingness to take a polygraph examination." *Scarborough* at 1026.

Again, though, the Motion is premature. Defendant Jones requests that the Court reserve deciding this Motion until affected witnesses' testify for the United States.

### III. Out of Court Statements.

Defendant Jones joins in the position set out by Defendant Thompson. *[DE 1514]*.

### IV. *Gun, Grits and Graves*.

The United States requests this Court preclude Defendant Jones from using *Gravy, Grits and Graves* in his cross-examination of TO Blair or any other prosecution witness. Counsel for Defendant Jones has not yet had an opportunity to completely review this book and requests this Court deny the United States motion as premature. This matter can be taken up at trial in the event that the United States chooses to call this Task Force Member as a witness.

### V. Conclusion

For the reasons set forth above, Defendant Jones requests this Court deny the United States' Motion *in Limine* on the issues of the use of prior arrests not leading to conviction, reference to *Gravy, Grits and Graves* and out of court statements; and that this Court note the exception set forth in *Scarborough* in the event it grants the United States' Motion *in Limine* regarding reference to polygraphs.

Respectfully submitted,

*/s/ Scott White*_____.
Scott White
Morgan & Pottinger, PSC
133 W. Short Street
Lexington, KY  40507
859. 226-5288 (DIRECT)
tsw@m-p.net

**Certificate of Service**

I certify that this Compliance was served on all parties via ECF system on October 11, 2013.

/s/ *Scott White*_____.
Scott White