UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| RUSSELL CLETUS MARICLE, ) | |
| DOUGLAS C. ADAMS, ) | |
| CHARLES WAYNE JONES, ) | |
| WILLIAM E. STIVERS, and ) | |
| FREDDY W. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motions to dismiss Count One of the superseding indictment filed by Defendants Freddy W. Thompson (DE 1372) and Charles W. Jones (DE 1418).

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Thompson, Jones, Russell Cletus Maricle, Douglas C. Adams, and William E. Stivers.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722

F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

In Count One of the superseding indictment, all five Defendants are charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C § 1962(d). RICO regulates enterprises "engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c). Thus, RICO regulates two kinds of enterprises: 1) enterprises *engaged in* interstate or foreign commerce; and 2) enterprises that engage in activities that *affect* interstate or foreign commerce.

On these motions, the parties argue about what the statute means by the word "affect," i.e., whether the statute requires a minimal or substantial effect on interstate commerce. The Court sees a more fundamental, threshold issue: the identification of the alleged RICO enterprise. The enterprise must be identified before any determination can be made as to whether it conducts "economic activity" and affects interstate commerce.

In the indictment and in its response to the motions, the government identifies the RICO enterprise as the Clay County Board of Elections. The government argues, however, that, in determining whether the RICO enterprise conducted "economic activity" and sufficiently affected interstate commerce, the activities of all of the Defendants should be considered.

The government's argument would seem to comport with the definition of the term enterprise in the RICO statute. The act defines an enterprise as including "any individual, partnership, corporation, association, or other legal entity, *and* any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (emphasis added). Nevertheless, the indictment does not appear to define the enterprise to include all of the Defendants.

The identification of the enterprise is a critical issue that must be resolved prior to trial. Accordingly, the Court hereby ORDERS as follows:

1) on or before **Friday, October 18, 2013**, the government SHALL FILE a brief that defines precisely the alleged RICO enterprise. If that definition differs from that set forth in the indictment, then the government must address whether the Defendants were sufficiently notified of the RICO charge pending against them;

2) any responses to the government's brief SHALL BE FILED on or before **Wednesday, October 23, 2013**; and

3) the **pretrial conference and arraignments scheduled for October 15, 2013 are hereby CONTINUED** pending further orders of the Court. The Court's scheduling clerk will contact the parties to reschedule the pretrial and arraignments for a mutually convenient date.

3



Signed By:
*Karen K. Caldwell* KKC
United States District Judge