UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 09-16-S-DCR                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                        PLAINTIFF

V.  **RESPONSE TO MOTION FOR RELEASE OF NOTICE OF LIS PENDENS AND RETURN OF PROPERTY**

**RUSSELL CLETUS MARICLE,**                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Comes the United States, and in response, state as follows:

The statement by Maricle that there is no authority under federal or state law to file a *lis pendens* on substitute assets is misleading.  *U.S. v. Parrett,* 530 F.3d 422 at 432 (6th Cir 2008) opines that state law determines whether or not the filing of *a lis pendens* is appropriate. This court previously ruled in *U.S. v. Coffman,* 2010 U.S. Lexis 108602 (E.D.KY, Central Division October 7, 2010), that the controlling Kentucky statute, KY. REV. STAT. § 382.440, does not permit the government to file a notice of *lis pendens* on substitute property and ordered the government to remove the notices of *lis pendens*. The government argues that the holding was incorrect and respectfully requests that the Court revisit that opinion.

The state courts in Kentucky have not addressed the issue of whether it is proper to file notices of *lis pendens* on substitute property and the language of the controlling state statute can reasonably be interpreted to support both outcomes. Although a state court decision applying the *lis pendens* statute in the context of a divorce action between private parties was used by this Court in *Coffman* to support the more restrictive interpretation, there is no Kentucky law on the precise issue. The forfeiture of substitute assets under federal forfeiture law is not likely to have been an issue on the minds of Kentucky's legislature when the *lis pendens* statute was enacted. Contrary to filing notices of *lis pendens* in civil actions among private parties, notices of *lis pendens* in connection with criminal forfeiture actions contemplate a more generous reading than contemplated by the district court. If the defendants are convicted, in this case, for a second time, the forfeiture of the substitute assets will be mandatory, therefore the title to the property is clearly affected by the pending federal criminal case. *See United States v. Gallion*, No. 07-39-DCR, 2009 WL 2242413, at *2 (E.D. Ky. July 24, 2009). The filing of a *lis pendens* is proper because the government needs to ensure there is adequate notice to third parties so they do not acquire the property as *bona fide* purchasers1. *See Parrett,* 530 F.3d at 432. Moreover, an analysis of state asset forfeiture law reveals that notices of *lis pendens* are proper when filed on substitute property. Kentucky forfeiture law contains a substitute assets provision under paragraph (3), which is similar

---

1 In his Motion, Maricle imparts that he is going to use this property to somehow aid in his defense. The logical assumption is that he is going to deed the property to his attorney or sell to a third party to pay for legal expenses, and therefore, making it unavailable for forfeiture in the event of conviction.

2

to federal statute 21 U.S.C. § 853(p). [KY. REV. STAT. § 218A.410]. The state statute declares in paragraph (2) that title to all property listed in the section (which includes substitute assets) "vests in the Commonwealth on the commission of the act or ommission giving rise to forfeiture . . .." The state's forfeiture statute proceeds to allow the Commonwealth to file a *lis pendens* in the property records regarding any property named in KY. REV. STAT. § 218A.410 (the earlier referenced statute). [KY. REV. STAT. § 218A.450]. Therefore, if authority to file a *lis pendens* in a federal forfeiture action rests with how a state statute speaks to the situation, then it seems clear that it is proper to file a *lis pendens* on substitute property noticed in the forfeiture allegation of a criminal indictment.

Although, as explained above, the government cannot prevent alienation of the property pending judgment by an injunction, court order, or seizure warrant, a notice of *lis pendens* is not a pre-judgment restraint or seizure[2]. The purpose of a notice of *lis pendens* is different: it does not restrain the defendant or anyone else from transferring or altering the property in any way. *See Diaz v. Paterson*, 547 F.3d 88, 98 (2d Cir. 2008) (the effect of a *lis pendens* "is simply to give notice to the world of the remedy being sought" in a pending lawsuit; the owner of the property "continues to be able to inhabit and use the property, receive rental income from it, enjoy its privacy, and even alienate

---

[2] The district court did not specifically rule that filing a *lis pendens* was a restraint on property, instead stating, "[a]lthough the distinction between a *lis pendens* and a restraint on property may be important in some contexts, here the Court finds that the characterization is irrelevant." [R. 147, Order at Page 4].

3

it"; thus, a lis pendens "is deemed one of the less restrictive means of protecting a disputed property interest," citing *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993)).  A notice of *lis pendens* simply provides notice in the chain of title to a potential purchaser or transferee that the property is subject to possible forfeiture. This ensures that the government's interest in the property, if it prevails in the criminal forfeiture action, is superior to any transferee who obtains an interest in the property after the notice of *lis pendens* has been filed.  *See, e.g., United States v. Register,* 182 F.3d 820, 837 (11th Cir. 1999) ("a filing of a *lis pendens* pursuant to state statute does not constitute a 'seizure' and does not affect property interests to an extent significant enough to implicate the Due Process Clause of the Fifth Amendment"); *United States v. Lebed*, 2005 WL 2495843 at *10 (E.D. Pa. 2005) ("in the context of forfeiture *lis pendens* simply do not rise to the level of restraint or seizure"); *United States v. Borne*, 2003 WL 22836059 at *3 (E.D.La. 2003) (holding that *lis pendens* is not a pre-trial restraint); *United States v. Miller*, 26 F.Supp. 2d 415, 432 n. 15 (N.D.N.Y. 1998) (McAvoy, J.) (agreeing with defendant that the government lacked the authority to restrain substitute property before trial but concluding that this did "not affect the government's filing of a *lis pendens* on real properties identified in the indictment as substitute assets . . . [because t]he filing of a *lis pendens* does not constitute a 'restraint' or 'seizure' within the meaning of 21 U.S.C. § 853(e) or (f), respectively"); *see also United States v. James Daniel Good Real Property*, 510 U.S. 43, 54-59 (1993) (distinguishing *lis pendens* from seizure by noting that only the latter gives the government "not only the right to prohibit sale, but

4

also the right to evict occupants, to modify the property, to condition occupancy, to receive rents, and to supersede the owner in all rights pertaining to the use, possession, and enjoyment of the property");  *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 15 (1984) (filing of *lis pendens* not a taking under the Fifth Amendment because it left the owner "free to make whatever use it pleased of its property").   Indeed, the Supreme Court has recommended use of a *lis pendens* as a less restrictive means than seizure of preserving the government's interest in real property.  *See James Daniel Good Real Property*, 510 U.S. at 58-59.[3]

Federal asset forfeiture law does not authorize the government to file a notice of *lis pendens* in the chain of title of a piece of real property named as substitute property in a forfeiture allegation, but nor does it bar the government from relying on a state *lis pendens* statute as a source of authority.   See *Parrett*, 530 F.3d at 432 ("We conclude that the federal government may file a notice of *lis pendens* against substitute assets prior to the entry of a forfeiture order, as long as it has fulfilled the relevant state-law requirements.").

### 1.  The Language in Ky. Rev. Stat. § 382.440

---

[3]  In *Coffman*, the Court failed to acknowledge this important distinction between pre-judgment restraint of property, which directly prohibits the owner from transferring or encumbering the property, and the filing of a notice of *lis pendens*, which leaves the owner free to do as he pleases with the property and only puts third parties on notice of the government's potential forfeiture of the property.   In its Order dated October 7, 2010, the Court wrote that "[a]lthough the distinction between a *lis pendens* and a restraint on property may be important in some contexts, here the Court finds that the characterization is irrelevant."

The applicable Kentucky state *lis pendens* statute, KY. REV. STAT. § 382.440, provides in part that "such notice may be filed by any party in interest. No notice shall extend to the interest of any person not designated therein, nor to any real property or interest except that described therein, and when any amendment is made in the action or proceeding changing the description of the real property, or interest involved or affected, or extending the claim against the property, the party filing such notice shall file a new notice."[4]

---

[4] The full statute reads:

> Memorandum of actions affecting real property to be filed. (1) No action, cross-action, counterclaim, or any other proceeding, except actions for forcible detainer or forcible entry or detainer, commenced or filed in any court of this state, in which the title to, or the possession or use of, or any lien, tax, assessment or charge on real property, or any interest therein, is in any manner affected or involved, nor any order nor judgment therein, nor any sale or other proceeding, nor any proceeding in, nor judgment or decree rendered, in a district court of the United States, shall in any manner affect the right, title or interest of any subsequent purchaser, lessee, or encumbrancer of such real property, or interest for value and without notice thereof, except from the time there is filed, in the office of the county clerk of the county in which such real property or the greater part thereof lies, a memorandum stating: (a) The number of the action, if it is numbered, and the style of such action or proceeding and the court in which it is commenced, or is pending; (b) The name of the person whose right, title, interest in, or claim to, real property is involved or affected; and (c) A description of the real property in the county thereby affected. (2) Such notice may be filed by any party in interest. No notice shall extend to the interest of any person not designated therein, nor to any real property or interest except that described therein, and when any amendment is made in the action or proceeding changing the description of the real property, or interest involved or affected, or extending the claim against the property, the party filing such notice shall file a new notice. (3) Where the real

In *Coffman,* the Court found that the plain language of Kentucky's *lis pendens* statute requires the recording party to have an actual interest in the subject property at the time the action commences or is filed, and since the government's interest in substitute property does not relate back to the commission of the crime, it cannot properly file a *lis pendens* on the property. The court continued that the government's interest in substitute property will not become actual or present unless the defendants are convicted and the proceeds of the crime are unavailable for forfeiture for one of the reasons set forth in 21 U.S.C. § 853(p).

The Court rejected the government's contention that § 382.440 applies in the circumstances of substitute assets. It did so by reading the state *lis pendens* statute narrowly and basing its rationale on a state court divorce action. The court did not address the persuasive authority cited by the government, and instead relied on cases from other circuits, particularly the Tenth, to find that the government did not have a present interest in § 853(p) substitute assets until (1) the defendant was convicted, and (2) the defendant's § 853(a) tainted assets were unavailable for forfeiture. [R. 147, Order Page 7].

Citing the state court civil action of *Greene v. McFarland*, the Court determined that a *lis pendens* is a "notice, recorded in the chain of title to real property, . . . to warn

---

property so affected consists of tracts lying in different counties, a separate notice shall be filed in each county as to the tract lying in that county.

all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." [R. 147, Order at Page 4].   The Court proceeded to find that property listed in the forfeiture allegation of a criminal indictment did not mean the property was at that point "the subject matter of litigation," and therefore the *lis pendens* must be removed.   But, in a case where tainted property has been dissipated, such as the instant case, making forfeiture of substitute real property a virtual certainty upon judgment, the Court's interpretation elevates form over substance.   As stated, upon conviction in the federal criminal case and satisfaction of any of the requirements in 21 U.S.C. § 853(p), forfeiture of substitute property is mandatory.   It seems to make little sense to say, as the Court did, that a proceeding that almost certainly will result in forfeiture of property to the United States in the event of a conviction is not the "subject matter of litigation."

**2. Distinction Between Application filing of *Lis Pendens* in State Court Civil Actions and Federal Criminal Actions**

The district court relied primarily on the holding from a state court divorce action in disapproving of the government's action of filing a *lis pendens* on substitute property. However, there are sharp distinctions to be made between state court civil matters and matters when the federal government obtains a criminal indictment from a grand jury for offenses that support asset forfeiture allegations.   Unlike civil litigants, who routinely act only out of self-interest and may file notices of *lis pendens* as a means of unfairly compelling litigation adversaries who wish to sell or mortgage property to settle civil

cases, the government acts in the public interest when it seeks to forfeit assets. In addition, there is considerably less risk that the government, which is a repeat player in judicial proceedings, whose actions are subject to more searching judicial scrutiny than private litigants, and which has its own internal supervision and oversight mechanisms, will file notice of *lis pendens* for improper reasons. Indeed, as pointed out, it appears that the Kentucky legislature has made a policy decision to permit state prosecutors to file *lis pendens* on substitute property.

### 3. The $50,000

After conviction, the United States moved for the forfeiture of substitute assets, including real property and personal property. Among the personal property was a houseboat. The United States sent notice to all interested persons and Judy Maricle, the wife of defendant Russell Cletus Maricle filed a claim to all the property. The United States entered into a settlement agreement with Judy Maricle and she moved jointly with the United States to sell the houseboat and divide the proceeds. It would be fatal to the United States to return that money now, when it was agreed upon by the parties to divide the sale proceeds, when the forfeiture is mandatory upon conviction. To do so would nullify the agreement between the parties, as surely that money would no longer be available for forfeiture.

In conclusion, as stated, upon conviction in the federal criminal case and satisfaction of any of the requirements in 21 U.S.C. § 853(p), forfeiture of substitute property is mandatory. It seems to make little sense to say that a proceeding that almost

certainly will result in forfeiture of property to the United States in the event of a conviction is not the "subject matter of litigation" for purposes of the filing of a Lis Pendens.  It is not a restraint, nor a seizure, but merely a method of providing notice to third party purchasers.  *U.S. v. Thomas,* 440 Fed. Appx 148, 151-52 (3rd Cir. 2011) Further, the retention of the $50,000 is justified as the proceeds of the sale were divided as agreed upon by the parties.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

/s/ David Y. Olinger, Jr.
David Y. Olinger, Jr.
Assistant United States Attorney
260 W. Vine St., Suite 300
Lexington, KY 40507
(859) 685-4896

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will notify all registered CM/ECF participants.

s/ David Y. Olinger Jr.
David Y. Olinger, Jr.
Assistant U.S. Attorney