UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| RUSSELL CLETUS MARICLE, | ) | |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Motion to Dismiss Count One (DE 1416) filed by the Defendant Russell Cletus Maricle. For the following reasons, the motion will be denied.

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Maricle, Douglas C. Adams, Charles Wayne Jones, William E. Stivers, and Freddy W. Thompson.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
|---|---|---|
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

In Count One of the superseding indictment, all five Defendants are charged with conspiring to violate subsection (c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") in violation of 18 U.S.C § 1962(d). Subsection (c) of the Act prohibits any person who is "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c).

RICO defines "racketeering activity" as:

(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year;
(B) any act which is indictable under any of the following provisions of title 18, United States Code: [various enumerated provisions of the Code].

18 U.S.C. §1961(1).

The government alleges that the racketeering activity in this cases consists of vote buying which is prohibited by Kentucky Revised Statute § 119.205(1). That statute

prohibits any person from making or offering to make "an expenditure to any person, either to vote or to withhold his vote for or against any candidate . . . ." In its opinion in this case, the Sixth Circuit held that "vote buying in violation of Kentucky Revised Statute § 119.205 is the type of activity that is generally known or characterized as involving bribery." *United States v. Adams*, 722 F.3d 788, 803 (6th Cir. 2013). The court further determined that vote buying is a valid predicate act under RICO. *Id*. at 804.

In this motion, Maricle argues that, under the Sixth Circuit's interpretation, RICO prohibits the bribery of voters in even purely state and local elections, and that Congress has no power to regulate conduct in such elections. Maricle argues that, pursuant to the Tenth Amendment, states have exclusive power over nonfederal elections. In support of his argument, Maricle cites *James v. Bowman*, 190 U.S. 127 (1903) in which the Supreme Court stated that "Congress has no power to punish bribery at all elections. The limits of its power are in respect to elections in which the nation is directly interested, or in which some mandate of the national Constitution is disobeyed . . . ." *Id*. at 142.

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S Const. amend. X. But the Constitution also specifically grants Congress the power "to regulate commerce with foreign nations, and among the several States . . . . " U.S. Const. art. I, § 8, cl. 3. Courts, including the Sixth Circuit, have consistently upheld RICO as a constitutional exercise of Congress's power under the Commerce Clause. This is because "[f]ederal prohibition of interstate racketeering is clearly within the constitutional delegation of federal power over

Commerce 'among the several States.'" *United States v. Thompson*, 685 F.2d 993, 1001-02 (6th Cir. 1982).

RICO punishes different actions than the actions proscribed by the state laws that serve as predicate acts under 18 U.S.C. § 1961(1)(A). RICO imposes "criminal penalties upon individuals who have committed at least two predicate acts of racketeering while associated with or employed by an enterprise affecting interstate commerce." *Id*. at 1001. "RICO was not designed to punish state law violations; it was designed to punish the impact on commerce caused by conduct which meets the statute's definition of racketeering activity." *United States v. Forsythe*, 560 F.2d 1127, 1135 (3rd Cir. 1977). *See also United States v. Kehoe*, 310 F.3d 579, 588 (8th Cir. 2002) ("RICO criminalizes the 'furthering of the enterprise, not the predicate acts'" and, thus, RICO does not "improperly encroach upon state sovereignty to prosecute individuals for state common law crimes."); *United States v. Martino*, 648 F.2d 367, 381 (5th Cir. 1981) (explaining that defendants convicted under RICO "were not convicted of the state offense of arson; they were all . . . convicted of the federal offense[] of . . . conspiring to participate and participating in the affairs of an enterprise affecting interstate commerce."); *United States v. Vignola*, 464 F. Supp. 1091, 1098 (D.C. Pa. 1979) (explaining that RICO was not "meant to, nor does it, punish purely state law violations . . . The defendant in this case has not been subjected to trial in federal court because he has violated state bribery laws, but because he has corrupted and weakened an enterprise whose activities affect interstate commerce.")

For these reasons, assuming that the activities of the RICO enterprise alleged in this action had a sufficient impact on interstate commerce, RICO is not unconstitutionally

applied to the Defendants' alleged actions. The Court hereby ORDERS that Maricle's motion to dismiss Count One (DE 1416) is DENIED.

Dated this 22nd day of October, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge