UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 6:09-16-KKC |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| RUSSELL CLETUS MARICLE, ) | |
| DOUGLAS C. ADAMS, ) | |
| CHARLES WAYNE JONES, ) | |
| WILLIAM E. STIVERS, and ) | |
| FREDDY W. THOMPSON, ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on multiple motions to dismiss filed by the Defendants.

The Defendants are charged with various violations of federal law, all of which are related to their alleged participation in a vote-buying and vote-stealing scheme in Clay County, Kentucky that lasted from 2002 to 2007 and encompassed three election cycles – 2002, 2004, and 2006. There are now five Defendants in this matter scheduled for trial: Freddy Thompson, Charles W. Jones, Russell Cletus Maricle, Douglas C. Adams, and William E. Stivers.

Trial is scheduled to begin November 4, 2013. This will be the second trial of these Defendants. Their first trial occurred before U.S. District Judge Danny Reeves. After seven weeks, the jury found all of the Defendants guilty of all counts. The Sixth Circuit vacated the Defendants' convictions finding that that the cumulative effect of various errors during the trial warranted a new trial. *United States v. Adams, et al.*, 722 F.3d 788 (6th Cir. 2013). Judge Reeves recused from the matter and reassigned it to the undersigned. (DE 1311.)

Following is a summary of the charges against each Defendant:

| Count Number | Defendants Charged | Charge |
| --- | --- | --- |
| Count 1 | Maricle, Adams, Jones, Stivers, Thompson | Conspiracy to violate RICO under 18 U.S.C. § 1962(d) |
| Count 2 | Maricle and Stivers | Instructing a grand jury witness to testify falsely in violation of 18 U.S.C. § 1503 |
| Count 3 | Thompson | Giving false grand jury testimony in violation of 18 U.S.C. § 1503 |
| Count 4 | Maricle, Jones, Stivers, and Thompson | Conspiracy to oppress voting rights of citizens under 18 U.S.C. § 241 |
| Count 5 | Maricle, Jones, Stivers, and Thompson | Conspiracy to buy votes in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i |

In Count 1 of the superseding indictment, all five Defendants are charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C § 1962(d). RICO regulates enterprises "engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c).

On October 17, 2013, the grand jury issued a Third Superseding Indictment in this matter. The relevant changes in the Third Superseding Indictment were contained in the Count 1 RICO charge. The Second Superseding Indictment and prior indictments in this matter defined the RICO enterprise as the Clay County Board of Elections (the "Board") and asserted that the *Board* was engaged in interstate commerce and that its activities affected interstate commerce. (DE 272, First Superseding Indictment, ¶ 10; DE 1493, Second Superseding Indictment, ¶ 7.) The Third Superseding Indictment alleges that the RICO enterprise was comprised of "the Defendants and their associates" and that this *association* engaged in interstate commerce and its activities affected interstate commerce. (DE 1529, Third Superseding Indictment, ¶ 7.)

Four of the Defendants move to dismiss the RICO charge in the Third Superseding Indictment on various grounds. Each of these motions is addressed below.

### I. Douglas C. Adams' Motion (DE 1538)

Defendant Adams moves to dismiss Count I arguing that it violates the "distinctness" requirement discussed in *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001). In that case, the Supreme Court determined that, "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id*. at 161.

Here, the indictment alleges two distinct entities: Adams, the person, and an enterprise consisting of Adams and his codefendants and their associates. It is true that the indictment alleges that Adams, the person, was a member of the enterprise. This is not a violation of the distinctness requirement. If so, the individual members of RICO enterprises could never be prosecuted for violating RICO.

For these reasons, Adams' motion to dismiss (DE 1538) will be DENIED.

By footnote, Adams also renews his prior motion to dismiss Count 1 (DE 1410), which argued that the indictment was fatally deficient because the government failed to allege that the enterprise's activities had a substantial effect on interstate commerce and also that the charge was duplicitous. For the reasons stated in the Court's opinion on that motion (DE 1537), the Court will again DENY Adam's motion to dismiss at Docket Entry 1410.

By footnote, Adams adopts and renews codefendant Maricle's prior motion to dismiss Count 1 at Docket Entry 1416 which argued that it is unconstitutional to premise

a RICO charge on violations of state laws against vote buying. For the reasons stated in the Court's opinions on that motion (DE 1535), the Court again DENIES Maricle's motion to dismiss at Docket Entry 1416.

By footnote, Adams also adopts and renews "the Commerce Clause" analysis in the motions to dismiss the RICO charged filed by codefendants Jones and Thompson (DE 1372, 1418). In those motions, Jones and Thompson argued that the Court should dismiss the RICO charge because the government could not prove that the *Board's* activities sufficiently affected interstate commerce. In its opinion (DE 1536), the Court denied the motions as moot because the superseding indictment no longer alleges that the Board is the RICO enterprise. For the same reason, the Court again DENIES as moot the motions to dismiss Count One at Docket Entries 1372 and 1418.

## II. Charles Wayne Jones' Motion (DE 1540)

Defendant Jones argues that the RICO charge in the Third Superseding Indictment should be dismissed for two reasons. First, Jones argues that the most recent indictment's change in the definition of the RICO enterprise violates the law-of-the-case doctrine. Second, Jones argues that the RICO charge is barred by the five-year statute of limitations.

As to the law-of-the-case doctrine, under this doctrine "findings made at one point in the litigation become law of the case for subsequent stages of the same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The doctrine "generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id*. The doctrine does not bar the government from obtaining a

4

superseding indictment after a case has been remanded on appeal. *See United States v Gilbert*, 175 F. App'x 61, 64 (7th Cir. 2006).

Furthermore, "[t]he law-of-the-case doctrine only applies to issues the court actually decided." *John B. v. Emkes*, 710 F.3d 394, 403 (6th Cir. 2013). The Sixth Circuit did not decide that the RICO enterprise in this action was the Clay County Board of Elections. Nor was that an issue that was even presented on appeal. In the portion of the opinion cited by Jones, the Sixth Circuit stated only that the government *alleged* that the Board was the RICO enterprise in this action. *Adams*, 722 F.3d at 799.

As to Jones' argument that the RICO charge contained in the third superseding is time-barred, the statute of limitations for a RICO claim is five years after the offense was committed. 18 U.S.C. § 3282(a). "[A]s long as the superseding indictment does not broaden the original indictment, the superseding indictment relates back to the filing of the original indictment even if the superseding indictment is filed outside of the statute of limitations." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). "Notice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone in determining whether a superseding indictment has broadened the original indictment." *Id*. at 229.

The government appears to concede that the Second and Third Superseding Indictments were filed after the five-year limitations period had expired. The original and First Superseding Indictments were both filed in 2009, which was within the five-year limitations period. Thus, in determining whether the RICO charge in the most recent indictment is time-barred, the issue is whether the RICO charge contained in the timely filed First Superseding Indictment adequately notified the Defendants of the RICO

charge contained in the most recent indictment so that they could defend against it. If so, the Third Superseding Indictment relates back to the First Superseding Indictment and the RICO charge is not time barred.

The only change to the RICO count contained in the Third Superseding Indictment is the definition of the enterprise discussed above. The First and Third Superseding Indictments contain nearly identical descriptions of each Defendant's role in the enterprise. With regard to Jones, for example, both indictments state that he "was active in the political affairs of the county by, among other acts, serving as election officer and exerting influence over the selection of precinct workers." (DE 272, First Superseding Indictment ¶ 4; DE 1529, Third Superseding Indictment, ¶ 4.) Both indictments further allege that "Jones served on the Clay County Board of Elections during the election cycles of 2002, 2004 and 2006." (DE 272, First Superseding Indictment ¶ 4; DE 1529, Third Superseding Indictment, ¶ 4.)

The indictments contain nearly identical descriptions of the Defendants' purpose. Both allege that the Defendants sought to "obtain, solidify, preserve and expand for the Defendants and their associates, political power and control within the county, and personal enrichment for themselves and their associates." Both allege that the Defendants sought to achieve their goal "through the use and misuse of the authority and power of the" Board and "the offices of circuit judge, superintendent of schools, and county clerk." (DE 272, First Superseding Indictment ¶ 11; DE 1529, Third Superseding Indictment, ¶ 8.)

Both indictments allege that the RICO conspiracy occurred from about March 2002 to July 17, 2007. (DE 272, First Superseding Indictment ¶ 13; DE 1529, Third

Superseding Indictment, ¶ 10.)  Both indictments allege that the pattern of racketeering consisted of multiple acts of bribery and obstruction of justice. (DE 272, First Superseding Indictment ¶ 13; DE 1529, Third Superseding Indictment, ¶ 10.)  Both indictments allege that the acts of bribery consisted of vote buying in violation of state law. (DE 272, First Superseding Indictment ¶ 13; DE 1529, Third Superseding Indictment, ¶ 10.)

Thus, both indictments allege that the Defendants used the Board and certain elected county offices to achieve their goals and that they engaged in vote buying and obstruction of justice. The change in the definition of the RICO enterprise from the Board, which acted through the use of the Board and the county offices, to an association of the Defendants, which acted through the use of the Board and these offices, is not a substantive change.  The RICO charges in the First and Third Superseding Indictments rely on the same factual allegations and the same evidence.  The Defendants saw all of that evidence in the first trial.  They have been adequately notified of the RICO charge against them.

For these reasons, the motion to dismiss filed by Defendant Jones will be DENIED.

### III.  Freddy Thompson's Motion (DE 1541)

Defendant Thompson argues that the RICO charge should be dismissed because the government cannot prove that the RICO enterprise identified in the Third Superseding Indictment had the requisite effect on interstate commerce. The Sixth Circuit has recognized that this argument goes to the sufficiency of the evidence, not to the court's subject-matter jurisdiction.  *United States v. Riddle*, 249 F.3d 529, 536 (6th Cir. 2001).

The Court cannot decide this motion before any evidence has been presented to it. Thus, the Court will deny this motion as premature but will grant Thompson leave to reassert it at the close of the government's proof.

In a prior motion to dismiss (DE 1372, Motion; DE 1461, Reply), Thompson urged the Court to determine the sufficiency of the evidence before the second trial and rely on the evidence presented at the first trial. The Court is aware of no authority that would permit it to do that. The Defendants have been granted a *new trial*. Further, the Sixth Circuit has ruled that some of the evidence presented at the first trial was unfairly prejudicial to the Defendants and should be excluded from the second trial. The Court will not, therefore, make any rulings based on the evidence presented at the first trial.

For these reasons, Freddy Thompson's motion to dismiss will be DENIED as premature.

### IV.     William Stivers' Motion (DE 1544)

Defendant Stivers argues that the RICO charge should be dismissed under the doctrine of judicial estoppel. Stivers argues that, throughout this action, the government has argued that the Board was the RICO enterprise and that it should now be estopped from arguing that the RICO enterprise was an association made up of the Defendants and their associates.

"Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding." *Warda v. Comm'r*, 15 F.3d 533, 538 (6th Cir. 1994). The doctrine must be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement."

8

*Teledyne Indus. Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990). For this reason, the doctrine is "generally limited to circumstances where a party asserts a position in litigation that is adopted by the court, gains an advantage through that assertion, and then attempts to assert a clearly opposite position in a later proceeding." *United States v. Hammon*, 277 F. App'x 560, 566 (6th Cir. 2008).

Here, the government has not taken a clearly opposite or inconsistent position from one asserted earlier in this proceeding. As explained above, the government asserted in the First Superseding Indictment that the Defendants sought to achieve and solidify political power through the Board and certain elected county offices and that they engaged in vote buying and obstruction of justice to achieve that goal. The government continues to make this same case. The government's current assertion that the RICO enterprise consisted of the Defendants and their associates acting through the Board and county offices is not clearly opposite or inconsistent from their prior allegation that the RICO enterprise consisted of the Board and that the Defendants and their associates acted through the Board and the same county offices to achieve their goal.

Accordingly, the government is not estopped from asserting that the RICO enterprise consisted of the Defendants and their associates and the Court will DENY Stivers' Motion to Dismiss.

### V. Conclusion.

For all these reasons, the Court hereby ORDERS that the motions to dismiss filed by the Defendants at Docket Entries 1538, 1540, and 1544 are DENIED and Defendant Thompson's motion to dismiss at Docket Entry 1541 is DENIED as premature with leave for the Defendant to reassert it at the close of the government's case in chief. The Court

further again DENIES the motions to dismiss at Docket Entries 1410 and 1416 and DENIES as moot the motions at Docket Entries 1372 and 1418.

In addition, the Court has recently been advised via a pleading filed by Freddy Thompson's counsel and e-mails sent to Chambers by the Assistant United States Attorney and counsel for Charles Wayne Jones that plea agreements for at least some of the Defendants are imminent. The Court understands that these agreements will purport to be both binding on the Court and conditioned on certain appeal rights. The Court further understands that certain Defendants may wish to enter guilty pleas at the pretrial conference scheduled for October 31, 2013 at 2:00 p.m.

The Court hereby ORDERS that, if any Defendant wishes to enter a guilty plea at the scheduled pretrial conference, the Defendant shall email Chambers at kcaldwellmemos@kyed.uscourts.gov, **before 12:00 p.m. on October 31, 2013**, a copy of any applicable plea agreement. The Court further hereby ORDERS that, if any Defendant entering a plea seeks to reserve his right to appeal an issue, then the plea agreement SHALL SPECIFY the issues for which the Defendant seeks to reserve the right to appeal. Because of the intensity of the motion practice in this case, the multiple issues raised in various motions, the reassertion of prior motions within motions, the brief time that the Court will be permitted to review the proposed plea agreements, and their binding nature, the plea agreements should specifically identify the issues reserved for appeal instead of referring simply to docket entry numbers.

Dated this 30th day of October, 2013.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY