UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:09-CR-16-KKC                                         *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.     UNITED STATES' RESPONSE TO DEFENDANT MARICLE'S
       <u>MOTION TO PRECLUDE JEFF SAGRECY FROM TESTIFYING</u>

RUSSELL CLETUS MARICLE, ET AL.                                               DEFENDANTS

\* \* \* \* \* \*

Defendant Maricle has moved to preclude Jeff Sagrecy, Special Agent for the IRS Criminal Investigation Division, from testifying as an expert witness on the ground that the United States' Notice Of Intent To Call Expert Witness (the "Notice") [DE #1505] is deficient. Simply put, this contention is meritless; the Notice plainly complies with the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G). Defendant's motion [DE #1563] should therefore be denied.

Rule 16(a)(1)(G) requires the United States to give the defendant, upon request, "a written summary of any testimony that [it] intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence during its case-in-chief at trial" upon request. FED. R. CRIM. P. 16(a)(1)(G). This written summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

Contrary to Defendant's assertion otherwise, the Notice provides all of the information required by the Rule. First, the Notice "describe[s] the witness's opinions." It states that Agent Sagrecy "will provide his opinion at trial concerning the effects on interstate commerce caused by the activities of the enterprise." The Notice specifies that Agent Sagrecy will opine that

certain federally-funded public works contracts, whose award was controlled by the enterprise, affected interstate commerce. These statements notify Defendant that Agent Sagrecy is of the opinion that the activities of the enterprise affected interstate commerce. *See United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007) (summary under Rule 16(a) should "identify what opinion the expert would offer" on listed subjects).

Second, the Notice provides ample information concerning "the witness's qualifications." FED. R. CRIM. P. 16(a)(1)(G). Appended to the Notice is Agent Sagrecy's Curriculum Vitae, which details his training and experience in investigating financial crimes. This Curriculum Vitae provides more than sufficient information for Defendant to prepare cross-examination on Agent Sagrecy's qualifications to provide opinion testimony. *Compare United States v. Duvall*, 272 F.3d 825, 828 n.1 (7th Cir. 2001) (finding that inclusion of witness's resume, along with statement that testimony would be based on training and experience, satisfied requirements of Rule 16(a)), *with White*, 492 F.3d at 406-07 (disclosure of witness's qualifications inadequate where notice failed to quantify witness's experience or attach resume).

Finally, the Notice sufficiently "describes . . . the bases and reasons" for Agent Sagrecy's opinions. FED. R. CRIM. P. 16(a)(1)(G). Specifically, the Notice states that Agent Sagrecy's opinion testimony will be "based on his investigation," which was informed by his experience and training. The investigation revealed that the activities of the enterprise included control over the award of certain federally-funded public works contracts. Agent Sagrecy's opinion that the enterprise's activities affected interstate commerce is based on these facts. *See United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995) (summary providing brief factual basis for opinion as

well as statement that testimony based on experience in similar investigations sufficient under Rule 16(a)).

The Notice provides Defendant with sufficient information to meet the goals of disclosure under Rule 16(a)(1)(G), which are "to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." FED. R. CRIM. P. 16 advisory committee's note (1993). The Notice is bolstered by the fact that Defendant heard Agent Sagrecy's testimony and opinions on the interstate commerce issue at the first trial. Defendant is hard-pressed to claim that Agent Sagrecy's opinions are unexpected or surprising. *Cf.* Opinion and Order dated October 30, 2013 [DE # 1561] (noting that "Defendants saw all of that evidence [concerning the RICO charge] in the first trial" and have therefore been "adequately notified").

Although the United States maintains that the Notice complies with Rule 16(a)(1)(G), it will nonetheless provide the following supplemental summary of Agent Sagrecy's anticipated testimony at trial:

Jeff Sagrecy, Special Agent with the IRS Criminal Investigation Division, will testify and provide his opinion at trial concerning the effects on interstate commerce caused by the activities of the enterprise. Agent Sagrecy will base his testimony and opinions on his years of training and experience in the area of financial crimes, as detailed in his Curriculum Vitae, which was previously provided. Agent Sagrecy will also base his testimony and opinions on facts he learned during his multi-year investigation of the enterprise's activities.

Agent Sagrecy will testify that, based on facts learned during his investigation, the

activities of the enterprise included control over the award of certain public works contracts. Specifically, Agent Sagrecy will testify that his investigation revealed that a component of the enterprise's scheme was to secure, through vote-buying and vote-stealing, the election of public officials, including officials of the Manchester city government, who would in turn use their elected positions to award city contracts to enterprise members.

Agent Sagrecy will also testify that the City of Manchester awarded certain public works contracts to B&B Excavating, a company owned by enterprise member Stanley Bowling, and to B&J Transfer, a company owned by enterprise member Bart Morris. Both Mr. Bowling and Mr. Morris participated in vote-buying activities on behalf of the enterprise. Agent Sagrecy will testify that members of the Manchester City government worked to award these contracts, without a competitive bidding process, because of Morris' and Bowling's participation in the enterprise.

Agent Sagrecy will further testify that certain of the contracts awarded by the City of Manchester to B&B Excavating and to B&J Transfer were partially funded by federal funds from PRIDE grants and a Rural Development Grant through the USDA. Agent Sagrecy will opine that these contracts, procured by the activities of the enterprise, affected interstate commerce.

Finally, Agent Sagrecy will also testify that B&B Excavating and B&J Transfer purchased and used equipment manufactured outside of Kentucky. Agent Sagrecy will opine that the purchase of equipment manufactured out-of-state affected interstate commerce.

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

> BY:  /s/ Jason D. Parman
> Assistant United States Attorney
> 601 Meyers Baker Road, Suite 200
> London, KY 40741
> Tel: (606) 864-5523
> Jason.Parman@usdoj.gov
>
> /s/ Andrew T. Boone
> Assistant United States Attorney
> 260 W. Vine Street, Suite 300
> Lexington, KY 40507
> (859) 685-4800
> Andrew.Boone2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send notice of filing to counsel of record.

> /s/Andrew Boone
> Assistant United States Attorney