UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**

**NOV - 6 2013**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 6:09-CR-16-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                         **PLEA AGREEMENT**

RUSSELL CLETUS MARICLE                                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Third Superseding Indictment, charging a violation of 18 U.S.C. § 1962(d). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2, 4, and 5 and the underlying indictments. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a sentencing range with respect to the term of imprisonment and to a specific sentence with respect to the remaining aspects of the sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 1 are:

   (a) That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity;

   (b) That an enterprise was established as alleged in the Superseding Indictment;

(c) That the enterprise was engaged in, or its activities affected, interstate or foreign commerce; and

(d) That the defendant was employed by, or associated with, the enterprise.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant and associates constituted a group of individuals associated in fact, comprising an enterprise, as that term is defined in 18 U.S.C. § 1961(4). The group accessed the Clay County Board of Elections within Clay County, Kentucky, in ▓▓▓ to corruptly influence the outcome of elections. The Board of Elections is formed and required by state law to administer the election laws for both state and federal elections.

(b) To participate in the affairs of the enterprise, the Defendant provided cash to ▓▓▓▓▓▓▓ to be used to bribe voters for a slate of candidates that included ▓▓▓▓ for ▓▓▓▓. The Defendant understood other participants in the enterprise would then ensure the bribed voters cast their ballot in support of the slate through the use of election officers within the polling place.

(c) Enterprise members Stanley Bowling, owner of B and B Excavating, and William B. Morris and Debra L. Morris, owners of B and J Transfer, obtained public works contracts by virtue of their participation in the Enterprise. Certain of these public works contracts were funded in part by federal grant money, including PRIDE grants and USDA Rural Development grants.

4. The United States and the Defendant agree to the following sentencing range with respect to the term of incarceration and to the following specific sentence with respect to the remaining aspects of the sentence, which binds the Court upon acceptance of this plea agreement.

2

(a) The Defendant's sentence of imprisonment shall not be greater than 87 months. The United States may argue for a sentence of 87 months, but the Defendant may argue for less, and the Court may impose any sentence of imprisonment up to 87 months.

(b) The Defendant's term of supervised release shall be 2 years.

(c) Pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5E1.4 and 18 U.S.C. § 1963, the Defendant shall forfeit the property currently seized by the United States in satisfaction of the forfeiture allegation in the Superseding Indictment. The Defendant shall execute any documents necessary for this forfeiture. The United States will not seek further forfeiture of assets from the Defendant.

(d) Pursuant to U.S.S.G. § 5E1.1, Application Note 1, restitution is not applicable because it would interfere with a forfeiture under Chapter 96 of Title 18 of the United States Code.

(e) A fine shall not be imposed based upon the Defendant's inability to pay.

5. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

6. The United States will recommend releasing the Defendant under ~~the~~ appropriate ~~previously-imposed~~ conditions for future court appearances. The United States will also recommend allowing the Defendant to self-report for service of his sentence, as long as no release violations occur between re-arraignment and sentencing.

[handwritten margin notes: JPP, RCM, DSH]

7. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

8. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

9. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 11-6-13

By: *(signature)*
Jason D. Parman
Assistant United States Attorney

Date: 11-6-13

*(signature)* Russell Cletus Maricle
Russell Cletus Maricle
Defendant

Date: 11-6-13

*(signature)*
David S. Hoskins
Attorney for Defendant

APPROVED, this 6 day of November, 2013.

*(signature)* Karen K. Caldwell
UNITED STATES DISTRICT JUDGE

4