UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 09-00016-KKC                                ELECTRONICALLY FILED

UNITED STATES OF AMERICA,                                          PLAINTIFF,


VS.                    SENTENCING MEMORANDUM
           OF DEFENDANT RUSSELL CLETUS MARICLE


RUSSELL CLETUS MARICLE, ET AL.,                                  DEFENDANTS.

** ** **

  Comes now the Defendant, Russell Cletus Maricle, by counsel, and submits his memorandum in support of a sentence of time served.

  18 U.S.C. §3553(a)(1) requires the sentencing court to consider the history and characteristics of the defendant. In Mr. Maricle's case, the obvious points in his favor include his lack of a prior criminal history and a solid record of working hard and supporting his family. He stands before the court at the age of 70. His health is in decline, and was greatly impacted by his time in jail and prison. When he was released from custody last summer, he was unable to walk any significant distance without assistance. As pointed out in the sentencing memorandum of co-defendant William Stivers, inmates of this age "suffer greater hardships and generate extraordinarily greater costs of incarceration..." (RE 1615, p.3-4). The Sixth Circuit has expressly recognized

that a variance was permissible for a defendant who was 70 years old at the time of his sentencing.  *United States v. Davis*, 537 F.3d 611 (6th Cir. 2008).

Mr. Maricle's conduct and conviction have resulted in the destruction of career and reputation.  What had been a long and distinguished career in the law ended in disbarment.  He was removed from office as a senior judge after serving as a circuit judge for approximately 20 years.

Likewise, he and his family now face economic devastation.  Not only were Mr. Maricle's assets completely exhausted by the cost of his defense and the forfeiture resulting from his conviction, his future income has been curtailed.  Had he completed his requirements as a senior judge, his retirement income would have been roughly $4,000.00 more per month than he now receives.  Despite this, he continues to meet and exceed his responsibilities to his family.  As Judge Reeves noted in the original sentencing, Mr. Maricle has been an exemplary son, husband, father, and grandfather.  He has provided for his family in every way, and has supported not only his children, but several grandchildren.  Today, he fulfills the role of father for three of his grandchildren, who live with him and his wife.  Two of those children, a five-year-old girl and a twelve-year-old boy, have resided in Mr. Maricle's home since birth.  The third, a seventeen-year-old boy, came to live with Mr. Maricle and his wife recently.  Mr. Maricle's role in this young man's life is of paramount importance.  He is the son of Mr. Maricle's only son, who passed away suddenly and unexpectedly only a month before Mr. Maricle's arrest in this case.  This young man is at a crucial point in his life, having dropped out of school and receiving little guidance from his mother, who has very little stability in her life.  Through

the efforts of Mr. Maricle and his wife, this grandson has resumed his high school education and is currently a sophomore. Mr. Maricle and his wife are seeking custody of this child's siblings, as well.

In determining the appropriate sentence, the Court must consider the totality of the curtailment of liberty that Mr. Maricle has already suffered in connection with this case. Mr. Maricle was arrested on March 19, 2009. He was detained in local jails until May 15, 2009, when he was released from jail but was placed on **home incarceration** with electronic monitoring, as well as strict limitations as to visitors and to persons with whom he was allowed to speak to over the telephone.

While conditions of release are not deemed punitive, an objective consideration leads to the conclusion that, in this case, the impact was extraordinarily punitive and should be considered in determining a just sentence. One need only note the denial of Mr. Maricle's request to be allowed to visit the grave of his recently-deceased son to assess the impact of home incarceration.

Upon Mr. Maricle's release from prison when the Sixth Circuit reversed his conviction, he was placed on the same restrictive conditions until he entered his guilty plea on November 6, 2013. Thus, Mr. Maricle was not at liberty from the date of his arrest, March 19, 2009, for a period of over fifty-four (54) months. Federal courts have held that home detention time may be a proper reason for a reduced sentence. *United States v. Miller*, 991 F.2d 552 (9th Cir. 1993), *United States v. Romualdi*, 101 F.3d 971 (3rd Cir. 1996).

Mr. Maricle also submits that this Court should consider the conditions he

experienced during the time already served. All BOP facilities are not created equal. Mr. Maricle was sent to Beaumont, Texas, for the service of his original sentence. The BOP facility there is universally considered one of the very worst, most dangerous prisons in the country. Obviously, it is a long distance from Mr. Maricle's eastern Kentucky home, making visits from family very difficult and expensive.

It is, no doubt, impossible for one who has not been imprisoned to fully comprehend the experience. One vignette from Mr. Maricle's time in prison gives some sense of the daily fear inherent in that environment. Shortly upon arriving at Beaumont, Mr. Maricle was approached by another inmate who recognized him from a prior encounter and knew Mr. Maricle had been a judge. The inmate urged Mr. Maricle not to divulge that to any other prisoners, assuring him that it would result in his murder. The reality of this danger was quickly made apparent to Mr. Maricle when another elderly inmate was murdered because of the mistaken belief that he was a child molester. Mr. Maricle awoke each day in prison knowing that it might be his last.

18 U.S.C. §3553(a)(6) directs the court to take care to avoid unwarranted sentence disparities. The core conduct in this case, although charged under the RICO statute, is vote buying. The government suggests in its sentencing memorandum that this case is not merely a vote-buying case, but does not point to anything that distinguishes this from other large-scale vote-buying cases that have been prosecuted in recent years in this district. In addition to those cases noted in the sentencing memorandum of co-defendant Douglas C. Adams, Mr. Maricle would note the following: Donald "Champ" Maze, County Attorney of Bath County, Kentucky, received a sentence of 21 months. Walter

Shrout, Bath County Judge-Executive, received a sentence of 27 months. Breathitt County School Superintendent Arch Turner received a sentence of 24 months. The time Mr. Maricle has already served greatly exceeds any vote-buying sentence the undersigned has located.

Mr. Maricle acknowledges that the plea agreement provides for a sentence below the applicable sentencing guidelines, but submits that proper calculation of the guidelines is important in order to gauge the magnitude of the requested variance. Mr. Maricle renews his objections to the calculations contained in the presentence report and joins in the arguments submitted on behalf of his co-defendants.

In conclusion, Mr. Maricle submits that the foregoing points lead to the conclusion that time of imprisonment Mr. Maricle has already served, over 42 months, is sufficient to comply with all of the purposes of sentencing set forth in 18 U.S.C. §3553 (a)(2).

          Respectfully submitted,

          s/David S. Hoskins
          DAVID S. HOSKINS
          107 East First Street
          P.O. Box 1185
          Corbin, KY 40702-1185
          Telephone: (606) 526-9009
          Facsimile: (606) 526-1021
          COUNSEL FOR DEFENDANT
          RUSSELL CLETUS MARICLE

CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of April, 2014, the foregoing was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

s/David S. Hoskins
COUNSEL FOR DEFENDANT
RUSSELL CLETUS MARICLE